UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

    Plaintiff,

v.                          02-CV-3171

ILLINOIS DEP'T OF
CORRECTIONS, et al.,

    Defendants.

**Order**

On November 19, 2004, the parties' attorneys appeared by telephone for a status conference. Judge Baker's law clerk relayed the parties' discussions to Judge Baker, as the clerk of court was unable to reach Judge Baker by phone.[1] The parties have no objection to the selection of Dr. Michael Kass as a court-appointed expert pursuant to Fed. R. Civ. P. 706.[2] Mr. Thomas Londrigan, counsel for the plaintiff, indicated at an earlier hearing that Dr. Kass has consented to so act. Attorney Choate, counsel for the IDOC defendants, asserted at the November 19th hearing that security concerns require that the scheduling of the appointment be left to the IDOC's discretion. Mr. Thomas Londrigan expressed concern that the plaintiff's appointment needs to begin early in the morning, and that the plaintiff may therefore need to be housed in a local jail the night before the appointment. Ms. Choate responded that the IDOC can, and has, transported inmates in the early morning, and that security concerns require that the logistics of the appointment rest solely within IDOC's discretion and knowledge.

IT IS THEREFORE ORDERED:

1) Michael A. Kass, M.D., is appointed by the court as an expert witness pursuant to Fed. R. Civ. P. 706(a) to determine the *current* diagnosis, condition, prognosis, and recommended treatment of the plaintiff's eye. Dr. Kass' service as a court-appointed expert is limited to the plaintiff's present eye condition and the recommended treatment for his eye from this point forward, not on past diagnoses or past treatment decisions.

2) By December 10, 2004, the IDOC is directed to produce the plaintiff, Aaron McCroy,

---

[1] Judge Baker was in Washington, DC in a session of the FISA Court.

[2] They reserve the right to object to Dr. Kass's report, and the defendants' oral objection to paying Dr. Kass' compensation is on record.

for examination by Michael A. Kass, M.D., at Barnes-Jewish Hospital, in St. Louis, Missouri. The IDOC shall have the discretion to determine the date of the appointment and the logistics of producing the plaintiff for the appointment, without prior notice to the parties. However, Dr. Kass shall determine what time the plaintiff should appear for the examination. Failure to produce the plaintiff for the examination by the time specified by Dr. Kass may result in additional scheduled appointments, with costs assessed to the IDOC. Attorney Choate shall notify Mr. Thomas Londrigan that the examination has taken place within one business day after the examination.

3) The court respectfully requests that Dr. Kass prepare a written report of his findings to the court by December 30, 2004. Dr. Kass' report should be mailed to: Judge Harold A. Baker, U.S. District Court, 201 S. Vine Street, Urbana, Illinois, 61802. After receipt, the court will mail copies of the written report to the parties.

4) By January 7, 2004, the defendants are directed to show good cause why the court should not direct them to pay Dr. Kass' compensation, in light of the plaintiff's indigency.

5) The clerk is directed to fax and mail a copy of this order to Dr. Kass.

Entered this ___29th___ Day of ___November___, 2004.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE