E-FILED
Friday, 25 February, 2005 04:16:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS et al., | ) |
| | ) |
| Defendants. | ) |

**BRIEF AND SUMMARY OF PLAINTIFF'S POSITION
(APPENDIX ATTACHED)**

On July 1, 2002, Aaron McCroy, after filing several grievances, filed a *pro-se* complaint in this court seeking preliminary injunctive relief intended to preserve his sight. In addition to injunctive relief McCroy sought damages against several defendants, including the Illinois Department of Corrections(DOC). The *status quo* has been systematically and unilaterally eroded by Defendants, both before and after the filing of this action. DOC employees engaged in a pattern of deliberate indifference which led to the loss of one eye and the accelerated loss of sight in the other. This conduct resulted in filing additional grievances by McCroy to preserve his vision. McCroy's pleas were repeatedly ignored and his grievances were summarily denied in retaliation for the logistic problems created by a medical condition not under his control.

The relief sought in this preliminary injunction was to transfer McCroy to a convenient DOC facility to facilitate access to eye specialists in Springfield, eye specialists chosen by DOC, not its prisoner.

## THE LAW

The plaintiff acknowledges the law cited by DOC in its Response to Plaintiff's Motion for Preliminary Injunction.

> [w]hen there is *no continuing violation of federal law*, injunctive relief is not part of a federal court's remedial powers." **Al-Alamin V. Gramley**, 926 F.2d 680, 685 (7th Cir. 1991)
>
> * * *
>
> While the state has "an affirmative obligation under the Eighth Amendment to provide persons in its custody with a medical care system that meets *minimal standards of adequacy*," (**Meriwether v. Faulkner**, 821 F.2d 408, 411 (7th Cir. 1987)), inmates are not entitled to unqualified access to health care. **Hudson v. McMillian**, 503 U.S. 1, 112 S. Ct. 995, 1000 (1992); see also **Wilson v. Seiter**, 501 U.S. 294, 111 S. Ct. 2321 (1991).
>
> (DOC's Response to Plaintiff's Motion for Preliminary Injunction, pg 2)(emphasis added)

In addition, plaintiff cites to the following:

> On the other hand, the Supreme Court also acknowledged in *Farmer* that actual knowledge of a substantial risk of serious harm can be *inferred* by the trier of fact from the obviousness of the risk:

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

(***Haley v. Gross***, 86 F.3d 630)(7th Cir. 1996)

The undisputed facts establish a "continuing violation of federal law" over several years, a "failure to meet minimal standards of adequacy", a denial of minimum "access to health care", in addition to deliberate indifference to a known risk.

## THE FACTS

After being diagnosed with Keratoconus, a progressive condition with decreased vision or visual distortion caused by an irregular protrusion of the cornea. If the cornea is not smooth, light will not bend evenly and an irregular image will be formed, like looking through a bumpy piece of glass. (http://www.avclinic.com/keratoconus.htm) To preserve his sight McCroy consented to a corneal transplant on February 3, 2003. This was a first step in his treatment. Two months later, his surgeon recommended a contact lens fitting. This recommendation was ignored. In the intervening period DOC repeatedly refused to schedule medical appointments because of the inconvenience and logistical problems of transporting McCroy from Western (Mt. Sterling) to treating eye surgeon Dr. Fedor at the Prairie Eye Clinic in

Springfield. At the end of August, 2003 McCroy's care was transferred to Dr. Zeh, also in Springfield. (Transcript of Hearing 3/19/04, pp 6-8) By this time McCroy was experiencing more problems and still had not been fitted for a contact lens.

Over the remaining months of 2003 McCroy was not fitted with a contact lens but was treated with prescription steroids. However, the steroid prescription was overdosed by DOC personnel over an extended period, resulting in "steroid induced glaucoma". (1/8/04 Report of Consultation) At the same time McCroy was recognized to be at high risk and advised not to lift over ten pounds and not to rub his eye. (Transcript of Hearing 3/19/04, p 8-10) McCroy was not assigned cellmates during the first eight months of 2004 and was often isolated in the infirmary.

In May of 2004, McCroy had still not been fitted for a contact lens. In June, DOC limited McCroy to "no weight lifting over 5#, FOREVER". (Dr. Anderson, DOC Memorandum 6/8/04, emphasis added) Dr. Zeh left Springfield in the summer of 2004 and a third opthomologist from the Springfield Clinic "instructed" the patient once again to get a contact lens fitted and to continue to treat his glaucoma. (Consultation Report of Dr. Lee, 8/9/04) Despite these repeated directives and cautionary restrictions given to a high risk patient by DOC medical staff and treating opthomologists.

In September 2004 McCroy was assigned a young cellmate with a history of violence who attacked him because he was asked by McCroy to lower the volume of his radio. The dispute over radio volume was repeated conduct that McCroy complained about to DOC before the attack. (McCroy testimony, not yet transcribed) However, DOC observes a "fight first" policy and prisoner requests for transfer away from a belligerent cellmate are not granted absent a physical incident. In this case, the incident could have been prevented but instead it resulted in the loss of McCroy's eye.

The final deliberate action to frustrate or moot the issue at this hearing was the decision to administratively transfer McCroy, without notice to counsel or the court, to Mendard, the most remote and highest security prison in Illinois. This was without any evidence he is a security risk, a gang member or threat to prison guards or other prisoners. This was done on the eve of a hearing seeking transfer of their prisoner to a facility closer to his treating physicians in Springfield that were selected by DOC. Prior to the hearing DOC did not list as witnesses its Western employees named defendants but instead, named their counterparts at Menard. These DOC employees knew little of McCroy's prior care and treatment or other relevant facts. (Attached is a Timeline and Appendix with direct quotes from testimony and documentary admissions with referenced materials attached.)

WHEREFORE, Plaintiff prays the Court order he be transferred by Defendant DOC to its institution near Taylorville, Illinois to facilitate convenient follow up treatment for his eye condition in Springfield.

Respectfully submitted,

AARON MCCROY, Plaintiff

By:   s/Thomas F. Londrigan

THOMAS F. LONDRIGAN, Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com

## Certificate of Service

The hereby certify that a on February 25, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G.
500 South Second Street
Springfield, IL 62706

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy - N51882
Menard Correctional Center
711 Kaskaskia Street
Menard, IL 62259

By: <u>s/Thomas F. Londrigan</u>

THOMAS F. LONDRIGAN, Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com