E-FILED
Friday, 04 March, 2005  01:18:38 PM
Clerk, U.S. District Court, ILCD

05415-N3293
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-3171 |
| ) | |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| WEXFORD HEALTH SOURCES, DONALD SNYDER, ) | |
| JR., NANCY TUCKER, DENNIS HOCKADAY, ) | |
| DAVID SCHEPPEL, TARA BARR, GREG VOREIS, ) | |
| CLEVELAND RAYFORD, DEBRA FUQUA, STANLEY ) | |
| SIMS, DAVID ANDERSON, JENNIFER BLEASSING, ) | |
| RONDA MILLS, AND NURSE SHAW, In their official ) | |
| and individual capacities, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S POSITION REGARDING
PRELIMINARY INJUNCTIVE HEARING**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, CLEVELAND RAYFORD, STANLEY SIMS, JENNIFER BLEASSING, RONDA MILLS, and NURSE SHAW, by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for their response to Plaintiff's Position, state:

**Preliminary Injunction**

Plaintiff's Position Statement admits that his goal with respect to the preliminary injunction was to transfer Aaron McCroy, the inmate, to another DOC facility to facilitate access to eye specialists in Springfield, Illinois.

**Legal Requirements for Preliminary Injunction**

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the moving party carries the burden of persuasion by a clear showing. Boucher v. School

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

Board of Greenfield, 134 F.3d 821 (7th Cir. 1998). In order to succeed on a motion for a preliminary injunction, the moving party must show that he,

> has more than a negligible chance of success on the merits, and no adequate legal remedy. Once this is established, the District Court must then consider the balance of hardships between the plaintiffs and the defendants, adjusting the hardships for the probability of success on the merits.

Planned Parenthood of Wisconsin v. Doyle, 162 F.3d 463, 473 (7th Cir. 1998). If it is clear that the moving party lacks even a negligible chance of success on the merits, the court need not evaluate the remaining elements of the test. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1301 (7th Cir. 1997).

To begin, in order to support his motion, Plaintiff must establish facts to support his claim of deliberate indifference against these Defendants. In addition, Plaintiff must also show a continuing violation of federal law as he so admits in his own Position Statement. Al-Alamin v. Gramley, 926 F.2d 680, 685 (7th Cir. 1991).

With respect to claims of deliberate indifference, Plaintiff must prove that he has a serious medical need of which the Defendants were aware and were deliberately indifferent to that need. See Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970 (1994).

**There is No Factual Support For Plaintiff's Preliminary Injunction**

As indicated above, the Plaintiff is requesting a transfer to an institution near Springfield, Illinois, such as the Taylorville Correctional Center, as the relief sought in this preliminary injunction. To begin, Plaintiff's factual assertions made at the time of the hearing for the preliminary injunction. Defendants object to citing to an internet website as hearsay and should be stricken from Plaintiff's memorandum. Additionally, Plaintiff claims that Plaintiff's surgeon recommended a contact lens

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

fitting which was ignored because of the inconvenience and logistical problems of transporting the inmate from Western Correctional Center to the Prairie Eye Clinic in Springfield, Illinois. There was no such testimony at the time of the hearing to support this allegation. To the contrary, the testimony at the time of the hearing from Dr. Rayford indicated that the physicians at the Prairie Eye Clinic choose to no longer treat Aaron McCroy. They are not his physicians and moving him to a facility near Springfield has no basis whatsoever or relationship to his medical condition relating to the keratoconus.

Additionally, Dr. Rayford testified that the healthcare unit workers have no authority to transfer an inmate from one correctional facility to another. Healthcare workers must simply treat those offenders who are incarcerated at the facility in which they work. At the time of the preliminary injunction hearing, Mr. McCroy was housed at the Menard Correctional Facility. At that time, arrangements had been made for Mr. McCroy to see an ophthalmologist at the Marion Eye Center per the testimony of Dr. Rayford and further documented by the Plaintiff's most recent medical records. Plaintiff presented no testimony to indicate that the care and treatment provided at the Marion Eye Center constituted deliberate indifference. Additionally, Plaintiff presented no specific testimony regarding the specific care and treatment needed with respect to his remaining eye. Dr. Rayford, however, testified that based upon the recommendations made by Dr. Zeh and Dr. Kass, a prosthetic eye and a contact lens for the remaining eye were being approved and that follow-up visits were being scheduled for Mr. McCroy in order to provide him with those recommended eye treatments.

In contract, Plaintiff presented no testimony to suggest that the physicians at the Marion Eye Center were insufficient or incapable of providing Plaintiff with the recommended eye care.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-N3293
TMP/ej

It should also be noted that Plaintiff's Position Statement makes no reference to the undersigned Defendants whatsoever. These Defendants have nothing to do with transporting the inmate from one facility to another. They also have nothing to do with transporting the inmate to be seen by his outside physicians.

It should be noted that the testimony of Dr. Zeh referenced by all parties supports Defendants' position that Plaintiff was not treated with deliberate indifference. Although keratoconus may be a progressive disorder, in the vast majority it exists and does not progress or progresses slowly. There is no treatment to stop the progression of the disease. (Plaintiff's Exhibit 1, p.8.) Dr. Zeh testified in his deposition that he did recommend that a contact lens be fitted. His recommendation was not ignored, but simply had not yet been implemented as Dr. Zeh himself testified that the physician who could fit the contact lens was not available on the dates and times that Mr. McCroy was brought to the Prairie Eye Clinic. Dr. Zeh did not know why that physician was not available. There was no testimony in either Dr. Zeh's deposition nor through any other admissible form at the time of the preliminary injunction hearing to indicate that any of the Defendants refused to schedule medical appointments or refused to transport Mr. McCroy to scheduled medical appointments for the fitting of this contact lens.

Plaintiff also claims that he suffers from steroid-induced glaucoma as a result of an overdose of a steroid prescription. This again is simply incorrect. The testimony from Dr. Zeh indicates to the contrary in that Plaintiff had been on steroids since February of 2003 (Plaintiff's Exhibit 1, p.; 21.), prior to the time the overdose occurred and that the glaucoma was already present prior to that time as well. Dr. Zeh's testimony suggests that Mr. McCroy already had the steroid-induced glaucoma and that it was not related to the short time frame in which he was receiving more steroids than had

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-N3293
TMP/ej

been specifically prescribed by Dr. Zeh. Even if the glaucoma was a result of the overdose, Plaintiff provided no testimony to suggest that the overdose was the result of deliberate indifference by any the specific Defendants.

Plaintiff also makes reference to the confinement conditions at Western Illinois Correctional Center relating to the fight which resulted in the loss of Plaintiff's eye. Once again, the undersigned Defendants have nothing to do with cell assignments. Moreover, the medical records in evidence suggest that Plaintiff was provided access to remain in the healthcare unit infirmary, but chose to leave that area of his own choosing. These Defendants have nothing to do with where an inmate is housed nor with whom they are housed. Likewise, the undersigned Defendants have nothing to do with the transfer of Mr. McCroy to Menard Correctional Center. This was testified to by Dr. Rayford and other various Defendants.

**Argument**

Plaintiff has failed to provide any evidence to support his request for a transfer from any correctional facility to the Taylorville Correctional Facility or any other facility near the Springfield area. First, Plaintiff presented no evidence with respect to the undersigned Defendants to establish that their ongoing care and treatment constitutes deliberate indifference. Moreover, Plaintiff has ignored the testimony from Dr. Rayford indicating that the Prairie Eye physicians no longer wish to treat Mr. McCroy. His proximity to Springfield is therefore a moot point. As Plaintiff is now being cared for at the Marion Eye Center due to his incarceration at the Menard Correctional Facility, it was the burden of the Plaintiff to show that the care and treatment Plaintiff is currently being provided constitutes deliberate indifference. Plaintiff presented no such evidence. As Plaintiff would not be treated at the Prairie Eye Center even if he were transferred to the Taylorville Correctional Center,

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

5

05415-N3293
TMP/ej

it is clear that the moving party lacks even a negligible chance of success on the merits with respect to this claim. Accordingly, the Court need not evaluate the remaining elements of this particular claim and should deny Plaintiff's request with respect to a transfer to a facility closer to the Springfield, Illinois area.

All of the arguments relating to Plaintiff's left eye must be irrelevant with respect to the preliminary injunction as the care and treatment regarding this eye can have no effect on his vision as the eye no longer remains. With respect to the right eye, Dr. Kass most recently recommended a contact lens for this eye on December 8, 2004. Per Dr. Rayford's testimony, the recommendations for the contact lens and the prosthetic eye have been or will be approved personally by him. There was no evidence presented at the time of the hearing, nor in Plaintiff's Position Statement, to suggest that the undersigned healthcare providers were ever deliberately indifferent to Plaintiff's serious medical needs. Moreover, all of the care recommended by Plaintiff's outside treating physicians is being implemented now through the Marion Eye Center or a facility recommended by them in the area near the Menard Correctional Center.

> WEXFORD HEALTH SOURCES, CLEVELAND RAYFORD, STANLEY SIMS, JENNIFER BLEASSING, RONDA MILLS, and NURSE SHAW
> s/Theresa M. Powell
> HEYL, ROYSTER, VOELKER & ALLEN
> Suite 575, National City Center
> P. O. Box 1687
> Springfield, IL 62705
> Phone: (217) 522-8822
> Fax:   (217) 523-3902
> E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-N3293
TMP/ej

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2005, I electronically filed **Response to Plaintiff's Position Regarding Preliminary Injunctive Hearing** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Kelly R. Choate
kchoate@atg.state.il.us

Thomas F. Londrigan
tom@lprpc.com

Julie L. Morgan
jlmorgan@atg.state.il.us

Carl J. Tenney
ctenney@hhtlaw.com

Alexandra de Saint Phalle
alex@lprpc.com

and I hereby certify that on March 4, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Aaron McCoy, #N51882
Western Illinois Correctional Center
Route 4, Box 196
Mt. Sterling, IL 62353

Respectfully submitted,
s/Theresa M. Powell
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: tpowell@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822