E-FILED
Friday, 11 March, 2005 02:47:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  NO. 02-CV-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

RESPONSE TO BRIEF AND
SUMMARY OF PLAINTIFF'S POSITION

Defendant, David L. Anderson, by counsel, for his response to plaintiff's brief and summary of his position says that plaintiff's motion for preliminary injunction should be denied as to Dr. Anderson and in support thereof suggests:

I.     The only relief prayed for is for plaintiff's transfer to the Illinois Department of Corrections facility near Taylorville, Illinois. Dr. Anderson testified before this court on February 1, 2005, that he has no authority or control over where a Department of Corrections inmate is housed and there is no evidence before the court to suggest otherwise.

II.    Even if Dr. Anderson had the authority to transfer plaintiff, there is no proof that Dr. Anderson was at any time deliberately indifferent to plaintiff's medical condition. The medical timeline included in plaintiff's appendix to his brief begins on February 3, 2003, when transplant surgery was performed by Dr. Feder of Prairie Eye Center. Dr. Anderson, an optometrist, was not affiliated with Prairie Eye Center or involved in the performance of the surgery. Although Dr. Anderson had previously provided care and services to Mr. McCroy, soon

- 2 -

after the surgery optometry care had been assumed by doctors at Prairie Eye Center. Dr. Anderson last saw Mr. McCroy on March 18, 2003. The first act of indifference alleged in plaintiff's brief was ignoring a recommendation to fit plaintiff with contact lenses. Plaintiff's timeline reflects that such recommendation was made by Dr. Feder on April 8, 2003, almost a month after Dr. Anderson last saw Mr. McCroy. There is no proof before the court that Dr. Anderson had any responsibility to fit plaintiff with a contact lens or that he either received or ignored Dr. Feder's recommendation.

At the February 1, 2005, hearing counsel for plaintiff pointed out that on June 8, 2004, Dr. Anderson told a nurse, in response to an inquiry, that Mr. McCroy should be restricted from contact sports and lifting over five pounds. Dr. Anderson was not then actively involved in plaintiff's care and his recommendation was based on the fact that Mr. McCroy had had the transplant surgery. In any event, Dr. Anderson's conversation with the nurse reflects concern for, rather than deliberate indifference to, plaintiff's medical condition and needs.

Plaintiff's brief also includes assertions of indifference based on the refusal to schedule medical appointments, providing an overdose of prescription medicine, assignment of a violent cellmate and a transfer without notice to Menard Correctional Center. There is no evidence of Dr. Anderson's involvement in connection with any of those allegations.

DAVID L. ANDERSON, Plaintiff
/s/ Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
236 N. Water Street, Suite 200
P. O. Box 560
Decatur, Illinois  62525-0560
Telephone: (217) 428-5383
Facsimile: (217) 428-5790
E-mail: ctenney@hhtlaw.com

- 3 –

I hereby certify that on March 11, 2005, I electronically filed the above with the clerk of the court using CM/ECJ system, which will send notification of such filing to the following:

        Kelly R. Choate – kchoate@atg.state.il.us

        Thomas R. Londrigan – tom@lprpc.com

        Julie L. Morgan – jlmorgan@atg.state.il.us

        Alexandra de Saint Phalle – alex@lprpc.com

        Theresa M. Powell – tpowell@hrva.com

        /s/ Carl J. Tenney
        Hughes, Hill & Tenney, L.L.C.
        236 N. Water Street, Suite 400
        P. O. Box 560
        Decatur, Illinois  62525-0560
        Telephone: (217) 428-5383
        Facsimile: (217) 428-5790
        E-mail: ctenney@hhtlaw.com