**E-FILED**
Monday, 28 March, 2005  01:17:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON MCCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-3171 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, ROGER E. | ) | |
| WALKER, JR., (in his official | ) | |
| capacity only), DENNIS HOCKADAY, | ) | |
| KEVIN WINTERS, TERRY POLK, | ) | |
| DAVID SCHNEPEL, SANDRA FUNK, | ) | |
| DEBRAH FUQUA, LIEUTENANT LEE | ) | |
| CORRECTIONAL OFFICER | ) | |
| KELLERMAN, CORRECTIONAL | ) | |
| OFFICER JUDITH WILSON, | ) | |
| PAMELA A. GRAUBEAN, all in their | ) | |
| official and individual capacities, | ) | |
| WEXFORD HEALTH SOURCES, Inc., | ) | |
| Dr. CLEVELAND RAYFORD, MD., | ) | |
| Dr. STANLEY SIMMS, MD., | ) | |
| Dr. LOWELL BROWN, MD., | ) | |
| Dr. LOCHARD, MD., RHONDA | ) | |
| MILLS, NURSE C. SHAW & | ) | |
| Dr. DAVID ANDERSON, OD., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY BRIEF

DOC argues that Plaintiff will not prevail on the merits as its sole basis to

deny preliminary relief.  DOC supports its position by characterizing the evidence

as "unsubstantiated" statements and allegations.  Plaintiff's initial brief was based

upon the unrebutted testimony of the plaintiff, admissions contained in DOC

1

records, the testimony and records of Dr. Zeh and the report of Dr. Kass to the court on the current medical needs of the plaintiff.

**Continued Deliberate Indifference**

The allegations against DOC include long term deliberate indifference and retaliatory treatment. These are pleaded in detail in the amended pleading filed contemporaneously with this reply and will not be repeated here. The only ultimate issue relevant to the preliminary relief sought at the preliminary hearing on February 1, 2005, is the preservation of Aaron McCroy's sight, not money damages. For the past three years DOC has made it difficult, if not impossible, to protect McCroy's right.

Probably the best example of DOC's continued deliberate indifference is found in its Response Brief, "As a preliminary matter, the only issue before the Court regarding the injunctive relief is Plaintiff's right eye, as his left eye was removed after a traumatic injury and there could be no on going violation as relates to that eye." The ongoing issue is not the right eye or the left eye: it is the preservation of McCroy's sight during this protracted litigation.

**Disciplinary Transfer**

The unwarranted and unexplained "disciplinary" transfer to Menard is another recent example of an on going course of deliberate conduct. Since DOC tactically elected to name as witnesses only employees from Menard, it must be

presumed that if its employees named defendants from Western were called their evidence would not be favorable to DOC. (*DeBow v. City of E. St. Louis*, 158 Ill. App. 3d 27, 510 N.E.2d 895, 902, 109 Ill.Dec. 827, 834 (5th Dist. 1987)(defendant failed to produce jail inspection log reports.)

There is no testimony or other evidence why failure to provide a sufficient urine sample was not resolved by Western DOC employees by allowing the prisoner additional time to rehydrate and then give a sample. There was no attempt to establish when he last urinated before being asked for the sample, nor of the diuretic effect of the multiple prescription drugs administered to the prisoner.

## Court Ordered Report

Comments made by DOC to the report of Dr. Kass are not warranted. Dr. Kass was not asked to review DOC records or other medical records to formulate adversarial opinions to support this claim. He made clear he would not comment on the adequacy of prior medical care and treatment. Dr. Kass examined the plaintiff pursuant to court order and made independent recommendations to the court and DOC/Wexford regarding the future care and treatment necessary to preserve the remaining vision left to Aaron McCroy. His advice to the court and to DOC/Wexford was clear and not subject to interpretation. There is no basis for IDOC to suggest Dr. Kass is "parroting" plaintiff's "wish list".

> Needs to be fit with a special contact lens to improve his vision in the right eye. This will require *at least a few visits to a provider near the correction facility.* He needs a prosthesis for the left eye. (emphasis added)
>
> (Kass Report of Consultation 12/8/04) (emphasis added) This consultation report was sent directly to DOC/Wexford and "approved" by Dr. Brown. (Exhibit 1)

Plaintiff's prayer for preliminary relief is not a "list" of special privileges. There should be a common objective for both DOC and Wexford, to preserve McCroy's remaining sight.

## Contact Lens Fittings

Dr. Zeh had no idea why DOC deliberately and continuously ignored arranging the necessary visits to fit the plaintiff with a special contact lens compatible with the shape of his eye. DOC places the blame on McCroy, its own prisoner, because on one occasion he asked to take a shower when, without prior warning, he was told he was being transported to Springfield for an eye appointment.

Dr. Fedor was the first to order contact lens fittings on April 8th, 2003. This order and the later orders of Dr. Zeh were continuously ignored by DOC over a seventeen month period. The fitting was not completed prior to the assault by a cell mate in September of last year. That assault resulted in the loss of McCroy's left eye.

4

DOC treats the cell mate assault as if it were the solution for its continued failure to schedule a contact lens fitting for McCroy.   DOC is correct in one sense, the current *status quo* that must be protected is the prisoner's remaining eye. However, assigning this forty five year old, legally blind and vulnerable prisoner to a remote high security prison in advance of a preliminary injunction hearing intended to decided how best to  preserve his remaining sight is not justified under any interpretation of the cases cited or  the evidence produced during this hearing.

### Conclusion:

Under ordinary circumstances a prisoner has no right to chose his prison. These are not ordinary circumstances.  Under these facts, the choice of prison is secondary to the goal of saving the sight of the prisoner before he is released to society.

Respectfully submitted,
AARON MCCROY, Plaintiff

By:    s/Thomas F. Londrigan

THOMAS F. LONDRIGAN, Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com

By:    s/Alexandra de Saint Phalle

ALEXANDRA de SAINT PHALLE Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
alex@lprpc.com


By:    s/Douglas J. Quivey

DOUGLAS J. QUIVEY, Bar No. 6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
doug@lprpc.com