**E-FILED**
Monday, 25 April, 2005  04:48:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #N-51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' PARTIAL MOTION TO
<u>DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDCO), DENNIS HOCKADAY, DAVID SCHNEPEL, and DEBRAH K. FUQUA, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of their Partial Motion to Dismiss Plaintiff's First Amended Complaint submit the following Memorandum of Law:

**BACKGROUND**

In July of 2002, Plaintiff filed his original complaint alleging deliberate indifference to serious medical needs relating to the alleged lack of proper medical treatment of his chronic eye disease.  Plaintiff also raised violations of the Rehabilitation Act and the Americans With Disabilities Act relating to those allegations as well as the allegations that he was denied certain privileges, such as the ability to finish vocational school, as a result of his continuing eye problems.  Plaintiff also asked for injunctive relief in the form of a transfer to Dixon Correctional Center, which morphed into a

transfer to any correctional facility where he could be properly treated.  Plaintiff

suggested Taylorville or Graham Correctional Centers as possible destinations.

Plaintiff, through counsel, received permission to amend the complaint in March

of 2004.  In the amended complaint, Plaintiff re-alleged the deliberate indifference to

serious medical needs as well as violations of the Rehabilitation Act and ADA, and

added additional allegations that had arisen since the original complaint was filed to the

extent that they were a continuation of the original allegations.  However, in Count III,

Plaintiff alleged a failure to protect arising out of a cell placement which resulted in

Plaintiff being in an altercation with another inmate and ultimately losing one of his

eyes.

**ARGUMENT**

**Plaintiff is required by the Prison Litigation Reform Act to exhaust administrative
remedies as to the Failure to Protect Claim prior to filing suit.  Plaintiff did not do
so and the Count must be dismissed.**

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing

an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all

administrative remedies that may be available to them before being allowed to proceed

with the lawsuit.  42 U.S.C. §1997(e)(a).  Perez v. Wisconsin Department of

Corrections, 182 F.3d 531 (7th Cir. 1999).  This bar to litigation holds even if intra-prison

remedies are exhausted before judgment in the suit.  Id.

Subsequently, the United States Supreme Court clarified Perez, precluded any

futility exception, and explicitly held that an inmate seeking only money damages must

also exhaust all administrative remedies prior to filing suit.  Booth v. Churner, 121 S. Ct.

1819 (2001).  Dismissal on the pleadings without conversion to summary judgment is

2

proper for failure to plead exhaustion when the issue is raised by the Defendants in a 12(b)(6) motion.  Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000).

In this count, Plaintiff alleges acts that took place from June 8, 2004 through September 23, 2004, two years after filing his original complaint, (See paragraphs 50 - 60 of Amended Complaint) and which name only Defendants Winters, Lee, and Kellerman.  None of these Defendants were named in the original complaint nor were they named in the amended complaint as having anything to do with Plaintiff's medical care.  While the injury which Plaintiff alleges resulted from this failure to protect affect his eye, the incident itself had nothing to do with the original allegations of the complaint, which were that Plaintiff was not getting proper medical treatment for his eye condition, that he was not in a facility that was close enough to proper medical care, and that certain defendants were interfering with his proper medical care.  The new allegations of Count III likewise have no relation to the allegations in the original complaint relating to the ADA or Rehabilitation Act, as those allegations revolved around access to certain programs and activities mostly as a result of his housing in the infirmary for medical treatment.

While it is possible to allege a continuing constitutional violation, such as that of Plaintiff's continuing care for his single medical condition, it violates the Prison Litigation Reform Act to attempt to shoehorn into current litigation anything else that happens to an inmate during the pendency of that litigation.  Placement of Plaintiff in general population and a subsequent fight that resulted in the loss of Plaintiff's eye is not part of the continuing litigation begun in 2002 simply because Plaintiff's eye was the part affected by the fight.

3

Plaintiff could not have exhausted the grievance process as to these new allegations of Count III prior to filing suit because they events of Count III took place two years after the suit was filed.  As such, the exhaustion requirement has not been met and Count III must be dismissed from the amended complaint.

### CONCLUSION

Because Count III of the amended complaint is not related to the allegations in the original complaint, and because Plaintiff must exhaust all administrative remedies prior to filing suit but failed to do so, this Count must be dismissed from the amended complaint.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS, DENNIS HOCKADAY, DAVID SCHNEPEL, and DEBRAH K. FUQUA,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By:   s/ Kelly R. Choate
        Kelly R. Choate, #6269533
        Assistant Attorney General
        Attorney for Defendants
        500 South Second Street
        Springfield, Illinois  62706
        Telephone:  (217) 782-9026
        Facsimile:   (217) 524-5091
        E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

AARON MCCROY, #N-51882,  )
          )
   Plaintiff,    )
          )
  -vs-      )  No.  02-3171
          )
ILLINOIS DEPARTMENT OF  )
CORRECTIONS, et al.,   )
          )
   Defendants.  )

## CERTIFICATE OF SERVICE

   I hereby certify that on April 25, 2005, I electronically filed a Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan     Douglas J. Quivey
Londrigan, Potter & Randle, P.C.  Londrigan, Potter & Randle, P.C.
tom@lprpc.com      doug@lprpc.com

Theresa Powell      Carl J. Tenney
Heyl, Royster, Voelker & Allen   Hughes, Hill & Tenney, L.L.C.
tpowell@hrva.com     ctenney@hhtlaw.com

and I hereby certify that on April 25, 2005, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

   None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us