**E-FILED**
Monday, 09 May, 2005  12:41:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON MCCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE TO IDOC DEFENDANT'S PARTIAL MOTION TO DISMISS

Plaintiff, AARON MCCROY, by and through his attorney LONDRIGAN POTTER & RANDLE, P.C. in further response to Defendants, Illinois Department of Corrections, Dennis Hockaday, David Schnepel, and Debrah Fuqua (collectively referred to as IDOC Defendants) partial motion to dismiss, states as follows:

### I. FACTS

On August 9, 2002, Plaintiff filed a *pro se* complaint against the Illinois Department of Corrections, various of its employees, Wexford Heath Sources, and various Wexford employees.  In the original complaint, Plaintiff clearly asserts that the Defendants were retaliating against him for his complaining about the lack of medical provided.  (Compl. Count II).  After the complaint was filed, numerous motions and hearings have been conducted wherein the conduct of various Defendants after the original complaint was filed was at

1

issue.  For example, on February 4, 2004, Plaintiff filed a *pro se* motion for physical examination.  One of the reasons to justify the motion was that after the Complaint was filed, Defendants caused Plaintiff to suffer from glaucoma.

In other words, various events have occurred post-filing that impact the relationship between the parties.  Not the least of which are allegations that in various ways, the Defendants continue to retaliate against the Plaintiff.  On February 1, 2005, the Court allowed Plaintiff leave to file an Amended Complaint.  One of the primary purposes of the Amended Complaint was to update the complaint and include all post-filing allegations.

The Amended Complaint was filed on March 28, 2005.  Counts I of the Amended Complaint asserts that Defendants (including ones not named in the original complaint) retaliated against Plaintiff both before and after he filed the original complaint for exercising his first amendment rights.  Count II asserts that the Defendants retaliated against Plaintiff for exercising rights under the Americans with Disabilities Act and the Rehabilitation Act.

Included in the allegations of retaliation in both Count I and Count II are specific allegations (Paragraph 134(n)-(q) in Count I and Paragraphs 203(n)-(q) in Count II) that relate to Plaintiff being punched in the left eye after he was placed in a cell with another inmate recently returned from segregation.  In Count III of the Amended Complaint, Plaintiff asserts that said conduct equates into deliberate indifference failure to protect.

2

The IDOC Defendants have moved to dismiss Count III of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6)on the basis that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). They specifically assert that the conduct alleged in Count III is not part of the continuing litigation started in 2002 and that Plaintiff could not have exhausted his administrative remedies because the conduct alleged in Count III took place two years after suit was filed.

According to the IDOC Defendants, "it violates the Prison Litigation Reform Act to attempt to shoehorn into current litigation anything else that happens to an inmate during the pendency of that litigation." (Def. ' Memo. of Law. P. 3). Importantly the IDOC Defendants do not argue that Plaintiff actually failed to exhaust administrative after he filed the original complaint. Instead, they argue that it does not matter what he did post filing because it was too late.

## II.  ARGUMENT

The Prison Litigation Reform Act does not change the procedural rules relating to joinder. In relevant part, Federal Rule of Civil Procedure 20 states:

> All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative,  any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

3

As stated above, the allegations in Counts I and II supporting retaliation contain common facts as those alleged in Count III.  In would be an utter waste of resources to have two trials regarding the same common facts.  See Carter v. Robinson, 211 F.R..D. 549 (E.D. Mich. 2003) (allowing prisoner to amend complaint to add more properly exhausted claims to his first properly exhausted claim).

This is not a situation where Plaintiff is attempting to amend a complaint to correct a failure to exhaust administrative remedies.  Plaintiff exhausted his administrative remedies as it relates to Count III before he filed the Amended Complaint.  He also exhausted is administrative remedies as it relates to the retaliation counts.  In other words, this case is similar to Carter and amending the complaint is entirely proper and in the best interests of judicial economy.

WHEREFORE, Plaintiff respectfully prays that this Court deny the IDOC's Partial Motion to Dismiss.

4

Respectfully submitted,

AARON MCCROY, Plaintiff

By: s/Thomas F. Londrigan
THOMAS F. LONDRIGAN, Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com

By:    s/Alexandra de Saint Phalle
ALEXANDRA de SAINT PHALLE Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
alex@lprpc.com

By:    s/Douglas J. Quivey
DOUGLAS J. QUIVEY, Bar No. 6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
doug@lprpc.com

5

## Certificate of Service

The hereby certify that a on May 9, 2005, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy - N51882
Menard Correctional Center
711 Kaskaskia Street
Menard, IL 62259

By: s/Thomas F. Londrigan

THOMAS F. LONDRIGAN, Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com

By: s/Alexandra de Saint Phalle

ALEXANDRA de SAINT PHALLE Bar No.
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
alex@lprpc.com

By: s/Douglas J. Quivey

DOUGLAS J. QUIVEY, Bar No. 6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
doug@lprpc.com