IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON McCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-CV-3171 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E. WALKER, JR., (in his official capacity only), DENNIS HOCKADAY, KEVIN WINTERS, TERRY POLK, DAVID SCHNEPEL, SANDRA FUNK, DEBRAH FUQUA, LIEUTENANT LAW, CORRECTIONAL OFFICER KELLERMAN, CORRECTIONAL OFFICER JUDITH WILSON, PAMELA A. GRAUBEAN, all in their official and individual capacities, WEXFORD HEALTH SOURCES, Inc., Dr. CLEVELAND RAYFORD, MD., Dr. STANLEY SIMMS, MD., Dr. LOWELL BROWN, MD., Dr. LOCHARD, MD., RHONDA MILLS, NURSE C. SHAW & Dr. DAVID ANDERSON, OD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANT ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E.
WALKER, JR., DENNIS HOCKADAY, KEVIN WINTERS, TERRY POLK,
DAVID SCHNEPEL, SANDRA FUNK, DEBRAH FUQUA, LIEUTENANT LAW,
CORRECTIONAL OFFICER KELLERMAN, CORRECTIONAL OFFICER
JUDITH WILSON, PAMELA A. GRAUBEAN**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs, AARON MCCROY, by his attorneys LONDRIGAN, POTTER & RANDLE, P.C., hereby propounds his First Set of Interrogatories to Defendant, THE ILLINOIS DEPARTMENT OF CORRECTIONS, et al.to be answered, under oath, within thirty (30) days.



EXHIBIT A

## **INTERROGATORIES**

1. Please identify all persons providing information to answer these interrogatories, and for each such person, identify each and every interrogatory for which the person provided information.

**ANSWER:**

2. Identify all IDOC employees who have provided medical treatment to Plaintiff, list the dates of all treatment, and identify the nature of the treatment provided, and the location of the treater.

**ANSWER:**

3. List all witnesses and make all disclosures mandated by Fed. R. Civ. P. 26(a)(2) & (3).

**ANSWER:**

4. Identify all non-IDOC employees who have provided medical treatment on Plaintiff's eyes during the time period Defendant has been confined to the IDOC.

**ANSWER:**

5. State whether you or anyone acting in your behalf has obtained any statement or statements from any person or persons who purport to have knowledge of any of the allegations set forth in Plaintiff's Complaint. If so, give the name and address of each such person from whom a statement was taken, the date on which the statement was taken, the name and address of the person taking the statement, the name and address of each person present when the statement was taken, and state whether such statement was oral or

written, and whether or not you are willing to produce the statement or statements to be copied or reproduced at the expense of the Plaintiff.

**ANSWER:**

6. Identify the date of, and participants in any meeting, conversations, or discussions, however informal, at which the allegations of Plaintiff, including allegations made before the filing of the Complaint, were discussed by employees of Wexford with employees of the IDOC, and describe in detail what was said and by whom?

**ANSWER:**

7. Before or after suit was filed, did any representative from or for Wexford ever interview or talk to IDOC employees about Plaintiff's allegations? If yes, please identify whom from Wexford or an entity representing Wexford contacted IDOC employees, the date(s) of the contact(s), and the questions asked during the conversation(s).

**ANSWER:**

8. Identify all persons involved with each of the decisions to transfer Plaintiff to WICC, Menard and to Pickneyville

**ANSWER:**

9. Identify all persons interviewed as part of the incident in which Plaintiff was hit in the eye as alleged in the Complaint.

**ANSWER:**

10. Identify all persons involved in the decision to move Plaintiff from the infirmary to general population in WICC as alleged in the complaint.

**ANSWER:**

11. Identify each and every grievance submitted by Plaintiff since he has been in the IDOC, the date each was submitted, the status of each, and the name of the IDC employee who adjudicated each grievance.

**ANSWER**:

12. Identify when a doctor first recommended in writing that Defendant needed a transplant operation because of his Keratoconus condition.

**ANSWER:**

10. Identify the dates Plaintiff was housed in the infirmary in WICC, identify his medical classification during all of said time in the infirmary, and identify all reasons for moving him out of the infirmary.

**ANSWER**:

11. Identify all medications Plaintiff was prescribed while he was in the infirmary at WICC, the date of each prescription, and the doctor who prescribed it.

**ANSWER**:

12. Identify all programs and privileges available to inmates in the infirmary at WICC during the time Plaintiff was in the infirmary and identify all programs and privileges available to inmates in the general population during the same time period.

**ANSWER**:

13. List all lens fittings Plaintiff has received while in the IDOC for both eyes and list the dates for all such fittings.

**ANSWER**:

14. Identify all medical tests performed or ordered performed on Plaintiff between May 8, 2004 and June 8, 2004.

**ANSWER**:

15. State whether any IDC or Wexford employees ever asked Plaintiff to pay or have a friend or family member pay for the transplant surgery, ever told Plaintiff that he would not have the surgery unless he or a friend or family member paid for the surgery. If the answer is yes, state the name and position of the employer and whether the request was summarized or reduced to writing. Separately identify all persons involved in the approval process for the transplant surgery.

**ANSWER:**

16. Identify all IDOC employees on duty at the day and time Plaintiff was struck in the eye while he was housed in the general population at WICC which led to Plaintiff losing said eye.

**ANSWER**:

17. Identify the inmate who hit Plaintiff in the eye, identify any and all witnesses to the incident, identify all IDOC employees who responded to the incident, identify all IDOC employees who investigated the incident, and identify all IDOC employees involved in adjudicating discipline deriving from the incident.

**ANSWER**:

18. Identify the IDOC employees involved in the decision to transfer Plaintiff from WICC to Menard and state all reasons for said transfer.

**ANSWER:**

19. Identify all persons whom have provided medical treatment to Plaintiff while he was in Menard to include identifying the employer for each medical provider and the date of each treatment/service.

**ANSWER:**

20. Identify all persons whom have provided medical treatment to Plaintiff since he has left Menard to include identifying the employer for each medical provider and the date of each treatment/service.

**ANSWER:**

21. Identify all non-IDOC and non Wexford medical providers that have rendered medical care on one or both of Plaintiff's eyes since Plaintiff has been in the IDOC and for each list the dates of service and the location of service.

**ANSWER:**

22. Identify the steps an inmate is required to follow to be removed from a cell when said inmate is afraid he or she may be attacked by a cellmate and identify where an inmate is placed after he or she asks to be removed.

**ANSWER:**

23. State what investigatory actions were taken by whom after Plaintiff filed a grievance relating to his Maxitrol prescription.

**ANSWER**:

24. State what investigatory steps were taken by whom after Plaintiff filed his grievances on or about June 15, 2004 and after regarding his placement in general population.

**ANSWER:**

25. Identify all medical information relating to Plaintiff's eye condition obtained by IDOC between November 6, 2003 and June 8, 2004 to suggest that his condition had improved allowing a transfer to general population.

**ANSWER:**

26. Identify all lens fitting Plaintiff received after August 9, 2004 and provide the dates for each such fitting

**ANSWER:**

27. State all reasons why Plaintiff was not seen by Dr. Butler or another doctor for intracular pressure control from his glaucoma as recommended by Dr. Lee on or about August 9, 2004.

**ANSWER:**

28. Identify the IDOC employee responsible for assigning the inmate that hit Plaintiff in the eye in September of 2004 to share a cell with Plaintiff.

**ANSWER:**

29. State whether any Wexford employee ever complained to an IDOC employee about Plaintiff's behavior while he was in the WICC infirmary and if so, identify the names of the respective employees and the date and substance of the complaints.

**ANSWER:**

30. Identify all cell mates assigned to Plaintiff being struck in the eye in September of 2004.

**ANSWER:**

                              AARON McCROY, Plaintiff,

                              LONDRIGAN, POTTER, & RANDLE,, P.C.

                              BY: _____
                                    DOUGLAS J. QUIVEY

Douglas J. Quivey
Londrigan, Potter, & Randle, P.C.
P.O. Box 399
Springfield, IL 62705
217-544-9823
217-544-9826 (fax)

## Proof of Service

The undersigned hereby certifies that a copy of the foregoing was mailed by placing same in an envelope and by depositing in the United States mail, Springfield, Illinois, on October 7, 2005, with postage fully pre-paid addressed to:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Lisa Choate, A.A.G.
500 South Second Street
Springfield, IL 62706

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

Aaron McCroy
N51882
PO Box 999
Pickneyville, IL 62274

_____