E-FILED
Wednesday, 22 February, 2006  10:37:50 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| AARON McCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-CV-3171 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, ROGER E. | ) | |
| WALKER, JR., (in his official | ) | |
| capacity only), DENNIS HOCKADAY, | ) | |
| KEVIN WINTERS, TERRY POLK, | ) | |
| DAVID SCHNEPEL, SANDRA FUNK, | ) | |
| DEBRAH FUQUA, LIEUTENANT | ) | |
| LAW, CORRECTIONAL OFFICER | ) | |
| KELLERMAN, CORRECTIONAL | ) | |
| OFFICER JUDITH WILSON, | ) | |
| PAMELA A. GRAUBEAN, all in their | ) | |
| official and individual capacities, | ) | |
| WEXFORD HEALTH SOURCES, Inc., | ) | |
| Dr. CLEVELAND RAYFORD, MD., | ) | |
| Dr. STANLEY SIMMS, MD., | ) | |
| Dr. LOWELL BROWN, MD., | ) | |
| Dr. LOCHARD, MD., RHONDA | ) | |
| MILLS, NURSE C. SHAW & | ) | |
| Dr. DAVID ANDERSON, OD., | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT THE ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E.
WALKER, JR., DENNIS HOCKADAY, KEVIN WINTERS, TERRY POLK, DAVID
SCHNEPEL, SANDRA FUNK, DEBRAH FUQUA, LIEUTENANT LAW,
CORRECTIONAL OFFICER KELLERMAN, CORRECTIONAL OFFICER
JUDITH WILSON, PAMELA A. GRAUBEAN,

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff AARON

MCCROY, by and through his attorneys, LONDRIGAN, POTTER & RANDLE,



PC., request Defendant, THE ILLINOIS DEPARTMENT OF CORRECTIONS, et

al, to respond within 30 days after service to the following requests:

<u>Instructions for Answering</u>

1.    Production can be accomplished by mailing or delivering the
documents within the rule time to the undersigned trial attorney.

2.    The documents requested for production include those in the
possession, custody or control of Defendant, its agents, representatives and
attorneys.

3.    Unless otherwise indicated, these requests refer to the time, place
and circumstances of the occurrences described in Defendant's Complaint.

4.    The term "document(s)" refers to all writings of any kind, including
the originals and all nonidentical copies, whether different from the original by
reason of any notation made on such copies or otherwise, including without
limitation correspondence; memoranda; notes; diaries; statistics; letters;
materials; invoices; orders; directives; interviews; telegrams; minutes; reports;
studies; statements; transcripts; summaries; pamphlets; books; interoffice and
intraoffice communications; electronic mail; notations of any sort of
conversations, telephone calls, meetings or other communications; bulletins;
printed matter; teletype; telefax; worksheets; and all drafts, alterations,
modifications, changes and amendments of any of the foregoing: graphic or oral
recordings or representations of any kind, including without limitation,
photographs, charts, graphs, microfiche, microfilm, videotape, records and
motion pictures; and electronic, mechanical, or electrical recordings or
representations of any kind, including without limitation, tapes, cassettes,
cartridges, discs, chips and records.

5.    Copies, if authenticated, of the original documents may be
supplied in response.

6.    Each request should be responded to separately; however, a
document which is the response to more than one request may, if the relevant
portion is so marked or indexed, be produced and referred to in a later
response.

7.    All documents produced shall be segregated and identified by the
paragraphs to which they are primarily responsive. Where required by a
particular paragraph of this Request, documents produced shall be further

segregated and identified as indicated in that paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

    8.    Each request refers to all documents that are either known by Defendant to exist or can be located or discovered by reasonably diligent efforts by Defendant.

    9.    If any documents requested herein have been lost or destroyed, then the documents so lost or destroyed shall be identified by author, date and subject matter.

    10.    Please note that Defendant is under a continuing duty, pursuant to Federal Rule of Civil Procedure 26(e), to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each Request.

<u>Requests</u>

    1.  Any all records relating to Plaintiff in any manner to include his complete inmate file, medical records, and all correspondence to third-parties about Plaintiff.

    2.  All documents that mention or relate to in any manner the September 23, 2004 incident in which Plaintiff was hit in the eye to include but not limited to all witness statements, grievances, and investigatory findings.

    3.  The complete IDOC file for the other inmate involved in the September 23, 2004 incident.

    4.  All records relating to any and all grievances filed by Defendant since he has been incarcerated in the IDOC to include the grievances, filing records, and adjudications.

5. Copies of all written policies that relate in any manner to inmate transfers between prisons and within prisons.

6. Any and all documents that contain statements or references to statements made by Plaintiff.

7. All documents that show and/or define or clarify the duties of Wexford employees and IDOC employees relating in any manner to the medical classification of inmates and the transfer of inmates with medical problems into the general population.

8. All records relating to all of Plaintiff's transfers from and to various facilities with in the IDOC.

9. All records relating to Plaintiff's request for an eye transplant.

10. Any and all disciplinary reports or documents in which negative performance information is contained for any and all of the IDOC employees named as Defendants.

11. All records that contain policies relating to the drug testing of inmates.

12. All policies relating to the use of segregation as a form of discipline.

13. All policies relating to the placement of inmates into cells with other inmates to include all rules relating to which inmates can not be housed with certain other inmates.

14. All policies and rules relating to inmates with disabilities.

15. All reports and or policies relating to inmate prescriptions and the

dispensing of medications to inmates.

    16. All documents relating to Plaintiffs November 6, 2003 prescription for Maxitrol to include all documents relating to Plaintiff's grievance relating to the prescription and the investigation into the grievance

    17. All documents showing or describing programs, activities, and privileges for inmates housed in the WICC infirmary during the time Plaintiff was in the infirmary to include availability of commissary privileges etc.

    18. All documents that describe the Early Release Program Vocational Training program to include eligibility requirements and the availability of the program for each institution Plaintiff has been housed within the IDOC.

    19. All documents referred to in, or supporting your Answers to Plaintiff's Interrogatories to Defendants.

    20. All documents, records, or other tangible items used, referred to, examined, or otherwise referenced by any experts retained by Defendants.

    21. Any and all documents that relate to, explain, support, or reference the assertions made in Defendant's Affirmative Defenses.

    22. The written report and all supporting documents of any retained expert as required by Rule 26 (a)(2)(B).

AARON McCROY,  Plaintiff,

BY:    LONDRIGAN, POTTER, & RANDLE,, P.C.


BY: _____
           DOUGLAS J. QUIVEY


Douglas J. Quivey
Londrigan, Potter, & Randle, P.C.
P.O. Box 399
Springfield, IL 62705
217-544-9823
217-544-9826 (fax)

## Proof of Service

The undersigned hereby certifies that a copy of the foregoing was mailed by placing same in an envelope and by depositing in the United States mail, Springfield, Illinois, on October 7, 2005, with postage fully pre-paid addressed to:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Lisa Choate, A.A.G.
500 South Second Street
Springfield, IL 62706

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

Aaron McCroy
N51882
PO Box 999
Pickneyville, IL 62274