IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #N-51882, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 02-3171 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

PLAINTIFF'S EXHIBIT B

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS, DONALD N. SNYDER, JR., NANCY TUCKER, DENNIS HOCKADAY, DAVID SCHNEPEL, TARA BARR, GREGORY KENT VOREIS, and DEBRAH K. FUQUA by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, hereby submit their response to Plaintiff's First Request for Production of Documents as follows:

1. Any all records relating to Plaintiff in any manner to include his complete inmate file, medical records, and all correspondence to third-parties about Plaintiff.

Response: Defendants object to production of Plaintiff's "complete inmate file" as inmates' master files are confidential by statute. See 730 ILCS 5/3-5-1 (West 2004). Plaintiff's master file contains information related to his entire incarceration. Because this complaint does not encompass his entire incarceration and because Plaintiff's medical records are maintained separately

1

Plaintiff requests his medical records, it should be noted that the defendants have already produced to Plaintiff over 1000 pages of medical records. Plaintiff's medical records are more readily available to him upon his request to his current place of incarceration. Therefore, Defendants object to producing any more of these documents as they are more readily available from a more convenient source. Correspondence regarding Plaintiff's medical care are found in his medical records, and therefore, should either be in Plaintiff's possession or readily available to him. Any correspondence from the defendants to their attorney is barred by attorney-client privilege.

2. All documents that mention or relate to in any manner the September 23, 2004 incident in which Plaintiff was hit in the eye to include but not limited to all witness statements, grievances, and investigatory findings.

Response: Defendants object to producing "all documents" as some of the documents (medical records/grievances) are already in the possession of Plaintiff or his counsel and are available to him from a more convenient source. Notwithstanding said objection, Defendants will produce the incident reports, interviews of both Plaintiff and his former cell mate, and IDOC printout regarding Plaintiff and his former cell-mate (Documents Number 1-14, 56). Defendants will also product the Administrative Review Board Summary (Document 71), and Plaintiff's disciplinary card (Documents 67 - 69).

3. The complete IDOC file for the other inmate involved in the September 23, 2004 incident.

Response: Defendants object to the documents requested in number 3 as irrelevant, inadmissible and not likely to lead to admissible evidence. Moreover, inmates' master files are confidential by statute (see response number 1).

4. All records relating to any and all grievances filed by Defendant since he has been incarcerated in the IDOC to include the grievances, filing records, and adjudications.

Response: The documents requested are documents that Plaintiff initiated, would have received the responses and should have in his possession. Therefore, Defendants object to producing the documents that are available from a more convenient source. Moreover, this lawsuit only includes allegations of medical deliberate indifference and allegations related to an incident in which Plaintiff's fight with his cell-mate led to the loss of his eye. To the extent that Plaintiff asks for all grievances he has filed since being in IDOC, the request is overly broad, unduly burdensome, irrelevant, and not likely to lead to admissible evidence.

5. Copies of all written policies that relate in any manner to inmate transfers between prisons and within prisons.

Response: In response to request number 5, Defendants will produce AD's 05.05.125A and 05.06.115 (Documents number 22 - 28)

6.  Any and all documents that contain statements or references to statements made by Plaintiff.

Response: Defendants object to this request as overly broad and vague. Moreover, defendants object to this request as many documents that could satisfy this request are available from a more convenient source. Plaintiff has access to his medical records, which contain subjective statements. He also should have maintained any copies of his grievances or correspondence. Notwithstanding said objection Defendants are producing Plaintiff's interview of September 28, 2004 with interrogatory response number 2.

7.  All documents that show and/or define or clarify the duties of Wexford employees and IDOC employees relating in any manner to the medical classification of inmates and the transfer of inmates with medical problems into the general population.

Response: Defendants object to production of documents requested in number 7, as the duties of Wexford employees are outlined in the contract between Wexford and IDOC and this document would not lead to any discoverable information.

8.  All records relating to all of Plaintiff's transfers from and to various facilities with in the IDOC.

Response: Defendants object to this request to the extent that it asks for records from any transfer except from Western to Menard as overly broad, irrelevant, inadmissible and not likely to lead to admissible information. Defendants will produce the documents regarding Plaintiff's transfer from

4

Western Illinois Correctional Center to Menard Correctional Center (Documents number 57-66).

9. All records relating to Plaintiff's request for an eye transplant.

Response: Defendants object to this request as more readily from a more convenient source, as the documents requested would be found in Plaintiff's medical records, already in possession of Plaintiff's attorneys or readily available to him upon his request to his institution.

10. Any and all disciplinary reports or documents in which negative performance information is contained for any and all of the IDOC employees names as Defendants.

Response: Defendants object to the information requested in number 10 as irrelevant, inadmissible and not likely to lead to admissible evidence. Furthermore, Defendants object to the production of any portion of their personnel files, as they are confidential. See Prison Litigation Reform Act 42 U.S.C. §1997(e) and 80 Ill. Admin. Code 304.40.

11. All records that contain policies relating to the drug testing of inmates.

Response: In response to request number 11, Defendants will produce 20 Illinois Admin. Code §501B and Administrative Directive 04.02.105 (Documents number 35 - 55).

12. All policies relating to the use of segregation as a form of discipline.

Response: Defendants object to the information requested in number 12 as overly broad, irrelevant, inadmissible and not likely to lead to admissible

evidence. Notwithstanding said objection, Defendants will produce Administrative Directive 04.02.105 which provides the discipline for an inmate with a drug offense (Documents number 39 - 55). Defendants also direct Plaintiff to 20 Ill. Admin. Code §504 and corresponding tables, readily available to Plaintiff and counsel.

13. All policies relating to the placement of inmates into cells with other inmates to include all rules relating to which inmates can not be housed with certain other inmates.

Response: Defendants object to the request in number 13 as overly broad and available from a more convenient source. The rules governing placement of inmates within institutions, including requests for protective custody is found in 20 Illinois Admin. Code §501.320. Notwithstanding said objection, Defendants will produce documents number 64 - 66, Plaintiff's Keep Separate From requests and Plaintiff's Protective Custody Classification Vote Sheet/double celling in protective custody (Documents number 72, 73 & 76).

14. All policies and rules relating to inmates with disabilities.

Response: In response to request number 14, Defendants will produce 4 Ill. Admin. Code Chap. XVI, Part 475 (Documents number 15 - 20).

15. All reports and or policies relating to inmate prescriptions and the dispensing of medications to inmates.

Response: Defendants object to request number 15 as irrelevant, admissible, and not likely to lead to admissible evidence.

16. All documents relating to Plaintiffs November 6, 2003 prescription for Maxitrol to include all documents relating to Plaintiff's grievance relating to the prescription and the investigation into the grievance.

Response: Defendants object to the information requested as available from a more convenient source. Any information related to a prescription would be in Plaintiff's medical records, either already in his possession or readily available to him upon his request to his institution. Moreover, any of Plaintiff's grievances should be in his possession, as he originated the document and received the document upon completion of the grievance process.

17. All documents showing or describing programs, activities, and privileges for inmates housed in the WICC infirmary during the time Plaintiff was in the infirmary to include availability of commissary privileges etc.

Response: No specific document exists to satisfy this request.

18. All documents that describe the Early Release program Vocational Training program to include eligibility requirements and the availability of the program for each institution Plaintiff has been housed within the IDOC.

Response: Defendants object to the request as overly broad and irrelevant to the extent it seeks information other than that at Western Illinois Correctional Center. Notwithstanding said objection, Defendants will produce 20 Illinois Admin. Code Ch. 1, §455 (Documents page 29 - 34).

19. All documents referred to in, or supporting your Answers to Plaintiff's Interrogatories to Defendants.

Response: None

20. All documents, records, or other tangible items used, referred to examined, or otherwise referenced by any experts retained by Defendants.

Response: None

21. Any and all documents that relate to, explain, support, or reference the assertions made in Defendant's Affirmative Defenses.

Response: None

22. The written report and all supporting documents of any retained expert as required by Rule 26 (a)(2)(B).

Response: None

        Respectfully submitted,

        ILLINOIS DEPARTMENT OF CORRECTIONS, DONALD N. SNYDER, JR., NANCY TUCKER, DENNIS HOCKADAY, DAVID SCHNEPEL, TARA BARR, GREGORY KENT VOREIS, and DEBRAH K. FUQUA,

        Defendants,

        LISA MADIGAN, Attorney General, State of Illinois

        Attorney for Defendants,

        By: _____
        KELLY R. CHOATE
        Assistant Attorney General

Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9026

Of Counsel.

McCroy v. IDOC, et al.
USDC-CD Ill. No. 02-3171

### CERTIFICATE OF SERVICE

I, Kelly R. Choate, herein certify that I have served a copy of the foregoing **Response to Plaintiff's First Request for Production of Documents** upon:

Thomas Londrigan
Doulgas J. Quivey
Londrigan, Potter & Randle, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, Illinois 62705

Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center
1 North Old State Capitol Plaza
Post Office Box 1687
Springfield, Illinois 62705-1687

Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
236 North Water Street, Suite 400
Post Office Box 560
Decatur, Illinois 62525-0560

by causing to be mailed a true copy thereof at the addresses referred to above in an envelope duly addressed bearing proper first class postage and deposited in the United States mail at Springfield, Illinois on December 9, 2005.

KELLY R. CHOATE
Assistant Attorney General

Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9026