**E-FILED**
Wednesday, 22 February, 2006 10:39:47 AM
Clerk, U.S. District Court, ILCD

## Londrigan, Potter & Randle, P.C.
### Attorneys at Law

| | | |
|---|---|---|
| Thomas F. Londrigan | 1227 South Seventh Street | Timothy J. Londrigan |
| James R. Potter | Post Office Box 399 | - - - |
| Craig A. Randle | Springfield, IL 62705 | James T. Londrigan (of counsel) |
| Alexandra de Saint Phalle | Telephone: (217) 544-9823 | - - - |
| Douglas J. Quivey | Facsimile: (217) 544-9826 | Joseph A. Londrigan (1919-1970) |
| Carissa A. Hanning | www.lprpc.com | James E. Londrigan (1923-1975) |
| | doug@lprpc.com | |

February 13, 2006

Illinois Attorney General
Attn: Lisa Choate, A.A.G.
500 South Second Street
Springfield, IL 62706



PLAINTIFF'S
EXHIBIT
C

     RE:   McCroy

Dear Ms. Choate,

     In regard to your requests to produce, we were going to wait until we received your interrogatory answers before sending this letter. However, because of your desire to get the case moving, I ask that you immediately provide the documents you refused to produce. As it relates to time, I filed my requests October 7th, 2005 and they remained unanswered even after you filed Motions for Enlargement of Time to Complete Discovery November 7, 2005, November 21, 2005, and again on December 5, 2005. In other words, Plaintiff is not causing the delay. Any objections to production should have been made prior to your formal response filed December 12, 2005. Had they been timely filed, we could have hashed these matters out and asked the court to resolve them while waiting on production of records from other facilities. There is no reason to further delay this production. If I don't get a response in the very near future, I intend to file a motion to compel and take this matter up with the Court. The records should be produced for the following reasons:

<u>Requests</u>

     1. Any all [sic] records relating to Plaintiff in any manner to include his complete inmate file,

medical records, and all correspondence to third-parties about Plaintiff.

Response: Defendants object to production of Plaintiff's "complete inmate file" as inmates' master files are confidential by statute. See 730 ILCS 5/3-5-1 (West 2004). Plaintiff's master file contains information related to his entire incarceration. Because this complaint does not encompass his entire incarceration and because Plaintiff's medical records are maintained separately [sic] Plaintiff requests his medical records, it should be noted that the defendants have already produced to Plaintiff over 1000 pages of medical records. Plaintiff's medical records are more readily available to him upon his request to his current place of incarceration. Therefore, Defendants object to producing any more of these documents as they are more readily available from a more convenient source. Correspondence regarding Plaintiff's medical care are found in his medical records, and therefore, should either be in Plaintiff's possession or readily available

to him. Any correspondence from the defendants to their attorney is barred by attorney-client privilege.

COMMENT:    IN REGARDS TO THE MASTER FILES. THEY HAVE BEEN ORDERED PRODUCED IN PRIOR CASES IF PLAINTIFF CAN SHOW THEY WILL LEAD TO RELEVANT EVIDENCE. *SMITH VS. STERNES*. 2003 WL 21418356 (N.D. ILL). *ODAKA VS. NASH*. 1994 WL 110208 (N.D. ILL). THE ILLINOIS STATUTE DOES NOT MAKE THE MATERIAL NON-DISCOVERABLE UNDER THE FEDERAL RULES. SEE *EVANS VS. CITY OF CHICAGO*. 231 F.R.D. 302, 319 (N.D. ILL. 2005). *DYKES VS. MORRIS*. 85 F.R.D. 373 (N.D.ILL 1980) THE REQUESTED RECORDS ARE CLEARLY RELEVANT AND MUST BE PRODUCED.

IN REGARD TO THE MEDICAL RECORDS. YOU HAVE NOT PRODUCED ALL OF THE MEDICAL RECORDS. YOU DO NOT NEED TO SEND THE ONES PREVIOUSLY PROVIDED. THE RECORDS, HOWEVER, ARE NOT MAINTAINED BY PLAINTIFF AND ILLINOIS DEPARTMENT OF CORRECTIONS IS THE ONLY SOURCE THAT CAN CERTIFY THE RECORDS. PLEASE SEND ALL RECORDS NOT PREVIOUSLY SENT.

IN REGARD TO CORRESPONDENCE. EXEMPT CORRESPONDENCE BETWEEN DEFENDANTS AND THEIR ATTORNEYS, BUT PROVIDE THE REST. SPECIFICALLY, BUT NOT LIMITED TO, PRODUCE ALL CORRESPONDENCE BETWEEN ILLINOIS DEPARTMENT OF CORRECTION EMPLOYEES AND WEXFORD EMPLOYEES RELATING TO PLAINTIFF.

2. All documents that mention or relate to in any manner the September 23, 2004 incident in which

Plaintiff was hit in the eye to include but not limited to all witness statements, grievances, and investigatory

findings.

Response: Defendants object to producing "all documents" as some of the documents (medical records/grievances) are already in the possession of Plaintiff or his counsel and are available to him from a more convenient source...

COMMENT: SEE COMMENT TO REQUEST NUMBER ONE. THE RECORDS ARE CLEARLY RELEVANT.

3. The complete IDOC file for the other inmate involved in the September 23, 2004 incident.

Response: Defendants object to the documents requested in number 3 as irrelevant, inadmissible and not likely to lead to admissible evidence. Moreover, inmates' master files are confidential by statute (see response number 1).

COMMENT: SEE COMMENT TO REQUEST NUMBER ONE. THE *DYKES* CASE IS EXACTLY ON POINT.

4. All records relating to any and all grievances filed by Defendant since he has been incarcerated

in the IDOC to include the grievances, filing records, and adjudications.

Response: The documents requested are documents that Plaintiff initiated, would have received the

responses and should have in his possession. Therefore, Defendants object to producing the documents that are available from a more convenient source. Moreover, this lawsuit only includes allegations of medical deliberate indifference and allegations related to an incident in which Plaintiff's fight with his cell-mate led to the loss of his eye. To the extent that Plaintiff asks for all grievances he has filed since being in IDOC, the request is overly broad, unduly burdensome, irrelevant, and not likely to lead to admissible evidence.

COMMENT: PLAINTIFF DOES NOT HAVE ACCESS TO RECORDS MAINTAINED BY THE DEPARTMENT OF CORRECTIONS AND FURTHER, HE DOES NOT HAVE THE RESOURCES TO GAIN ACCESS TO OR PAY FOR COPYING OF MEDICAL RECORDS. THE ILLINOIS DEPARTMENT OF CORRECTIONS NOT PLAINTIFF IS THE CUSTODIAN OF THE GRIEVANCES.

6. Any and all documents that contain statements or references to statements made by Plaintiff.

Response: Defendants object to this request as overly broad and vague. Moreover, defendants object to this request as many documents that could satisfy this request are available from a more convenient source. Plaintiff has access to his medical records, which contain subjective statements. He also should have maintained any copies of his grievances or correspondence. Notwithstanding said objection Defendants are producing Plaintiff's interview of September 28, 2004 with interrogatory response number 2.

COMMENT: SEE COMMENTS TO REQUEST NUMBER ONE. THE RECORDS ARE CLEARLY RELEVANT.

7. All documents that show and/or define or clarify the duties of Wexford employees and IDOC

employees relating in any manner to the medical classification of inmates and the transfer of inmates with

medical problems into the general population.

Response: Defendants object to production of documents requested in number 7, as the duties of Wexford employees are outlined in the contract between Wexford and IDOC and this document would not lead to any discoverable information.

COMMENT: PLAINTIFF IS ENTITLED TO DISCOVER AND RECEIVE ANY DOCUMENTS DEALING WITH POLICIES AND PROCEDURES MAINTAINED OUTLINING THE DUTIES OF ANY AGENTS OR EMPLOYEES RETAINED BY THE DEPARTMENT OF CORRECTIONS.

8. All records relating to all of Plaintiff's transfers from and to various facilities with in the IDOC.

Response: Defendants object to this request to the extent that it asks for records from any transfer except from Western to Menard as overly broad, irrelevant, inadmissible and not likely to lead to admissible information. Defendants will produce the documents regarding Plaintiff's transfer from Western Illinois Correctional Center to Menard Correction Center (Documents number 57-66).

COMMENT: PLAINTIFF IS ENTITLED TO DISCOVER AND RECEIVE DOCUMENTS WHICH MIGHT SHOW A CONTINUED PATTERN OF RETALIATION TOWARD PLAINTIFF.

9. All records relating to Plaintiff's request for an eye transplant.

Response: Defendants object to this request as more readily from a more convenient source, as the documents requested would be found in Plaintiff's medical records, already in possession of Plaintiff's attorneys or readily available to him upon his request to his institution.

COMMENT: SEE COMMENTS TO REQUEST NUMBER ONE. THE DOCUMENTS ARE CLEARLY RELEVANT.

10. Any and all disciplinary reports or documents in which negative performance information is

contained for any and all of the IDOC employees named as Defendants.

Response: Defendants object to the information requested in number 10 as irrelevant, inadmissible and not likely to lead to admissible evidence. Furthermore, Defendants object to the production of any portion of their personnel files, as they are confidential. See Prison Litigation Reform Act 42 U.S.C. §1997(e) and 80 Ill. Admin. Code 304.40.

COMMENT: ANY OTHER COMPLAINT OF NEGATIVE PERFORMANCE WOULD CLEARLY SHOW A PATTERN OF CONTINUING PRACTICE AND IS RELEVANT TO THIS LITIGATION. PLAINTIFF HAS A RIGHT TO DISCOVER AND RECEIVE THIS INFORMATION.

15. All reports and or policies relating to inmate prescriptions and the dispensing of medications

to inmates.

Response: Defendants object to request number 15 as irrelevant, admissible [sic], and not likely to lead to admissible evidence.

COMMENT: PLAINTIFF HAS A RIGHT TO DISCOVER AND RECEIVE INFORMATION THAT OUTLINES POLICIES AND PROCEDURES AS OUTLINED ABOVE.

16. All documents relating to Plaintiffs November 6, 2003 prescription for Maxitrol to include all

documents relating to Plaintiff's grievance relating to the prescription and the investigation into the

grievance.

Response: Defendants object to the information requested as available from a more convenient source. Any information related to a prescription would be in Plaintiff's medical records, either already in his possession or readily available to him upon his request to his institution. Moreover, any of Plaintiff's grievances should be in his possession, as he originated the document and received the document upon completion of the grievance process.

COMMENT: PLAINTIFF DOES NOT HAVE ACCESS TO RECORDS MAINTAINED BY THE DEPARTMENT OF CORRECTIONS AND FURTHER, HE DOES NOT HAVE THE RESOURCES TO GAIN ACCESS TO OR PAY FOR COPYING OF MEDICAL RECORDS.

Please be advised this letter is being written pursuant to Fed. R. Civ. P. 37(2)(a).

Sincerely,

Douglas J. Quivey

DJQ:rem

cc:  Ms. Theresa Powell
     Mr. Carl J. Tenney