**Rhonda Price**

**From:** Doug Quivey
**Sent:** Friday, February 17, 2006 5:34 PM
**To:** 'Choate, Kelly R.'
**Cc:** Tom Londrigan; Rhonda Price
**Subject:** RE: McCroy

Ms Choate,
Because the rules arguably require it, I will call you on Tuesday and then start drafting the motion to compel. Obviously, you have the right to object but I would note that you did not respond to any of the authority that I presented in my letter. A few of the cases are directly on point. It seems a waste of time and effort to re-litigate what has already been litigated. In regard to the medical records, as noted in my letter, you do not have to produce what has already been produced. The new medical records, however, are clearly relevant and clearly in your possession or control. The Federal Rules do not require me to subpoena records from a party.

Thanks

Doug Quivey

-----Original Message-----
**From:** Choate, Kelly R. [mailto:KChoate@atg.state.il.us]
**Sent:** Friday, February 17, 2006 5:12 PM
**To:** Doug Quivey
**Subject:** McCroy



PLAINTIFF'S EXHIBIT 5

Dear Mr. Quivey,

In the interest of not causing any more delays, I will respond to your letter of February 13, 2006 via e-mail. The defendants stand by their objections to the documents you requested. The objections to producing additional medical records is valid. These records are available to the Plaintiff upon his request from his current institution, and to his counsel via a subpoena. Your argument that the Plaintiff does not have the funds to pay for copies of his medical records does not place a burden upon the defendants or the Department to pay for Plaintiff's litigation against them. Plaintiff is represented by counsel, and as such his records can be requested and paid for by his counsel.

You have been provided the documents that pertain to the September 23, 2004 incident, which include the investigation into the incident.

We will maintain our objection to the master file of any other inmate being produced as well as the entire master file of Plaintiff.

Even though Plaintiff's grievances are also more readily available to him and not necessarily relevant to the issues at hand, I have requested Pinckneyville Correctional Center to send me his grievances from 2000 to date and will provide those when they are received in my office.

Defendants stand by their objections to transfer documents for any transfers other than to Menard from Western.

Defendants likewise stand by their objections to disciplinary reports or personnel actions of the defendants being provided as these documents are confidential, irrelevant, inadmissible and not likely to lead to admissible evidence.

Finally, Defendants maintain their objection to any request that requires the defendants to either produce medical records that have already been produced to Plaintiff or that are readily available to him or his counsel.

In closing, while there has been some delay obtaining discovery in this case, the main source of the delay is the late addition and serving of new defendants.

Sincerely,

Kelly Choate