IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON McCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-CV-3171 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E. WALKER, JR., (in his official capacity only), DENNIS HOCKADAY, KEVIN WINTERS, TERRY POLK, DAVID SCHNEPEL, SANDRA FUNK, DEBRAH FUQUA, LIEUTENANT LAW, CORRECTIONAL OFFICER KELLERMAN, CORRECTIONAL OFFICER JUDITH WILSON, PAMELA A. GRAUBEAN, all in their official and individual capacities, WEXFORD HEALTH SOURCES, Inc., Dr. CLEVELAND RAYFORD, MD., Dr. STANLEY SIMMS, MD., Dr. LOWELL BROWN, MD., Dr. LOCHARD, MD., RHONDA MILLS, NURSE C. SHAW & Dr. DAVID ANDERSON, OD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ORDER TO COMPEL IDOC DEFENDANTS
TO FULLY COMPLY WITH PLAINTIFF'S REQUEST
FOR PRODUCTION OF DOCUMENTS**

Plaintiff, AARON MCCROY, by and through his attorneys, LONDRIGAN POTTER & RANDLE, respectfully submits this Memorandum of Law in Support of his Motion pursuant to Fed. R. Civ. P. 37(2)(b) for an order compelling Defendant ILLINOIS DEPARTMENT OF CORRECTION DEFENDANTS

("DEFENDANTS") to fully comply with Plaintiff's request for production of documents.

## I. INTRODUCTION

Plaintiff filed a Request for Production upon Defendants on October 7, 2005. (Exhibit A). Defendants filed Enlargements of Time to Compel Discovery on November 7, 2005, November 21, 2005, and December 5, 2005. A response to the request to produce was received on December 12, 2005. (Exhibit B). Said response was incomplete. Plaintiff's attorney sent a letter to Defendants' attorney regarding said response on February 13, 2006 pursuant to Fed. R. Civ. P. 37(2)(a). (Exhibit C). A response to that letter was received via e-mail on February 17, 2006 wherein Defendants objections remained the same. (Exhibit D). In a good faith attempt to confer with Defendants Counsel, Counsel for Plaintiff both answered the February 17, 2006 e-mail and called Counsel for Defendants on February 22, 2006. After conferring, Defendants position regarding additional disclosure remains the same.

## II. ARGUMENT

Federal Rule of Civil Procedure 34 mandates that a party may request production of documents that constitute matters within the scope of Fed. R. Civ. P. 26(b) that are in the custody or control of another party. Fed. R. Civ. P. 34. Pursuant to Fed. R. Civ. P. 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…. The information sought need not be admissible at the trial if the

information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Based upon the above standard, Plaintiff respectfully submits that each of the following requests -1, 2, 3, 4, 6, 7, 8, 9, 10, 15, 16- should be fully complied with by the IDOC Defendants for the following specific reasons:

_____Requests

1. Any all [sic] records relating to Plaintiff in any manner to include his complete inmate file, medical records, and all correspondence to third-parties about Plaintiff.

IDOC Response: Defendants object to production of Plaintiff's "complete inmate file" as inmates' master files are confidential by statute. See 730 ILCS 5/3-5-1 (West 2004). Plaintiff's master file contains information related to his entire incarceration. Because this complaint does not encompass his entire incarceration and because Plaintiff's medical records are maintained separately [sic] Plaintiff requests his medical records, it should be noted that the defendants have already produced to Plaintiff over 1000 pages of medical records. Plaintiff's medical records are more readily available to him upon his request to his current place of incarceration. Therefore, Defendants object to producing any more of these documents as they are more readily available from a more convenient source. Correspondence regarding Plaintiff's medical care are found in his medical records, and therefore, should either be in Plaintiff's possession or readily

available to him. Any correspondence from the defendants to their attorney is barred by attorney-client privilege.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:**

IN REGARD TO THE MASTER FILES, THEY HAVE BEEN ORDERED PRODUCED IN PRIOR CASES IF PLAINTIFF CAN SHOW THEY WILL LEAD TO RELEVANT EVIDENCE. ***SMITH VS. STERNES***, 2003 WL 21418356 (N.D. ILL), ***ODAKA VS. NASH***, 1994 WL 110208 (N.D. ILL). THE ILLINOIS STATUTE DOES NOT MAKE THE MATERIAL NON-DISCOVERABLE UNDER THE FEDERAL RULES. ***SEE EVANS VS. CITY OF CHICAGO***, 231 F.R.D. 302, 319 (N.D. ILL. 2005), ***DYKES VS. MORRIS***, 85 F.R.D. 373 (N.D.ILL 1980). IN THIS CASE, BECAUSE OF THE ALLEGATIONS OF RETALIATION, THE MASTER FILE IS CLEARLY BOTH RELEVANT AND ALSO MAY LEAD TO RELEVANT INFORMATION. SIMPLY BECAUSE IT MAY CONTAIN INFORMATION THAT IS NOT RELEVANT IS NOT GROUNDS FOR NON-PRODUCTION.

IN REGARD TO THE MEDICAL RECORDS, THEY ARE CLEARLY RELEVANT. AS EVIDENCED BY DEFENDANT ANDERSON'S REQUEST TO ADMIT, THE RECORDS ARE NEEDED AND THE ILLINOIS DEPARTMENT OF CORRECTIONS IS THE SOLE CUSTODIAN AND THE ONLY SOURCE THAT CAN CERTIFY THE RECORDS. TO THE EXTENT THAT SOME HAVE BEEN PRODUCED, THEY DO NOT NEED TO BE PRODUCED AGAIN. LASTLY, THE MERE FACT THAT THE RECORDS COULD BE SUBPOENAED OR OBTAINED VIA A RELEASE DOES NOT MEAN THAT THEY CANNOT BE OBTAINED VIA RULE 34.

THEY ARE BOTH RELEVANT AND ARE IN DEFENDANTS CUSTODY OR CONTROL. ACCORDINGLY, THEY MUST BE PRODUCED.

IN REGARD TO CORRESPONDENCE, PLAINTIFF IS ENTITLED TO ALL NON-PRIVILEGED COMMUNICATION BETWEEN DEFENDANTS AND THIRD PARTIES. IN PARTICULAR, THE CORRESPONDENCE BETWEEN ILLINOIS DEPARTMENT OF CORRECTION EMPLOYEES AND WEXFORD EMPLOYEES RELATING TO PLAINTIFF IS RELEVANT. LIKEWISE, CORRESPONDENCE TO THIRD-PARTY MEDICAL PROVIDERS IS RELEVANT.

2. All documents that mention or relate to in any manner the September 23, 2004 incident in which Plaintiff was hit in the eye to include but not limited to all witness statements, grievances, and investigatory findings.

IDOC Response: Defendants object to producing "all documents" as some of the documents (medical records/grievances) are already in the possession of Plaintiff or his counsel and are available to him from a more convenient source…

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:**

SEE ARGUMENT RELATING TO REQUEST NUMBER ONE. THE RECORDS ARE CLEARLY RELEVANT OR MAY LEAD TO RELEVANT INFORMATION AND PLAINTIFF IS ENTITLED TO ALL OF THE RECORDS RELATING TO THE INCIDENT.

3. The complete IDOC file for the other inmate involved in the September 23, 2004 incident.

IDOC Response: Defendants object to the documents requested in number 3 as irrelevant, inadmissible and not likely to lead to admissible evidence. Moreover, inmates' master files are confidential by statute (see response number 1).

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:**

THE *DYKES* CASE IS EXACTLY ON POINT. PLAINTIFF HAS ALLEGED THAT DEFENDANTS RETALIATED AGAINST PLAINTIFF BY PUTTING HIM IN A CELL WITH THE INMATE IN QUESTION. ACCORDINGLY, PLAINTIFF HAS A RIGHT TO SAID INMATE'S FILE. IF DEFENDANTS WANT A PROTECTIVE ORDER, THEY CAN ASK FOR ONE. PLAINTIFF IS ENTITLED TO INVESTIGATE ALL ASPECTS OF THE INCIDENT.

4. All records relating to any and all grievances filed by Defendant since he has been incarcerated in the IDOC to include the grievances, filing records, and adjudications.

IDOC Response: The documents requested are documents that Plaintiff initiated, would have received the responses and should have in his possession. Therefore, Defendants object to producing the documents that are available from a more convenient source. Moreover, this lawsuit only includes allegations of medical deliberate indifference and allegations related to an incident in which Plaintiff's fight with his cell-mate led to the loss of his eye. To the extent that Plaintiff asks for all grievances he has filed since being in IDOC, the request is

overly broad, unduly burdensome, irrelevant, and not likely to lead to admissible evidence.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** PLAINTIFF DOES NOT HAVE ACCESS TO RECORDS MAINTAINED BY THE DEPARTMENT OF CORRECTIONS AND FURTHER, HE DOES NOT HAVE THE RESOURCES TO GAIN ACCESS TO OR PAY FOR THEM.  THE ILLINOIS DEPARTMENT OF CORRECTIONS NOT PLAINTIFF IS THE CUSTODIAN OF THE GRIEVANCE DOCUMENTS.  MOREOVER, THE DEFENDANTS HAVE RAISED THE ISSUE OF EXHAUSTION.  ACCORDINGLY, PLAINTIFF IS ENTITLED TO ALL RECORDS RELATING TO SAID DEFENSE.

6. Any and all documents that contain statements or references to statements made by Plaintiff.

IDOC Response: Defendants object to this request as overly broad and vague. Moreover, defendants object to this request as many documents that could satisfy this request are available from a more convenient source. Plaintiff has access to his medical records, which contain subjective statements. He also should have maintained any copies of his grievances or correspondence. Notwithstanding said objection Defendants are producing Plaintiff's interview of September 28, 2004 with interrogatory response number 2.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** STATEMENTS MADE BY PLAINTIFF ARE CLEARLY RELEVANT.  TO THE EXTENT DEFENDANTS HAVE RECORDS CONTAINING HIS STATEMENTS OR RECORDS

THAT CONTAIN REFERENCES TO HIS STATEMENTS THEY NEED TO BE PRODUCED. PLAINTIFF IS ENTITLED TO KNOW WHAT DEFENDANTS SAY HE SAID.

7. All documents that show and/or define or clarify the duties of Wexford employees and IDOC employees relating in any manner to the medical classification of inmates and the transfer of inmates with medical problems into the general population.

IDOC Response: Defendants object to production of documents requested in number 7, as the duties of Wexford employees are outlined in the contract between Wexford and IDOC and this document would not lead to any discoverable information.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** DEFENDANTS ARE NOT ENTITLED TO UNILATERALLY DECIDE WHETHER DOCUMENTS ARE RELEVANT. AS IT RELATES TO RETALIATION, THE EXACT SCOPE OF WEXFORD EMPLOYEES DUTIES IS CLEARLY RELEVANT. TO THE EXTENT DEFENDANTS HAVE DOCUMENTS THAT DEFINE SAID DUTIES, PLAINTIFF IS ENTITLED TO THEM. MOREOVER, IT IS DOUBTFUL THAT THE CONTRACT IS THE ONLY DOCUMENT THAT PERTAINS TO MEDICAL CLASSIFICATION AND TRANSFERS. PLAINTIFF IS ENTITLED TO DISCOVER AND RECEIVE ANY DOCUMENTS DEALING WITH POLICIES AND PROCEDURES MAINTAINED THAT DESCRIBE THE DUTIES OF AGENTS OR EMPLOYEES

RETAINED BY THE DEPARTMENT OF CORRECTIONS THAT PERTAIN TO THE SUBJECT MATTERS IN DISPUTE.

8. All records relating to all of Plaintiff's transfers from and to various facilities with in the IDOC.

IDOC Response: Defendants object to this request to the extent that it asks for records from any transfer except from Western to Menard as overly broad, irrelevant, inadmissible and not likely to lead to admissible information. Defendants will produce the documents regarding Plaintiff's transfer from Western Illinois Correctional Center to Menard Correction Center (Documents number 57-66).

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:**
PLAINTIFF IS ENTITLED TO DISCOVER AND RECEIVE DOCUMENTS WHICH MIGHT SHOW A CONTINUED PATTERN OF RETALIATION TOWARD PLAINTIFF. THEREFORE HE IS ENTITLED TO ALL OF THE TRANSFER DOCUMENTS

9. All records relating to Plaintiff's request for an eye transplant.

IDOC Response: Defendants object to this request as more readily from a more convenient source, as the documents requested would be found in Plaintiff's medical records, already in possession of Plaintiff's attorneys or readily available to him upon his request to his institution.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:**
SEE PREVIOUS ARGUMENTS. DEFENDANTS ARE THE CUSTODIANS OF MOST OF THE RECORDS AND SHOULD HAVE RECEIVED FROM THIRD-PARTIES

COPIES OF THE REST.  THE EYE TRANSPLANT IS AN IMPORTANT PART OF THE CASE AND PLAINTIFF IS ENTITLED TO ALL OF THE DOCUMENTS RELATING TO IT.

   10.   Any and all disciplinary reports or documents in which negative performance information is contained for any and all of the IDOC employees named as Defendants.

   IDOC Response: Defendants object to the information requested in number 10 as irrelevant, inadmissible and not likely to lead to admissible evidence. Furthermore, Defendants object to the production of any portion of their personnel files, as they are confidential.  See Prison Litigation Reform Act 42 U.S.C. §1997(e) and 80 Ill.  Admin.  Code 304.40.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** PREVIOUS COMPLAINTS OR DISCIPLINARY ACTIONS RELATING TO INCIDENTS ALLEGED IN THE COMPLAINT (MEDICAL TREATMENT, TRANSFERS, INMATE VIOLENCE, RETALIATION, ETC) ARE DISCOVERABLE BECAUSE THEY COULD LEAD TO DISCOVERABLE INFORMATION.  TO THE EXTENT IDOC WANTS A PROTECTIVE ORDER, THEY SHOULD ASK FOR ONE.  PLAINTIFF ALSO HAS NO OBJECTION TO THE COURT PERFORMING AN IN CAMERA REVIEW OF THE FILES TO SEE IF THE CONTAIN RELEVANT INFORMATION.

   15.   All reports and or policies relating to inmate prescriptions and the dispensing of medications to inmates.

IDOC Response: Defendants object to request number 15 as irrelevant, admissible [sic], and not likely to lead to admissible evidence.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** PLAINTIFF SUFFERED AN INJURY AS A DIRECT RESULT OF DEFENDANTS' FAILURE TO PROPERLY ADMINISTER PRESCRIPTIONS. HE HAS ALLEGED RETALIATION. THUS, HE IS ENTITLED TO ALL REPORTS AND POLICIES SAID DEFENDANTS HAVE RELATING TO INMATE PRESCRIPTIONS.

16. All documents relating to Plaintiffs November 6, 2003 prescription for Maxitrol to include all documents relating to Plaintiff's grievance relating to the prescription and the investigation into the grievance.

IDOC Response: Defendants object to the information requested as available from a more convenient source. Any information related to a prescription would be in Plaintiff's medical records, either already in his possession or readily available to him upon his request to his institution. Moreover, any of Plaintiff's grievances should be in his possession, as he originated the document and received the document upon completion of the grievance process.

**REASON WHY PLAINTIFF IS ENTITLED TO REQUESTED DOCUMENTS:** See Previous arguments.

### III. CONCLUSION

Under the dictates of the discovery rules Plaintiff is entitled to all of the requested documents. Moreover, the only real close issue relates to documents requested in No. #15 and Plaintiff has no objection to both an appropriate

protective order and/or an in camera review of those documents.  There is no reason why all other documents should not be immediately ordered to be produced.

                                      AARON McCROY, Plaintiff,

                                      By: /s/ Douglas J. Quivey
                                      Douglas J. Quivey Bar Number: 6225888
                                      Attorney for Plaintiff
                                      LONDRIGAN, POTTER & RANDLE, P.C.
                                      1227 South 7th Street, P.O. Box 399
                                      Springfield, Illinois 62705
                                      Tel:  (217) 544-9823 Fax: (217) 544-9826
                                      E-Mail: doug@lprpc.com

**Certificate of Service**

The hereby certify that on February 22, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy, Reg. #N51882
P.O. Box 999
Pinckneyville, IL 62274

By: s/Douglas J. Quivey
Douglas J. Quivey
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
doug@lprpc.com