IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #N-51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

NOW COME the Defendants, SANDRA FUNK, PAM GRUBMAN (sued as Pamela Graubean), KENNETH KELLERMAN, BRYON LAW, TERRY POLK, ROGER E. WALKER, JR., JUDITH WILSON, and KEVIN WINTERS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and in support of their motion to dismiss, submit the following memorandum of law.

**BACKGROUND**

Plaintiff filed his original complaint on August 9, 2002. The gravamen of the complaint was Plaintiff's dissatisfaction with his eye care, accommodations given to him as a result of his eyesight, and his desire for a corneal transplant. The case progressed, and in 2004, Plaintiff suffered an injury to the eye for which he had received a corneal transplant. He also was transferred to another institution for failure to provide urine sufficient to conduct a drug test. On March 28, 2005, Plaintiff filed an amended complaint adding new defendants, and reflecting his allegations of failure to protect and

1

retaliatory transfer that arose from the 2004 incident. However, no attempt to serve any of the new defendants was made until February of 2006.

## ARGUMENT

### I. Plaintiff's service on the newly named Defendants was insufficient pursuant to Federal Rule of Civil Procedure 4(m).

Service of summons and complaint must be made upon a defendant within 120 days. Fed. R. Civ. P. 4(m). However, the Court may extend that period for service for an appropriate period if Plaintiff can show good cause for the failure to effectuate service. Id. In this case, Plaintiff made no attempt to serve any of the newly named defendants until February of 2006. He has not shown any cause for his delay, let alone good cause. It is the plaintiff's burden of proof to show good cause if this requirement is not met. Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1998). Any attempt at showing good cause must include evidence that the plaintiff used "reasonable diligence" in attempting to serve the defendant within the period of time specified by Rule 4(m). See, Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993).

Moreover, even if good cause had been shown, it is unlikely that an additional seven (7) months would not be considered an "appropriate" period for extending service.

### II. The defendants would be prejudiced by allowing service almost one year after the Complaint was filed.

By the time service upon the new defendants was even discussed by the plaintiff in the telephone conference of February 9, 2006, this case was almost four (4) years old, the dispositive motion deadline of February 10, 2006 [194] was one day away, and trial was set for March 20, 2006. Because of the age of this case, it's probable that the Court would seek resolution quickly. The new defendants would likely not have an opportunity to conduct discovery or have sufficient time to prepare a defense. On the other hand, if

2

the newly served defendants were given the time they need to prepare a defense, the original defendants would be further delayed in obtaining resolution in this matter. As time progresses, memories fade, and it becomes increasingly difficult to locate possible witnesses. In fact, during the pendency of the case, most of the original defendants have ended their employment with the Department of Corrections.

However, Plaintiff would suffer little or no prejudice if he were required to re-file the amended complaint and properly serve the defendants. He is still within the statute of limitations on the 2004 occurrences.

## CONCLUSION

Plaintiff has failed to complete service in a timely manner and has given no good cause for the delay. Additionally, the prejudice to all of the defendants outweighs the Plaintiff's interest in litigating all of his constitutional claims in one case. For these reasons, the amended complaint against these defendants should be dismissed.

    Respectfully submitted,

    SANDRA FUNK, PAM GRUBMAN,
    KENNETH KELLERMAN, BRYON LAW,
    TERRY POLK, ROGER E. WALKER, JR.,
    JUDITH WILSON, and KEVIN WINTERS,

    Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois

By:  s/ Kelly R. Choate
    Kelly R. Choate, #6269533
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, Illinois 62706
    Telephone: (217) 782-9026
    Facsimile: (217) 524-5091
    E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| AARON MCCROY, #N-51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2006, I electronically filed a Memorandum of Law in Support of Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan
Londrigan, Potter & Randle, P.C.
tom@lprpc.com

Douglas J. Quivey
Londrigan, Potter & Randle, P.C.
doug@lprpc.com

Theresa Powell
Heyl, Royster, Voelker & Allen
tpowell@hrva.com

Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
ctenney@hhtlaw.com

and I hereby certify that on March 16, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us