UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

    Plaintiff,

v.                        02-CV-3171

ILLINOIS DEP'T OF CORRECTIONS et al.,

### Order

    A Rule 16 conference was held on March 20, 2006, by telephone conference, to follow up on service on the new defendants. Tom Londrigan and Doug Quivey appeared for the plaintiff. Kelly Choate appeared for the IDOC defendants. Carl Tenney appeared for defendant David Anderson. Theresa Powell appeared for the remaining medical defendants.

    The attorneys agreed that all the new defendants have been served and are before the court (subject to service objections in the pending motions to dismiss (d/e's 244, 245).

    IT IS THEREFORE ORDERED:

    1) The plaintiff's motion to correct amended complaint is granted (d/e 207). The clerk is directed to remove defendant "Lee" from the docket (Lee was intended to be "Law," who is already listed as a defendant).

    2) The motion to dismiss by defendants Winters et al. is denied (d/e 242). Fed. R. Civ. P. 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

    Rule 4(m) does not mandate dismissal–the court may instead directed that service be effected within a specified time. Here, the plaintiff is still proceeding *in forma pauperis* (d/e 9, order granting petition to proceed *in forma pauperis*). The U.S. Marshals are required to effect service on defendants when a plaintiff is authorized to proceed *in forma pauperis,* and were

arguably required to do so with the amended complaint, though *pro bono* counsel was appointed. Fed. R. Civ. P. 4(c)(2). Here, no court order entered directing the U.S. Marshals to serve the amended complaint after it was filed. While plaintiff could have filed a motion asking for such an order to enter, or could have arranged for service himself, it is not entirely clear under 4(c)(2) that he needed to do so. Additionally, the court notes that the new defendants are represented by the same attorneys as the "old" defendants, which arguably gave the appearance that the new defendants were in the case and contributed to confusion. Plaintiff's interrogatories naming all the new and old defendants supports this conclusion. (d/e 199, Ex. A). That is not to say that the old defendants had a duty to alert the plaintiff or the court of the lack of service, but it goes to good cause for extending the time for service, in light of the complexity of this case. Lastly, as the court explained in its order allowing the amended complaint, the allegations in the failure-to-protect claim are part of the plaintiff's retaliation claim against the existing defendants, and, some of the existing defendants are implicated in the failure-to-protect claim along with the new defendants. Requiring two trials with overlapping evidence and defendants would be a waste of judicial resources. For all these reasons, the court believes good cause exists for extending the time for service in this case.

3) The motion to dismiss by defendant Lochard is denied (d/e 244), for the reasons stated above.

4) The motion to dismiss by defendant Brown is denied (d/e 244) in part, as to the Rule 4(m) argument, for the reasons above. Plaintiff is directed to respond to defendant Brown's personal service argument by March 31, 2006. The clerk is directed to keep d/e 244 pending as to defendant Brown.

5) The discovery and dispositive motion deadlines are vacated, to be rescheduled after the approval of a discovery plan (see below).

6) The plaintiff's motion to compel (d/e 225) will be ruled on in a separate order.

7) The following motions to extend discovery are denied as moot: d/e's 204, 209, 227.

8) The IDOC defendants' motion to extend time to respond to interrogatories to March 31, 2006, is granted (d/e 246), subject to timely, meritorious objections.

9) A scheduling conference under Fed. R. Civ. P. 16 is scheduled for May 2, 2006, at 9:30 a.m., by telephone conference. Counsel should be prepared to discuss all issues listed in Local Rule 16.2 and Fed. R. Civ. P. 26. At least seven days before the scheduling conference, counsel must comply with the disclosure requirements of Fed. R. Civ. P. 26(f). The parties are further directed to submit a proposed discovery plan at least seven days before the scheduled conference that complies with Local Rule 16.2, and that sets a dispositive motion deadline no later than September 1, 2006.

10) A final pretrial conference is scheduled for November 15, 2006 at 1:30 by video

conference.  The proposed final pretrial order is due November 8, 2006.  Inmate-witnesses incarcerated in the Illinois Department of Corrections shall appear at the trial by video (except for the plaintiff, who shall appear personally).  The final pretrial order shall include the identification numbers and place of incarceration of each such inmate-witness, so that video writs may issue.

11) A jury trial is scheduled for January 2, 2007, at 9:00 a.m. before the court in Urbana, 201 S. Vine St..  The parties and their attorneys shall appear in person.  The clerk is directed to issue a writ to secure the plaintiff's presence at the trial.

Entered this 24th Day of March, 2006.

                                              **s\Harold A. Baker**

                                              HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE