**E-FILED**
Tuesday, 18 April, 2006  02:59:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

AARON MCCROY, #N-51882,               )
                                      )
        Plaintiff,                    )
                                      )
    -vs-                              )        No.  02-3171
                                      )
ILLINOIS DEPARTMENT OF                )
CORRECTIONS, et al.                   )
                                      )
        Defendants.                   )

## AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), DENNIS HOCKADAY, DAVID SCHNEPEL, and DEBRAH K. FUQUA, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit their Amended Answer to Plaintiff's First Amended Complaint.

### JURISDICTION

1.    Defendants admit the allegations of paragraph 1 of Plaintiff's First Amended Complaint.

2.    Defendants admit the allegations of paragraph 2 of Plaintiff's First Amended Complaint.

3.    Defendants admit IDOC is an agency of the State of Illinois and lacks sufficient knowledge to either admit or deny the remainder of allegations in this paragraph.

4.    Defendants admit the allegations of paragraph 4 of Plaintiff's First Amended Complaint.

5.    Defendants admit the allegations in paragraph 5 of Plaintiff's First Amended Complaint.

1

6.      Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7.      Defendants admit the allegations of paragraph 7 of Plaintiff's First Amended Complaint.

8.      Defendants admit the allegations in paragraph 8 of Plaintiff's First Amended Complaint.

9.      Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10.     Defendants admit the allegations of paragraph 10 of Plaintiff's First Amended Complaint.

11.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 12 of Plaintiff's First Amended Complaint.

13.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendants deny that Pamela Ann Graubean is the former or current Health Care Unit Administrator at Menard.  Defendants admit that Pamela Grubman is the current Health Care Unit Administrator at Menard Correctional Center.

15.     Defendants admit that Wexford is a corporation doing business in Illinois, who has contracted with the State of Illinois to provide health care services to inmates within the Illinois Department of Corrections.  Defendants lack knowledge to either admit or deny the remaining allegations in this paragraph.

2

16.    Defendants admit the allegations of paragraph 16 of Plaintiff's First Amended Complaint.

17.    Defendants lack knowledge to either admit or deny the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18.    Defendants lack knowledge to either admit or deny the allegations in paragraph 18 of Plaintiff's First Amended Complaint.

19.    Defendants lack knowledge to either admit or deny the allegations in paragraph 19 of Plaintiff's First Amended Complaint.

20.    Defendants lack knowledge to either admit or deny the allegations in paragraph 20 of Plaintiff's First Amended Complaint.

21.    Defendants lack knowledge to either admit or deny the allegations in paragraph 21 of Plaintiff's First Amended Complaint.

22.    Defendants lack knowledge to either admit or deny the allegations in paragraph 22 of Plaintiff's First Amended Complaint.

**FACTS**

23.    Defendants admit Plaintiff previously suffered from Keratoconus in both eyes, that he lost his left eye as a result of a traumatic injury, and that he suffers from Keratoconus in his right eye.  Defendants lack knowledge to either admit or deny the remainder of the allegations in paragraph 23 of Plaintiff's First Amended Complaint.

24.    Defendants admit that Plaintiff's eye condition is as reflected in his medical records.  Defendants deny the remaining allegations in paragraph 24 of Plaintiff's First Amended Complaint.

25.    Defendants admit that Plaintiff filed a pro-se complaint alleging various Defendants had violated the ADA and Rehabilitation Act as well as the First and Eighth Amendments to the Constitution.  Defendants lack sufficient knowledge to either admit or deny the remaining allegations in this paragraph.

26.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

27.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

28.    Defendants deny the allegations in paragraph 28 of Plaintiff's First Amended Complaint.

29.    Defendants admit Plaintiff requested a corneal transplant in his initial complaint and admit Plaintiff received said transplant.  Defendants admit Plaintiff requested a transfer to Dixon Correctional Center.  Defendants deny the remaining allegations in paragraph 29 of Plaintiff's First Amended Complaint.

30.    Defendants deny the allegations in paragraph 30 of Plaintiff's First Amended Complaint.

31.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 31 of Plaintiff's First Amended Complaint.

32.    Defendants admit Plaintiff was given a corneal transplant in his left eye but deny the remaining allegations in paragraph 32 of Plaintiff's First Amended Complaint

33.    Defendants deny the allegations in paragraph 33 of Plaintiff's First Amended Complaint.

34.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendants admit that contact lenses requiring special fittings were recommended for Plaintiff and deny the remaining allegations in paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendants deny the allegations in paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendants admit the allegations in paragraph 38 of Plaintiff's First Amended Complaint.

39.     Defendants deny the allegations in paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendants deny the allegations in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendants lack sufficient knowledge to either admit or deny the "clarity" of the order for Maxitrol.

43.     Defendants admit Plaintiff withdrew from the Early Release Program Vocational training but lack sufficient knowledge to either admit or deny the remaining allegations in paragraph 43 of Plaintiff's First Amended Complaint.

44.    Defendants lack knowledge to either admit or deny the allegations in paragraph 44 of Plaintiff's First Amended Complaint.

45.    Defendants admit the allegations in paragraph 45 of Plaintiff's First Amended Complaint.

46.    Defendants lack sufficient knowledge to either admit or deny the reasons for each of plaintiff's cell assignments.

47.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 47 of Plaintiff's First Amended Complaint.

48.    Defendants admit Plaintiff's medical care and orders by Dr. Anderson are as reflected in his medical records.  Defendants lack knowledge to either admit or deny the remainder of paragraph 48 of Plaintiff's First Amended Complaint.

49.    Defendants deny the allegations in paragraph 49 of Plaintiff's First Amended Complaint.

50.    Defendants admit Plaintiff was transferred to general population but lack sufficient knowledge to either admit or deny whether he objected or not.

51.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 52 of Plaintiff's First Amended Complaint.

53.    Defendants deny the allegations in paragraph 53 of Plaintiff's First Amended Complaint.

54.    Defendants deny the allegations in paragraph 54 of Plaintiff's First Amended Complaint.

55.     Defendants deny the allegations in paragraph 55 of Plaintiff's First Amended Complaint.

56.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 56 of Plaintiff's First Amended Complaint.

57.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58.     Defendants deny the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

60.     Defendants deny the allegations in paragraph 60 of Plaintiff's First Amended Complaint.

61.     Defendants admit Plaintiff received a court-ordered eye evaluation by Dr. Kass and admit that Dr. Kass recommended a special contact lens for Plaintiff's right eye and prosthesis for Plaintiff's left eye.  Defendants deny the remaining allegations in paragraph 61 of Plaintiff's First Amended Complaint.

62.     Defendants deny the allegations in paragraph 62 of Plaintiff's First Amended Complaint.

63.     Defendants admit that Plaintiff was disciplined for refusing to provide a urine sample for a drug test.  Defendants deny the remaining allegations in paragraph 63 of Plaintiff's First Amended Complaint.

64.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 64 of Plaintiff's First Amended Complaint.

7

65.      Defendants admit Plaintiff was transferred to Menard Correctional Center as a result of the failure to provide a urine sample for drug testing.  Defendants admit that Plaintiff was transferred to Menard prior to the hearing for injunctive relief and lack sufficient knowledge as to whether he notified his counsel of his whereabouts.

66.      Defendants deny the allegations in paragraph 66 of Plaintiff's First Amended Complaint.

## COUNT I

67 - 133.  Defendants reassert their prior responses to these paragraphs.

134.     Defendants deny the allegations in paragraph 134 of Plaintiff's First Amended Complaint.

135.     Defendants deny the allegations in paragraph 135 of Plaintiff's First Amended Complaint.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT II

136-202.  Defendants reassert their prior responses to these paragraphs.

203.     Defendants deny the allegations in paragraph 203 of Plaintiff's First Amended Complaint.

204.     Defendants deny the allegations in paragraph 204 of Plaintiff's First Amended Complaint.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT III

205-271.  Defendants reassert their prior responses to these paragraphs.

272.    Defendants deny the allegations in this paragraph.

273.    Defendants deny the allegations in this paragraph.

274.    Defendants deny the allegations in this paragraph.

275.    Defendants deny the allegations in this paragraph.

276.    Defendants deny the allegations in this paragraph.

Defendants deny Plaintiff is entitled to any relief whatsoever.

## COUNT IV

277-343.  Defendants reassert their prior responses to these paragraphs.

344.    Defendants deny the allegations in paragraph 344 of Plaintiff's First Amended Complaint.

345.    Defendants deny the allegations in paragraph 345 of Plaintiff's First Amended Complaint.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT V

346-412.  Defendants reassert their prior responses to these paragraphs.

413.    Defendants deny the allegations in paragraph 413 of Plaintiff's First Amended Complaint.

414.    Defendants deny the allegations in paragraph 414 of Plaintiff's First Amended Complaint.

415.    Defendants deny the allegations in paragraph 415 of Plaintiff's First Amended Complaint.

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## RELIEF REQUEST

Defendants deny that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.      At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by doctrine of qualified immunity.

2.      Defendants are entitled to Eleventh Amendment immunity.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS, DENNIS HOCKADAY, DAVID SCHNEPEL, and DEBRAH K. FUQUA,

    Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By:   s/ Kelly R. Choate
        Kelly R. Choate, #6269533
        Assistant Attorney General
        Attorney for Defendants
        500 South Second Street
        Springfield, Illinois  62706
        Telephone:  (217) 782-9026
        Facsimile:   (217) 524-5091
        E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

AARON MCCROY, #N-51882,           )
                                  )
            Plaintiff,            )
                                  )
      -vs-                        )            No.  02-3171
                                  )
ILLINOIS DEPARTMENT OF            )
CORRECTIONS, et al.,              )
                                  )
            Defendants.           )

### CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2006, I electronically filed an Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| Thomas Londrigan | Douglas J. Quivey |
| Londrigan, Potter & Randle, P.C. | Londrigan, Potter & Randle, P.C. |
| tom@lprpc.com | doug@lprpc.com |
| | |
| Theresa Powell | Carl J. Tenney |
| Heyl, Royster, Voelker & Allen | Hughes, Hill & Tenney, L.L.C. |
| tpowell@hrva.com | ctenney@hhtlaw.com |

and I hereby certify that on April 18, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

      None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us