UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

    Plaintiff,

v.                                                                                              02-CV-3171

ILLINOIS DEP'T OF CORRECTIONS et al.,

## Order

    Before the Court is the plaintiff's motion to compel (d/e 225) and other case management issues.

    Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Limits on otherwise discoverable information may be had for various reasons, if the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake . . ., and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

    The plaintiff's First Amended Complaint (d/e 183) sets forth the following counts: I) retaliation for exercising First Amendment rights; II) American with Disabilities Act/Rehabilitation Act retaliation; III) Eighth Amendment failure to protect; IV) Eighth Amendment deliberate indifference to serious medical needs; V) ADA/Rehabilitation Act.

    The requests and responses are set forth below, essentially verbatim.

**Plaintiff's Request #1:**

Any all [sic] records relating to Plaintiff in any manner to include his complete inmate file, medical records, and all correspondence to third-parties about Plaintiff.

**IDOC Response:**

Defendants object to production of Plaintiff's "complete inmate file" as inmates'

1

master files are confidential by statute. See 730 ILCS 5/3-5-1 (West 2004). Plaintiff's master file contains information related to his entire incarceration. Because this complaint does not encompass his entire incarceration and because Plaintiff's medical records are maintained separately [sic] Plaintiff requests his medical records, it should be noted that the defendants have already produced to Plaintiff over 1000 pages of medical records. Plaintiff's medical records are more readily available to him upon his request to his current place of incarceration. Therefore, Defendants object to producing any more of these documents as they are more readily available from a more convenient source. Correspondence regarding Plaintiff's medical care are found in his medical records, and therefore, should either be in Plaintiff's possession or readily available to him. Any correspondence from the defendants to their attorney is barred by attorney-client privilege.

**Court's Ruling:**

*Master File*:

730 ILCS § 5/3-5-1(a) requires the IDOC to maintain a master record file on each inmate which contains:

(1) all information from the committing court;

(2) reception summary;

(3) evaluation and assignment reports and recommendations;

(4) reports as to program assignment and progress;

(5) reports of disciplinary infractions and disposition;

(6) any parole plan;

(7) any parole reports;

(8) the date and circumstances of final discharge; and any other pertinent data concerning the person's background, conduct, associations and family relationships as may be required . . ."

The same statute states that "[a]ll files shall be confidential and access shall be limited to authorized personnel of the Department." 730 ILCS 5/3-5-1(b).

That the master file is required to be kept confidential under this statute does not prohibit disclosure to a party pursuant to a court order, and documents in master

files have been produced in civil and criminal cases, including by prison officials when needed for their defense. *See, e.g., Lenea v. Lane*, 882 F.2d 1171, 1175 (rejecting defendants' argument that documents in master file supported discipline); *De La Paz v. Peters, III*, 959 F.Supp. 909, 911 (N.D. Ill. 1997)(defendants relied on master file as exhibit in summary judgment motion); *Zimmerman v. State of Illinois*, 1994 WL 868068 *7, 46 Ill.Ct.Cl. 226 (1994)(not reported in N.E.2d)(recounting information of inmate's history of violence in master file); *Dykes v. Morris*, 85 F.R.D. 373 (N.D. Ill. 1980); *People v. West*, 697 N.E.2d 1216, 1220 (Ill. App. 1998)("master record file is a public record and thus may be admitted under an exception to the hearsay rule"). Master files are not *per se* protected from disclosure. That determination must be made on a document by document basis. For example, the plaintiff's master file may contain copies of disciplinary reports and dispositions, which are not confidential. Defendants do not attempt to show which documents in the file should be protected. If certain documents in the file present security concerns or there are other legitimate reasons for nondisclosure, the defendants may file a motion for a protective order, or file the specific documents in question under seal and ask for an *in camera* inspection.

The defendants point out that the master file covers the plaintiff's entire incarceration, while this case does not. However, the plaintiff maintains that his eye disease was adequately treated from the beginning of his incarceration in 1993 until his transfer to Western Correctional Center in 2001. The plaintiff's treatment at other prisons might be relevant to defendants' knowledge and mindset, and may be relevant to discredit the defendants proffered reasons for their actions.

"There is a presumption that 'the responding party must bear the expense of complying with discovery requests. . .'" *Hagemeyer North America, Inc. V. Gateway Data Sciences Corp.*, 222 F.R.D. 594 (E.D. Wis. 2004), *quoting Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340 (1978). The party opposing discovery bears the burden of overcoming this presumption. *Id.* Defendants have not provided any specific information about how many documents are in the plaintiff's master file, how many of those documents have already been produced, or the specific cost or burden to the defendants of producing the master file documents that have not already been produced. At this point, the defendants have therefore not met their burden of showing the request is unduly burdensome or expensive. Even if the defendants showed that the cost of producing copies of the documents was overly burdensome, there is no apparent reason why allowing the plaintiff's counsel to inspect those documents would be burdensome.

*Medical Records:*

Defendants maintain that the plaintiff's medical records are readily available from

a more convenient source–the plaintiff himself.  However, given the plaintiff's incarceration and medical problems, the court does not believe the plaintiff is a more convenient source for obtaining information.  Plaintiff's transfers, property restrictions, and property searches, not to mention his difficulty seeing, likely make document retention and organization difficult.   The plaintiff's difficulty in obtaining discovery was one of the reasons counsel was appointed for the plaintiff.  The medical records should be more readily accessible to the defendants than to the plaintiff–IDOC is the keeper of those records.

The court acknowledges that the defendants have already provided much of the medical records–over 1000 pages by their count, which the court does not dispute.  The court cannot say, however, that the medical records not yet produced are irrelevant or unlikely to lead to relevant evidence.  The plaintiff's medical treatment is at issue, and thus his medical records are relevant, or at least likely to lead to relevant information.  As discussed above, what happened before the plaintiff's transfer to Western may be relevant to  defendants' knowledge of the plaintiff's medical conditions and prescribed treatments, which is arguably relevant to showing deliberate indifference. Whether that evidence is ultimately admissible cannot be made under hypothetical conditions: the court needs to see the concrete evidence in the context of this case.

*Correspondence to Third Parties about Plaintiff*

The plaintiff says he does not seeks correspondence between the defendants and their attorneys, mooting the defendants' attorney-client privilege objection.  Defendants give no reason why other correspondence, "specifically, but not limited to, . . . correspondence between Illinois Department of Correction employees and Wexford employees relating to Plaintiff," should not be produced. (d/e 225, p.2).

**The court accordingly grants the plaintiff's motion to compel with regard to request #1.  Within 30 days of the entry of this order, the defendants shall produce the requested information, to the extent not already produced, or file a properly supported motion for protective order or motion for *in camera* review of specific documents (filed under seal).**

## Plaintiff's Request #2:

All documents that mention or relate to in any manner the September 23, 2004 incident in which Plaintiff was hit in the eye to include but not limited to all witness statements, grievances, and investigatory findings.

**IDOC Response:**

4

Defendants object to producing "all documents" as some of the documents (medical records/grievances) are already in the possession of Plaintiff or his counsel and are available to him from a more convenient source. Notwithstanding said objection, Defendants will produce the incident reports, interviews of both Plaintiff and his former cell mate, and IDOC printout regarding Plaintiff and his former cell-mate (Documents Number 1-14, 56). Defendants will also produce the Administrative Review Board Summary (Document 71), and Plaintiff's disciplinary card (Documents 67-69).

**Court's Ruling:**

The defendants maintain in their response to the motion to compel that they have produced the incident report, interviews and other responsive documents, and have also agreed to provide transfer documents for the Western to Menard transfer and for the transfers to Western and Pinckneyville, along with various IDOC rules and regulations requested. The plaintiff's request may therefore be moot, but it is not clear. As explained above, the court does not believe the plaintiff himself to be a more convenient or readily available source for information.

**Accordingly, the plaintiff's motion to compel request #2 is granted. To the extent the defendants have not already done so, they are directed to produce said documents within 30 days of the entry of this order.**

Plaintiff's Request #3:

The complete IDOC file for the other inmate involved in the September 23, 2004 incident.

**IDOC Response:**

Defendants object to the documents requested in number 3 as irrelevant, inadmissible and not likely to lead to admissible evidence. Moreover, inmates' master files are confidential by statute.

**Court's Ruling:**

The master file of the inmate who allegedly attacked the plaintiff may hold evidence relevant to that inmate's history of violence, and thus to the defendants' knowledge of that inmate's violent propensities (if any). *See Zimmerman v. State of Illinois*, 1994 WL 868068 *7, 46 Ill.Ct.Cl. 226 (1994)(not reported in N.E.2d)(recounting information of inmate's history of violence in master file). As explained above, the defendants' blanket objection on confidentiality grounds

fails.

**Accordingly, the court grants the plaintiff's motion to compel with regard to the plaintiff's request #3. Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney the master file for the other inmate involved in the September 23, 2004 incident, or file a properly supported motion for protective order or *in camera* review of specific documents.**

Plaintiff's Request # 4:

All records relating to any and all grievances filed by Defendant since he has been incarcerated in the IDOC to include the grievances, filing records, and adjudications.

**IDOC Response:**

The documents requested are documents that Plaintiff initiated, would have received the responses and should have in his possession. Therefore, Defendants object to producing the documents that are available from a more convenient source. Moreover, this lawsuit only includes allegations of medical deliberate indifference and allegations related to an incident in which Plaintiff's fight with his cell-mate led to th e loss of his eye. To the extent that Plaintiff asks for all grievances he has filed since being in IDOC, the request is overly broad, unduly burdensome, irrelevant, and not likely to lead to admissible evidence.

**Court's Ruling:**

The IDOC defendants agree in their response to produce grievances from year 2000 to the present. (D/e 241, ¶ 5). At issue, then, are the plaintiff's grievances filed before the year 2000.

The relevancy of grievances filed before the year 2000 is not readily apparent, nor is the likelihood that those grievances will lead to relevant information. The plaintiff was apparently transferred to Western in October, 2001. However, it is possible that these grievances are already a part of the plaintiff's master file, which is being produced pursuant to this order. The court is hesitant to rule out the possibility that these grievances might lead to relevant information under the broad concepts of relevancy in Fed. R. Civ. P. 26. Perhaps the grievances will help support the plaintiff's assertion that his care was adequate until Western, or be relevant to show knowledge on defendants part that the care he had received in the prior prisons was working, or be relevant to show standard procedure in properly handling grievances. In the context of this case, relevancy of the grievances is better made with the actual grievance before the court.

The defendants also object generally on grounds of breadth and burden, but they do not specify how many grievances there are, how difficult it would be to locate this information, or how costly. Quantifying the burden would therefore be conjecture.

**Accordingly, the court grants the plaintiff's motion to compel with regard to the plaintiff's request #4. Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney said documents, to the extent not already produced, or file a properly supported motion for protective order.**

Plaintiff's Request # 6:

Any and all documents that contain statements or references to statements made by Plaintiff.

**IDOC Response:**

Defendants object to this request as overly broad and vague. Moreover, defendants object to this request as many documents that could satisfy this request are available from a more convenient source. Plaintiff has access to his medical records, which contain subjective statements. He also should have maintained any copies of his grievances or correspondence. Notwithstanding said objection Defendants are producing Plaintiff's interview of September 28, 2004 with interrogatory response number 2.

**Court's Ruling:**

The court agrees with the defendants that this request is overly broad and vague. The Court is already directing that the plaintiff's medical records, grievances, and master file be produced, which should contain statements made by or about the plaintiff that are relevant to the issues herein.

Plaintiff's Request # 7:

All documents that show and/or define or clarify the duties of Wexford employees and IDOC employees relating in any manner to the medical classification of inmates and the transfer of inmates with medical problems into the general population.

**IDOC Response:**

Defendants object to production of documents requested in number 7, as the duties of Wexford employees are outlined in the contract between Wexford and

IDOC and this document would not lead to any discoverable information.

**Court's Ruling:**

The contractual relationship between IDOC and Wexford may be relevant to establishing personal responsibility, an element of § 1983 liability. **Accordingly, the court grants the plaintiff's motion to compel with regard to the plaintiff's request #7. Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney said documents, to the extent not already produced.**

Plaintiff's Request #8:

All records relating to all of Plaintiff's transfers from and to various facilities with in the IDOC.

**IDOC Response:**

Defendants object to this request to the extent that it asks for records from any transfer except from Western to Menard as overly broad, irrelevant, inadmissible and not likely to lead to admissible information. Defendants will produce the documents regarding Plaintiff's transfer from Western Illinois Correctional Center to Menard Correction Center (Documents number 57-66).

**Court's Ruling:**

Circumstances surrounding the plaintiff's other transfers might lead to relevant information–perhaps helping to establish usual and standard procedures relating to transfers, in order to show the absence of such in the transfers at issue.

Thus, **the court grants the plaintiff's motion to compel with regard to the plaintiff's request #8. Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney said documents, to the extent not already produced.**

Plaintiff's Request #9:

All records relating to Plaintiff's request for an eye transplant.

**IDOC Response:**

Defendants object to this request as more readily from a more convenient source,

as the documents requested would be found in Plaintiff's medical records, already in possession of Plaintiff's attorneys or readily available to him upon his request to his institution.

**Court's Ruling:**

Per the discussion above, the court does not believe the plaintiff is a more convenient source for obtaining these documents.  Thus,  **the court grants the plaintiff's motion to compel with regard to the plaintiff's request #8.  Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney said documents, to the extent not already produced.**

Plaintiff's Request #10:

Any and all disciplinary reports or documents in which negative performance information is contained for any and all of the IDOC employees named as Defendants.

**IDOC Response:**

Defendants object to the information requested in number 10 as irrelevant, inadmissible and not likely to lead to admissible evidence. Furthermore, Defendants object to the production of any portion of their personnel files, as they are confidential. See Prison Litigation Reform Act 42 U.S.C. §1997(e) and 80 Ill. Admin. Code 304.40.

**Court's Ruling:**

The plaintiff asserts that prior disciplinary actions relating to the incidents in this case could lead to discoverable information, and that the defendants may move for a protective order or an *in camera* review.  The plaintiff does not object to an *in camera* review.

The Court cannot rule out the possibility that the personnel files might contain relevant information.  However, the Court also acknowledges that the personnel files may contain information that should remain confidential for security, privacy or other reasons, or is not germane.
"In camera review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck.  *Kerr v. U.S. District Court, Northern District of California*, 426 U.S. 394 (1976)(denying mandamus to vacate district court's order compelling personnel files, among other information); *see also Chapin v. Sell*, 2005 WL 2076591 (E.D. Wis. 2005)(not reported in F.Supp.2d)(directing disclosure of

disciplinary reports of police brutality in personnel files).

Thus, **the court grants the plaintiff's motion to compel with regard to the plaintiff's request #10. Within 30 days of the entry of this order, the defendants shall produce documents responsive to said request, or file a motion for protective order or motion for *in camera* review, along with the specific documents the defendants seek to withhold.**

### Plaintiff's Request #15:

All reports and or policies relating to inmate prescriptions and the dispensing of medications to inmates.

**IDOC Response:**

Defendants object to request number 15 as irrelevant, admissible [sic], and not likely to lead to admissible evidence.

**Court's Ruling:**

This information may be relevant to establishing the standard practice for dispensing inmate prescriptions, which may be relevant to show lack thereof in relation to the plaintiff's claim and could go to deliberate indifference.

Thus, **the court grants the plaintiff's motion to compel with regard to the plaintiff's request #15. Within 30 days of the entry of this order, the defendants shall produce to the plaintiff's attorney said documents, to the extent not already produced or ordered to be produced above.**

### Plaintiff's Request #16:

All documents relating to Plaintiffs November 6, 2003 prescription for Maxitrol to include all documents relating to Plaintiff's grievance relating to the prescription and the investigation into the grievance.

**IDOC Response:**

Defendants object to the information requested as available from a more convenient source. Any information related to a prescription would be in Plaintiff's medical records, either already in his possession or readily available to him upon his request to his institution. Moreover, any of Plaintiff's grievances should be in his possession, as he originated the document and received the document upon completion of the grievance process.

**Court's Ruling:**

The medical records and master file will be produced, so the request is moot, to the extent said documents are contained therein. **Plaintiff's request #16 is granted. The defendants are directed to produce the documents to the extent not already produced, within 30 days of the entry of this order.**


IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel is granted and denied in part as set forth above (d/e 225).

2) Defendant Brown's motion to dismiss for lack of service is denied as moot (d/e 244). The record shows defendant Brown was personally served on March 6, 2006.

3) The unopposed motion for extension to answer interrogatories (d/e 250) is denied as moot.

4) The parties' proposed discovery plan is adopted (d/e 225), except as to the deadline for producing the discovery herein. Additionally, the parties are directed to file a proposed final pretrial order at least five working days before the final pretrial conference, as if summary judgment is not granted, despite any pending summary judgment motions. If summary judgment is granted as to some or all of the claims, the proposed order will be modified in a subsequent final pretrial conference.


Entered this 12th Day of May, 2006.


s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE