UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

      Plaintiff,

v.                                                                                        02-CV-3171

ILLINOIS DEP'T OF CORRECTIONS et al.,

      Defendants.

## Case Management Order

Before the court are four motions: motion for HIPAA protective order (d/e 267); motion for extension (d/e 264); motion for leave to file second amended complaint (d/e 261); and motion for in camera inspection (d/e 266).

IT IS ORDERED:

1)     The unopposed motion for HIPAA protective order is granted (d/e 267). The clerk is directed to enter the proposed order with the court's electronic signature.

2)     The defendants' unopposed motion to extend time to produce certain documents ordered by the court is denied as moot (d/e 264), as the requested extension has passed.

3)     The plaintiff's motion for leave to file a second amended complaint is granted, for the reasons below (d/e 261).

The plaintiff's second amended complaint adds Julius Flagg as a defendant (Pinckneyville Correctional Center Deputy), along with allegations that Flagg caused the plaintiff's removal from an ADA cell for disabled prisoners because Flagg determined that the plaintiff was not disabled. The plaintiff further alleges that medical professionals had already authorized the plaintiff to stay in the ADA cell, and that the ADA cell remained vacant for some time after the plaintiff was moved.

Flagg and the cell removal are added to the plaintiff's existing claims for First Amendment/Retaliation (Count I); and Eighth Amendment/Deliberate Indifference to Serious Medical Needs (Count IV). The cell removal is also added to the plaintiff's existing claims against IDOC and Wexford under the

ADA and RA (Counts II & V).

In addition, the second amended complaint adds a request for injunctive relief, requiring the placement of Plaintiff "in a cell that limits the potential for further injury to his eye."

Defendants oppose the amendment on the grounds that it will unduly delay this case: "Should Plaintiff continue to seek to amend his complaint and add additional defendants each time he becomes unhappy with his medical care or any other aspect of his incarceration, the case will become even more unmanageable and more delay will be inevitable." (d/e 262, pp. 2-3).

Plaintiff argues that adding one additional defendant and the allegations about cell removal should not unduly delay progression of the case. Plaintiff also asserts that the conduct occurred after his First Amended Complaint was filed, that justice requires the amendment, and that he will be unduly prejudiced without it.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). Leave is not required if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F3d 854, 860 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

Defendants do not argue undue delay, bad faith or dilatory motive on the plaintiff's part, nor does the court see any. The cell removal occurred in December 2005, and, allowing time for exhausting administrative remedies, no undue delay in bringing the motion is apparent. Additionally, the parties' agreed discovery plan, which was adopted by the Court, sets June 1, 2006 as the deadline for amending the pleadings and joining additional parties (d/e 255). The plaintiff's motion met this deadline.

On the other hand, adding Flagg as a defendant may ultimately delay the progression of this case. Flagg will need to be served and have his fair chance at discovery. And, the defendants have a point that allowing the plaintiff to add additional allegations as he experiences adverse events will delay the case indefinitely and make an already complicated case even more so. Many of the defendants who have been in the case from the start have nothing to do with the new allegations in the First and Second Amended complaints–their interest in closure also weighs in the analysis.

Balancing these competing considerations, the Court concludes that plaintiff's motion should be allowed. His request is modest: he seeks to add only one new defendant and one adverse incident. That incident involves the same subject since this case began: the treatment of the plaintiff's eyes. The injunction sought — placement in a cell that reduces the risk of injury

to the plaintiff's remaining eye — is indisputably relevant to that subject.  And, the plaintiff cannot help that he has been transferred to different facilities, necessitating additional parties as defendants.  Plaintiff's transfers are not within his control.  Lastly, the court cannot ignore the practical difficulties of obtaining *pro bono* counsel for cases like these.  That consideration weighs in favor of obtaining the most complete resolution of the plaintiff's claims regarding the treatment of his eye.

The court will therefore allow the amendment.   However, all discovery and dispositive motion deadlines will remain as set for the current defendants and claims in the case.  If those deadlines need to be extended, they will be extended only on proper motion for good cause and only as to Flagg and the removal of the plaintiff from his ADA cell.  No further amendments will be allowed.

4) The plaintiff is directed to serve Flagg by July 31, 2006.  Flagg is directed to file his Answer within 20 days after service.  Fed. R. Civ. P. 12(a)(1)(A).[1]

5) The defendants' motion for *in camera inspection* is granted (d/e 266).  The court has carefully reviewed the documents submitted.  The court sees only one document that perhaps, might have some small significance, p. 3, a memo dated April 17, 2002 (though it is not possible to tell from the face of the document).  Other than that, there is nothing there with any relevance whatsoever to the plaintiff or to any of his allegations or claims.  Nor is there anything that might potentially lead to evidence relevant to the plaintiff's claims.  The Court agrees with defendants that "any possible probative value is far outweighed by the intrusion into defendants' privacy." (d/e 266).

6)  By July 24, 2006, defendants are directed to file any objections they have to producing page 3 of the documents submitted *in camera*, a memo dated April 17, 2002, or to produce the document to the plaintiff.

Entered this 12th Day of July, 2006.

       **s\Harold A. Baker**
       _____
         HAROLD A. BAKER
       UNITED STATES DISTRICT JUDGE

---

[1] In the interest of case progression, and in recognition of the fact that the IDOC is already a party, the court concludes that Local Rule 12.1 should not apply.