IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #N-51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), DENNIS HOCKADAY, DAVID SCHNEPEL, SANDRA FUNK, PAM GRUBMAN, KENNETH KELLERMAN, BYRON LAW, TERRY POLK, ROGER E. WALKER, JR., KEVIN WINTERS, DEBRAH K. FUQUA, and JULIUS FLAGG, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby submit their Answer to Plaintiff's Second Amended Complaint.

**JURISDICTION**

1.  Defendants admit the allegations of paragraph 1 of Plaintiff's Second Amended Complaint.

2.  Defendants admit the allegations of paragraph 2 of Plaintiff's Second Amended Complaint.

3.  Defendants admit IDOC is an agency of the State of Illinois and lacks sufficient knowledge to either admit or deny the remainder of allegations in this paragraph.

4. Defendants admit the allegations of paragraph 4 of Plaintiff's Second Amended Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Second Amended Complaint.

7. Defendants deny Defendant Polk is the current Warden at Western Illinois Correctional Center, but admit the remaining allegations of paragraph 7 of Plaintiff's Second Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendants admit the allegations of paragraph 10 of Plaintiff's Second Amended Complaint.

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendants admit the allegations in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendants admit the allegations in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendants deny that Pamela Ann Graubean is the former or current Health Care Unit Administrator at Menard. Defendants deny that Pamela Grubman is

the current Health Care Unit Administrator at Menard Correctional Center, but admit Pamela Grubman was the Health Care Unit Administrator during some of the times alleged in the complaint.

15. Defendants admit that Wexford is a corporation doing business in Illinois, who has contracted with the State of Illinois to provide health care services to inmates within the Illinois Department of Corrections. Defendants lack knowledge to either admit or deny the remaining allegations in this paragraph.

16. Defendants admit the allegations of paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants lack knowledge to either admit or deny the allegations in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants lack knowledge to either admit or deny the allegations in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants lack knowledge to either admit or deny the allegations in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants lack knowledge to either admit or deny the allegations in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendants lack knowledge to either admit or deny the allegations in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendants lack knowledge to either admit or deny the allegations in paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Defendants deny Defendant Flagg is the Acting Warden at Pinckneyville, but admit the remaining allegations in paragraph 23 of Plaintiff's Second Amended Complaint.

## FACTS

24.     Defendants deny that Plaintiff developed Keratoconus while in custody of Illinois Department of Corrections, but admit Plaintiff suffered from Keratoconus in both eyes. Defendants admit Keratoconus is a progressive condition, and that Plaintiff does not have his left eye as a result of a subsequent injury. Defendants lack sufficient knowledge to either admit or deny the remaining allegations in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Defendants admit that Plaintiff's eye condition is as reflected in his medical records. Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Defendants admit that Plaintiff filed a pro-se complaint alleging various Defendants had violated the ADA and Rehabilitation Act as well as the First and Eighth Amendments to the Constitution. Defendants lack sufficient knowledge to either admit or deny the remaining allegations in this paragraph.

27.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendants deny the allegations in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Defendants admit Plaintiff requested a corneal transplant in his initial complaint and admit Plaintiff received said transplant. Defendants admit Plaintiff requested a transfer to Dixon Correctional Center. Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Defendants deny the allegations in paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Defendants admit Plaintiff was housed in the infirmary at various times for his eye care but deny they denied him other privileges given non-disabled inmates because of a disability. Defendants lack sufficient knowledge to either admit or deny the remaining allegations in paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Defendants admit Plaintiff was given a corneal transplant in his left eye but deny the remaining allegations in paragraph 33 of Plaintiff's Second Amended Complaint

34.     Defendants deny the allegations in paragraph 34 of Plaintiff's Second Amended Complaint as they relate to policies of the Illinois Department of Corrections or any unnecessary suffering. Defendants lack sufficient knowledge to either admit or deny the existence or substance of Wexford policies.

35.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 35 of Plaintiff's Second Amended Complaint.

36.     Defendants admit that contact lenses requiring special fittings were recommended for Plaintiff, and that any further recommendations are as noted in Plaintiff's medical records.

37.     Defendants deny the allegations in paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Defendants deny the allegations in paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendants admit the allegations in paragraph 39 of Plaintiff's Second Amended Complaint.

40.     Defendants deny any employees or agents of the Illinois Department of Corrections gave Plaintiff Maxitrol.  Defendants admit Plaintiff's medication record is as found in his medical records and deny the remaining allegations in paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Defendants deny the allegations in paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Defendants lack sufficient knowledge to either admit or deny the "clarity" of the order for Maxitrol.

44.     Defendants admit Plaintiff withdrew from the Early Release Program Vocational training but lack sufficient knowledge to either admit or deny the remaining allegations in paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Defendants lack knowledge to either admit or deny the allegations in paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Defendants admit the allegations in paragraph 46 of Plaintiff's Second Amended Complaint.

47. Defendants lack sufficient knowledge to either admit or deny the reasons for each of plaintiff's cell assignments.

48. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 48 of Plaintiff's Second Amended Complaint.

49. Defendants admit Plaintiff's medical care and orders by Dr. Anderson are as reflected in his medical records. Defendants lack knowledge to either admit or deny the remainder of paragraph 49 of Plaintiff's Second Amended Complaint.

50. Defendants admit Plaintiff's medical care and condition are as reflected in his medical records, but deny the remaining allegations in paragraph 50 of Plaintiff's Second Amended Complaint.

51. Defendants admit Plaintiff was transferred to general population but lack sufficient knowledge to either admit or deny whether he objected or not.

52. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 52 of Plaintiff's Second Amended Complaint.

53. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 53 of Plaintiff's Second Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Second Amended Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Second Amended Complaint.

56. Defendants admit Plaintiff's medical care and physician recommendations are as reflected in his medical records but deny the Defendants were "instructed" to

take any action. Defendants deny the remaining allegations in paragraph 56 of Plaintiff's Second Amended Complaint.

57.    Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 57 of Plaintiff's Second Amended Complaint.

58.    Defendants admit it is IDOC policy for an inmate who believes he is in danger from a cell mate to refuse housing. Defendants also admit that the person refusing housing is removed from the cell and moved to segregation until a determination can be made about the propriety of the housing assignment and/or refusal. Defendants deny this is punishment and lack knowledge to either admit or deny the remaining allegations in this paragraph.

59.    Defendants deny the allegations in paragraph 59 of Plaintiff's Second Amended Complaint.

60.    Defendants admit Plaintiff reported an altercation between Plaintiff and inmate Durham causing injury to Plaintiff's left eye, and that subsequently Plaintiff's left eye was removed. Defendants lack sufficient knowledge to either admit or deny the remaining allegations in this paragraph.

61.    Defendants admit that Defendant Durham is no longer incarcerated as an inmate in Illinois Department of Corrections. Defendants deny Plaintiff was punished for being punched in the eye and lack sufficient knowledge to either admit or deny the remaining allegations in this paragraph.

62.    Defendants admit Plaintiff received a court-ordered eye evaluation by Dr. Kass and admit that Dr. Kass recommended a special contact lens for Plaintiff's right

eye and prosthesis for Plaintiff's left eye. Defendants deny the remaining allegations in paragraph 62 of Plaintiff's Second Amended Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Second Amended Complaint.

64. Defendants admit that Plaintiff was disciplined for refusing to provide a urine sample for a random drug test. Defendants deny the remaining allegations in paragraph 64 of Plaintiff's Second Amended Complaint.

65. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 65 of Plaintiff's Second Amended Complaint.

66. Defendants admit Plaintiff was transferred to Menard Correctional Center as a result of the failure to provide a urine sample for drug testing. Defendants admit that Plaintiff was transferred to Menard prior to the hearing for injunctive relief and lack sufficient knowledge as to whether he notified his counsel of his whereabouts. Defendants admit Menard Correctional Center is farther from Springfield than Western Illinois Correctional Center, but deny the physicians in Springfield continued to be his treating opthomologists.

67. Defendants deny the allegations in paragraph 67 of Plaintiff's Second Amended Complaint.

68. Defendants admit that on or about August 24, 2005, Plaintiff was transferred to Pinckneyville Correctional Center, but lack sufficient knowledge to either admit or deny the remaining allegations in this paragraph.

69. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 69 of Plaintiff's Second Amended Complaint.

70. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 70 of Plaintiff's Second Amended Complaint.

71. Defendants lack sufficient knowledge to either admit or deny the allegations in paragraph 71 of Plaintiff's Second Amended Complaint.

## COUNT I

72 - 143. Defendants reassert their prior responses to these paragraphs.

144. Defendants deny the allegations in paragraph 144 of Plaintiff's Second Amended Complaint.

145. Defendants deny the allegations in paragraph 145 of Plaintiff's Second Amended Complaint.

## COUNT II

146-217. Defendants reassert their prior responses to these paragraphs.

218. Defendants deny the allegations in paragraph 218 of Plaintiff's Second Amended Complaint.

219. Defendants deny the allegations in paragraph 219 of Plaintiff's Second Amended Complaint.

## COUNT III

220-291. Defendants reassert their prior responses to these paragraphs.

292. Defendants deny the allegations in paragraph 292 of Plaintiff's Second Amended Complaint.

293. Defendants deny the allegations in this paragraph.

294. Defendants deny the allegations in this paragraph.

295. Defendants deny the allegations in this paragraph.

296.   Defendants deny the allegations in this paragraph.

## COUNT IV

297-368.   Defendants reassert their prior responses to these paragraphs.

369.   Defendants deny the allegations in paragraph 369 of Plaintiff's Second Amended Complaint.

370.   Defendants deny the allegations in paragraph 370 of Plaintiff's Second Amended Complaint.

## COUNT V

371-442.   Defendants reassert their prior responses to these paragraphs.

443.   Defendants deny the allegations in paragraph 443 of Plaintiff's Second Amended Complaint.

444.   Defendants deny the allegations in paragraph 444 of Plaintiff's Second Amended Complaint.

445.   Defendants deny the allegations in paragraph 445 of Plaintiff's Second Amended Complaint.

446.   Defendants deny the allegations in this paragraph.

## RELIEF REQUEST

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.   At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established

statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by doctrine of qualified immunity.

    2.    Defendants are entitled to Eleventh Amendment immunity.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS, DENNIS HOCKADAY, DAVID SCHNEPEL, SANDRA FUNK, PAM GRUBMAN, KENNETH KELLERMAN, BYRON LAW, TERRY POLK, ROGER E. WALKER, JR., KEVIN WINTERS, DEBRAH K. FUQUA, and JULIUS FLAGG,

    Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By:  s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091
E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>Defendants. ) | No. 02-3171 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I electronically filed an Answer to Plaintiff's Second Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan  
Londrigan, Potter & Randle, P.C.  
tom@lprpc.com  

Douglas J. Quivey  
Londrigan, Potter & Randle, P.C.  
doug@lprpc.com  

Theresa Powell  
Heyl, Royster, Voelker & Allen  
tpowell@hrva.com  

Carl J. Tenney  
Hughes, Hill & Tenney, L.L.C.  
ctenney@hhtlaw.com  

and I hereby certify that on July 31, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,  
 s/ Kelly R. Choate  
Kelly R. Choate, #6269533  
Assistant Attorney General  
Attorney for Defendants  
500 South Second Street  
Springfield, Illinois 62706  
Telephone: (217) 782-9026  
Facsimile: (217) 524-5091  
E-Mail: kchoate@atg.state.il.us