IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )  No. 02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al. | ) |
| | ) |
| Defendants. | ) |

**RESPONSE/OBJECTION TO PLAINTIFF'S
MOTION TO AMEND SCHEDULING ORDER**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), DENNIS HOCKADAY, DAVID SCHNEPEL, SANDRA FUNK, PAM GRUBMAN, KENNETH KELLERMAN, BYRON LAW, TERRY POLK, ROGER E. WALKER, JR., KEVIN WINTERS, DEBRAH K. FUQUA, and JULIUS FLAGG, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and in response to Plaintiff's Motion to Amend Scheduling Order [278] state as follows:

1.    Plaintiff submitted an expert witness disclosure for Dr. Kwedar that did not comply with Federal Rule 26(2)(a) and (b) in any manner (Exhibit 1, attached hereto).

2.    Plaintiff's "disclosure" was insufficient in that it did not contain a report signed by the expert that contained a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinion; and the exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witnesses within the preceding ten (10) years; the compensation to be paid for the study and testimony;

1

and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years.

3.   Counsel for the defendants brought this deficiency to the attention of Plaintiff's counsel, and notified counsel of the defendants' intention to file a motion to bar the expert. The disclosures were not forthcoming. Instead Plaintiff's counsel, Mr. Quivey, asked for additional time to confer with Mr. Londrigan who was out of town. Defendants agreed to hold off on filing their motion until Mr. Londrigan's return (Exhibit 2, attached hereto).

4.   Subsequently, Defendants received word from Mr. Quivey that Dr. Kwedar was out of town and was not available. Mr. Quivey stated that Plaintiff was willing to extend all other deadlines and was willing to file an enlargement with the Court (Exhibit 3). Defendants agreed to allow Plaintiff to move for an enlargement of all of the deadlines, but did not waive any rights to move to bar the expert at a later date, and did not agree to any particular dates for the deadlines (Exhibit 4, attached hereto).

5.   To date, Defendants have not received an expert disclosure that complies with Federal Rule or which places them on notice of any opinion regarding Mr. McCroy's care, or which defendants are supposed to have interfered with Mr. MrCroy's care. Moreover, while Plaintiff has moved to amend the scheduling order, there is no definitive date for the receipt of the expert disclosure that was due July 1, 2006.

6.   Therefore, Defendants object to Plaintiff's expert, as the required disclosure pursuant to Federal Rule 26 was not made within the time limit required by this Court's order.

7.   Should Plaintiff's motion to amend the scheduling order be allowed, the defendants object to the dates as proposed by the plaintiff, as they are insufficient to allow the defendants to properly respond to any proper expert disclosure.

8. Plaintiff's instant motion proposed that Plaintiff's expert disclosure be completed by September 15, 2006, assuming counsel could reach the expert, and that Dr. Kwedar would be available for deposition by that date. The motion further proposed that Defendants would then disclose their experts and provide expert reports by October 15, 2006, and make the expert(s) available for deposition by November 1, 2006.

9. The deadlines as proposed by Plaintiff give Plaintiff from May 12, 2006, the date of the original scheduling order, until September 15, 2006 (or sometime thereafter) to obtain an expert, provide a report, and make the expert available for deposition. Defendants, in contrast, would have one month (or less depending on Dr. Kwedar's availability) after receiving a proper disclosure to make arrangements to travel to Florida to depose Dr. Kwedar, determine if an expert is required to rebut Dr. Kwedar, find an expert, provide the medical records to the expert for his/her review, and prepare and provide to Plaintiff a proper expert disclosure. This does not allow the Defendants sufficient time to properly evaluate Plaintiff's expert's testimony and make arrangements for their own expert if required.

10. If the Court allows Plaintiff additional time to provide a proper expert witness disclosure, Defendants would require sufficient time to make arrangements to travel to Florida to depose Dr. Kwedar, or to make alternative arrangements for the deposition. Moreover, they would require an additional sixty (60) days from the time they depose Dr. Kwedar to receive and review the transcript of the deposition and determine whether they need to obtain their own expert.

11. Additionally, any expert retained by the defendants would require time to review the documents relied upon by Dr. Kwedar and provide an opinion that conforms to Federal Rule 26.

3

12.     Finally, Defendants would require sufficient time to make their expert available for deposition and to receive any transcript of the deposition before a dispositive motion deadline.  Plaintiff's proposed schedule allows Defendants only six (6) days to make their expert available for deposition, complete discovery, and file dispositive motions.

WHEREFORE, for the above and foregoing reasons, Defendants pray this Honorable Court deny Plaintiff the opportunity to have an expert for failure to timely make the proper disclosures.

In the alternative, Defendants pray this Honorable Court allow sixty (60) days after receiving the transcript of Plaintiff's expert's deposition, to disclose their expert and all appropriate reports, and thirty (30) days thereafter to provide such expert for deposition. Defendants ask for an additional thirty (30) days after all discovery has been concluded to file their dispositive motions.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS, DENNIS HOCKADAY, DAVID SCHNEPEL, SANDRA FUNK, PAM GRUBMAN, KENNETH KELLERMAN, BYRON LAW, TERRY POLK, ROGER E. WALKER, JR., KEVIN WINTERS, DEBRAH K. FUQUA, and JULIUS FLAGG,

  Defendants,

LISA MADIGAN, Attorney General,
State of Illinois

By:   s/ Kelly R. Choate
      Kelly R. Choate, #6269533
      Assistant Attorney General
      Attorney for Defendants
      500 South Second Street
      Springfield, Illinois  62706
      Telephone:  (217) 782-9026
      Facsimile:   (217) 524-5091
      E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #–51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 17, 2006, I electronically filed a Response/Objection to Plaintiff's Motion to Amend Scheduling Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| Thomas Londrigan<br>Londrigan, Potter & Randle, P.C.<br>tom@lprpc.com | Douglas J. Quivey<br>Londrigan, Potter & Randle, P.C.<br>doug@lprpc.com |
| Theresa Powell<br>Heyl, Royster, Voelker & Allen<br>tpowell@hrva.com | Carl J. Tenney<br>Hughes, Hill & Tenney, L.L.C.<br>ctenney@hhtlaw.com |

and I hereby certify that on August 17, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

    None

                      Respectfully Submitted,
                       s/ Kelly R. Choate
                      Kelly R. Choate, #6269533
                      Assistant Attorney General
                      Attorney for Defendants
                      500 South Second Street
                      Springfield, Illinois  62706
                      Telephone:  (217) 782-9026
                      Facsimile:   (217) 524-5091
                      E-Mail:  kchoate@atg.state.il.us