E-FILED
Thursday, 04 January, 2007 04:57:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, ROGER E. )<br>WALKER, JR., (in his official )<br>capacity only), DENNIS HOCKADAY, )<br>KEVIN WINTERS, TERRY POLK, )<br>DAVID SCHNEPEL, SANDRA FUNK, )<br>DEBRAH FUQUA, LIEUTENANT )<br>LAW, CORRECTIONAL OFFICER )<br>KELLERMAN, CORRECTIONAL )<br>OFFICER JUDITH WILSON, )<br>PAMELA A. GRUBMAN, JULIUS )<br>FLAGG, all in their official and )<br>individual capacities, WEXFORD )<br>HEALTH SOURCES, Inc., )<br>Dr. CLEVELAND RAYFORD, MD., )<br>Dr. STANLEY SIMMS, MD., )<br>Dr. LOWELL BROWN, MD., )<br>Dr. LOCHARD, MD., RHONDA )<br>MILLS, NURSE C. SHAW & )<br>Dr. DAVID ANDERSON, OD., )<br>)<br>Defendants. ) | 02-cv-3171 |

## MOTION TO CONTINUE

Plaintiff, AARON McCROY, by his attorneys, Londrigan, Potter & Randle, P.C., moves to continue the final pretrial conference currently set for February 12, 2007 and trial set for March 8, 2007, and in support thereof, state:

1. Recently the parties completed most written discovery but most depositions remain unscheduled due to refusal of Defendants' counsel to cooperate in the discovery process.

**PRODUCTION OF RECORDS**

2. Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al, took over ten months from October 7, 2005 until July 12, 2006, to answer Plaintiff's initial Interrogatories and Request for Production, by filing no less than five Motions for Enlargement of Time to Complete Discovery.

3. On July 12, 2006, a docket entry recited that Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al, had " [h]ard copies of documents submitted in camera placed in vault."

4. On July 28, 2006, Plaintiff sent to Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al, a Second Request for Production of Documents, for which there has been no response.

5. On September 11, 2006, Plaintiff filed a Supplemental Request for Production of Documents to Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al.

6. On December 21, 2006, at Julius Flagg's deposition, Plaintiff was provided a single hybrid response to the foregoing requests, "Defendants' Supplemental Responses to Plaintiff's Second Request for Production of Documents" from Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al. At a recent deposition, it became clear this Defendant still has not produced

all relevant documents covered by these requests. (See Relevant portion of Julius Flagg's Deposition taken December 21, 2006, attached as Exhibit A.) [1]

## SCHEDULING OF DEPOSITIONS

7. On October 2, 2006, Plaintiff sent a letter requesting availability of witnesses and counsel for depositions. (A copy of the letter is attached as Exhibit B.)

8. In early November and later in November, Plaintiff requested available dates from all defendants in order to schedule depositions. (Copies of the e-mails are attached as Exhibits C and D.)

9. On November 22, 2006, Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al, finally gave a response to Plaintiff and calls were made to check the availability of the remaining Defendants and their attorneys. (A copy of the faxed letter from Kelly R. Choate is attached as Exhibit E.)

10. For the entire month of December, only three days from the whole month were made available for depositions. At least one defense counsel was unavailable every other day of that month.

11. Depositions were scheduled on all three of the dates available in December. However, the depositions scheduled on December 15, 2006, were cancelled due to a death in the family of the only Plaintiff's counsel available on that date.

---

[1] The transcript of this deposition has not yet been provided by the court reporter, upon its receipt Plaintiff will file the relevant portions as Exhibit A to this motion.

12. For the month of January 2007, only four dates were made available for depositions, primarily due to Defense counsel unavailability.

13. To add more flexibility an additional attorney entered her appearance on behalf of plaintiff. Defense counsel were also asked if they would involve additional counsel in the deposition process, none agreed to do so. (Copies of the e-mails are attached as Exhibits F, G and H.)

14. As of the date of this motion Londrigan, Potter & Randle has four attorneys of record, all of whom have devoted substantial time and energy to this pro bono case.

15. Depositions have been tentatively scheduled for two of those four days but **all** defense counsel now refuse to set or confirm any further depositions.

**OUTSTANDING DISCOVERY**

16. The following depositions are only *tentatively* scheduled due to counsel for Defendants ILLINOIS DEPARTMENT OF CORRECTIONS, et al, indicating that "without an enlargement, the depositions will not go" (Copy of e-mail from Kelly R. Choate dated January 3, 2007, attached as Exhibit I.):

   a. The depositions of IDOC Defendants Deborah Fuqua, Lt. Bryon Law, and C. O. Judith Wilson are tentatively scheduled by Plaintiff for Friday January 19, 2007, in Mt. Sterling, IL.

     b.    The depositions of IDOC employees C. O. Philip Crary and Ms. Karen Wear (non-parties to this suit) are tentatively scheduled by Plaintiff for Friday, January 19, 2007, in Mt. Sterling, IL.

17.    In attempting to schedule the depositions, Plaintiff created a calendar of availability that was used for the attempted scheduling of all depositions. (A copy of the calendar is attached as Exhibit J.)

18.    Due to considerable time being put into the attempted scheduling of depositions, Plaintiff felt it best to attempt to schedule the depositions of Plaintiff's treating physicians requested by Defendant Wexford Health Sources, Inc., et al.

19.    Plaintiff has taken considerable time in contacting the treating physicians. The treating physicians are holding the available times for the depositions only at the request of Plaintiff and a change in any of the dates already being held would cause significant delay in obtaining these depositions.

20.    After the aforementioned, Plaintiff's treating physicians depositions have been tentatively scheduled by Plaintiff even though counsel for Wexford Health Sources, Inc., et al, Theresa Powell, is refusing to make payments or send notice due to the dates falling after the January 11, 2007, deadline foe dispositive motions (A copy of an e-mail from Theresa Powell dated January 3, 2007, is attached as Exhibit K.):

     a.    The deposition of Dr. Steahly, treating physician (non-party), has tentatively been set for January 30, 2007, in Springfield, IL.

b. The deposition of Dr. Ortiz, treating physician (non-party), has tentatively been set for February 1, 2007, in Marion, IL.

c. The depositions of treating physicians Farris, Odin, and Blumthal (non-parties) are tentatively set for Wednesday, February 14, 2007, in Springfield, IL.

21. Plaintiff's counsel has unsuccessfully attempted to schedule the following agent and employees of defendants:

a. All remaining IDOC defendants (Dennis Hockaday, Kevin Winters, Terry Polk, David Schnepel, Sandra Funk, C.O. Kellerman, Pamela Grubman);

b. Corrections Officer Hendrix (non-party, retired IDOC employee);

c. Wexford Defendants (Dr. Rayford, Dr. Simms, Dr. Brown, Dr. Lochard, Nurse Mills, and Nurse Shaw);

d. Non-party Wexford employees (Dr. Rowe, Nurse Thompson, Nurse Moore, Dr. Owens, Dr. Glosh, Nurse Blasinger, Nurse Bowers, Dr. Elyea, Dr. Williams, and Dr. Farlik);

e. Non-Party Treating physicians (Kehoe, Plattner, Fedder, Kim, Lee, Lohse, Schultz, Weller, and Diesselar);

22. Case Management Order #4 was entered on September 19, 2006, and set no final discovery cut off date. However, the Order did set a date of January 11, 2007, for filing of dispositive motions.

23. Without receiving adequate disclosure to outstanding discovery requests as well as deposition settings Plaintiff has requested since October of 2006, Plaintiff is not in a position to properly respond to any dispositive motions and prepare for the trial set for March 8, 2007.

24. Additional time is needed to complete discovery, narrow the issues, and properly prepare for trial.

25. Plaintiff is currently preparing requests to admit to limit the issues.

26. Going to trial before production of discovery will result in a longer trial and a waste of judicial resources.

27. An Enlargement of Time to Complete Discovery and new trial date will best serve the ends of justice.

WHEREFORE, Plaintiff prays the Court continue the trial in this matter which is presently set for March 8, 2007, and convene a status conference to determine a new trial date, resolve these controversies and reset other applicable deadlines.

Respectfully submitted,

AARON MCCROY, Plaintiff

By:   s/Thomas F. Londrigan

THOMAS F. LONDRIGAN, Bar No. 1686542
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705

Telephone: (217) 544-9823
tom@lprpc.com

## Certificate of Service

The hereby certify that on January 3, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Mr. Carl J. Tenney
Hughes, Hill & Tenney L.L.C.
236 N. Water Street
PO Box 560
Decatur, IL 62525-0560

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy, Reg. #N51882
P.O. Box 999
Pinckneyville, IL 62274

By:   s/Thomas F. Londrigan

THOMAS F. LONDRIGAN, Bar No. 1686542
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
tom@lprpc.com