UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 02-CV-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO REQUEST FOR ADMISSIONS

Defendant, David L. Anderson (Anderson), by counsel, makes the following response, pursuant to Federal Rule of Civil Procedure 36, to plaintiff's request for admissions directed to him and other defendants:

1. With regard to Exhibits A through KKK, Anderson is without sufficient information to either admit or deny the facts set forth. Some of such exhibits appear to be copies of medical records which Anderson would likely have reviewed in connection with his care and treatment provided to plaintiff. However, it has been several years since Anderson has had occasion to see plaintiff or review his medical records, other than in the course of this litigation. In the course of this litigation he has reviewed only those records generated during plaintiff's stay at Western Illinois Correctional Center (WICC) and Exhibits A through KKK appear to have been generated prior to that time.

With regard to Exhibits LLL, NNN, PPP, QQQ, SSS, TTT, UUU, XXX through FFFF and HHHH through ee, Anderson admits the facts set forth.

- 2 -

With regard to MMM, OOO, RRR, VVV, WWW, GGGG and ff through oo, Anderson is without sufficient information to either admit or deny the facts set forth for the reasons that such documents are not medical records, that Anderson was not aware of or involved to any extent in grievances which may have been made by plaintiff and that Anderson was not involved to any extent in disciplining plaintiff or plaintiff's placement within any particular facility, infirmary or cell.

2. - 78. and 80. - 85. Anderson is without sufficient information to either admit or deny the facts set forth for the reasons that he has no knowledge of or information about Mr. Durham or any access that IDOC or Walker may have had to information about Mr. Durham, that he has no involvement in any aspect of the discipline of Mr. Durham, plaintiff or any other IDOC inmate, that he has no knowledge of or involvement with the "Adjustment Committee" and that he has no information about the events leading up to or any investigation into the incident that occurred between Mr. Durham and plaintiff on September 23, 2004.

79. Anderson admits the facts set forth in request No. 79.

86. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 86 for the reason that he has no knowledge of and had no involvement in any decision as to where Mr. Durham might be housed within the system of the IDOC.

87. - 124. Anderson is without sufficient information to either admit or deny the facts set forth in each of these requests. Some of such requests appear to relate to medical records which Anderson would likely have reviewed in connection with care and treatment provided to plaintiff. However, it has been several years since Anderson had occasion to see plaintiff or

- 3 -

review his medical records, other than in the course of this litigation. In the course of this litigation he has reviewed only those records generated during plaintiff's stay at WICC and the facts set forth in request Nos. 87 through 124 are of events said to have occurred prior to that time.

125. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 125 because he has no information about or involvement in what items of personal property plaintiff or any other inmate would have been allowed to have upon his arrival at WICC.

126., 130., 131., 134., 135., 136., 138., 139., 140., 142. - 151., 154. - 157., 159. - 179., 181., 183. - 185., 187. - 193., 195. - 200., 204. - 209., 211. - 213., 215. - 218. Anderson admits the facts set forth in each of these requests.

127. - 129. Anderson is without sufficient information to either admit or deny the facts set forth in each of these requests because none of the referenced communications by plaintiff were made to Anderson and because he was not involved in any aspect of evaluating or responding to any such communications.

132., 133., 137. and 141. Anderson is without sufficient information to either admit or deny the facts set forth in each of these requests because he was never involved in any aspect of any shakedown which may have occurred at WICC nor in any aspect of any grievance that may have been filed by plaintiff or any other inmate at WICC.

152. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 152 because he had no involvement in communicating any such information to plaintiff.

- 4 -

153. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 153 because he had no involvement in or information regarding any grievance which may have been filed by plaintiff or any other inmate.

158. Anderson denies the facts set forth in request No. 158.

180. Anderson admits that on April 16, 2003, a referral request form was filled out indicating that plaintiff needed to be fit for contact lenses, which was denied. He is without sufficient information to either admit or deny the remaining portion of request No. 180 because he has no information as to when such denial was made.

182. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 182.

186. Anderson admits that in a medical note date October 21, 2003, there is reflected a discussion regarding the discharge of plaintiff from the infirmary to general population but he denies the remaining portion of request No. 186 because it appears to misstate the language in such note.

194. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 194 because he has no information about and had no involvement in the administration of Maxitrol to plaintiff at any time.

201. Anderson admits that Stuart R. Farris, M.D. wrote a letter which included a poor prognosis for plaintiff. He denies that the letter was received on September 27, 2004.

202. Anderson admits that plaintiff does not have his left eye. He is without sufficient information to either admit or deny the remaining portion of request No. 202 because he does not

- 5 -

know whether the eye would have been lost had plaintiff not had keratoconus and he has no information about plaintiff's present vision in his right eye.

203. Anderson is without sufficient information to either admit or deny the facts set forth in request No. 203 because he is not familiar with the terms of the Acts referred to in regards to any determination of disability.

210. Anderson denies the facts set forth in request No. 210.

214. Anderson denies that plaintiff was seen by him on June 8, 2004. He admits the remaining portion request No. 214.

219. - 236. Anderson is without sufficient information to either admit or deny the facts set forth in these requests because he has no information about or involvement in any aspect of discipline administered at any time to plaintiff or any other inmate and no information of any kind about plaintiff following his transfer from WICC on or about January 13, 2005. or contact lens to improve his vision.

As to each of the foregoing requests to which I have responded without either an admission or a denial, I have made a reasonable inquiry regarding such requests and the information known or readily available to me is insufficient to enable me to admit or deny.

DAVID L. ANDERSON, Defendant,

By *[signature]*
(One of His Attorneys)

- 6 -

Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
Attorneys for Defendant,
　　David L. Anderson
236 N. Water Street, Suite 200
P. O. Box 560
Decatur, Illinois 62525-0560
Telephone: (217) 428-5383


　　　　I certify that under penalty of perjury under the laws of the United States of America that on _March 2_____, 2007, I deposited a copy of the foregoing in a U. S. Post Office box in Decatur, Illinois, enclosed in an envelope with proper postage prepaid, addressed to each of the following in the manner set forth:

　　　　　　Mr. Douglas J. Quivey
　　　　　　Mr. Thomas R. Londrigan
　　　　　　Ms. Alexandra de Saint Phalle
　　　　　　Ms. Carissa Anna Haning
　　　　　　Londrigan, Potter & Randle, P.C.
　　　　　　P. O. Box 399
　　　　　　Springfield, Illinois 62706

　　　　　　Ms. Kelly R. Choate
　　　　　　Ms. Julie L. Morgan
　　　　　　Assistant Attorney General
　　　　　　500 South Second Street
　　　　　　Springfield, Illinois 62706

　　　　　　Ms. Theresa M. Powell
　　　　　　Ms. April Gowdy Troemper
　　　　　　Heyl, Royster, Voelker & Allen
　　　　　　P. O. Box 1687
　　　　　　Springfield, Illinois 62705-1687

　　　　　　　　　　　　　　　_/s/ Maran E. Pierson_