IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AARON MCCROY, #N51882, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR A PROTECTIVE ORDER

NOW COMES the Defendant, DEBRA FUQUA, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Federal Rule of Civil Procedure 26(c), hereby submits her motion for a protective order. In support thereof, Defendant states as follows:

1.   Plaintiff has filed notices of deposition to take the deposition of Defendant Debra Fuqua. The first deposition of Defendant Fuqua was scheduled for December 15, 2006; however, that deposition had to be rescheduled due to a family conflict of one of Plaintiff's counsel. After December of 2006, Defendant Fuqua was on medical leave.

2.   The deposition was reset during January and February of 2007, but as Defendant Fuqua was still on medical leave, she was unable to attend the depositions. At that time, the undersigned was notified by personnel at Western Illinois Correctional Center, that Defendant Fuqua was scheduled to return to work on March 1, 2007. Plaintiff's counsel was notified of this and a deposition was set for March 8, 2007.

1

3.    However, Defendant Fuqua's medical condition worsened and she was unable to return to work, causing the March 8, 2007 deposition to be canceled as well. Defendant Fuqua is currently awaiting surgery and is on multiple medications, including narcotics for pain. Documents verifying Defendant Fuqua's medical condition will be forwarded to the court under seal.

4.    With Defendant Fuqua's permission, the undersigned shared the specifics of Defendant Fuqua's medical diagnosis, prognosis and current medication regimen with Mr. Londrigan while taking Dr. Elyea's deposition at Dixon Correctional Center.

5.    Plaintiff's counsel subsequently filed a motion to compel, seeking to compel Defendant Fuqua's deposition testimony.

6.    Plaintiff's counsel has all the documents available concerning Defendant Fuqua, including e-mail correspondence in which she contacted IDOC medical officials to attempt to gain approval for Mr. McCroy's corneal transplant. Counsel has also obtained testimony from the Illinois Department of Corrections' Agency Medical Director that Defendant Fuqua cannot admit or discharge patients from the infirmary except on an emergency basis, pending evaluation by a physician. Counsel has also elicited testimony during depositions that Defendant Fuqua would have had no role in prescribing care, in determining what restrictions could be placed on Plaintiff after his release from the infirmary and that she would have had no role in determining where he was placed in general population.

7.    Because Plaintiff has yet to provide responses to defendants' contention interrogatories, and because Plaintiff's competency to testify as to any allegations but those in the original complaint was called into question by Mr. Londrigan during

Plaintiff's deposition, neither Defendant Fuqua nor the undersigned has a full understanding of any further allegations against her. Without such understanding, Plaintiff cannot show that his right to obtain a deposition of Defendant Fuqua would outweigh her right to avoid a situation where she was compelled to give testimony that she believes would not be competent.

8. Plaintiff has had counsel since 2003, and has had ample time to depose Defendant Fuqua. Her medical condition and current medications preclude her from giving competent testimony at this time, and a protective order should issue.

WHEREFORE, for the above and foregoing reasons, Defendants pray this Honorable Court grant their protective order allowing Defendant Fuqua to avoid being compelled to testify at a deposition at this time.

    Respectfully submitted,

    DEBRA FUQUA,

      Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

By:  s/ Kelly R. Choate
    Kelly R. Choate, #6269533
    Assistant Attorney General
    Attorney for Defendant
    500 South Second Street
    Springfield, Illinois 62706
    Telephone: (217) 782-9026
    Facsimile: (217) 524-5091
    E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N51882, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 02-3171 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 26, 2007, I electronically filed a Motion for a Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan
Londrigan, Potter & Randle, P.C.
tom@lprpc.com

Douglas J. Quivey
Londrigan, Potter & Randle, P.C.
doug@lprpc.com

Theresa Powell
Heyl, Royster, Voelker & Allen
tpowell@hrva.com

Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
ctenney@hhtlaw.com

April Gowdy Troemper
atroemper@hrva.com

Carissa A. Haning
carissa@lprpc.com

and I hereby certify that on March 26, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

    None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091
E-Mail: kchoate@atg.state.il.us