IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02-cv-3171 |
| | ) |
| THE ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, ROGER E. | ) |
| WALKER, JR., (in his official | ) |
| capacity only), DENNIS HOCKADAY, | ) |
| KEVIN WINTERS, SANDRA FUNK, | ) |
| DEBORAH FUQUA, LIEUTENANT BRYON | ) |
| LAW, KENNETH KELLERMAN, JULIUS | ) |
| FLAGG, all in their official and | ) |
| individual capacities, WEXFORD | ) |
| HEALTH SOURCES, Inc., | ) |
| Dr. LOWELL BROWN, MD., | ) |
| Dr. HUGHES LOCHARD, MD., and | ) |
| RHONDA MILLS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE THE ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION DIRECTED TO THE ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E. WALKER, JR., (in his official capacity only), DENNIS HOCKADAY, KEVIN WINTERS, TERRY POLK, DAVID SCHNEPEL, SANDRA FUNK, DEBRAH FUQUA, LIEUTENANT LAW, CORRECTIONAL OFFICER KELLERMAN, CORRECTIONAL OFFICER JUDITH WILSON, PAMELA A. GRUBMAN, JULIUS FLAGG, (all in their official and individual capacities)**

Plaintiff, AARON MCCROY, by and through his attorney, LONDRIGAN POTTER & RANDLE, moves pursuant to Fed. R. Civ. P. 36(a) to Determine the Answers to Plaintiff's Requests for Admission Directed to Defendants Illinois Department Of Corrections, Roger E. Walker, Jr., (in his official capacity only), Dennis Hockaday, Kevin Winters, Terry Polk, David Schnepel, Sandra Funk, Debrah Fuqua, Lieutenant Law, Correctional Officer Kellerman, Correctional Officer Judith Wilson,

Pamela A. Grubman, Julius Flagg, (all in their official and individual capacities), and in support states as follows:

On January 31, 2007, Plaintiff served upon all defendants Requests for Admissions that included two hundred thirty six (236) requests to admit facts, genuineness of documents and contents of documents. (Attached as Exhibit "A.") On March 15, 2007, Plaintiff received the Response to Request for Admissions from Defendants Illinois Department Of Corrections, Roger E. Walker, Jr., (in his official capacity only), Dennis Hockaday, Kevin Winters, Terry Polk, David Schnepel, Sandra Funk, Debrah Fuqua, Lieutenant Law, Correctional Officer Kellerman, Correctional Officer Judith Wilson, Pamela A. Grubman, Julius Flagg, (all in their official and individual capacities) (hereinafter collectively known as "IDOC Defendants"). (Attached as Exhibit "B.") As answers to Requests numbered 2, 3, 4, 8, 12, 17, 25, 27, 31, 33, 36, 42, 45, 47, 52, 56, 59, 66, 67, 80, 88, 113, 118, 120, 123, 125, 127, 128, 131, 132, 137, 138, 139, 142, 150 to 156, 162, 163, 178, 180, 182 to 186, 194, 196, 203, 207, 208, 211, 212, 213, 229, 233, and 235 IDOC Defendants answered "[d]efendants lack knowledge to either admit or deny the allegations in paragraph (request number)" as a whole or partial response to the request.

In the case at hand the Plaintiff served Requests for Admission upon all defendants to assist in narrowing or eliminating some of the issues as the rules allow. ***Booth Oil Site Administrative Group v. Safety-Kleen Corporation,*** 194 F.R.D. 76 (W.D.N.Y., 2000); ***Asea, Inc. v. Southern Pacific Transportation Co.***, 669 F.2d 1242, 1245 (9th Cir.1982); ***A. Farber & Partners, Inc. v. Garber,*** 237 F.R.D. 250 (C.D.C.A. 2006); See also ***Dubin v. E.F. Hutton Group, Inc.***, 125 F.R.D. 372, 375 (S.D.N.Y.1989)

Many of the requests for admission were supported by documents. As responses to many of the requests the IDOC Defendants responded with the ambiguous response of "[d]efendants lack knowledge to either admit or deny the allegations in paragraph (request number)"

There are three permissible responses to a request for admission: an admission, a denial or a statement of insufficient information to admit or deny the matter stated in the request. *Fed.R.Civ.P. 36(a); Booth Oil Site Administrative Group v. Safety-Kleen Corporation,* 194 F.R.D. 76, 79 (W.D.N.Y. 2000); *Henry v. Champlain Enterprises, Inc.* 212 F.R.D. 73 (N.D.N.Y. 2003). While the IDOC Defendants did answer with a response that is permitted under Rule 36(a) that response was not complete.

In the situation where a party has responded with an insufficient knowledge response, the response must also include that he or she has made "reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Fed.R.Civ.P. 36(a)*; *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1245-1246 (9th Cir.1981); **U.S. ex rel. Englund v. Los Angeles County,** 235 F.R.D. 675, 684 (E.D.C.A. 2006). No where in the responses received by Plaintiff was it stated that a reasonable inquiry had been made by anyone for any of the responses that included a statement of insufficient knowledge.

Moreover, a responding party's simple statement that he or she has made a "reasonable" inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission. *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D.C.A. 2006). The fact that the party has not made a reasonable inquiry may be asserted as a basis for

3

challenging the response. *Id.*; *Asea, Inc.,* 669 F.2d at 1245 (court may order matters admitted where information known or readily obtainable was sufficient to enable responding party to admit or deny.) A response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *A. Farber & Partners, Inc. v. Garber,* 237 F.R.D. 250 (C.D.C.A. 2006). In this case, there was no response in that manner anywhere in the IDOC Defendants' Responses to Requests for Admissions.

WHEREFORE, Plaintiff prays that the Court enter an Order indicating that Requests Numbered 2, 3, 4, 8, 12, 17, 25, 27, 31, 33, 36, 42, 45, 47, 52, 56, 59, 66, 67, 80, 88, 113, 118, 120, 123, 125, 127, 128, 131, 132, 137, 138, 139, 142, 150 to 156, 162, 163, 178, 180, 182 to 186, 194, 196, 203, 207, 208, 211, 212, 213, 229, 233, and 235 are deemed admitted.

AARON McCROY, Plaintiff,

By: /s/ Carissa A. Haning
Carissa A. Haning Bar Number: 627923
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O. Box 399
Springfield, Illinois 62705
Tel: (217) 544-9823 Fax: (217) 544-9826
E-Mail: carissa@lprpc.com

## Certificate of Service

The hereby certify that on March 30, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy, Reg. #N51882
P.O. Box 999
Pinckneyville, IL 62274

By: /s/Carissa A. Haning

Carissa A. Haning
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
carissa@lprpc.com