05415-N3293
TMP/ej

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

AARON McCROY,                                )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )    No. 02-3171
                                             )
THE ILLINOIS DEPARTMENT OF CORRECTIONS,      )
ROGER E. WALKER, JR. (in his official capacity only),  )
DENNIS HOCKADAY, KEVIN WINTERS, TERRY        )
POLK, DAVID SCHNEPEL, SANDRA FUNK,           )
DEBRAH FUQUA, LIEUTENANT LAW,                )
CORRECTIONAL OFFICER JUDITH WILSON,          )
PAMELA A. GRAUBEAN, JULIUS FLAGG, (all in    )
their official and individual capacities), WEXFORD  )
HEALTH SOURCES, INC., DR. CLEVELAND          )
RAYFORD, M.D., DR. STANLEY SIMS, M.D.,       )
DR. LOWELL BROWN, M.D., DR. LOCHARD, M.D.,   )
RHONDA MILLS, NURSE C. SHAW, and DR. DAVID   )
ANDERSON, O.D.,                              )
                                             )
                Defendants.                  )

**PLAINTIFF'S
EXHIBIT
B**

## RESPONSE TO REQUEST FOR ADMISSIONS

NOW COMES the Defendants, WEXFORD HEALTH SOURCES, INC.; CLEVELAND

RAYFORD, M.D.; HUGHES LOCHARD, M.D.; LOWELL BROWN, M.D.; STANLEY SIMS,

M.D.; RHONDA MILLS; and NURSE C. SHAW, by their attorney, THERESA M. POWELL of

HEYL, ROYSTER, VOELKER & ALLEN, and for its Response to Plaintiff's Request for

Admissions pursuant to Federal Rule of Civil of Procedure, states:

**For those requests which the undersigned Defendants have admitted, Defendants are

indicating that the records referenced have been kept in the ordinary course of business by the

Illinois Department of Corrections to his or her knowledge.  Defendants specifically deny that

any record was specifically maintained on behalf of Roger Walker, Jr.  Defendants are not

admitting that the records are unconditionally relevant, that each or any Defendant is familiar**

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

with the content of each and every record, that Plaintiff has laid a proper foundation as to each record as to any Defendant. Defendants are also not admitting with this response that any record is and would be unconditionally admissible at trial. As to each Defendant, certain records may constitute hearsay and may be irrelevant. With respect to any records generated by Mr. McCroy, those records constitute hearsay, consist of prior consistent statements and may be irrelevant as to certain Defendants. Certain documents may also not be admissible to the extent they constitute unauthentic copies of an original document.

## Altercation

1.      Each of the following attached as an Exhibit to these Requests For Admissions is a true copy kept in the normal course by Defendants the Illinois Department of Corrections and Roger E. Walker, Jr. in his official capacity:

**RESPONSE: These Defendants have insufficient knowledge as to whether or not any records are kept in the normal course of business by Defendant Roger E. Walker, Jr., and therefore must deny said allegation as it pertains to each and every exhibit. With respect to records maintained and kept in the normal course of business by the Department of Corrections, Defendants make the following responses:**

   A. Criminal History Record Information (as of 7/24/02)
     (BATES #00035-00036)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit A and therefore must deny said allegations.**

   B. Executive Summary (as of 7/25/02)
     (BATES #00088)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit B and therefore must deny said allegations.

C.    Transfer in Review Sheet for Institution Hill (7/29/2)
(BATES #00087)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit C and therefore must deny said allegations.

D.    IDOC Internal Classification Form (7/30/02)
(BATES #00083-00084)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit D and therefore must deny said allegations.

E.    Adjustment Committee Final Summary Report on 1/18/03 Disciplinary Report
(BATES #0153-00154)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit E and therefore must deny said allegations.

F.    1/28/03 Disciplinary Report
(BATES #00151)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit F and therefore must deny said allegations.

G.    2/4/03 Adjustment Committee Final Summary Hearing Report
(BATES #00149-00150)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit G and therefore must deny said allegations.

H.    6/4/03 Disciplinary Report
(BATES #00145-00146)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit H and therefore must deny said allegations.

    I.    3/11/04 Disciplinary Report
        (BATES #00068)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit I and therefore must deny said allegations.

    J.    3/17/04 Adjustment Committee Final Summary Hearing Report
        (BATES #00066-00067)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit J and therefore must deny said allegations.

    K.    3/24/04 IDOC Transfer Report
        (BATES #00054-00055)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit K and therefore must deny said allegations.

    L.    7/23/04 Incident Report
        (BATES #00123)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit L and therefore must deny said allegations.

    M.    7/25/04 Incident Report
        (BATES #00124-00125)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit M and therefore must deny said allegations.

    N.    8/2/04 Incident Report
        (BATES #00120)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit N and therefore must deny said allegations.**

O.    8/2/04 Disciplinary Report
(BATES #00117-00118)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit O and therefore must deny said allegations.**

P.    8/5/04 Adjustment Committee Final Summary Hearing Report
(BATES #00119)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit P and therefore must deny said allegations.**

Q.    9/23/04 Incident Report of Officer Lindsey
(BATES #00108)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit Q and therefore must deny said allegations.**

R.    9/23/04 Incident Report of R. Drennen regarding Inmate McCroy
(BATES #00107)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit R and therefore must deny said allegations.**

S.    9/23/04 Incident Report of Sgt. Vancil
(BATES #00102-00103)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit S and therefore must deny said allegations.**

T.    9/23/04 Disciplinary Report
(BATES #00099)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit T and therefore must deny said allegations.

U.    10/8/04 Adjustment Committee Final Summary Hearing Report (BATES #00101)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit U and therefore must deny said allegations.

V.    10/20/04 Good Time Revocation and new projected Release Date (BATES #00003-00004)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit V and therefore must deny said allegations.

W.    11/24/04 Offender Count Adjustment Release Form from WICC (BATES #00019)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit W and therefore must deny said allegations.

X.    9/9/93 Optometry Clinic Note (BATES #00988)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 as it pertains to Exhibit X as Exhibit X does not identify the location as to where the record was generated, nor does it indicate who generated the record. Defendants also cannot determine from the copy attached as to whether or not additional writing exists to the right of the document. Accordingly, Defendants deny the allegations of Paragraph 1 as they pertain to Exhibit X.

Y.    4/7/95 Prescription Order (BATES #01058)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit Y and therefore must deny said allegations.



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

     Z.    9/21/95 Optometry Clinic Note
              (BATES #00989)

**Defendants deny the allegations of Paragraph 1 as it pertains to Exhibit Z as these Defendants cannot determine the name of the physician on Exhibit Z and also cannot determine whether or not there is additional writing to the right of the page and therefore must deny said allegations.**

     AA.    1/23/96 Ltr. To Dr. Elyea from McCroy
              (BATES #00948)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit AA and therefore must deny said allegations.**

     BB.    2/6/96 Prescription Order
              (BATES #01051)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit BB and therefore must deny said allegations.**

     CC.    2/16/96 Ophthalmology Note
              (BATES #00979)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit CC and therefore must deny said allegations.**

     DD.    2/23/96 Prescription Order
              (BATES #01052)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit DD and therefore must deny said allegations.**

     EE.    3/14/96 Optometry Clinic Note
              (BATES #00990)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit EE and therefore must deny said allegations.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

FF.    7/29/96 Ophthalmology Note
(BATES #00980)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit FF and therefore must deny said allegations.**

GG.    7/29/96 Prescription Order
(BATES #01053)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit GG and therefore must deny said allegations.**

HH.    8/30/96 Ophthalmology Note
(BATES #00982)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit HH and therefore must deny said allegations.**

II.    8/30/96 Prescription Order
(BATES #01059)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit II and therefore must deny said allegations.**

JJ.    9/27/96 Ophthalmology Note
(BATES #00981)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit JJ and therefore must deny said allegations.**

KK.    10/8/96 Memorandum from Dr. Elyea to McCroy
(BATES #01094)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit KK and therefore must deny said allegations.**

LL.    12/16/96 Health Status Form for Transfer

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

8

05415-N3293
TMP/ej

(BATES #00955)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit LL and therefore must deny said allegations.

MM.    1/6/97 Medical Consultation Report
(BATES #00991)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit MM and therefore must deny said allegations.

NN.    1/6/97 Prescription Order
(BATES #01060)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit NN and therefore must deny said allegations.

OO.    2/3/97 Consultation Note
(BATES #00993)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit OO and therefore must deny said allegations.

PP.    4/14/97 Consultation Note
(BATES #00995)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit PP and therefore must deny said allegations.

QQ.    4/14/97 Optical Prescription Order
(BATES #00997)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit QQ and therefore must deny said allegations.

RR.    5/5/97 Receipt for Eyeglasses
(BATES #01100)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit RR and therefore must deny said allegations.

SS.    6/9/97 Consultation Report
       (BATES #00999)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit SS and therefore must deny said allegations.

TT.    7/14/97 Consultation Report
       (BATES #01001)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit TT and therefore must deny said allegations.

UU.    11/22/97 Health Status Form for Transfer
       (BATES 00966)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit UU and therefore must deny said allegations.

VV.    5/21/98 Optometry Clinic Note
       (BATES #00744)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit VV and therefore must deny said allegations.

WW.    7/23/98 Optometry Clinic Note
       (BATES #00743)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit WW and therefore must deny said allegations.

XX.    7/23/98 Prescription Order
       (BATES #01063)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit XX and therefore must deny said allegations.

  YY. 3/6/99 Health Status Form for Transfer
    (BATES #00978)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit YY and therefore must deny said allegations.

  ZZ. 6/28/99 Consultation Report
    (BATES #00730)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit ZZ and therefore must deny said allegations.

  AAA. 7/99 Contact Lense Order
    (BATES #00745)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit AAA and therefore must deny said allegations.

  BBB. 7/5/99 Prescription Order
    (BATES #00814)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit BBB and therefore must deny said allegations.

  CCC. 2/2/00 Prescription Order
    (BATES #00816)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit CCC and therefore must deny said allegations.

  DDD. 9/27/00 Prescription Order
    (BATES #00817)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit DDD.**

    EEE.   10/2/00 Referral Request Form
              (BATES #00747)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit EEE.**

    FFF.   10/5/00 Contact Lens Order
              (BATES #00746)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit FFF and therefore must deny said allegations.**

    GGG.  10/19/00 Prescription Order
              (BATES #00818)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit HHH and therefore must deny said allegations.**

    HHH.  3/01 Contact Lens Order
              (BATES #00650 and #00649)

**These Defendants have insufficient knowledge as to whether or not the Department of Corrections kept this document in the ordinary course of business and therefore must deny said allegation.**

    III.    5/3/01 Prescription Order
              (BATES #00819)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit III and therefore must deny said allegations.**

    JJJ.   7/22/01 Prescription Order
              (BATES #00820)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit JJJ and therefore must deny said allegations.**

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

    KKK.  10/01 Contact Lens Order
           (BATES #00648 and 00647)

**These Defendants have insufficient knowledge as to whether or not the Department of Corrections kept this document in the ordinary course of business and therefore must deny said allegation.**

    LLL.  10/30/01 Health Status Form for Transfer
         (BATES #00727)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit LLL.**

    MMM.  11/1/01 WICC Personal Property Inventory Record
          (No BATES #)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit MMM and therefore must deny said allegations.**

    NNN.  11/2/01 Memorandum from Deborah Fuqua to McCroy
         (BATES #00903)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit NNN.**

    OOO.  12/17/01 Correspondent to Warden Schnepel and Nurse Fuqua from McCroy
         (2 pages, no BATES #)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit OOO and therefore must deny said allegations.**

    PPP.  12/18/01 Optometrist Note
         (BATES #00479)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit PPP.**

    QQQ.  1/9/02 Invoice for glass prescription
         (BATED #00590)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

13

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit QQQ and therefore must deny said allegations.

    RRR.  1/27/02 Grievance Report
           (3 pages, no BATES #)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit RRR and therefore must deny said allegations.

    SSS.  1/29/02 Receipt for eyeglasses
           (BATES #00589)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit SSS.

    TTT.  2/26/02 Consultation Report
           (BATES #00535)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit TTT.

    UUU.  3/5/02 Referral Request Form
           (BATES #00536)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit UUU.

    VVV.  3/11/02 Grievance Report
           (2 pages, no BATES #)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit VVV and therefore must deny said allegations.

    WWW. 3/11/02 Grievance Report
           (2 pages, no BATES #)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit WWW and therefore must deny said allegations.

05415-N3293
TMP/ej

   XXX. 3/26/02 Correspondence from Dr. Plattner to WICC and Medical
      Progress Note
      (BATES #00539 and #00487)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit
XXX.**

   YYY. 4/2/02 Prescription Order
      (BATES #00621)

**Defendants admit that Exhibit YYY appears to be a copy of prescription orders
for dates April 16, 2002; April 2, 2002; and February 24, 2002. However,
Defendant denies that this is an accurate copy of said document as portions of
the orders have been omitted in the copying process.**

   ZZZ. 4/12/02 Consultation Report
      (BATES #00541)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit ZZZ.**

   AAAA. 4/16/02 Referral Request Form
      (BATES #00544)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit
AAAA.**

   BBBB. 5/3/02 Memo to Record Office re: Emergency Medical Furlough
      (BATES #00546)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit
BBBB.**

   CCCC. 5/13/02 Consultation Report
      (BATES #00548)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit
CCCC.**

   DDDD. 5/13/02 Prescription Order
      (BATES #00622)

**These Defendants admit the allegations of Paragraph 1 as they pertain to
Exhibit DDDD.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

EEEE.    5/14/02 Referral Request Form
(BATES #00550)

**These Defendants admit the allegations set forth in Paragraph 1 with respect to Exhibit EEEE.**

FFFF    5/20/02 Fax Memo from Dr. Rayford to Wexford
(BATES #00551)        .

**These Defendants admit the allegations set forth in Paragraph 1 with respect to Exhibit FFFF.**

GGGG    6/6/02 Grievance Report
(No BATES #)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit GGGG and therefore must deny said allegations.**

HHHH    8/19/02 Referral Request Form
(BATES #00553)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit HHHH.**

IIII    8/21/02 Fax Memo from Dr. Rowe to Wexford
(BATES #00554)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit IIII.**

JJJJ.    8/21/02 Referral Request Form
(BATES #00556)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit JJJJ.**

KKKK.    9/4/02 Referral Request Form
(BATES #00560)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit KKKK.**

LLLL.    9/9/02 Fax Memo from Wexford to Lynn/Lori
(BATES #00562)



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit LLLL.**

MMMM. 9/23/02 Correspondence to Dr. Sims from Dr. Schultz
(BATES #00564 and 00565)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit MMMM.**

NNNN. 9/30/02 Referral Request Form
(BATES #00568)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit NNNN.**

OOOO. 11/20/02 Consultation Report
(BATES #0572)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit OOOO.**

PPPP. 12/4/02 Referral Request Form
(BATES #00573)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit PPPP.**

QQQQ 12/10/02 Pre-Certification Fax Notification
(BATES #00575)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit QQQQ.**

RRRR 12/30/02 History & Physical for Outpatients
(BATES #00581)

**These Defendants have insufficient knowledge as to whether or not the Department of Corrections keeps a copy of these records in the ordinary course of business and therefore must deny said allegations.**

SSSS. 1/6/03 Progress Note from St. John's Hospital
(BATES #00379)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**These Defendants have insufficient knowledge as to whether or not the Department of Corrections keeps a copy of these records in the ordinary course of business and therefore must deny said allegations.**

TTTT.   1/7/03 Consultation Report
(BATES #00381)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit TTTT.**

UUUU.  1/7/03 Referral Request Form
(BATES #00382)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit UUUU.**

VVVV.  1/8/03 WICC Memo admitting McCroy into Infirmary
(BATES #00468)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit VVVV.**

WWWW.  1/13/03 WICC Memo discharging McCroy from infirmary
(BATES #00469)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit WWWW.**

XXXX.  2/3/03 WICC Memo admitting McCroy to infirmary
(BATES #00470)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit XXXX.**

YYYY.  2/3/03 Operative Report and Discharge Instructions from St. John's Hospital
(BATES #00473-474, and #00388)

**These Defendants have insufficient knowledge whether IDOC keeps such records in the ordinary course of business and therefore must deny said allegations.**

ZZZZ.   2/3/03 Outpatient Prescription from St. John's

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

18

05415-N3293
TMP/ej

(BATES"#00389)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit ZZZZ and therefore must deny said allegations.**

    a.    2/4/03 Consultation Report
             (BATES #00393)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit a.**

    b.    2/6/03 Consultation Report
             (BATES #00399)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit b.**

    c.    2/11/03 Optometrist Progress Note
             (BATES #00272)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit c.**

    d.    3/6/03 Consultation Report
             (BATES #00406)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit d.**

    e.    3/17/03 WICC Memo from Dr. Sims to McCroy
             (BATES #00476)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit e.**

    f.    4/8/03 Consultation Report
             (BATES #00411)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit f.**

    g.    4/16/03 Referral Request Form
             (BATES #00412)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit g.**

    h.    5/9/03 Consultation Report
             (BATES #00415)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit h.**

       i.    5/22/03 Referral Request
              (BATES #00416)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit i.**

       j.    6/25/03 Fax Note from Prairie Eye Center
              (BATES #00420)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit j.**

       k.    7/28/03 Referral Request
              (BATES #00425)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit k.**

       l.    8/29/03 Prescription Orders
              (BATES #00091 and #00092)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit l.**

       m.    10/21/03 Medical Progress Note
              (BATES #00048)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit m.**

       n.    10/21/03 Referral Request
              (BATES #00093)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit n.**

       o.    10/22/03 WICC Memo re: medical furlough and WICC Medical
              Services Refusal Form
              (BATES #00094 and #00095)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit o.**

       p.    11/6/03 Consultation Report
              (BATES #00102 and 00097)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit p.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

  q.  11/21/03 WICC Memo re: McCroy infirmary placement
     (BATES #00179)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit q.**

  r.  11/29/03 WICC Memos re: medically unassigned and Restrictions
     (BATES #00180 and #00181)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit r.**

  s.  12/23/03 Consultation Report
     (BATES #00101)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit s.**

  t.  1/8/04 Consultation Report
     (BATES #ATTYG 10210)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit t.**

  u.  4/12/04 Consultation Report
     (BATES #ATTYG 10200)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit u.**

  v.  5/21/04 Consultation Report
     (BATES #ATTYG 10204)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit v.**

  w.  6/18/04 Progress Note by Dr. Steahly
     (BATES #ATTYG 10218)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit w.**

  x.  8/9/04 Progress Note by Dr. Lee
     (BATES #ATTYG 10223)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit x.**

  y.  9/27/04 Correspondence from Dr. Farris to Dr. Diesselar
     (BATES #ATTYG 10330)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit y.

z.    11/21/03 Nurse's Note
(BATES #00071)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit z.

aa.    11/21/03 Infirmary Progress Notes
(BATES #00073)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit aa.

bb.    11/6/03 Prescription Order
(BATES #00103)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit bb.

cc.    12/9/03 Prescription Order
(No BATES #)

Defendants admit that Exhibit cc appears to be a copy of a medical record, but Defendants cannot determine whether or not the document is complete as it appears a portion of the bottom may be cut off.

dd.    10/11/04 Surgical Report
(BATES #ATTYG 1003 and #ATTYG 1008)

Defendants admit that Exhibit dd appears to be a copy of a medical record, but Defendants cannot determine whether or not the document is complete as it appears a portion of the bottom may be cut off.

ee.    12/8/04 Consultation Report
(No BATES #)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit ee.

ff.    12/16/04 Incident Report
(BATES #P82)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit ff.

gg.    12/16/04 Disciplinary Report
(BATES #P81 and P80)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit gg and therefore must deny said allegations.

    hh.    12/17 04 WICC Disciplinary Segregation Double Celling Screening Form
            (BATES #P87)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit hh and therefore must deny said allegations.

    ii.    2/1/05 Disciplinary Segregation Double Celling Screening Form
            (BATES #P86)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit ii and therefore must deny said allegations.

    jj.    4/15/05 IDOC Hearing of Administrative Review Board Video Conference
            (BATES #P71)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit jj and therefore must deny said allegations.

    kk.    9/6/05 Medical Permission Form for low bunk
            (No BATES #)

Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit kk.

    ll.    9/8/05 IDOC Memo from Warden Evans to McCroy re: safety glasses
            (BATES number illegible)

These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit ll and therefore must deny said allegations.

    mm.    9/8/05 IDOC Memo from Warden Evans to McCroy re: safety classes
            (No BATES #)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit mm and therefore must deny said allegations.**

nn.    1/16/06 Medical Permission Form for ADA cell
(No BATES #)

**Defendants admit the allegations of Paragraph 1 as they pertain to Exhibit nn.**

oo.    1/30/06 IDOC Memo from Sue Ferrari to McCroy re: ADA cell
(No BATES #)

**These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 1 with respect to Exhibit oo and therefore must deny said allegations.**

2.    The Criminal History Record Information dated 7/24/02 (Exhibit A) was produced by the Illinois State Police in response to a request by Defendant IDOC.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 2 and therefore must deny said allegations.**

3.    The Criminal History Record Information dated 7/24/02 (Exhibit A) accurately reflects the known criminal history of Mr. Durham in Kane County, Illinois, prior to his incarceration, including charges of resisting an officer on 2/13/00, violating an order of protection on 4/25/01 and 4/27/01, and armed robbery on 3/27/02.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 3 and therefore must deny said allegations.**

4.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibits A on 7/24/02 and throughout Inmate Durham's incarceration at all IDOC facilities.



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 4 and therefore must deny said allegations.**

5.    Exhibit B is the Executive Summary dated 7/25/02 which indicates Inmate Durham was admitted to the Stateville Reception Center on 7/24/02 directly from court with a sentence of six (6) years.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 5 and therefore must deny said allegations.**

6.    Exhibit C is a Transfer in Review sheet dated 7/29/02 which indicates Inmate Durham was transferred from the Stateville Reception Center to the Hill Correctional Center on 7/29/02.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 6 and therefore must deny said allegations.**

7.    At the time of transfer review on 7/30/02, the special concerns listed included the violation of an order of protection and drug and alcohol abuse.  (Exhibit C)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 7 and therefore must deny said allegations.**

8.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit C on 7/29/02 and throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 8 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

9.      Employees of the IDOC at the Hill Correctional Center completed an internal classification form for maximum security facilities on 7/30/02 regarding Inmate Durham. (Exhibit D)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 9 and therefore must deny said allegations.**

10.      Inmate Durham's criminal and background factors on 7/30/02 included the fact that his current offense involved "violence against others". (Exhibit D, II.B)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 10 and therefore must deny said allegations.**

11.      On 7/30/02, Inmate Durham was classified as having a moderate aggression level. (Exhibit D, IV.B)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 11 and therefore must deny said allegations.**

12.      Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit D on 7/30/02 and throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 12 and therefore must deny said allegations.**

13.      There was a disciplinary hearing on 1/23/03 regarding an incident involving Inmate Durham on 1/18/03. (Exhibit E)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 13 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

26

05415-N3293
TMP/ej

14.    On 1/23/03, Inmate Durham pled guilty to the offenses of unauthorized movement and disobeying a direct order which occurred on 1/18/03.  (Exhibit E)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 14 and therefore must deny said allegations.**

15.    On 1/23/03, the Hearing Committee noted that Inmate Durham stated he was refusing housing on 1/18/03 due to a conflict with his cell mate, that he feared for his safety on 1/18/03, and that he wished to avoid a fight on 1/18/03.  (Exhibit E)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 15 and therefore must deny said allegations.**

16.    On 1/23/03, Inmate Durham received the following disciplinary action for the incident of 1/18/03: demotion to C Grade for one month, segregation for one month, and loss of commissary for one month.  (Exhibit E)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 16 and therefore must deny said allegations.**

17.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit E from the date of occurrence, 1/18/03, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 17 and therefore must deny said allegations.**



**HEYL ROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

18.    Per the disciplinary Report marked as exhibit F, there was an incident on 1/28/03 involving Inmate Durham and another inmate.  (Exhibit F)

27

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 18 and therefore must deny said allegations.**

19.    Officer E. Anderson, an employee of defendant IDOC, completed the disciplinary report on 1/28/03 and charged Inmate Durham with intimidation or threats and insolence on 1/28/03. (Exhibit F)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 19 and therefore must deny said allegations.**

20.    The disciplinary report indicates Inmate Durham was threatening another inmate on 1/28/03. (Exhibit F)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 20 and therefore must deny said allegations.**

21.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit F from the date of occurrence, 1/28/03, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 21 and therefore must deny said allegations.**

22.    There was a disciplinary hearing on 2/4/03 regarding the incident involving Inmate Durham and his cell mate on 1/28/03. (Exhibit G)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 22 and therefore must deny said allegations.**

23.    On 2/4/03, Inmate Durham pled guilty to the offenses of intimidation or threats towards his cell mate and insolence which occurred on 1/28/03. (Exhibit G)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

28

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 23 and therefore must deny said allegations.**

      24.     The Hearing Committee noted that the reporting Officer observed "a heated verbal exchange" on 1/28/03 between Inmate Durham and his cell mate. (Exhibit G)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 24 and therefore must deny said allegations.**

      25.     The Hearing Committee noted that Inmate Durham admitted he and his cell mate "had words and would have fought" on 1/28/03. (Exhibit G)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 25 and therefore must deny said allegations.**

      26.     On 2/4/03, Inmate Durham received the following disciplinary action for the incident on 1/28/03: demotion to C Grade for two months, segregation for one month, and loss of commissary for two months. (Exhibit G)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 26 and therefore must deny said allegations.**

      27.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit G from the date of the incident on 1/28/03 through Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 27 and therefore must deny said allegations.**

      28.     There was a disciplinary report issued on 6/4/03 for an incident occurring on 6/4/03 involving Inmate Durham and a corrections officer. (Exhibit H)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

29

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 28 and therefore must deny said allegations.**

29.    Lt. Hornbaker, an employee of defendant IDOC, completed the disciplinary report on 6/4/03 and charged Inmate Durham with disobeying a direct order, insolence, and intimidation or threats on 6/4/03. (Exhibit H)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 29 and therefore must deny said allegations.**

30.    On 6/4/03, Lt. Hornbaker was investigating behavior of Inmate Durham which suggested he was concealing something in his clothing. When confronted, Durham became belligerent and words were exchanged with Lt. Hornbaker. Subsequently, Durham was cuffed and taken to the segregation unit on 6/4/03. (Exhibit H)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 30 and therefore must deny said allegations.**

31.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit H from the date of the incident, 6/4/03, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 31 and therefore must deny said allegations.**

32.    There was a disciplinary report issued on 3/11/04 for an incident involving Inmate Durham and another inmate which occurred on 3/11/04 in the gymnasium. (Exhibit I)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 32 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

33.     On 3/11/04, Lt. D. Price, an employee of defendant IDOC, completed the disciplinary report and charged Inmate Durham with fighting, aiding and abetting, attempt, solicitation or conspiracy. (Exhibit I)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 33 and therefore must deny said allegations.**

34.     The disciplinary report of 3/11/04 (Exhibit I) indicates Inmate Durham was fighting with Inmate "K" on 3/11/04 while on the basketball court.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 34 and therefore must deny said allegations.**

35.     The 3/11/04 altercation was confirmed by witnesses identified only as "Confidential Sources." (Exhibit I)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 35 and therefore must deny said allegations.**

36.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit I from the date of occurrence, 3/11/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 36 and therefore must deny said allegations.**

37.     There was a disciplinary hearing on 3/17/04 regarding the incident involving Inmate Durham on 3/11/04.  (Exhibit I)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 37 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

38.    On 3/17/04, Inmate Durham pled not guilty to the offenses of fighting and conspiracy which occurred on 3/11/04.  (Exhibit I)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 38 and therefore must deny said allegations.**

39.    On 3/17/04, the Hearing Committee noted that Internal Affairs provided testimony from "Confidential Sources" which confirmed the verbal and physical fighting between Inmate Durham and Inmate "K" on 3/11/04.  (Exhibit J)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 39 and therefore must deny said allegations.**

40.    The Hearing Committee noted that at the 3/17/04 hearing Inmate Durham admitted hitting Inmate "K" on 3/11/04.  (Exhibit J)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 40 and therefore must deny said allegations.**

41.    On 3/17/04, Inmate Durham received the following disciplinary action for the incident of 3/11/04: demotion to C Grade for one months, segregation for one month, revocation of one month's GCC, and transfer to another facility.  (Exhibit J)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 41 and therefore must deny said allegations.**

42.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit J from the date of the incident, 3/11/04, throughout Inmate Durham's incarceration at all IDOC facilities.



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

32

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 42 and therefore must deny said allegations.**

43.    On 3/24/04, Inmate Durham was transferred from the Hill Correctional Center to Western Illinois Correctional Center.  (Exhibit K)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 43 and therefore must deny said allegations.**

44.    The transfer of Inmate Durham on 3/24/04 was a "Disciplinary Level 2 Transfer" because he "provoked a confrontation and fight" with Inmate "K" on 3/11/04.  (Exhibit K)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 44 and therefore must deny said allegations.**

45.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit K from the date of incident, 3/11/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 45 and therefore must deny said allegations.**

46.    On 7/23/04, Officer Jennings, an employee of the IDOC, completed an incident report concerning an altercation occurring on 7/23/04 between Inmate Durham and Inmate "S" at Western Illinois Correctional Center (WICC).  (Exhibit L)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 46 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

47.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit L from the date of the incident, 7/23/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 47 and therefore must deny said allegations.**

48.     Officer Jennings, an IDOC employee, completed a disciplinary report on 7/25/04 regarding the incident which occurred at WICC on 7/23/04.  (Exhibit M)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 48 and therefore must deny said allegations.**

49.     On 7/25/04, Officer Jennings charged Inmate Durham with fighting with his cell mate, Inmate "S," on 7/23/04 based upon information received from a "confidential source." (Exhibit M)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 49 and therefore must deny said allegations.**

50.     Both inmates admitted they were preparing for a fight on 7/23/04 before the IDOC staff intervened.  (Exhibit M)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 50 and therefore must deny said allegations.**

51.     On 7/25/04, Inmate Durham received the penalty of temporary confinement for the incident occurring on 7/23/04.  (Exhibit M)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 51 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

34

05415-N3293
TMP/ej

52.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit M from the date of the incident, 7/23/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 52 and therefore must deny said allegations.**

53.    On 8/2/04, Officer DeWitt, an employee of the IDOC, completed an incident report regarding an altercation between Inmate Durham and his cell mate, Inmate "R," which occurred on 8/2/04 at WICC.  (Exhibit N)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 53 and therefore must deny said allegations.**

54.    On 8/2/04, Inmate Durham stated that he could not "live with his cellie" and that he and Inmate "R" were about to "go to blows" if they were not separated.  Inmate Durham further stated on 8/2/04 that he was tired of his cell mate telling him what he could and could not do. (Exhibit N)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 54 and therefore must deny said allegations.**

55.    After a discussion with Lt. Bigley, an employee of the iDOC, Officer DeWitt cuffed Inmate Durham and moved him to another cell on 8/2/04.  (Exhibit N)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 55 and therefore must deny said allegations.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

56.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit N from the date of the incident, 8/2/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 56 and therefore must deny said allegations.**

57.     On 8/2/04, Officer DeWitt, an employee of the iDOC, completed a disciplinary report regarding the 8/2/04 incident between Inmate Durham and Inmate "R" in their cell. (Exhibit O)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 57 and therefore must deny said allegations.**

58.     Officer DeWitt charged Inmate Durham with intimidation or threats against his cell mate on 8/2/04. (Exhibit O)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 58 and therefore must deny said allegations.**

59.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibit O from the date of the incident, 8/2/04, throughout Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 59 and therefore must deny said allegations.**

60.     A disciplinary hearing was held on 8/5/04 regarding the incident which occurred on 8/2/04. (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 60 and therefore must deny said allegations.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

61.     Inmate Durham was charged with threatening his cell mate in segregation on 8/2/04. (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 61 and therefore must deny said allegations.**

62.     One basis for the Adjustment Committee's decision on 8/5/04 was Inmate Durham's admission that he did not get along with his cell mate.  (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 62 and therefore must deny said allegations.**

63.     Another basis for the Adjustment Committee's decision on 8/5/04 was documentation that Inmate Durham told Officer DeWitt on 8/2/04 that if he wasn't moved, he and his cell mate would "come to blows."  (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 63 and therefore must deny said allegations.**

64.     The Adjustment Committee noted on 8/5/04 that Inmate Durham had two prior intimidation/threat charges.  (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 64 and therefore must deny said allegations.**

65.     On 8/5/04, Inmate Durham received the following penalties for the incident of 8/2/04: one month C grade and 15 days of segregation.  (Exhibit P)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 65 and therefore must deny said allegations.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

37

05415-N3293
TMP/ej

66.     Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access

to the information contained in Exhibit P from the date of the original incident, 8/2/04, throughout

Inmate Durham's incarceration at all IDOC facilities.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth**

**in Paragraph 66 and therefore must deny said allegations.**

67.     On 9/23/04, Inmate Durham struck his cell mate, Inmate McCroy, in the left eye while

they were in their shared cell.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth**

**in Paragraph 67 and therefore must deny said allegations.**

68.     On 9/23/04, Officer Lindsey, an employee of the IDOC, responded to the emergency

call button from the cell occupied by Inmate Durham and Inmate McCroy.  (Exhibit Q)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth**

**in Paragraph 68 and therefore must deny said allegations.**

69.     Officer Lindsey noted that on 9/23/04 Inmate Durham told him his cell made needed

medical attention.  (Exhibit Q)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth**

**in Paragraph 69 and therefore must deny said allegations.**

70.     Officer Lindsey noted that on 9/23/04 Inmate McCroy told him that his cell mate,

Inmate Durham, hit him in the eye.  (Exhibit Q)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth**

**in Paragraph 70 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

71.    Sgt. Vancil, an employee of the IDOC, was called and he restrained and removed Inmate Durham from the cell on 9/23/04. (Exhibit Q)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 71 and therefore must deny said allegations.**

72.    D. Drennen of the health care unit at Western Illinois Correctional Center completed an incident report on 9/23/04 evaluating Inmate McCroy following the altercation with his cell mate. Drennen noted bleeding from the left eye with a thick clear substance. An area on the right side of the foot by the little toe had torn skin and minimal bleeding as well. Dr. Brown was called and he gave the order to send Inmate McCroy to Blessing Hospital Emergency Room for treatment on 9/23/04. (Exhibit R)

**RESPONSE: Defendants admit that Dr. Brown was called and that he sent Plaintiff to Blessing Hospital. Defendants have insufficient knowledge regarding the remaining allegations set forth in Paragraph 72 and therefore must deny said allegations.**

73.    Sgt. Vancil, an employee of the IDOC, completed an incident report on 9/23/04 wherein he noted statements made by Inmate McCroy regarding the altercation in the cell. (Exhibit S)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 73 and therefore must deny said allegations.**

74.    Sgt. Vancil noted on 9/23/04 that Inmate McCroy had a history of problems with his left eye and that McCroy indicated he became blind in the left eye during the altercation on 9/23/04. (Exhibit S)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 74 and therefore must deny said allegations.**

75.    Sgt. Vancil completed a disciplinary report on 9/23/04 stating that Inmate Durham was placed in a segregation unit under investigative status due to the altercation with Inmate McCroy. (Exhibit T)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 75 and therefore must deny said allegations.**

76.    A hearing was held before the Adjustment Committee on 10/8/04 regarding the altercation which occurred on 9/23/04 involving Inmate Durham and Inmate McCroy. (Exhibit U)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 76 and therefore must deny said allegations.**

77.    At the 10/8/04 hearing, Inmate Durham pled guilty, admitting to having "a struggle" with his cell mate on 9/23/04. (Exhibit U)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 77 and therefore must deny said allegations.**

78.    On 10/8/04, Inmate Durham received the following penalties for the incident of 9/23/04: 1 month of C grade, 1 month of segregation, 1 month revocation of GCC. (Exhibit U)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 78 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

79.    Inmate McCroy lost the use of his left eye as a result of the incident which occurred on 9/23/04.

05415-N3293
TMP/ej

**RESPONSE: Defendants admit that Plaintiff McCroy did not have use of his left eye after September 23, 2004. Defendant denies the remaining allegations of Paragraph 79.**

80.    Defendants Illinois Department of Corrections and Roger E. Walker, Jr. had access to the information contained in Exhibits A through P from the date of Inmate Durham's incarceration prior to the incident which occurred on 9/23/04.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 80 and therefore must deny said allegations.**

81.    On 9/23/04, Defendants IDOC and Roger E. Walker, Jr. knew, or should have known, of Inmate Durham's violent tendencies and history of altercations with cell mates.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 81 and therefore must deny said allegations.**

82.    Defendants IDOC and Roger E. Walker, Jr., through the actions of their employees, placed Inmate McCroy together in a cell with Inmate Durham despite documentation of Durham's history of violence which resulted in the altercation of 9/23/04 in which Inmate McCroy lost his left eye.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 82 and therefore must deny said allegations.**

83.    Inmate Durham originally received 90 days good time credit on 7/29/03. (Exhibit V)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 83 and therefore must deny said allegations.**

84.    Inmate Durham received 30 days revocation of good time credit on 3/29/04. (Exhibit V)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

41

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 84 and therefore must deny said allegations.**

85.    Inmate Durham received 30 days revocation of good time credit on 10/20/04. (Exhibit V)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 85 and therefore must deny said allegations.**

86.    Inmate Durham was discharged from Western Illinois Correctional Center on 11/24/04. (Exhibit W)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 86 and therefore must deny said allegations.**

## Medical Care

87.    On September 9, 1993, while in the custody of Illinois Department of Corrections, a note from the Optometry Clinic states that the plaintiff has keratoconus in both eyes. (Exhibit X)

**RESPONSE: Defendants admit the allegations of Paragraph 87.**

88.    Plaintiff had been given soft lenses to treat his keratoconus, on April 7, 1995, a prescription was written by J. Lang RN for Renu soft lens cleaner. (Exhibit Y)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 88 and therefore must deny said allegations.**

89.    On September 21, 1995, the plaintiff visited the Optometry Clinic at Stateville Correctional Center where the doctor stated that the plaintiff should be referred to an ophthalmologist to evaluate his corneas. (Exhibit Z)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

42

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 89 and therefore must deny said allegations.**

90.    On January 23, 1996, Plaintiff wrote a letter to a Dr. Elyea requesting, among other things, to see a specialist due to his left cornea deteriorating further.  (Exhibit AA)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 90 and therefore must deny said allegations.**

91.    On February 6, 1996, Plaintiff was given a prescription for hard contact lens solution for two months.  (Exhibit BB)

**RESPONSE: Defendants admit the allegations of Paragraph 91.**

92.    On February 16, 1996, Plaintiff was seen by ophthalmologist, James W. Bizzell, M.D., who found that plaintiff suffered from keratoconus and currently wore contacts as treatment. Dr. Bizzell noted that the plaintiff should be seen by him again within three (3) months. (Exhibit CC)

**RESPONSE: Defendants admit the allegations of Paragraph 92.**

93.    On February 23, 1996, a second prescription was written for Renu Multi-Purpose solution "for lens care x 6 mo."  (Exhibit DD)

**RESPONSE: Defendants admit the allegations of Paragraph 93.**

94.    In March of 1996, plaintiff was seen at the Stateville Correctional Center's Optometry Clinic for a recheck of his vision.  (Exhibit EE)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 94 and therefore must deny said allegations.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

43

05415-N3293
TMP/ej

95.    On July 29, 1996, Dr. James Bizzell stated that Plaintiff was not wearing his lenses as he had no cleaner, and Plaintiff should return in two (2) to three (3) weeks when he is wearing his lenses.  (Exhibit FF)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 95 and therefore must deny said allegations.**

96.    On July 29, 1996, a prescription was written after plaintiff's visit to Dr. Bizzell for hard contact lens cleaner for three (3) months.  (Exhibit GG)

**RESPONSE: Defendants admit the allegations of Paragraph 96.**

97.    On August 30, 1996, Dr. James W. Bizzell found the plaintiff needed contact lens cleaner and wrote a prescription for the appropriate lens cleaner for six (6) months.  (Exhibits HH and II)

**RESPONSE: Defendants admit the allegations of Paragraph 97.**

98.    On September 27, 1996, Dr. James W. Bizzell stated he had prescribed the appropriate contact lens cleaner on August 30, 1996 for six (6) months and that he should see the plaintiff again in three (3) months for a recheck.  (Exhibit JJ)

**RESPONSE: Defendants admit the allegations of Paragraph 98.**

99.    On October 8, 1996, in response to a grievance filed by the Plaintiff, Willard O. Elyea, M.D. stated that the plaintiff was receiving twelve (12) ounces of contact lens solution a month and that a bottle of that size should reasonably last plaintiff a year using only 1 cc a day. (Exhibit KK)

**RESPONSE: These Defendants have no knowledge as to whether Dr. Elyea was responding to a grievance or not.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

44

05415-N3293
TMP/ej

100.    On December 16, 1996, Plaintiff was transferred from Stateville Correctional Center to Dixon Correctional Center with the only mention of his disability being that as an assistive device/ prosthetic plaintiff has contact lenses. (Exhibit LL)

**RESPONSE: Defendants admit Plaintiff had no disability on January 6, 1997. Defendants admit Plaintiff was transferred from Stateville to Dixon. Defendants deny the remaining allegations set forth in Paragraph 100.**

101.    On January 6, 1997, Thomas K. Bialecke, O.D. stated that due to plaintiff's keratoconus he "has medical need for contact lenses and contact lens solutions" and wrote a new prescription for Boston II Contact lens care kit for twelve (12) months. (Exhibits MM and NN)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 101 and therefore must deny said allegations.**

102.    On February 3, 1997, a new contact lens was dispensed to the plaintiff by Dr. Bialecke. (Exhibit OO)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 102 and therefore must deny said allegations.**

103.    On April 14, 1997, plaintiff was seen by Dr. Bialecke regarding problems with his contacts and a new contact lens was ordered. (Exhibits PP and QQ)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 103 and therefore must deny said allegations.**

104.    On May 5, 1997, Plaintiff received glasses to wear with his contact. (Exhibit RR)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 104 and therefore must deny said allegations.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

105.    On June 16, 1997, Plaintiff went to the specialist to have his contact lens rechecked. (Exhibit SS)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 105 and therefore must deny said allegations.**

106.    On July 14, 1997, a new contact lens was dispensed to the plaintiff. (Exhibit TT)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 106 and therefore must deny said allegations.**

107.    On November 22, 1997, when Plaintiff was transferred from Dixon Correctional Center to Stateville Correctional Center a health status form stated that a physical disability/ limitation of the plaintiff's was decreased vision and that he wears contact. (Exhibit UU)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 107 and therefore must deny said allegations.**

108.    On May 21, 1998, Plaintiff was seen by Thomas K. Bialecke, O.D. who stated that the plaintiff's vision was stable and his contacts were comfortable. (Exhibit VV)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 108 and therefore must deny said allegations.**

109.    On July 23, 1998, Plaintiff was seen again by Thomas K. Bialecke, O.D. who stated that the plaintiff only wears his contacts twice a week but that his vision is stable and the plaintiff had no complaints. (Exhibit WW)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 109 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

46

05415-N3293
TMP/ej

110.    On July 23, 199, Dr. Bialecke renewed plaintiff's contact lens conditioner and cleaning kit prescription for two years. (Exhibit XX)

**RESPONSE: Defendants admit the allegations of Paragraph 110.**

111.    On March 6, 1999, when Plaintiff was transferred from Stateville Correctional Center to Hill Correctional Center on the health status form it was stated that he suffered from keratoconus which included a medical need for contact lenses. (Exhibit YY)

**RESPONSE: Defendants admit the allegations of Paragraph 111.**

112.    On June 28, 1999, plaintiff was seen by Dr. Kehoe to refit his left eye with a new lens. (Exhibit ZZ)

**RESPONSE: Defendants admit the allegations of Paragraph 112.**

113.    Sometime after July 8, 1999, plaintiff was fitted with his new contact lens for his right eye. (Exhibit AAA)

**RESPONSE: Defendants admit the allegations of Paragraph 113.**

114.    On July 5, 1999, Dr. Kehoe prescribed Boston Advanced Contact lens cleaner and conditioner for six (6) months. (Exhibit BBB)

**RESPONSE: Defendants admit the allegations of Paragraph 114.**

115.    On February 2, 2000, Dr. Kehoe renewed plaintiff's prescription for Boston Advanced Contact lens cleaner and conditioner for another six (6) months. (Exhibit CCC)

**RESPONSE: Defendants admit the allegations of Paragraph 115.**

116.    On September 27, 2000, Dr. Kehoe once again renewed plaintiff's prescription for Boston Advanced Contact lens cleaner and conditioner for another six (6) months. (Exhibit DDD)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: Defendants admit that Exhibit DDD appears to be a prescription order for a 6-month supply of Boston Advanced Conditioning/Cleaning solution. Defendants deny the remaining allegations of Paragraph 116.**

117.    On October 2, 2000, a Referral Request Form was filed by Dr. Choudy for plaintiff to see Dr. Kehoe as plaintiff had lost a contact lens and needed a new one. (Exhibit EEE)

**RESPONSE: Defendants admit that Exhibit EEE appears to be a Referral Request Form seeking a referral to Dr. Kehoe. Defendants have insufficient knowledge regarding the remaining allegations set forth in Paragraph 117 and therefore must deny said allegations.**

118.    On October 5, 2000, a new contact was ordered for the plaintiff by Dr. Kehoe. (Exhibit FFF)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 118 and therefore must deny said allegations.**

119.    On October 19, 2000, Dr. Kehoe wrote a prescription for the plaintiff for Boston Advance Contact lens cleaner and conditioner for one (1) year and this prescription could not be substituted. (Exhibit GGG)

**RESPONSE: Exhibit GGG appears to be a prescription order for the same solutions ordered on September 27, 2000. Defendants have insufficient knowledge regarding the remaining allegations of set forth in Paragraph 119 and therefore must deny said allegations.**

120.    In early March, 2001, another set of new contacts were ordered for plaintiff by Dr. Kehoe. (Exhibits HHH-1 and HHH-2)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 120 and therefore must deny said allegations.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

121.    On May 3, 2001, a prescription was written for the plaintiff for one box of contact solution.  (Exhibit III)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 121 and therefore must deny said allegations.**

122.    On July 22, 2001, Dr. Kehoe prescribed Boston Cleaner, Boston Conditioning Solution and Boston Enzyme for six (6) months with a note that each can be given individually and "should give new bottle only in exchange of nearly empty bottle." (Exhibit JJJ)

**RESPONSE: It appears that Exhibit JJJ is such an order. However; Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 122 and therefore must deny said allegations.**

123.    In early October, 2001, Dr. Kehoe ordered new contacts for the plaintiff (Exhibits KKK-1 and KKK-2)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 123 and therefore must deny said allegations.**

124.    On October 30, 2001, when plaintiff was transferred from Hill Correctional Center to Western Illinois Correctional Center, the health status form stated that the plaintiff suffered from Keratoconus and wore contacts twice a week.  (Exhibit LLL)

**RESPONSE: Defendants admit Exhibit LLL is a Health Status which contains the information "contacts worn 2x/week" and "keratoconus."  Defendants have insufficient knowledge regarding the remaining allegations of set forth in Paragraph 124 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

125.    Upon arrival at Western Illinois Correctional Center, plaintiff had all his contacts and supplies for them confiscated.  (Exhibit MMM)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations set forth in Paragraph 125 and therefore must deny said allegations.**

126.    On November 2, 2001, a memo from Deborah Fuqua, RN, CCHP, stated plaintiff was authorized to have one pair of contact lenses, one storage case, one bottle of cleaner and one bottle of soaking solution.  (Exhibit NNN)

**RESPONSE: It appears that Exhibit NNN contains the information set forth in Paragraph 126.**

127.    On November 4, 2001, Plaintiff complained because the lenses and supplies still had not been returned.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 127 and therefore must deny said allegations.**

128.    On November 7, 2001, and after, plaintiff requested to see an ophthalmologist to check his eyes.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 128 and therefore must deny said allegations.**

129.    On December 17, 2001, plaintiff sent a letter to Western Illinois Correctional Center Warden Schnepel and Defendant Nurse Fuqua regarding his contact solution and failure to be seen by an eye doctor.  (Exhibits OOO-1 and OOO-2)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 129 and therefore must deny said allegations.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

130.    On December 18, 2001, plaintiff was seen by Dr. David Anderson who ordered a complete care kit and recheck of the lenses when plaintiff was able to wear them. (Exhibit PPP)

**RESPONSE: Defendants admit the allegations of Paragraph 130.**

131.    On January 9, 2002, plaintiff's glasses prescription was received from Dixon Correctional Industries. (Exhibit QQQ)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 131 and therefore must deny said allegations.**

132.    On January 25, 2002, there was a shakedown of the plaintiff's cell where two bottles of solution were confiscated and returned to the health cart.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 132 and therefore must deny said allegations.**

133.    On January 27, 2002, plaintiff filed a grievance regarding the events of January 25, 2002. (Exhibits RRR-1, RRR-2, and RRR-3)

**RESPONSE: Defendants admit Exhibits RRR-1 and RRR-3 appear to be a "grievance." Defendants deny the accuracy of the allegations set forth therein.**

134.    On January 29, 2002, the plaintiff received new glasses. (Exhibit SSS)

**RESPONSE: Defendants admit the allegations of Paragraph 134.**

135.    On February 26, 2002, plaintiff was seen by Dr. Weller who found advanced keratoconus but no corneal ulcer and stated that a corneal transplant should be considered as plaintiff was unable to tolerate the contact in his left eye. (Exhibit TTT)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: Defendants admit Plaintiff was seen by Dr. Weller on February 26, 2002, who found Plaintiff to suffer from advanced keratoconus. Defendants deny the remaining allegations of Paragraph 135 in the context given.**

136.    On March 5, 2002, a Referral Request form was filled out by Dr. David Anderson for the plaintiff to see Dr. Kehoe for a refit of his contact lenses. Appointments were made and later cancelled for March 11, 2002; March 19, 2002; March 25, 2002; and April 1, 2002. (Exhibit UUU)

**RESPONSE: Defendants admit the allegations of Paragraph 136.**

137.    On March 11, 2002, plaintiff filed an Emergency Grievance regarding what he felt was improper treatment of his keratoconus and asked to see Dr. Kehoe. (Exhibits VVV-1 and VVV-2)

**RESPONSE: Defendants admit that Exhibits VVV-1 and VVV-2 appear to be grievances, but Defendants deny that said grievance was filed as it has no knowledge of same. Defendants deny the remaining allegations set forth in Paragraph 137.**

138.    Plaintiffs March 11, 2002 and March 19, 2002 appointments with Dr. Kehoe were cancelled by the Warden. (Exhibit UUU)

**RESPONSE: Defendants deny as they do not recall who cancelled the visits with Dr. Kehoe.**

139.    Plaintiff's March 25, 2002, appointment with Dr. Kehoe was cancelled due to weather. (Exhibit UUU)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 139 and therefore must deny said allegations.**

140.    Plaintiff's April 1, 2002, appointment with Dr. Kehoe was also cancelled. (Exhibit UUU)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

52

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 140 and therefore must deny said allegations.**

141.    On March 20, 2002, Plaintiff filed an Emergency Grievance in which he requests to see an ophthalmologist. (Exhibits WWW-1 and WWW-2)

**RESPONSE: Defendants deny that Exhibits WWW-1 and WWW-2 appears to be a grievance. Defendants have insufficient knowledge that the grievance was filed and therefore must deny said allegations.**

142.    On March 26, 2002, Brian Plottner (sic), O.D. mailed a contact lens to Western Illinois Correctional Center to have it fitted there. (Exhibits XXX-1 and XXX-2)

**RESPONSE: Defendants admit the allegations of Paragraph 142.**

143.    On April 2, 2002, Dr. David Anderson prescribed Boston Advance Contact Lens Cleaning and Conditioning Solutions for the period of one year. (Exhibit YYY)

**RESPONSE: Defendants admit that Exhibit YYY appears to be a prescription which appears to be written by Dr. Anderson. Defendants have insufficient knowledge regarding the remaining allegations of set forth in Paragraph 143 and therefore must deny said allegations.**

144.    On April 12, 2002, plaintiff was seen by Dr. Kehoe's associate, Dr. Brian Plottner (sic), who stated that he sent the plaintiff a lens but that it needed to be rechecked in two (2) to three (3) weeks and that the correctional center needed to keep contact lens cleaner on hand. (Exhibit ZZZ)

**EXHIBIT: Defendants admit that Exhibit ZZZ contains a consult from Dr. Plattner, but deny that Paragraph 144 accurately sets forth all notes from that date.**

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

145.    On April 16, 2002, Dr. David Anderson prescribed Boston enzyme cleaner per Dr. Plottner's (sic) order for a period of one year.  (Exhibit YYY)

**RESPONSE: Defendants admit the allegations of Paragraph 145.**

146.    On April 16, 2002, Dr. David Anderson put in a Referral Request Form for plaintiff to see Dr. Kehoe for a three week follow up.  (Exhibits AAAA and BBBB)

**RESPONSE: Defendants deny that this request states that Plaintiff is to see Dr. Kehoe. Defendants admit that Dr. Anderson requested Plaintiff be seen at Kehoe Eye Care.**

147.    On May 3, 2002, plaintiff's May 7, 2002, visit to see Dr. Plottner (sic) was cancelled by the warden.  (Exhibit BBBB)

**RESPONSE: Defendants admit that Exhibit BBBB suggests the visit of May 7, 2002 was cancelled by the Warden.  Defendants have insufficient knowledge regarding the remaining allegations of set forth in Paragraph 147 and therefore must deny said allegations.**

148.    On May 13, 2002, plaintiff saw Dr. Plottner (sic) for his three (3) week follow up where once again Dr. Plottner (sic) stated that a corneal transplant should be considered.  (Exhibit CCCC)

**RESPONSE: Defendants admit that Dr. Plattner saw Plaintiff on May 13, 2002 and that he noted that Plaintiff should discontinue contact lens wear of left eye and to consider corneal transplant of left eye at inmate's expenses.**

149.    On May 13, 2002, Dr. David Anderson prescribed artificial tears for a six (6) month period to resolve post contact lens wear problems.  (Exhibit DDDD)

**RESPONSE: Defendants admit the allegations set forth in Paragraph 149.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

150.    On May 14, 2002, Dr. David Anderson put in a request for a corneal transplant that was denied on May 16, 2002. (Exhibit EEEE)

**RESPONSE: Defendants admit Dr. Anderson completed portions of Exhibit EEEE. Defendants deny the remaining allegations set forth in Paragraph 150.**

151.    On May 20, 2002, a memo from Wexford was filed denying the transplant as not medically necessary at this time as well as indicating that "[t]he IDOC nor Wexford will pay for transplants. Suggest that patient talk with HCNA if he or his family is willing to take care of the cost of transplantation." (Exhibit FFFF)

**RESPONSE: Defendants admit that Exhibit FFFF shows that a request for a transplant was made.**

152.    On May 29, 2002, the written denial of May 20, 2002, was given to plaintiff.

**RESPONSE: Defendants admit that at the time the request was denied, neither the IDOC nor Wexford would pay for transplants. Defendants deny Exhibit FFFF references HCNA. Defendants admit that Exhibit FFFF states "suggest patient talk with HCNA if he or his family is willing to take care of cost of transplantation." Defendants deny the remaining allegations set forth in Paragraph 152.**

153.    On August 6, 2002, plaintiff filed a grievance in which he claimed that he was denied the ability to eat at his usual times, trips to the commissary and school. (Exhibit GGGG)

**RESPONSE: Defendants admit that Exhibit GGGG appears to be a grievance. Defendants deny the validity of the remaining allegations set forth in Paragraph 153.**

154.    On August 19, 2002, another Referral Request Form was filled out requesting a corneal transplant in the left eye and it was denied on August 21, 2002. (Exhibit HHHH)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: Defendants admit that another Referral Request Form was submitted to Wexford on August 19, 2003 requesting "corneal transplant for the left eye." Defendants admit this was not approved on August 21, 2002. Defendants deny the remaining allegations set forth in Paragraph 154.**

155.  On August 21, 2002, a memo from Wexford states that the transplant was not medically necessary at the time and that insufficient time was allowed for adapting to the contact. At that time it was ordered that patient be placed in the infirmary and time of wear for the contact be increased daily to maximum wear ensuring that the patient's eyes are moist.  (Exhibit IIII)

**RESPONSE: Defendants admit that Exhibit IIII is a form on Wexford letterhead which indicates the corneal transplant was non-approved at that time. Defendants deny the remaining allegations of Paragraph 155.**

156.  Also on August 21, 2002, an eye exam was ordered by Dr. Rowe of Wexford and attempted to be performed on the plaintiff.  (Exhibit JJJJ)

**RESPONSE: Defendants deny that Dr. Rowe ordered an eye exam. Defendants admit that Plaintiff refused eye examination on August 21, 2002. Defendants deny the remaining allegations of Paragraph 156.**

157.  On September 4, 2002, an appointment was made for plaintiff to see a Doctor at Jacksonville Ophthalmologic Assoc. on September 20, 2002.  (Exhibit KKKK)

**RESPONSE: Defendants admit the allegations of Paragraph 157.**

158.  In a memo from Wexford Employees, Lori/Lynn, on September 9, 2002, it was stated that the doctor at Jacksonville Ophthalmologic Associates would need to speak with Dr. Sims prior to the appointment for plaintiff.  (Exhibit LLLL)



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

56

05415-N3293
TMP/ej

**RESPONSE: Defendants deny the allegations of Paragraph 158.**

159.    On September 23, 2002, Dr. A. George Schultz III stated in a letter to Dr. Sims that after his exam of the plaintiff on September 20, 2002, the plaintiff would need a corneal transplant in his left eye. (Exhibits MMMM-1 and MMMM-2)

**RESPONSE: Defendants admit that Exhibits MMMM-1 and MMMM-2 are two pages of a letter to Dr. Sims. Defendants admit that Exhibit MMMM-2 contains the language "He will definitely need a left penetrating keratoplasty at sometime in the future . . ." Defendants deny the remaining allegations set forth in Paragraph 159.**

160.    On September 30, 2002, an appointment was made with Dr. Joseph Feder a corneal specialist on November 20, 2002 to get his opinion on the corneal transplant. (Exhibit NNNN)

**RESPONSE: Defendants admit that Exhibit NNNN is a referral request of September 30, 2002 for an appointment with Dr. Feder concerning need for keratoplasty. Defendants deny the remaining allegations set forth in Paragraph 160.**

161.    On November 20, 2002, plaintiff was seen by Dr. Joseph M. Feder who also suggested a corneal transplant in plaintiff's left eye. (Exhibit OOOO)

**RESPONSE: Defendants admit the allegations set forth in Paragraph 161.**

162.    On December 4, 2002, a Referral Request Form was completed for the corneal transplant that was then scheduled on January 6, 2003. (Exhibit PPPP)

**RESPONSE: Defendants admit that Exhibit PPPP is a Referral Request Form for keratoplasty of left eye to Dr. Feder. Defendants admit the referral to Dr. Feder for the keratoplasty was approved and scheduled at St. John's Hospital for January 6, 2003.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

57

05415-N3293
TMP/ej

163.    On December 10, 2002, the Pre-Certification Notification for plaintiff's corneal transplant, left was sent out to St. John's Hospital and Dr. Joseph Feder. (Exhibit QQQQ)

**RESPONSE: Defendants admit that Exhibit QQQQ is a Pre-Certification Notification for plaintiff's corneal transplant, left, sent out to St. John's Hospital and Dr. Joseph Feder.**

164.    On December 30, 2002, plaintiff was sent to St. John's Hospital in Springfield, Illinois, for his history and physical examination prior to his surgery. (Exhibit RRRR)

**RESPONSE: Defendants admit that Exhibit RRRR is a history and physical examination form provided to St. John's prior to Plaintiff's surgery. Defendants deny that Exhibit RRRR indicates Plaintiff was physically sent to St. John's on December 30, 2002.**

165.    On January 6, 2003, plaintiff's surgery was postponed due to hemorrhaging on plaintiff's left eye as his left retrobular hemorrhage was healing well. (Exhibit SSSS)

**RESPONSE: Defendants admit that Exhibit SSSS suggests Plaintiff suffered from suspended retro bulbar hemorrhage of his left eye and that surgery was cancelled. Defendants deny the remaining allegations set forth in Paragraph 165.**

166.    On January 7, 2003, plaintiff was seen by Dr. Feder who stated that plaintiff's surgery could be rescheduled asap. (Exhibit TTTT)

**RESPONSE: Defendants admit the allegations of Paragraph 166.**

167.    Plaintiff's corneal transplant on his left eye was rescheduled for February 3, 2003. (Exhibit UUUU)

**RESPONSE: Defendants admit the allegations of Paragraph 167.**

168.    On January 8, 2003, plaintiff was admitted to the infirmary. (Exhibit VVVV)

**RESPONSE: Defendants admit the allegations of Paragraph 168.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

169.    On January 13, 2003, plaintiff was discharged from the infirmary. (Exhibit WWWW)

**RESPONSE: Defendants admit the allegations of Paragraph 169.**

170.    On February 3, 2003, plaintiff was admitted to the infirmary after his surgery. (Exhibit XXXX)

**RESPONSE: Defendants admit the allegations of Paragraph 170.**

171.    On February 3, 2003, plaintiff underwent a corneal transplant on his left eye. (Exhibit YYYY-1, YYYY-2 and YYYY-3)

**RESPONSE: Defendants admit the allegations of Paragraph 171.**

172.    Dr. Feder wrote a prescription for two pairs of sunglasses for the plaintiff on February 3, 2003 as well. (Exhibit ZZZZ)

**RESPONSE: Defendants admit the allegations of Paragraph 172.**

173.    On February 4, 2003, plaintiff was seen for a follow up by Dr. Feder at which time the left corneal transplant looked great. (Exhibit a)

**RESPONSE: Defendants admit Exhibit a contains the words "looks great." Defendants deny that was the only finding made by Dr. Feder concerning the condition of the corneal transplant.**

174.    On February 6, 2003, plaintiff was seen again by Dr. Feder to check his left eye where he stated that plaintiff should be wearing a eye shield over his left eye for at least three weeks and that plaintiff should have sunglasses. (Exhibit b)

**RESPONSE: Defendants admit an eye shield was recommended by Dr. Feder on February 16, 2003. Defendants deny the remaining allegations set forth in Paragraph 174.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

175.    On February 11, 2003, plaintiff was seen by Dr. David Anderson who checked plaintiff's pressure in his eye and indicated that it was normal and the (sic) referred plaintiff to Dr. Feder for further follow-up. (Exhibit c)

**RESPONSE: Defendants admit that Plaintiff was seen by Dr. Anderson on February 11, 2003 and that he checked Plaintiff's eye pressure in the right eye. Defendants admit that Exhibit c reflects Dr. Anderson documented IOP of 13 mm H9. Defendants deny the remaining allegations of Paragraph 175.**

176.    On March 6, 2003, plaintiff was again seen by Dr. Feder who stated that plaintiff should be seen weekly at the institution and that he could be fitted for new contact lenses in both eyes. (Exhibit d)

**RESPONSE: Defendants admit Plaintiff was seen on March 6, 2003 by Dr. Feder. Defendants admit that Exhibit d contains a recommendation from Dr. Feder for weekly optometry appointments at the facility and that Plaintiff may be fitted for rigid contact lens right and left eyes.**

177.    On March 17, 2003, plaintiff was allowed one pair of sunglasses for medical reasons, this permission was indefinite. (Exhibit e)

**RESPONSE: Defendants admit Exhibit e reflects Plaintiff was allowed a pair of sunglasses for an indefinite period of time. Defendants deny the remaining allegations set forth in Paragraph 177.**

178.    On March 18, 2003, plaintiff was seen by Dr. David Anderson who measured his pressure and indicated it was within the normal range.

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, Il. 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: Defendants admit Plaintiff was seen by Dr. Anderson on March 18, 2003 and that he noted Plaintiff's pressure in his left eye was 19 mm H9. Defendants deny the remaining allegations set forth in Paragraph 178.**

179.    On April 8, 2003, plaintiff was again seen by Dr. Feder where he states that plaintiff may be fitted for contact lenses.  (Exhibit f)

**RESPONSE: Defendants admit that Exhibit f reflects that Plaintiff was seen by Dr. Feder. Defendants admit that Exhibit f reflects "advise fitting for gas permeable contact lenses." Defendants deny the remaining allegations set forth in Paragraph 179.**

180.    On April 16, 2003, a Referral Request Form was filled out indicating that plaintiff needs to be fitted for contact lenses, which was denied on the same day.  (Exhibit g)

**RESPONSE: Defendants admit that Exhibit g is a Referral Request Form seeking approval for fitting for gas perm contact lenses. Defendants deny the remaining allegations set forth in Paragraph 180 as Exhibit g specifically indicates this was approved on April 17, 2003.**

181.    On May 9, 2003, plaintiff was seen by Dr. Feder where he states that the corneal transplant looks great and that plaintiff can be fitted for contact lenses.  (Exhibit h)

**RESPONSE: Defendants admit that Plaintiff was seen by Dr. Feder on May 9, 2003.  Dr. Feder's notes include, "OK to Tr RGPCL" (rigid gas permeable contact lens).**

182.    An appointment made for plaintiff on June 3, 2003, was canceled and rescheduled for June 24, 2003 for unknown reasons.  (Exhibit I)

**RESPONSE: Defendants admit that an appointment was made for June 24, 2003. Defendants deny the remaining allegations set forth in Paragraph 182.**



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

61

05415-N3293
TMP/ej

183.    On June 24, 2003, Plaintiff was seen at Prairie Eye Center to fit contact lenses but they were unable to do so.  (Exhibit j)

**RESPONSE: Defendants admit that Plaintiff was seen on June 24, 2003 at Prairie Eye Center to fit contact lenses.  Defendants admit the physicians were unable to fit the contact lenses. Defendants deny that Exhibit j contains this specific language.**

184.    On July 28, 2003, another appointment was made for plaintiff to be seen for contact lens placement and fitting.  (Exhibit k)

**RESPONSE: Defendants admit the allegations of Paragraph 184.**

185.    On August 29, 2003, plaintiff after being seen for sensations in his left eye and blurry vision in his right eye received numerous prescriptions from Dr. William G. Zeh.  (Exhibits l-1 and l-2)

**RESPONSE: Defendants deny Exhibits l-1 and l-2 reflect Plaintiff was seen for sensations in his left eye and blurry vision in his right eye.  Defendants admit Dr. Zeh recommended more than one prescription on that date.  Defendants deny the remaining allegations set forth in Paragraph 185.**

186.    On October 21, 2003, in a medical note indicates there was a discussion regarding the discharge of the Plaintiff from the infirmary to general population but the inmate indicates he is legally blind wanting three hours per day and is not comfortable being transferred to general population.  (Exhibit m)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 186 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

62

05415-N3293
TMP/ej

187.   On October 21, 2003, a Referral Request was filled out for plaintiff with the note "can he be transferred to general population." (Exhibit n)

**RESPONSE: Defendants admit that the request form completed on October 21, 2003 with note "can he be transferred to general jail population with his restricted vision."**

188.   On October 29, 2003, plaintiff was to go and see Dr. Zeh but plaintiff refused and started a hunger strike. (Exhibits o-1 and o-2)

**RESPONSE: Defendants admit the allegations set forth in Paragraph 188.**

189.   On November 6, 2003, plaintiff was seen by Dr. Zeh where he was told no rubbing his eye, no bending and no lifting over seven (7) to ten (10) pounds. (Exhibits p-1 and p-2)

**RESPONSE: Defendants deny that the notation indicates no lifting over seven to pounds. The notation indicates "no lifting ≥10 pounds", which means greater than ten pounds.**

190.   On or about November 6, 2003, Dr. Zeh, one of Plaintiff's treating ophomologists (sic) from Springfield, prescribed Plaintiff: "Maxitrol OS OID x 3 days and then stop."

**RESPONSE: Defendants deny the allegations set forth in Paragraph 190.**

191.   On November 21, 2003, plaintiff was admitted to or discharged from the infirmary by D. Drennen, P.N. but he was left unassigned. (Exhibit q)

**RESPONSE: Defendants deny the allegations set forth in Paragraph 191.**

192.   On November 29, 2003, Dr. Leonard gave plaintiff a medically unassigned status for the period of a year to be re-evaluated in January 2004 as well as restrictions of no weight lifting and sports. (Exhibits r-1 and r-2)



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: Defendants admit that Plaintiff was to remain medically unassigned and that he should be restricted from weightlifting and sports. Defendants deny the remaining allegations set forth in Paragraph 192.**

193.    On December 23, 2003, plaintiff was seen at Prairie Eye Center for a follow up visit where it was stated that plaintiff should no longer be receiving maxitrol. (Exhibit s)

**RESPONSE: Defendants admit the allegations of Paragraph 193.**

194.    Plaintiff was given Maxitrol daily until December 23, 2003.

**RESPONSE: Defendants admit that Plaintiff was given Maxitrol on a daily basis at various times.**

195.    On January 8, 2004, plaintiff saw Dr. John S. Kim who concluded that plaintiff had steroid induced glaucoma. (Exhibit t)

**RESPONSE: Defendants admit that the report of the consultation of January 8, 2004 lists "steroid induced glaucoma OS" in the assessment portion of the report of consultation among other findings. Defendants deny that this was the first time Plaintiff was assessed with this condition.**

196.    On February 24, 2004, plaintiff was seen by Dr. Zeh who states that he should see him back for lens fittings. (Exhibit u)

**RESPONSE: Defendants admit Plaintiff was seen by Dr. Zeh, who listed as part of Plaintiff's plan, "(5) return for fitting of RGP contact lens OS." Defendants deny the remaining allegations set forth in Paragraph 196.**

197.    On May 21, 2004, plaintiff again sees Dr. Zeh who again states that he needs a contact lens fitting. (Exhibit v)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

64

05415-N3293
TMP/ej

**RESPONSE: Defendants admit that Exhibit v references "needs contact fitting." Defendants deny the remaining allegations of Paragraph 197.**

198.    On June 18, 2004, plaintiff was seen by Dr. Steahly who stated that plaintiff needs to be seen by Dr. Lee or Dr. Lohse as Dr. Zeh is now leaving the area. (Exhibit w)

**RESPONSE: Defendants admit that Exhibit w is a letter from Dr. Steahly which recommends Dr. Lee or Dr. Lohse. Defendants deny the remaining allegations set forth in Paragraph 198.**

199.    On August 9, 2004, plaintiff was seen by Dr. James Lee for an evaluation. (Exhibit x)

**RESPONSE: Defendants admit the allegations of Paragraph 199.**

200.    On September 24, 2004, plaintiff was involved in an altercation and was punched in his left eye.

**RESPONSE: Defendants deny the date was September 24, 2004. Defendants admit Plaintiff was involved in an altercation in September of 2004.**

201.    On September 27, 2004, a letter was received from Stuart R. Farris, M.D. in which plaintiff is given a bad prognosis. (Exhibit y)

**RESPONSE: Defendants admit Stuart Farris' letter of September 27, 2004, Exhibit y, suggests Plaintiff's condition carried a "very poor prognosis" as of that date.**

202.    Due to keratoconus and a subsequent injury plaintiff does not have his left eye and he has only 20/400 vision in his right eye.

**RESPONSE: Defendants deny that Plaintiff lost his eye due to keratoconus. Defendants admit that Plaintiff does not have his left eye due to an injury he sustained in September of 2004.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**Defendants have insufficient knowledge regarding the current visual acuity in Plaintiff's right**

**eye and therefore deny said allegations.**

203.    Due to plaintiff's eye condition, he is disabled within the meaning of both the American's With Disabilities Act and the Rehabilitation Act.

**RESPONSE: Defendants deny the allegations of Paragraph 203.**

204.    On November 21, 2003, a call was placed to Dr. Zeh by a J. Blaesing to ask about transferring plaintiff from the infirmary to the general population.  Dr. Zeh ordered "that offender can be placed in Seg. (single-cell)."  (Exhibit z)

**RESPONSE:  Defendants admit a call was placed to Dr. Zeh by Defendant Blaesing. Defendants admit that the offender could be placed in segregation (single cell).  Defendants deny the remaining allegations set forth in Paragraph 204.**

205.    After the order from Dr. Zeh, J. Blaesing discussed the case with R. Mills who agreed to discharge plaintiff from the infirmary to segregation.  (Exhibit z)

**RESPONSE: Defendants admit the allegations of Paragraph 205.**

206.    An infirmary discharge note was completed by R. Mills on November 21, 2003. (Exhibit aa)

**RESPONSE: Defendants admit the allegations of Paragraph 206.**

207.    On the infirmary discharge note, two notes were placed "needs placement to protect eye from injury.  Avoid general population" and "avoid yard and activity with others so as to protect Kerotoplasty site."  (Exhibit aa)

**RESPONSE:  Defendants admit the discharge note identified as Exhibit a contains the language "avoid yard or activity with others so as to protect keratoplasty site" under the**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**"Patient Education" portion of the note.  Defendants deny the remaining allegations set forth in Paragraph 207.**

208.    Another note on the infirmary discharge note states "follow-up as needed from single cell in segregation."  (Exhibit aa)

**RESPONSE: Defendants admit the allegations of Paragraph 208.**

209.    On November 6, 2003 Dr. Zeh wrote a prescription to the plaintiff for Maxitrol for three days and then discontinue use.  (Exhibit bb)

**RESPONSE: Defendants admit the allegations of Paragraph 209.**

210.    On December 9, 2003, Dr. Lochard rubber stamped a continuing Maxitrol prescription for the plaintiff.  (Exhibit cc)

**RESPONSE: Defendants deny the allegations of Paragraph 210.**

211.    On December 23, 2003, Plaintiff was seen by Dr. Zeh who stated that his pressure was elevated possibly because he had received Maxitrol for too long a period.

**RESPONSE: Defendants deny the allegations of Paragraph 211.**

212.    On January 8, 2004, Plaintiff was seen by Dr. Kim who stated that Plaintiff was suffering from steroid induced glaucoma.

**RESPONSE: Defendants admit the allegations of Paragraph 212.**

213.    On February 24, 2004, Plaintiff was seen by Dr. Zeh with a request to provide a clear care plan from WICC and/or Wexford who were hoping to minimize transportation needs.

**RESPONSE: Defendants admit Plaintiff was seen on February 24, 2004 by Dr. Zeh. Defendants admit a care plan was requested per the medical records.  Defendants deny the remaining allegations set forth in Paragraph 213.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

214.    On June 8, 2004, Plaintiff was seen by Dr. Anderson who restricted Plaintiff's weight lifting to five pounds and indicated he could play no contact sports.

**RESPONSE: Defendants admit Dr. Anderson recommended that Plaintiff restrict lifting to five pounds and not to participate in contact sports. Defendants deny the remaining allegations set forth in Paragraph 214.**

215.    On August 9, 2004, Plaintiff was seen by Dr. Lee who instructed that Plaintiff was to get contact lenses fitted.

**RESPONSE: Defendants deny the allegations of Paragraph 215.**

216.    On September 23, 2004, Plaintiff was in an altercation with cell mate.

**RESPONSE: Defendants admit the allegations of Paragraph 216.**

217.    On October 11, 2004, in Plaintiff's Surgical Report it is stated that Plaintiff's eye had to be "eviscerated." (Exhibits dd-1 and dd-2)

**RESPONSE: Defendants admit the allegations of Paragraph 217.**

218.    On December 8, 2004, Plaintiff was seen by Dr. Kass who stated that a contact fitting for the right eye was needed as well as a prosthesis for the left eye. (Exhibit ee)

**RESPONSE: Defendants admit Dr. Kass recommended contact fitting for right eye and prosthesis for the left. Defendants deny the remaining allegations set forth in Paragraph 218.**

219.    On December 16, 2004, a Disciplinary Report was filed regarding an insufficient urine sample for a drug test. (Exhibits ff and gg)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 219 and therefore must deny said allegations.**

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

220.    On December 17, 2004, the Disciplinary Report mentioned the urine incident and stated that the medical records indicated a single cell; it was later changed to recommend a double cell. (Exhibit hh)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 220 and therefore must deny said allegations.**

221.    On December 29, 2004, the Final Summary of the Disciplinary Report recommended a transfer.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 221 and therefore must deny said allegations.**

222.    On January 5, 2005, Plaintiff's Good Conduct Credits/Revocation on the urine specimen was reduced by 3 months.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 222 and therefore must deny said allegations.**

223.    On January 13, 2005, Plaintiff was transferred to Menard Correctional Center from Western Illinois Correctional Center.

**RESPONSE: Defendants admit the allegations of Paragraph 223.**

224.    On February 1, 2005, it was recommended that Plaintiff have a double cell on his Segregation Form. (Exhibit ii)

**RESPONSE: Defendants deny the allegations of Paragraph 224.**



225.    On April 15, 2005, at Plaintiff's Grievance Hearing, Plaintiff was found guilty, given 6 months segregation, 6 months "C" grade, 6 months revocation of good conduct credits, loss of contact visits for 6 months, and a transfer. (Exhibit jj)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 225 and therefore must deny said allegations.**

226.    On September 6, 2005, Plaintiff was given a low bunk assignment indefinitely. (Exhibit kk)

**RESPONSE: Defendants admit that Exhibit kk appears to give Plaintiff a low bunk, low gallery permit indefinitely.  Defendants deny they have any knowledge regarding the basis for ths permit.**

227.    On September 8, 2005, two memos were written in response to Plaintiff's grievances on removal of his safety glasses in which both indicated his glasses were returned to him.  (Exhibits ll and mm)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 227 and therefore must deny said allegations.**

228.    On January 6, 2006, Plaintiff was given a prescription for an ADA cell for a year by Dr. Feinerman.  (Exhibit nn)

**RESPONSE: Defendants admit that Exhibit nn appears to suggest this is accurate.  Defendants have no specific knowledge regarding this.**

229.    On January 30, 2006, Plaintiff received a letter regarding Flagg's response to Plaintiff's grievance.  (Exhibit oo)

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 229 and therefore must deny said allegations.**

230.    On March 21, 2006, Christine Brown wrote a memo in response to Plaintiff's grievance regarding an ADA cell.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 230 and therefore must deny said allegations.**

231.    On March 6, 1999, Plaintiff was transferred from Dixon Correctional Center to Hill Correctional Center. The IDOC concluded he needed a low bunk and needed to use a cane.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 231 and therefore must deny said allegations.**

232.    On July 9, 2001, Plaintiff was given a permanent low bunk assignment.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 232 and therefore must deny said allegations.**

233.    The records herein attached to these requests to admit were made in the regular course of the business.

**RESPONSE: Defendants admit that the records were maintained in the regular course of some entity's business. Defendants deny the remaining allegations set forth in Paragraph 233.**

234.    The entries in the records attached to these requests to admit were made by an employee or representative of Illinois Department of Corrections or Wexford Health Systems, a contractor of the Illinois Department of Corrections, who had personal knowledge of the act, event, or condition that is being recorded in the record.

**RESPONSE: Defendants deny this is true for all records.**

235.    The records attached to these requests were made at or near the time that the recorded act, event, or condition occurred or reasonably soon thereafter.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set forth in Paragraph 235 and therefore must deny said allegations.**



HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

71

05415-N3293
TMP/ej

236.    The records attached to these requests were kept in a consistent manner, according

to a set procedure.

**RESPONSE: These Defendants have insufficient knowledge regarding the allegations of set**

**forth in Paragraph 236 and therefore must deny said allegations.**

                                        WEXFORD HEALTH SOURCES, INC.;
                                        CLEVELAND RAYFORD, M.D.; HUGHES
                                        LOCHARD, M.D.; LOWELL BROWN,
                                        M.D.; STANLEY SIMS, M.D.; RHONDA
                                        MILLS; and NURSE C. SHAW, Defendants

                    BY:    *Theresa Powell*
                                        HEYL, ROYSTER, VOELKER & ALLEN
                                              Theresa M. Powell

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

## PROOF OF SERVICE

THE UNDERSIGNED certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing same in an envelope with postage prepaid, and by depositing said envelope in a United States Post Office mail box in Springfield, Illinois, on March 2, 2007, addressed to such attorneys at their business address as disclosed by the pleadings of record herein.

BY: _Theresa Powell_

HEYL, ROYSTER, VOELKER & ALLEN
Theresa M. Powell

Copies to:

Mr. Thomas F. Londrigan
Ms. Alexandra de Saint Phalle
Mr. Douglas J. Quivey
Ms. Carissa A. Haning
Londrigan, Potter & Randle, P.C.
1227 South Seventh Street
Springfield, IL  62703

Mr. Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
236 N. Waters Street, Suite 400
P. O. Box 560
Decatur, IL 62525

Ms. Kelly Choate
Ms. Julie L. Morgan
Illinois Attorney General's Office
500 South Second Street
Springfield, IL  62706

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822