IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY, )
)
      Plaintiff, )
)
v. ) 02-cv-3171
)
THE ILLINOIS DEPARTMENT OF )
CORRECTIONS, ROGER E. )
WALKER, JR., (in his official )
capacity only), DENNIS HOCKADAY, )
KEVIN WINTERS, SANDRA FUNK, )
DEBORAH FUQUA, LIEUTENANT BRYON )
LAW, KENNETH KELLERMAN, JULIUS )
FLAGG, all in their official and )
individual capacities, WEXFORD )
HEALTH SOURCES, Inc., )
Dr. LOWELL BROWN, MD., )
Dr. HUGHES LOCHARD, MD., and )
RHONDA MILLS, )
)
      Defendants. )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE
THE ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION DIRECTED
TO WEXFORD HEALTH SOURCES INC.; CLEVELAND RAYFORD, M.D.;
HUGHES LOCHARD 'M.D.; LOWELL BROWN, M.D.; STANLEY SIMS, M.D.;
RHONDA MILLS; AND NURSE C. SHAW**

Plaintiff, AARON MCCROY, by and through his attorney, LONDRIGAN POTTER & RANDLE, moves pursuant to Fed. R. Civ. P. 36(a) to Determine the Answers to Plaintiff's Requests for Admission Directed to Defendants Wexford Health Sources Inc.; Cleveland Rayford, M.D.; Hughes Lochard 'M.D.; Lowell Brown, M.D.; Stanley Sims, M.D.; Rhonda Mills; and Nurse C. Shaw, and in support states as follows:

### I. BACKGROUND

On January 31, 2007, Plaintiff served upon all defendants Requests for Admissions that included two hundred thirty six (236) requests to admit facts,

1

genuineness of documents and contents of documents to narrow issues for trial. (Attached as Exhibit "A.") On March 5, 2007, Plaintiff received the Response to Request for Admissions from Defendants Wexford Health Sources Inc.; Cleveland Rayford, M.D.; Hughes Lochard 'M.D.; Lowell Brown, M.D.; Stanley Sims, M.D.; Rhonda Mills; and Nurse C. Shaw (hereinafter collectively known as "Wexford Defendants"). (Attached as Exhibit "B.").

## A. INITIAL IMPROPER STATEMENT

In the Wexford Defendants Response to Request for Admissions there is a general statement regarding the whole document prior to any answers:

> For those requests which the undersigned Defendants have admitted, Defendants are indicating that the records referenced have been kept in the ordinary course of business by the Illinois Department of Corrections to his or her knowledge. Defendants specifically deny that any record was specifically maintained on behalf of Roger Walker, Jr. Defendants are not admitting that the records are unconditionally relevant, that each or any Defendant is familiar with the content of each and every record, that Plaintiff has laid a proper foundation as to each record as to any Defendant. Defendants are also not admitting with this response that any record is and would be unconditionally admissible at trial. As to each Defendant, certain records may constitute hearsay and may be irrelevant. With respect to any records generated by Mr. McCroy, those records constitute hearsay, consist of prior consistent statements and may be irrelevant as to certain Defendants. Certain documents may also not be admissible to the extent they constitute unauthentic copies of an original document.

As a portion of this statement, the Wexford Defendants indicate that they believe certain documents to constitute hearsay, Rule 36 authorizes requests seeking an admission of fact or the application of law to fact, even if the response may be based on hearsay. *Booth Oil Site Administrative Group v. Safety-Kleen Corporation,* 194 F.R.D. 76 (W.D.N.Y. 2000).

It is permissible to request that a party admit or deny a Rule 36 request as to the accuracy of quoted textual material from a particular document relevant to the case.

2

*Booth Oil*, 194 F.R.D. at 80. "If a statement of a party's understanding of the meaning of the document is at issue in the case, and where the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement of fact, and is authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80 (citing *Diederich*, 132 F.R.D. at 617 ("A request for admission as to the **meaning of a document** or government regulation is simply a request for defendant's admission of having understood the rule, during the period at issue, in a manner concurring with the meaning set forth by plaintiff. This may be simply admitted or denied by defendant.") (emphasis added)). When a request for admission paraphrases a document, the request should be admitted if the paraphrase is accurate and denied if it is not. *Miller v. Holzmann*, --- F.R.D. ----, 2006 WL 3082359 (D.D.C., 2006). For these reasons Plaintiff requests that the Wexford Defendants comments at the beginning of the their Response to Request for Admission be stricken.

If the Wexford Defendants are attempting to treat this paragraph as an overarching objection to all of the requests for admission, then Plaintiff states that general objections without any reference to a specific request to admit are meritless. *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73 (N.D.N.Y. 2003); *Diederich*, 132 F.R.D. at 616. Once again leaving the Plaintiff no choice but to request that the paragraph be stricken from the responses.

**B.    RESPONSES TO REUESTS NUMBERED 1 to 77, 73 to 78, 80 to 86, 88, 89, 94, 95, 101 to 109, 118 to 125, 127 to 129, 131, 132, 139 to 141, 143, 147, 186, 202, 219 to 222, 225, 227, 229 to 232, 235 and 236**

In the case at hand the Plaintiff served Requests for Admission upon all defendants to assist in narrowing or eliminating some of the issues as the rules allow. *Booth Oil Site Administrative Group v. Safety-Kleen Corporation*, 194 F.R.D. 76 (W.D.N.Y., 2000); *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1982); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250 (C.D.C.A. 2006); See also *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y.1989) Many of the requests for admission were supported by documents. As responses to over half of the requests the Wexford Defendants responded with the ambiguous response of "[t]hese Defendants have insufficient knowledge regarding the allegations set forth in Paragraph (request number) and therefore must deny said allegations." Plaintiff cannot tell if this response is a denial or a response citing insufficient knowledge.

There are three permissible responses to a request for admission: an admission, a denial or a statement of insufficient information to admit or deny the matter stated in the request. *Fed.R.Civ.P. 36(a); Booth Oil Site Administrative Group v. Safety-Kleen Corporation*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000); *Henry v. Champlain Enterprises, Inc.* 212 F.R.D. 73 (N.D.N.Y. 2003). The Wexford Defendant's responses in full or in part to over half of the requests fall into none of these categories. It would appear that the Wexford Defendants are attempting to make a fourth category that combines two of the acceptable categories under the rule.

If the Plaintiff reads the responses as denials there are problems. A denial must be forthright, specific and unconditional. *Booth Oil*, 194 F.R.D. at 79. Should these responses be read as denials, they are none of these things. The court in *Dulansky* stated that when a denial is qualified by a statement that the responding party does not have

knowledge or information upon which to form a belief, such a response is a nullity as the legal effect is to admit the facts contained in the request. *Dulansky v. Iowa-Illinois Gas & Elec. Co.*, 92 F.Supp. 118 (S.D.I.A. 1950). Other courts have stated that a refusal to admit without detailed reasons why the refusal cannot be admitted or denied is the equivalent of an admission. *Booth Oil*, 194 F.R.D. at 80; *Fuhr v. Newfoundland-St. Lawrence Shipping, Ltd.*, 24 F.R.D. 9, 13 (S.D.N.Y.1959). Both of these holdings apply to the responses in this case, these responses are qualified exactly as the *Dulansky* court held as well as contain no specific reasons why any of the requests cannot be admitted or denied.

If the Plaintiff reads the responses as insufficient knowledge responses, the responses are still incomplete. In the situation where a party has responded with an insufficient knowledge response, the response must also include that he or she has made "reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." **Fed.R.Civ.P. 36(a)**; *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245-1246 (9th Cir.1981); **U.S. ex rel. Englund v. Los Angeles County**, 235 F.R.D. 675, 684 (E.D.C.A. 2006). No where in the responses received by Plaintiff is it stated that a reasonable inquiry had been made by anyone for any of the responses that included a statement of insufficient knowledge.

Moreover, a responding party's simple statement that he or she has made a "reasonable" inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission. *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D.C.A. 2006). The fact that the party has not made a reasonable inquiry may be asserted as a basis for

5

challenging the response. *Id.*; *Asea, Inc.*, 669 F.2d at 1245 (court may order matters admitted where information known or readily obtainable was sufficient to enable responding party to admit or deny.) A response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250 (C.D.C.A. 2006). In this case, the Wexford Defendants not only did not conduct a reasonable inquiry there was no response in that manner anywhere in the Response to Requests for Admissions.

No matter which response is used to look at the Wexford Defendants' Responses to Requests for Admission for requests numbered 1 to 77, 73 to 78, 80 to 86, 88, 89, 94, 95, 101 to 109, 118 to 125, 127 to 129, 131, 132, 139 to 141, 143, 147, 186, 202, 219 to 222, 225, 227, 229 to 232, 235 and 236 those requests should be deemed admitted as they were not answered correctly.

### C. RESPONSES TO REQUESTS NUMBERED 99 and 126

The response given to request numbered 99 by the Wexford Defendants is "[t]hese Defendants have no knowledge as to whether Dr. Elyea was responding to a grievance on not." The response to Request number 126 given by the Wexford Defendants states "It appears that Exhibit NNN contains the information set forth in Paragraph 126."These responses are non-responsive. Plaintiff would reiterate that there are three permissible responses to a request for admission: an admission, a denial or a statement of insufficient information to admit or deny the matter stated in the request. *Fed.R.Civ.P. 36(a); Booth Oil Site Administrative Group v. Safety-Kleen Corporation*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000); *Henry v. Champlain Enterprises, Inc.* 212 F.R.D.

6

73 (N.D.N.Y. 2003). This response is none of the above but comes the closest to a statement of insufficient information.

Plaintiff once again states that in the situation where a party has responded with an insufficient knowledge response, the response must also include that he or she has made "reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Fed.R.Civ.P. 36(a)*; *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245-1246 (9th Cir.1981); **U.S. ex rel. Englund v. Los Angeles County,** 235 F.R.D. 675, 684 (E.D.C.A. 2006). This part of the response is not there and no evidence that a reasonable inquiry was made has been provided.

Moreover, a responding party's simple statement that he or she has made a "reasonable" inquiry and is unable to admit or deny the request because insufficient information is available may not suffice as an answer to the request for admission. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 685 (E.D.C.A. 2006). The fact that the party has not made a reasonable inquiry may be asserted as a basis for challenging the response. *Id.*; *Asea, Inc.*, 669 F.2d at 1245 (court may order matters admitted where information known or readily obtainable was sufficient to enable responding party to admit or deny.) A response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250 (C.D.C.A. 2006). Once again, the Wexford Defendants not only did not conduct a reasonable inquiry there was no response in that manner anywhere in the Response to Requests for Admissions.

Due to the unresponsive answers on the part of the Wexford Defendants' Responses to Requests for Admission for requests numbered 99 and 126 those requests should be deemed admitted as they were not answered correctly.

WHEREFORE, Plaintiff prays that the Court enter an Order indicating that Requests Numbered 1 to 77, 73 to 78, 80 to 86, 88, 89, 94, 95, 101 to 109, 118 to 125, 127 to 129, 131, 132, 139 to 141, 143, 147, 186, 202, 219 to 222, 225, 227, 229 to 232, 235 and 236 as well as 99 and 126 are deemed admitted and that the paragraph at the beginning of the Response to Requests for Admission is stricken.

AARON McCROY, Plaintiff,

By: /s/ Carissa A. Haning
Carissa A. Haning Bar Number: 627923
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O. Box 399
Springfield, Illinois 62705
Tel: (217) 544-9823 Fax: (217) 544-9826
E-Mail: carissa@lprpc.com

Certificate of Service

The hereby certify that on March 30, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy, Reg. #N51882
P.O. Box 999
Pinckneyville, IL 62274

By: /s/Carissa A. Haning

Carissa A. Haning
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
carissa@lprpc.com