05415-N3293
TMP/ej/jly

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02-3171 |
| | ) |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| ROGER E. WALKER, JR. (in his official capacity only), | ) |
| DENNIS HOCKADAY, KEVIN WINTERS, SANDRA | ) |
| FUNK, DEBRAH FUQUA, LIEUTENANT BYRON | ) |
| LAW, KENNETH KELLERMAN, JULIUS FLAGG, | ) |
| (all in their official and individual capacities), WEXFORD | ) |
| HEALTH SOURCES, INC., DR. LOWELL BROWN, | ) |
| M.D., DR. HUGHES LOCHARD, M.D., and | ) |
| RHONDA MILLS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT WEXFORD'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by its attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for its Motion for Summary Judgment, states:

**I.  INTRODUCTION**

Plaintiff has filed a Third Amended Complaint alleging that Defendant Wexford retaliated against him under the ADA and Rehabilitation Act. Plaintiff also alleges that Defendant Wexford violated the ADA and Rehabilitation Acts in specified ways. Defendant Wexford denies that these acts are applicable to it and further denies that it violated those acts as alleged in Counts II and V.

The affidavits of Wexford representatives refute the bases of Plaintiff's claims under these Federal statutes.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej/jly

## II. MATERIAL FACTS CLAIMED TO BE UNDISPUTED

1.   Plaintiff was incarcerated at all relevant times relating to this Complaint and at the time he filed his initial lawsuit. (See Plaintiff's Third Amended Complaint, Par. 2.)

2.   Thomas G. Lundquist, M.D. is currently the Vice President and Chief Medical Officer of Wexford Health Sources, Inc. (Exhibit A.)

3.   Joe Ebbitt is currently the Risk Management Manager of Wexford Health Sources, Inc. (Exhibit B.)

2.   Wexford Health Sources, Inc. is not a governmental entity, but is a private corporation. (Exhibits A and B.)

3.   Wexford contracts with the Illinois Department of Corrections to provide medical care at certain Illinois state prisons. (Exhibits A and B.)

4.   From 2002 and 2005, Wexford provided medical care to prisoners pursuant to such a contract at Western Illinois Correctional Center ("WICC") and Menard Correctional Center ("Menard"). (Exhibits A and B.)

5.   These contracts exchanged medical services at fair market value to the Illinois Department of Corrections, and did not involve any subsidies or other assistance to the IDOC from Wexford. (Exhibits A and B.)

6.   Wexford did not own, lease, or operate any facility within WICC or Menard from 2002-2005, and has never owned, leased, or operated any facility within any Illinois state correctional center. (Exhibits A and B.)

7.   Rather, Wexford provided the contracted-for medical services between 2002 and 2005 within the confines of WICC and Menard. (Exhibits A and B.)

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-N3293
TMP/ej/jly

8. Wexford has no contracts with the federal government. (Exhibits A and B.)

9. Wexford receives no funds or other assistance, either direct or indirect, from the federal government. (Exhibits A and B.)

10. Wexford receives no funds, aside from money paid for services rendered under contract, from the State of Illinois. (Exhibits A and B.)

11. Wexford receives no subsidies or assistance from the State of Illinois. (Exhibits A and B.)

### III. APPLICABLE LAW

**I. This Court Lacks Jurisdiction Over Plaintiff's ADA and Rehabilitation Act Claims Against Wexford.**

The undersigned Defendant denies that jurisdiction is proper with respect to the claims against it.

Counts II and V of the Plaintiff's Amended Complaint allege violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act against Wexford and the IDOC. For the following reasons, summary judgment on all of these claims must be granted in Wexford's favor.

**A. The Rehabilitation Act Cannot Apply to Wexford.**

Count V of Plaintiff's Amended Complaint alleges that the IDOC and Wexford (but not the individually-named Wexford employees) violated the Rehabilitation Act, and Count II alleges that the same parties retaliated against him for complaining about discrimination in violation of the Rehabilitation Act.

"A party is amenable to suit under § 504 only if it receives federal financial assistance." Degutis v. Consolidated Rail Corp., No. 93 C 5171, 1994 WL 484525 at *3 (N.D. Ill. Sept. 2, 1994);

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-N3293
TMP/ej/jly

29 U.S.C. § 701 et seq. "[A] party receives federal financial assistance 'only if it is benefitting in its dealings with the government to a greater extent than if it were dealing with another party.'" Id. "[T]he mere fact that [a defendant] contract[s] with the federal government . . .does not make it amenable to suit under section 504." Id.

Here, the Plaintiff has merely alleged "[b]ased upon information and belief, at all relevant times, Defendant Wexford also receives federal funds and is a covered entity pursuant under [sic] the Rehabilitation Act, 29 U.S.C. § 794 et seq." (Plaintiff's Third Amended Complaint, Par. 15). The Amended Complaint contains no details whatsoever about the nature of the alleged funds received by Wexford from the federal government. Likewise, the record contains no evidence that Wexford receives assistance of *any* kind from the federal government. These claims are completely unsupported by the record.

Wexford contracts with the Illinois Department of Corrections to provide medical care at certain Illinois State Prisons. (Lundquist Affidavit, attached hereto as Exhibit A). This contract is a fair-market-value contract, and is no different from any other contract that Wexford may enter into with a private party for provision of medical services. (Exhibit A.) Notably, the contract is with the *State* of Illinois, and not the federal government. Thomas G. Lundquist, M.D. has testified that Wexford receives *no* federal funds or assistance or any kind, either directly or indirectly. (Exhibit A.) The Plaintiff has offered no facts to refute Dr. Lundquist's testimony.

Under these facts, Wexford is simply not amenable to suit under the Rehabilitation Act, and therefore must be dismissed from these claims under Counts II and V of Plaintiff's Amended Complaint.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej/jly

**B.    The Americans With Disabilities Act Cannot Apply to Wexford.**

First, many of the Plaintiff's factual allegations against Wexford do not fall under the ADA. Paragraphs 218 (a) - (i) and (l) of Count II contain the Plaintiff's criticisms of the medical care provided by Wexford. However, Wexford cannot violate the ADA by "failing 'to attend to the medical needs of . . . disabled prisoners.' (Citation omitted). The ADA is an anti-discrimination statute. . . . A claim for inadequate medical treatment is improper under the ADA." <u>Resel v. Fox</u>, 26 Fed. Appx. 572, 576-577 (7th Cir. 2001), citing <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir.1996).

Second, the remaining allegations against Wexford in Counts II and V contain complaints about which Wexford had absolutely no control:

> 366.   Defendant IDOC denied Plaintiff the same privileges and public accommodations, in nature and extent, as allowed similarly situated non-disabled inmates <u>at WICC</u> to include but not limited to:
>
> a.   Access to employment and programs that would allow Plaintiff to earn credit towards his release;
>
> b.   Access to the commissary, exercise facilities, and all other facilities and activities to the same extent that non-disabled inmates ere and are allowed.
>
> 367.   Defendants IDOC and Wexford, by and through its agents and employees, discriminated against Plaintiff because of his disability when they moved him to general population <u>with no cell restrictions at WICC</u> and housed him in a cell with Inmate Durham, <u>an inmate with a history of violence</u>, knowing that Plaintiff was unable to protect himself.
>
> 368.   Defendant IDOC discriminated against Plaintiff <u>while in Pinckneyville</u> when it refused to accommodate Plaintiff's disability and removed him from an ADA cell.
>
> 369.   As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered, and will continue to suffer, great pain and suffering, the permanent

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

5

05415-N3293
TMP/ej/jly

> loss of his left eye, the opportunity to earn good time credit that would have led to him already being released from confinement, the loss of commissary and other privileges, <u>and future loss of earnings</u>. (Plaintiff's Third Amended Complaint, Pars. 366-639.)

With respect to these allegations, as indicated, Wexford has no control over where Inmate McCroy would specifically be housed. Wexford, as a corporation, nor through its agents, plays no role in deciding whether or not an inmate has access to employment and programs which would allow Plaintiff to earn credit toward his release.

Therefore, Wexford cannot possibly be held accountable for these allegations.

Third, and perhaps more importantly, Wexford is simply not a proper defendant under the ADA because it does not fall under any of the descriptions of covered entities under the Act.

Title I of the Americans With Disabilities Act applies to employers, employment agencies, labor organizations, and joint labor-management committees. 42 U.S.C.A. § 12111-12117. Since Wexford did not have an employment relationship with the Plaintiff, and the Plaintiff has not alleged that any such relationship exists, Title I does not apply.

Title II.a. applies to public entities, including state and local governments. 42 U.S.C.A. § 12131-12134. Wexford is not a public entity but is instead a private corporation. (Exhibit A). In fact, the Plaintiff has alleged it to be a private corporation in his Amended Complaint. (Plaintiff's Third Amended Complaint, Par. 15). Therefore, Title II.a. does not apply directly to Wexford.

Title II.b. applies to public transportation. 42 U.S.C.A. § 12141-12165. This section does not apply to Wexford.

Title III applies to entities that own, operate, or lease a place of public accommodation. 42 U.S.C.A. § 12181-12189. Not only are Illinois state prisons clearly not open to the public, but

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-N3293
TMP/ej/jly

Wexford does not "own, operate or lease" the facility. Title III "does not state that it applies to entities which merely provide a service in a place of public accommodation. . . it only applies to entities which own, lease or operate a place of public accommodation. . . ." <u>Adiutori v. Sky Harbor Intern. Airport,</u> 880 F.Supp. 696, 704 (D.Ariz. 1995). Therefore, Title III does not apply.

Finally, Title IV applies to miscellaneous provisions, none of which are applicable here.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC.,
Defendant,

HEYL, ROYSTER, VOELKER & ALLEN,
Attorneys for Defendant,

BY:    /s/Theresa M. Powell
       Theresa M. Powell, #6230402
       HEYL, ROYSTER, VOELKER & ALLEN
       Suite 575, National City Center
       P. O. Box 1687
       Springfield, IL  62705
       Phone: (217) 522-8822
       Fax:    (217) 523-3902
       E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej/jly

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2007, I electronically filed **Defendant Wexford's Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>Douglas J. Quivey
>doug@lprpc.com
>
>Thomas F. Londrigan
>tom@lprpc.com
>
>Carissa A. Haning
>carissa@lprpc.com
>
>Kelly R. Choate
>kchoate@atg.state.il.us
>
>Julie L. Morgan
>jlmorgan@atg.state.il.us
>
>Carl J. Tenney
>ctenney@hhtlaw.com
>
>Alexandra de Saint Phalle
>alex@lprpc.com

and I hereby certify that on April 18, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

>None

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: tpowell@hrva.com

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822