E-FILED
Thursday, 19 April, 2007  11:07:33 AM
Clerk, U.S. District Court, ILCD

05415-N3293
TMP/ej

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

AARON McCROY,                                          )
                                                       )
        Plaintiff,                              )
                                                       )
     v.                                          )    No. 02-3171
                                                       )
THE ILLINOIS DEPARTMENT OF CORRECTIONS,                )
ROGER E. WALKER, JR. (in his official capacity only),  )
DENNIS HOCKADAY, KEVIN WINTERS, SANDRA                 )
FUNK, DEBRAH FUQUA, LIEUTENANT BYRON                   )
LAW, KENNETH KELLERMAN, JULIUS FLAGG,                  )
(all in their official and individual capacities), WEXFORD )
HEALTH SOURCES, INC., DR. LOWELL BROWN,                )
M.D., DR. HUGHES LOCHARD, M.D., and                    )
RHONDA MILLS,                                          )
        Defendants.                             )

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF _____    )

### AFFIDAVIT

I, HUGHES LOCHARD, M.D., being first duly sworn upon my oath, soundly affirm the

following statements:

    1.    I am a physician licensed to practice medicine in the state of Illinois.

    2.    I specialize in family medicine and work at the present as the Medical Director at the

Jacksonville Correctional Center in Jacksonville, Illinois.

    3.    My only connection to Aaron McCroy stems from a brief period in time when I

served as the Acting Medical Director for the Western Illinois Correctional Center from September

of 2003 through approximately the end of December of 2003 or beginning of January of 2004.

**HEYLROYSTER**
**VOELKER**
**&ALLEN**

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822



EXHIBIT

1

05415-N3293
TMP/ej

4.      During the time that I served as the Acting Medical Director at the Western Illinois Correctional Center, I was not made aware of any grievances or lawsuits filed by Aaron McCroy or any other inmate incarcerated at the Western Illinois Correctional Center.

5.      During the time that I served as the Acting Medical Director, I did not change Plaintiff's treating ophthalmologist.

6.      I had no authority nor ability to transfer the Plaintiff to any other correctional center.

7.      During this time, I had no reason to believe that Mr. McCroy needed to be transferred to another correctional facility for medical purposes.

8.      During this time, I did not refuse to provide the Plaintiff with prescribed medication.

9.      I did not administer any medication that had not been prescribed.

10.     With respect to the prescription order of Maxitrol from Dr. Zeh's office dated November 6, 2003, I did not personally review the handwritten order from Dr. Zeh.  (See handwritten order, Exhibit 1-A, p. 319.)

11.     In addition, I was not provided the report of consultation returned from Dr. Zeh's office and dated November 6, 2003.  (Exhibit 1-B, p. 320.)

12.     This consultation report was physically returned to the Western Illinois Correctional Center and was reviewed by Dr. Ghosh, who signed the document approving the recommendations made by Dr. Zeh.

13.     On November 6, 2003, I was contacted by Nurse Roberts, who advised me of her interpretation of the orders provided by Dr. Zeh's office.  Those orders are documented in her note of that date.  (Exhibit 1-C, p. 956.)

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

14.    Pursuant to this telephone call, she advised me of these prescription orders from Dr. Zeh's office and I approved them.  (Exhibit 1-C, p. 956.)

15.    Once I approved the prescription order, the order was documented on a physician's order note of the same date.  (Exhibit 1-D, p. 571.)

16.    I relied upon the information provided to me by Nurse Roberts.

17.    At the time, I had no reason to dispute the information being provided to me by Nurse Roberts.

18.    In my opinion, it is the standard of care for a reasonably well qualified physician to rely upon nurses within a medical setting to provide him with accurate medical information.

19.    At no time did Nurse Roberts indicate to me that she had any question concerning the prescription order provided by Dr. Zeh.

20.    At all times I had involvement with Mr. McCroy, his corneal transplant had already been performed.

21.    At no time did I refuse to schedule any needed medical appointments.

22.    At no time have I denied Plaintiff access to programs and privileges provided to non-disabled inmates.

23.    In my capacity as the Medical Director, I am not aware of the eligibility requirements of inmates to participate in programs which may lead to early release.

24.    At no time did I have any involvement in providing an inmate personal hygiene articles.  I had no involvement in determining whether or not lights were left on at the Western Illinois Correctional Center in any part of that facility.



HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

25.     I played no role in determining whether or not Mr. McCroy was allowed to participate in the commissary.  I played no role in determining whether or not Mr. McCroy's belongings should or should not be searched.

26.     I played no role in determining when and if Mr. McCroy was allowed the opportunity to take showers on any specific date.

27.     At no time did I ever wake Mr. McCroy up.  I never requested that Mr. McCroy do any sort of chores or cleaning of his cell, his locker, or his dresser.

28.     I did not transfer Mr. McCroy from one cell to another at any time.

29.     At no time have I had any involvement in placing Mr. McCroy in any particular location at the Western Illinois Correctional Center.

30.     I have never had any information concerning the name, criminal background, or disciplinary background of any individual who may be housed with Mr. McCroy.

31.     I am not personally aware of the criminal background of Mr. McCroy.

32.     I play no role and played no role in determining cell placement of any inmate within the Western Illinois Correctional Center or any other correctional facility as it pertains to inmates in the general population.

33.     With respect to the random urine test referenced in this case, I was no longer serving as the Acting Medical Director at the time this was performed.

34.     I therefore had no role regarding that matter.

35.     As the Medical Director, I have no duty and play no role in determining the security risk of any inmate, including Mr. McCroy.

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-N3293
TMP/ej

36.    I played no role and have no authority to transfer inmates from one facility to another. Specifically, I played no role and had no authority to transfer Mr. McCroy from the Western Illinois Correctional Center to the Menard Correctional Center.

37.    In fact, I was not serving at the Western Illinois Correctional Center in any capacity at the time Mr. McCroy was transferred from Western to Menard.

38.    On November 29, 2003, I did sign a memorandum indicating that Mr. McCroy was to be medically unassigned.  (Exhibit 1-E, p. 325.)

39.    It is my understanding that making an inmate medically unassigned allows that inmate the opportunity to not work as inmates who are not medically unassigned are normally required to work.

40.    This document indicates that Mr. McCroy may be maintained as medically unassigned from November 29, 2003 through November 29, 2004, as one year is the standard amount of time to make an inmate unassigned.

41.    However, I specifically indicated on this document that Mr. McCroy should be reevaluated in January of 2004.  (Exhibit 1-E, p. 325.)

42.    It should also be noted that prior to November 29, 2004, Mr. McCroy had already been deemed medically unassigned on other documents.  (Exhibit1-F, pp. 270-3, 321.)

43.    On each of these documents, Mr. McCroy is designated as having been unassigned going back at least to January 8, 2003.

44.    Accordingly, I did not arbitrarily change his unassigned classification at any time.

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

45.    It is my understanding that Mr. McCroy was provided commissary, recreation, library, and all other rights and privileges available to every other inmate who was housed in the infirmary as set forth in Exhibit 1-G on pages 274 and 275.

46.    I did not transfer Mr. McCroy from the infirmary to the general population.

47.    During the time that I served as the Acting Medical Directory, Mr. McCroy was housed in the infirmary for one reason or another.

48.    I have no knowledge of the inmates who may have been assigned to the same cell as Mr. McCroy while he was in the infirmary or after he was transferred to the general population.

49.    I had no role in determining the cell assignment for Mr. McCroy at any time.

50.    I am not aware and was not made aware of any events involving Mr. McCroy after I no longer served as the Acting Medical Director and before being served with this lawsuit.

51.    At no time was I made aware of any grievances or lawsuits filed by Mr. McCroy during the time that I served as the Acting Medical Director.

52.    None of my actions taken with respect to the care and treatment provided to Aaron McCroy were related in any way to a grievance or lawsuit which may have been filed by Mr. McCroy as I had no knowledge of them.

53.    Even if I had knowledge that Mr. McCroy had filed grievances and/or a lawsuit, my care and treatment would not have been altered by that fact.

54.    I have no authority or ability to provide any injunctive relief to Mr. McCroy.

55.    My involvement with Mr. McCroy was limited to those issues that were raised by either the nurse or the nurse practitioner onsite at the Western Illinois Correctional Center.

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

04/09/2007 12:41 IFAX                                    → Spr Recept    ☑001/001
    04/03/2007 14:38 FAX 2175233902          HEYL ROYSTER                ☑008

05415-N3293
TMP/ej

56.    I was aware that other physicians were taking care of Mr. McCroy's acute needs during the day, and that outside physicians were caring for Mr. McCroy's ophthalmological needs with respect to the follow-up care to the keratoplasty which had been performed in February of 2003.

57.    If asked to testify regarding the matters stated herein, I am competent to do so.

58.    I make this Affidavit in support of my Motion for Summary Judgment.

Further Affiant Sayeth Not.

_____
HUGHES LOCHARD, M.D.

Subscribed and Sworn to before me this
13ᵗʰ day of _April_____, 2007.

_Dianne E. Britton_
Notary Public

**OFFICIAL SEAL**
**DIANNE E. BRITTON**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-04-2009

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

7

SANDRA YEH, M.I.
LANNY S. ODIN, M.D.
STUART R. FARRIS, M.D.
STEPHEN G. COOK, M.D.
WILLIAM G. ZEH, M.D.
JOHN S. KIM, M.D.

ROBERT BLUMTHAL, O.D.
JENNIFER M. SORTOR, O.D.
JOSEPH SABETTI, O.D.
MARC SARMIENTO, O.D.
STEPHANIE HART, O.D.

**PRAIRIE**
Eye & Lasik Center
2020 West Iles
Springfield, IL 62704
Telephone 217-698-3030

NAME _Aaron McCroy_

ADDRESS _____ DATE _11/6/03_

☐ Label  **4**
  REFILL ____ TIMES
☐ May Substitute
☑ May Not Substitute

Travatan
1 # 05 qpm
O.S.D ÷ 1 month
William

---

SANDRA YEH, M.D.
LANNY S. ODIN, M.D.
STUART R. FARRIS, M.D.
STEPHEN G. COOK, M.D.
WILLIAM G. ZEH, M.D.
JOHN S. KIM, M.D.

ROBERT BLUMTHAL, O.D.
JENNIFER M. SORTOR, O.D.
JOSEPH SABETTI, O.D.
MARC SARMIENTO, O.D.
STEPHANIE HART, O.D.

**PRAIRIE**
Eye & Lasik Center
2020 West Iles
Springfield, IL 62704
Telephone 217-698-3030

NAME _Aaron McCroy_

ADDRESS _____ DATE _11/6/03_

☐ Label  **∅**
  REFILL ____ TIMES
☑ May Substitute
☐ May Not Substitute

Maxitrol ung ophthalmi
Apply OS QID x3days
wean D/c
Disp 3.5 gm  William

EXHIBIT

_1-A_

ALL-STATE LEGAL®

319

STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS

FACILITY

WIL

REQUEST FOR CONSULTATION – REPORT OF COSULTATION

INMATE'S NAME _McCoy, Aaron_     INAMTE'S NUMBER _N5/882_
CONSULTANT'S NAME _Dr Zeh_
CONSULT REQUESTED BY: _Dr Ghosh_     DATE _____     URGENT ( ) YES ( ) NO

REASON FOR CONSULT: (LIST PROBLEM)

From eye point of view   F/U
A need to know if Keratoplasty
( ) EVALUATION   general population of the Correction Centre
( ) Management   A with his impaired vision can be more functional or
independently

FINDINGS: VA < 20/400 OD   REPORT OF CONSULTANT (USE REVERSE SIDE IF NECESSARY)
            CF   OS
                  OD: Keratoconus & punctate Keratopathy
                  OS: marked Keratopathy
                  clear graft
                  Intraocular pressure < 30 OS
PROCEDURE: ① removed corneal sutures   Fundus cup/disc 0.3 OD, 0.4 OS
                  cotton wool spot & dot hemorrhage OD

ASSESSMENT:   Rec ① Mannitol OS QID x 3 days then stop   ⑥ No rubbing eye
                  ② Lotemax 0.5% OS 1 gtt q AM   ⑦ No bending
RECOMMENDATIONS/PLANS:   ③ Travatan OS 1 gtt q PM   ⑧ No lifting 7 10 #
                  ④ Artificial tears OU QID
DATE: 11/6/03   ⑤ ↓ blood pressure & serum glucose   ⑨ RC 1 mon call ASAP
                        M.D.   any ↑ pain
                        (SIGNATURE OF CONSULTANT)   or ↓ vision OS.
FOR CORRECTIONAL CENTER MEDICAL DIRECTOR ONLY:
( ) I HAVE REVIEWED THE RECOMMENDATIONS CONTAINED IN THIS REPORT AND APPROVE THEM.
( ) I HAVE REVIEWED THE RECOMMENDATIONS AND DISAPPROVE OR CHOOSE TO REVISE THEM FOR THE FOLLOWING REASON.
DATE: _____   S.K. Ghosh MD
DC7105-A1(REV01/89)   (SIGNATURE OF MEDICAL DIRECTOR)
IL426-0027

EXHIBIT
1-B

320

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Infirmary Progress Notes

### Western Illinois Correctional Center

| Offender Information: | | | |
|---|---|---|---|
| *McCroy* | *Aaron* | | ID#: *N 51882* |
| Last Name | First Name | MI | |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11-6-03 | Nurse Note | |
| 12³⁰ᵖ | Dr Lochard Notified of orders received | |
| | from Dr Zeh... 1 Maxitrol OS qid x 5 days then stop | |
| | 2. Travatan. 1 gH OS 9PM Disp. T bottle | |
| | 3 Lotemax 0.5%, 1 gtt tb OS qd. | |
| | 4 Artificial tears, 1 gtt OU qid | |
| | 5. ↑ blood pressure + serum glucose | |
| | 6 No rubbing eye | |
| | 7. No bending | |
| | 8. No lifting 7 10 lbs. | |
| | 9. RC 1 month. | |
| | 10 Call ASAP for ↑ pain ↓ vision OS | |
| | Dr Lochard advised BMP, Liver profile, CBC, | |
| | UA; uric acid + magnesium level | |
| | | M Roberts RN |
| 11-6-03 | Nurse Note | |
| LATE ENTRY 12⁰⁰ 2003 | Inmate returned from med furlough | |
| | and refused lunch tray ——— D Rennergen | |

Distribution: Offender's Medical Record

Printed on Recycled Paper

DOC 0085 (Eff. 9/2002)
(Replaces DC 7147)



U-STATE LEGAL®

EXHIBIT

1-C