05415-N3293
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-3171 |
| ) | |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| ROGER E. WALKER, JR. (in his official capacity only), ) | |
| DENNIS HOCKADAY, KEVIN WINTERS, SANDRA ) | |
| FUNK, DEBRAH FUQUA, LIEUTENANT BYRON ) | |
| LAW, KENNETH KELLERMAN, JULIUS FLAGG, ) | |
| (all in their official and individual capacities), WEXFORD ) | |
| HEALTH SOURCES, INC., DR. LOWELL BROWN, ) | |
| M.D., DR. HUGHES LOCHARD, M.D., and ) | |
| RHONDA MILLS, ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE
ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION WEXFORD
HEALTH SOURCES, INC.; CLEVELAND RAYFORD; DR. LOCHARD;
DR. BROWN; DR. SIMS; RHONDA MILLS; AND NURSE SHAW**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC.; HUGHES LOCHARD, M.D.; LOWELL BROWN, M.D.; and RHONDA MILLS, by their attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for their Response to Plaintiff's Motion to Determine the Answers to Plaintiff's Requests for Admission, state:

1. First, the Plaintiff's Motion to Determine Answers references Defendants who are no longer parties to this case and as such, references to those individuals should be stricken from Plaintiff's Motion.

2. Plaintiff objects to Defendants' objections to the Plaintiff's Requests for Admission, but cite no authority for indicating that the Defendants are unable to make a general objection rather than objecting to each and every request. It seems rather redundant to assert the same objections to

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

each and every request if a general objection may be stated with respect to the admissibility of the evidence rather than the specific request itself.

    3.    With respect to the individual requests, the undersigned Defendants take the following position:

    A.    With respect to Request No. 1, Defendants have indicated that they have insufficient knowledge regarding whether or not said documents are kept in the ordinary course of business by Defendant Roger Walker as the undersigned Defendants have no information to indicate that Roger Walker himself keeps any records in the ordinary course of business. Defendants fail to see the relevance as to whether or not Defendant Walker keeps records. Along the same lines, Plaintiff is requesting the undersigned Defendants to admit or deny whether or not another party keeps records in the normal course of business. Defendants would defer to the answers filed by the Department. As the Department of Corrections' attorney filed its responses after the undersigned Defendants filed their responses, it only seems appropriate to defer to those responses. Defendants are not at liberty to discuss these specific issues with represented parties and their indication that they do not have sufficient knowledge regarding this information and therefore must deny is appropriate. However, to the extent the Department has admitted that certain documents were made within the ordinary course of business, undersigned Defendants will not dispute or submit evidence to the contrary.

    B.    It should also be noted that the Defendants admitted that certain records were kept in the ordinary course of business by the Department of Corrections as it pertained to medical records generated by the undersigned Defendants.

    C.    With respect to Requests 2 through 78, the undersigned Defendants have no specific knowledge regarding any of these documents. To the extent the Department of Corrections admits to these statements, these Defendants will not dispute the information. However, for example, Request No. 8 asks the undersigned Defendants whether or not the Department of Corrections and Roger Walker personally had access to specific information; these Defendants have no knowledge as to how the information could be accessed, who may be access it, where it is stored. Moreover, having any of the undersigned Defendants admit to a statement completely irrelevant to them has no

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

2

05415-N3293
TMP/ej

bearing on the case on the undersigned Defendants and no purpose at trial as to these Defendants.

D. The purpose of a Request to Admit is to eliminate the contentious issues and present only those disputed matters to the trier of fact. See, Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D. 76, cited by the Plaintiff, which specifically indicates that the purpose of Federal Rule of Civil Procedure 36 is to facilitate the proof at trial by weeding out facts and items of proof over which there is no dispute and allowed narrowing or elimination of issues in a case.

In this case, most of the statements contained within the Request for Admissions do not facilitate or weed any fact as it pertains to these Defendants. Whether or not a specific statement is admitted or not admitted by the undersigned Defendants as to whether or not a Co-Defendant (*i.e.*, the Department of Corrections or Roger Walker) knew or did not know or did or did not do something has no bearing on the undersigned.

Moreover, the Plaintiff's suggestion that the Defendants may not have a blanket objection to the requests is unfounded in law.

E. With respect to the undersigned Defendants, it is of no relevance as to whether or not the Department of Corrections and/or Roger Walker had access to any certain information.

F. Moreover, all of the statements made regarding Inmate Durham may certainly be true, but again, the undersigned Defendants had no knowledge of that information at any time and still do not have personal knowledge of this information. If the documents are genuine, the undersigned Defendants have no evidence to refute the information contained within them. Whether or not these allegations are admitted by the undersigned Defendants is completely irrelevant to the claims against these Defendants.

G. With respect to the statements referencing medical care, the Plaintiff's allegations make reference to time frames significantly prior to the date Mr. McCroy was transferred to the Western Illinois Correctional Center. For example, Plaintiff's allegations and alleged statements of fact in Paragraph 88 suggest that a prescription was written by J. Lang, R.N. Defendants have no knowledge as to whether or not there is a J. Lang, R.N. as this is someone at another correctional facility.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-N3293
TMP/ej

  Moreover, whether or not this prescription was actually written is completely irrelevant to this case and does not narrow the facts for purposes of this trial.

H.  With respect to Paragraph 89, Plaintiff is alleging that a doctor made a statement at an optometry clinic at the Stateville Correctional Center. There would be no way for the undersigned Defendants to determine whether or not a specific statement was made, whether or not there was an optometry clinic at Stateville in 1995 as the Plaintiff was in the presence of any of the undersigned Defendants, nor did any of the undersigned Defendants work at the Stateville Correctional Center.

I.  Defendants have denied the allegations where they did not have sufficient knowledge. In essence, Defendants have provided too much information rather than simply denying. The allegations do not make reference to any specific facts in the case, but suggest that the Defendant should admit or deny information that is not known to them. Defendants have no objection to admitting that Plaintiff's medical records were maintained by the Department of Corrections in the ordinary course of business. Defendants have specifically indicated in their objections to each and every one of these statements that to the extent the statements are not within the specific knowledge of the Defendants, there is no relevance to most of these requests, no foundation, and no bearing on the claims against the undersigned Defendants.

J.  With respect to Paragraph 94, it is irrelevant whether or not the Plaintiff was seen at the Stateville Correctional Center. Defendants have denied this allegation as the Defendants were not treating the Plaintiff at this time.

M.  The statement contained in Paragraph 95 does not make reference to a direct quote from Exhibit FF, but alleges that Dr. Bizzell made a statement. These Defendants have no specific knowledge as to whether or not Dr. Bizzell made such a statement and would have no way of ascertaining this information without directly calling Dr. Bizzell and asking him whether or not he made such a statement. The reference is not contained specifically within the record. Defendants do not deny that Exhibit FF appears to be a medical record maintained by the Department of Corrections for Aaron McCroy and that there is documentation contained in the record. Defendants cannot be certain as to statements contained in Paragraph 95 as none of the

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-N3293
TMP/ej

    undersigned Defendants were at the Stateville Correctional Center at the time referenced.

N. The same responses by the undersigned Defendants are appropriate with respect to Paragraphs 101 through 109.

O. Paragraph 118 asserts that on October 5, 2000, a new contact was ordered for the Plaintiff by Dr. Kehoe with reference to Exhibit FFF. The undersigned Defendants cannot determine whether or not Exhibit FFF provides support for this statement or not and therefore must deny the statement. Whether or not a new contact lens was ordered on that date is again irrelevant to this case; however, the document does not establish the statement and these Defendants have no way of knowing whether the statement is true as the Plaintiff was at the Stateville Correctional Center at the time the care and treatment was provided.

P. The same is true with respect to the statements contained in Paragraphs 119 through 124.

Q. With respect to Paragraph 125, the undersigned Defendants would not have any knowledge with respect to what happened to an inmate when he arrived at the Western Illinois Correctional Center. Whether or not Paragraph 125 is admitted by the undersigned Defendants is completely irrelevant with respect to the claims against them anyway. The undersigned Defendants would not have knowledge as to security procedures or confiscation of any particular supplies or property of any particular inmate.

R. With respect to any statements such as Paragraph 139, which appears to be directed toward someone with the Department of Corrections, the undersigned Defendants have no knowledge as to why a particular appointment may have been canceled, and may have been canceled due to weather. To the extent some other Defendant may admit such allegations, these Defendants will not dispute it.

S. The same is true with respect to Paragraphs 141, 143, and 147.

T. With respect to allegations in Paragraph 186, Defendants do not dispute that there is a medical note labeled as Exhibit m. Defendants do dispute that they have knowledge that a discussion took place as Plaintiff has not identified with whom this discussion occurred, nor does Plaintiff indicate the relevance to the undersigned Defendants as

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

5

05415-N3293
TMP/ej

        the record attached as Exhibit m makes reference to non-parties to this case. Accordingly, no exception to the hearsay rule would apply. Moreover, the purpose of Rule 36 is not advanced by admitting such paragraph as it does not eliminate any agreed-to statement of fact, nor does it tend to prove any fact as it pertains to the undersigned Defendants.

    U.    With respect to Paragraph 202, Defendants have specifically denied certain portions of that statement and admitted certain portions of the statement. Defendants have indicated they cannot testify regarding the current visual acuity of the Plaintiff as the Plaintiff is no longer being seen by any of the undersigned Defendants. However, Defendants would not dispute any medical records relating to the Plaintiff's current visual acuity, but Plaintiff did not attach any such documents.

    V.    With respect to Paragraphs 219 through 222, Plaintiff is referencing statements concerning the disciplinary report of the Plaintiff. The undersigned Defendants have no specific knowledge regarding those statements. Defendants would pray that the Court consider Defendants' responses as either ones indicating insufficient knowledge or a denial due to lack of insufficient knowledge. Should the Court should to deem these admitted, these statements have no relevance to the claims pending against the undersigned Defendants.

    W.    The same is true with respect to Paragraphs 225, 227, and 229.

    X.    With respect to Paragraphs 235 and 236, Defendants have insufficient knowledge regarding the statements contained therein; however, Defendants find that Paragraphs 235 and 236 appear to be irrelevant with respect to most of the records. In addition, they do not tend to prove or disprove any of the elements necessary on the part of the Defendants or Plaintiff.

4.    Defendants are not objecting to the Plaintiff's medical records being proper exhibits in this case.

5.    Defendants may have specific objections as to the contents of certain records to the extent Plaintiff has insufficiently laid a foundation for what has been written, who wrote it, and the information contained therein.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-N3293
TMP/ej

      6.    The undersigned Defendants therefore pray that this Court will not deem all of the Requests for Admissions as true.

      7.    To the extent the Department of Corrections and Roger Walker have admitted those allegations or statements of fact referencing their particular knowledge, the undersigned Defendants do not take issue with their responses.

      8.    Even if certain statements are deemed admitted, Defendants may still object to the relevance and admissibility among objections should Plaintiff attempt to admit certain statements at the time of trial.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC.; HUGHES LOCHARD, M.D.; LOWELL BROWN, M.D.; and RHONDA MILLS, Defendants,

HEYL, ROYSTER, VOELKER & ALLEN, Attorneys for Defendants,

BY: /s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:  (217) 523-3902
E-mail: tpowell@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed **Response to Plaintiff's Motion to Determine the Answers to Plaintiff's Requests for Admission Wexford Health Sources, Inc.; Cleveland Rayford; Dr. Lochard; Dr. Brown; Dr. Sims; Rhonda Mills; and Nurse Shaw** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

> Douglas J. Quivey
> doug@lprpc.com
>
> Thomas F. Londrigan
> tom@lprpc.com
>
> Carissa A. Haning
> carissa@lprpc.com
>
> Kelly R. Choate
> kchoate@atg.state.il.us
>
> Julie L. Morgan
> jlmorgan@atg.state.il.us
>
> Carl J. Tenney
> ctenney@hhtlaw.com
>
> Alexandra de Saint Phalle
> alex@lprpc.com

and I hereby certify that on April 27, 2007, I mailed by United States Postal Service, the document(s)

to the following non-registered participants:

> None

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail: tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822