IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 02-3171 ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS TO
DETERMINE THE ANSWERS TO PLAINTIFF'S REQUESTS FOR
ADMISSIONS AND MOTION TO COMPEL DEFENDANTS TO FULLY
COMPLY WITH PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), JULIUS FLAGG, SANDRA FUNK, DEBRAH K. FUQUA, DENNIS HOCKADAY, BYRON LAW, ROGER E. WALKER, JR., and KEVIN WINTERS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and in response to Plaintiff's Motions to Determine the Answers to Plaintiff's Requests for Admissions and Motion to Compel Defendants to Fully Comply with Plaintiff's Request for Production of Documents, submits the following:

**Motion to Determine Answers to Plaintiff's Request for Admissions:**

1.  Plaintiff served defendants with 236 requests for admissions. The vast majority of these requests were for defendants to authenticate documents attached to the request, including a request for defendants to admit that plaintiff's counsel's interpretations of Aaron McCroy's medical records were accurate.

2.  Defendants admitted to the authentication of documents produced within the Illinois Department of Corrections and maintained in the usual and ordinary course

1

of business within the Department.  However, defendants could not admit the authentication of documents produced by other entities, such as medical records from St. John's Hospital or other medical vendors.  Likewise, the defendants could not authenticate as maintained in the usual and ordinary course of business, documents from vendor Wexford or its employees produced outside the Department of Corrections.  The defendants stand by these responses.

      3.      Plaintiff asserts that all of the statements to which the defendants responded that they could not admit or deny because of lack of knowledge should be admitted because defendants did not respond that they had made reasonable inquiry and that the information known or readily obtainable to the party is insufficient to admit or deny.

      4.      Plaintiff is correct that the language of Federal Rule of Civil Procedure requires such language; however, defendants assert that simply failing to include the final clause of a statement describing the inability of the defendant to admit or deny should not cause a "fact" that cannot otherwise be admitted by these defendants, to be admitted.

      5.      In several of the interrogatories, Plaintiff has asked whether the Illinois Department of Corrections and Defendant Roger Walker had access to certain documents.  Defendants responded in the affirmative for Defendant Walker, but lacked knowledge to either admit or deny to what the entity, Illinois Department of Corrections had access.  The request, itself, is flawed to the extent it seeks knowledge as to what a non-person has access or what knowledge a non-person might have, and should not be deemed admitted (See Requests numbers 4, 8, 12, 17, 21, 27, 31, 36, 42, 45, 47, 52, 56, 59, 66, and 80).  Even if admitted, Plaintiff could not use this admission by the entity

for which they worked to infer personal knowledge on the part of the individual defendants.

6. In other requests, the plaintiff asked whether the entity Illinois Department of Corrections did or did not do something. In their response defendants lacked knowledge as to whether the entity did or did not do something, and stands by that response, as the entity could not make requests (See Request number 2).

7. Still other requests asked these defendants to authenticate documents they did not author (see Request number 3). In request number three, the defendants are asked to verify whether the criminal history found in inmate Durham's master file reflects the known criminal history of Durham in Kane County. None of these defendants are members of law enforcement in Kane County, nor were they involved in any criminal prosecution or information in Kane County. To the extent Plaintiff wants the defendants to verify that this information is found in Mr. Durham's master file, defendants would so verify. However, simply leaving out the final clause in the lack of knowledge response does not create the ability to verify the information requested.

8. In request number 25, plaintiff asked if an adjustment committee summary contained a statement by Plaintiff. Defendants acknowledged the statement appeared in the summary, but could not determine whether the statement was made by Plaintiff or was paraphrased by the Committee. After 4 years, even an inquiry to the adjustment committee would not yield an answer.

9. Defendants do not understand why Plaintiff has included request number 33 in this motion, as the defendants admitted the allegations.

10. In request number 67, Plaintiff asked if Durham struck McCroy in the left eye while they were in their shared cell. Defendants lacked knowledge to either admit

3

or deny since they were not witness to the incident; however, defendants do not deny that plaintiff sustained an injury to his left eye, and can admit the information in request number 67.

11.     In request number 88, Plaintiff referenced exhibit (Y) and asked whether Plaintiff had been given soft lenses to treat his karatoconus. Not only was this outside the time frame of this case, but the defendants can only acknowledge what was in Plaintiff's medical records, and in this case the referenced exhibit. The referenced exhibit indicated a prescription was written for a lens cleaner, but lacked knowledge whether Plaintiff had been given soft contacts. Defendants believe this is sufficient as to the request as written.

12.     In certain other requests, Plaintiff cited exhibits that are medical documents and/or invoices of entities other than the Illinois Department of Corrections or Wexford, and asked specific questions about the meaning of the documents that did not appear on the documents. Defendants lacked knowledge as to the meanings of the documents as specifically requested by plaintiff, and believes their response to be sufficient. Notwithstanding, if these documents are found within Plaintiff's master file, the defendants would not deny the documents were found there (See Requests number 113, 118, 120, & 125).

13.     Other requests asked what Plaintiff did or did not do on a certain date or after a certain date or whether confiscated materials were all that were in Plaintiff's possession. Defendants can only admit what is documented in the records authored by Illinois Department of Corrections' employees or those vender's employees working within the Illinois Department of Corrections. Defendants admit only those requests or statements attributed to Plaintiff that are documented by Illinois Department of

4

Corrections' employees or employees of Wexford and were noted in Illinois Department of Corrections' documents. Defendants can only admit the dates of those requests to the extent the dates were noted by employees in Illinois Department of Corrections' documents (see Requests number 125,127 & 128).

14.    In request number 131, Plaintiff asked when Plaintiff's glasses were received from Dixon correctional center. Defendants admitted that the exhibit was a prescription invoice dated 1/9/02, but could not admit whether the document was received (presumably at Western Illinois Correctional Center) on 1/9/02. It would appear that since the document was dated at Dixon on the 9th, it was probably not received on the 9th at Western Illinois Correctional Center. Defendants believe their lack of knowledge based on the document was sufficient, but to the extent defendants must admit or deny this information, defendants deny the information.

15.    Request 132 asked if a shakedown of Plaintiff's cell on 1/25/02 yielded two bottles of solution. Defendants lacked knowledge of this shakedown. Plaintiff's medical records revealed that on 1/25/02 Plaintiff was counseled by nurses in the Health Care Unit about solution and that he refused solution at that time. The undersigned, on behalf of the defendants looked through Plaintiff's medical and master file, but could not find a document regarding the shakedown. No such document was attached to the request and referenced by Plaintiff, and defendants could not admit or deny.

16.    Plaintiff submitted requests to admit based on his own grievances. In those cases, defendants admitted what they could about the grievances, but lacked knowledge as to the veracity of the claims. Defendants do not believe any reasonable

inquiry could have revealed whether Plaintiff was telling the truth in his grievance, and could not ask him as he is represented by counsel (see Requests 137 & 153).

      17.    Several other requests, citing documents attached to the request, were admitted to the best of the defendants' knowledge. Defendants only lacked knowledge where the information was unavailable on the referenced document or exhibit or where the notation was made by someone other than one of these defendants, and defendants could not ascertain either the author's identity, the author's intent, when or where the notation was made, or any information outside the document that did not involve the defendants. Defendants should not be deemed to have admitted this information simply because they did not complete the statement about a reasonable inquiry (see Requests number 138,139, 142, 150, 151, 154, 155, 156, 162, 163, 180, 182, 183, 184, 185, 186, 196, 207, 208, 211, 212 & 229).

      18.    Defendants admit the information requested in number 203.

      19.    Requests number 233 and 235 ask the defendants to authenticate records that may or may not have been made in the regular course of business. Defendants state they already authenticated what records were produced by Illinois Department of Corrections' employees or Wexford employees within the Illinois Department of Corrections (see Response to request number 1). They could not authenticate records not authored by, nor maintained regularly within the Illinois Department of Corrections, nor could they determine when another person might have made the entry or statements on documents. The defendants' lack of knowledge a to these two requests, combined with the response to request number 1, should be sufficient.

20.	As to any requests and responses not mentioned, defendants stand by their responses and state that their failure to use the remaining part of the clause should not cause any of these statements to be admitted.

**Motion to Compel deposition of Fuqua and responses to requests for production of documents:**

21.	The Motion to Compel Deposition of Debra Fuqua was taken up on a telephone conference with the court, during which time, the court re-set the dates of the trial to enable Plaintiff's counsel to depose Defendant Fuqua prior to trial. Defendants therefore consider this issue moot.

22.	Plaintiff also seeks a motion compelling defendants to respond fully to their Fourth Supplemental Request for Production of Documents and to provide an initial response to his Fifth Supplemental Response to Production of Documents.

23.	The documents requested in number 1 of the Fourth Supplemental Request for Production of Documents, job descriptions for the defendants, were provided to Plaintiff's counsel at the time of the depositions. Defendants objected to the Second Request in the Fourth Supplemental Request for Production. In this request, Plaintiff asked for any and all weekly, monthly, quarterly and/or yearly reports from the Warden to the Director of the Illinois Department of Corrections for the time Plaintiff was at Western Illinois Correctional Center. Defendants told Plaintiff's counsel that should any of these documents reference Aaron McCroy, they would be provided to him [see attached].

24.	This objection was made after the undersigned spoke with the current administration of Western Illinois Correctional Center, and asked for the requested documents. It was communicated to the undersigned that releasing these documents

could have safety and security implications to the institution and that they would have no relevance to the issues in this case.

25.   Defendants objected to the Fifth Supplemental Request, as it was untimely and improperly served. Plaintiff faxed the request to the defendants on the last day of discovery. Federal rule provides that permission must be given in writing before service by electronic means. See Fed. R. Civ. P. 5(b)(D)(West 2004). Defendants have not given Plaintiff permission, and could not have completed the request prior to the discovery deadline.

26.   For the above and foregoing reasons, Defendants pray this Honorable Court deny Plaintiff's Motions to Determine the Answers to Plaintiff's Requests for Admissions and Motion to Compel Defendants to Fully Comply with Plaintiff's Request for Production of Documents.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), JULIUS FLAGG, SANDRA FUNK, DEBRAH K. FUQUA, DENNIS HOCKADAY, BYRON LAW, ROGER E. WALKER, JR., and KEVIN WINTERS,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois

By:   s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 02-3171 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 27, 2007, I electronically filed Defendants' Response to Plaintiff's Motions to Determine the Answers to Plaintiff's Requests for Admissions and Motion to Compel Defendants to Fully Comply with Plaintiff's Request for Production of Documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Thomas Londrigan  
    Londrigan, Potter & Randle, P.C.  
    tom@lprpc.com

    Douglas J. Quivey  
    Londrigan, Potter & Randle, P.C.  
    doug@lprpc.com

    Theresa Powell  
    Heyl, Royster, Voelker & Allen  
    tpowell@hrva.com

    Carl J. Tenney  
    Hughes, Hill & Tenney, L.L.C.  
    ctenney@hhtlaw.com

    April Gowdy Troemper  
    atroemper@hrva.com

    Carissa A. Haning  
    carissa@lprpc.com

and I hereby certify that on April 27, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

    None

    Respectfully Submitted,  
    s/ Kelly R. Choate  
    Kelly R. Choate, #6269533  
    Assistant Attorney General  
    Attorney for Defendants  
    500 South Second Street  
    Springfield, Illinois 62706  
    Telephone: (217) 782-9026  
    Facsimile: (217) 524-5091  
    E-Mail: kchoate@atg.state.il.us