E-FILED
Friday, 04 May, 2007 02:16:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>THE ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, ROGER E. )<br>WALKER, JR., (in his official )<br>capacity only), DENNIS HOCKADAY, )<br>KEVIN WINTERS, TERRY POLK, )<br>DAVID SCHNEPEL, SANDRA FUNK, )<br>DEBRAH FUQUA, LIEUTENANT )<br>LAW, CORRECTIONAL OFFICER )<br>KELLERMAN, CORRECTIONAL )<br>OFFICER JUDITH WILSON, )<br>PAMELA A. GRUBMAN, JULIUS )<br>FLAGG, all in their official and )<br>individual capacities, WEXFORD )<br>HEALTH SOURCES, Inc., )<br>Dr. CLEVELAND RAYFORD, MD., )<br>Dr. STANLEY SIMMS, MD., )<br>Dr. LOWELL BROWN, MD., )<br>Dr. LOCHARD, MD., RHONDA )<br>MILLS, NURSE C. SHAW & )<br>Dr. DAVID ANDERSON, OD., )<br>)<br>   Defendants. ) | 02-cv-3171 |

## PLAINTIFF'S RESPONSE TO
## IDOC DEFENDANTS' INTERROGATORIES

NOW COMES the Plaintiff, AARON McCROY, #N-51882, by and through his attorneys, LONDRIGAN, POTTER & RANDLE, P.C. and for his answers to interrogatories propounded by the IDOC Defendants states as follows:

1. For each defendant, state with specificity the basis for the claim that he or she was deliberately indifferent to Plaintiff's serious medical needs.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. However, without waiving these objections, Plaintiff states as to the following:

<u>Roger E. Walker</u>: As noted in the proposed Third Amended Complaint, Defendant Walker is sued in his official capacity only, however, he consciously ignored Plaintiff's health concerns expressed in numerous grievances.

<u>Dennis Hockaday</u>: After Plaintiff was transferred to Western (WICC) and during his tenure as Warden, Defendent Hockaday refused to review and failed to address a series of grievances filed by Plaintiff relating to his disability. Defendant Hockaday also ignored Plaintiff's direct communication seeking his personal help to obtain a corneal transplant and instead left that decision to Assistant Wardens.

<u>Kevin Winters</u>: Defendant Winters routinely and repeatedly denied Plaintiff's grievances regarding his eye problems while both warden and assistant warden over a two-year period.

<u>Sandra Funk</u>: Defendant Funk routinely and repeatedly denied Plaintiff's grievances regarding his eye problems while assistant warden and acting on behalf of Warden Winters over a two year period. Defendant Funk, as a part of her position as assistant warden of programs, supervised the

|  |  |
|---|---|
|  | health care unit for the time that plaintiff was housed there and transferred to the jurisdiction of Security.  In that position, Defendant Funk was aware of the clear and present danger to Plaintiff's vision and the recommendations of Plaintiff's treating ophthalmologist that he should not be housed in the general population. |
| <u>Debrah Fuqua</u>: | Will answer after her repeatedly postponed deposition is taken. |
| <u>Bryon Law</u>: | Defendant Law consciously ignored the clear and present danger to Plaintiff, a medically unassigned inmate, with a corneal transplant.  Law ignored Plaintiff's request for separation from his cell mate. |
| <u>Kenneth Kellerman</u>: | Defendant Kellerman refused to assist Plaintiff's transfer to another cell unless he first agreed to a disciplinary infraction and serve time in segregation after Plaintiff complained to him regarding aggressive behavior by his cell mate and his fear of further damage to his left eye. |
| <u>Julius Flagg</u>: | As noted in Count IV of the proposed Third Amended Complaint, Defendant Flagg was deliberately indifferent to Plaintiff's serious medical needs when he disregarded doctor's orders and removed Plaintiff from his ADA cell. |

2.    For each defendant, state with specificity any harm that Plaintiff suffered as a direct result of the actions or inactions of each defendant with regard to the claim for deliberate indifference to Plaintiff's serious medical needs.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. However, without waiving these objections, Plaintiff states as to the following:

<u>Roger E. Walker</u>: Is sued in his official capacity only; the harm to Plaintiff is set forth in answers to the following IDOC subordinates.

<u>Dennis Hockaday</u>: Plaintiff's eye condition rapidly worsened and required a corneal transplant for his left eye after injury and scarring caused by ill-fitting contact lenses.

<u>Kevin Winters</u>:
1) Due to repeated delays in treatment and withholding and misinterpreting prescribed medications, plaintiff lost most of the sight in his left eye and vision in his right eye worsened.

2) Due to his high risk of injury, Plaintiff lost his left eye entirely after being transferred from the infirmary into the general population and assigned a violent cellmate that struck him in the eye.

<u>Sandra Funk</u>:
1) Due to repeated delays in contact lens fittings and the deliberate indifference to treatment by outside ophthalmologists and administration of prescribed medications, plaintiff lost most of the sight in his left eye and vision in his right eye worsened. Also, Defendant Funk was aware Plaintiff was retaliated against by infirmary nurses and correction officers for filing grievances about treatment for his eye condition.

2) Due to his high risk condition, Plaintiff lost his left eye entirely after being transferred from the

|  |  |
|---|---|
|  | infirmary into the general population and assigned a violent cellmate. |
| <u>Debrah Fuqua</u>: | Will answer after her repeatedly postponed deposition is taken. |
| <u>Bryon Law</u>: | Plaintiff lost his left eye after being housed with a violent cellmate. |
| <u>Kenneth Kellerman:</u> | Plaintiff lost his left eye after being housed with a violent cellmate. |
| <u>Julius Flagg</u>: | As a result of Defendant Flagg's conduct, Plaintiff has suffered abrasions to his hand and also suffered emotional distress as a result of it being more likely that he could again be attacked by an aggressive and able bodied inmate. |

3.  For each defendant, state with specificity the basis for the claim against that defendant that he or she personally knew Daniel Moran posed a significant risk of serious harm to plaintiff.

RESPONSE:   **Plaintiff does not contend that Daniel Moran posed a significant risk of serious harm to Plaintiff.**

4.  For each defendant state how he or she personally exposed plaintiff to a significant risk of serious harm from Mr. Durham.

RESPONSE:   **Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. However, without waiving these objections, Plaintiff states as to the following:**

Page 5 of 9

| | |
|---|---|
| <u>Roger E. Walker</u>: | Is sued in his official capacity only. |
| <u>Dennis Hockaday</u>: | Not known. |
| <u>Kevin Winters</u>: | Through review of Plaintiff's repeated grievances, Winters was aware of his complaints and that his medical condition required segregation from the general population. He was responsible by approving Plaintiff's transfer to the jurisdiction of prison security and his subsequent placement into the "unassigned" general prison population which included violent prisoners just released from segregation for fighting. |
| <u>Sandra Funk</u>: | Through review of repeated grievances, Funk was aware of Plaintiff's complaints that he was not receiving proper medical treatment while in the infirmary. Defendant Funk, as a part of her position as assistant warden of programs, supervised the Health Care Unit for the time that plaintiff was housed there. She was responsible by approving Plaintiff's transfer to the jurisdiction of prison security and his subsequent placement into the "unassigned" general prison population which included violent prisoners just released from segregation for fighting. |
| <u>Debrah Fuqua</u>: | Will answer after her repeatedly postponed deposition is taken. |
| <u>Lt. Law</u>: | Defendant Law ignored McCroy's request to be separated from his cellmate Durham because he was intentionally playing loud music trying to provoke a fight. Since there was no fight, Plaintiff was told he must "refuse" housing, lose good time credit, and go into segregation before being separated from Durham. |

> C. O. Kellerman: As a security guard, Kellerman was aware of Durham's history of violence and ignored verbal complaints of Plaintiff McCroy that his cellmate Durham was aggressive and intentionally played loud music to try and provoke a fight. Plaintiff was told since there was no fight, he must "refuse" housing, lose good time credit, and go into segregation before being separated from Durham.

5. For each defendant, state with specificity the time, date and content of any communication between Plaintiff and that defendant regarding Mr. McCroy's fear of serious harm at the hands of Mr. Dunham.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. However, without waiving these objections, Plaintiff states as to the following:

> Roger E. Walker: Is sued in his official capacity only.
>
> Lt. Law: As Kellerman's supervisor, Defendant Law also ignored McCroy's request to be separated from his cellmate Durham because he was intentionally playing loud music trying to provoke a fight. Since there was no fight, Plaintiff was told he must "refuse" housing, lose good time credit, and go into segregation to be separated from Durham.
>
> C. O. Kellerman: As a security guard, Kellerman was aware of Durham's history of violence and discussed that fact with Plaintiff. He also ignored verbal complaints of Plaintiff McCroy that his cellmate Durham was aggressive and intentionally played loud music to try and provoke a fight. Plaintiff was told since there was no fight, he must "refuse"

> housing, lose good time credit, and go into segregation to be separated from Durham.

6. For each defendant, state with specificity the basis for your claim against that defendant that he or she personally violated Plaintiff's rights under the Americans With Disabilities Act.

RESPONSE:    **Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. Plaintiff is not asserting any individual personally violated the American with Disabilities Act as there is no individual liability under the ADA. See the Third Amended Complaint for the ADA allegations.**

7. For each defendant, state with specificity any harm Plaintiff suffered as a result of any alleged violation of the American's With Disabilities Act.

RESPONSE:    **Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. See the relief requested from the IDOC and Wexford in Count II and Count V of the Third Amended Complaint.**

       AARON McCROY, Plaintiff,
       BY: LONDRIGAN, POTTER, & RANDLE, P.C.


       BY: _____
          THOMAS F. LONDRIGAN

Thomas F. Londrigan
Londrigan, Potter, & Randle, P.C.
P.O. Box 399
Springfield, IL 62705
217-544-9823
217-544-9826 (fax)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON MCCROY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 02-3171 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS et al., | ) | |
|     Defendants. | ) | |

### CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that he served one copy of the following document:

### PLAINTIFF'S RESPONSE TO
### IDOC DEFENDANTS' INTERROGATORIES

by placing same in U. S. Mail from Springfield, Illinois, on March 26, 2007, plainly addressed to the following at the following addresses:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Mr. Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
236 N. Water Street
P. O. Box 560
Decatur, IL   62525-0560

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

Aaron McCroy, Reg. #N51882
P. O. Box 999
Pinckneyville, IL   62274

By: s/Thomas F. Londrigan
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON MCCROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02-cv-3171 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, ROGER E. WALKER, JR., (in his official capacity only), DENNIS HOCKADAY, KEVIN WINTERS, SANDRA FUNK, DEBORAH FUQUA, LIEUTENANT BRYON LAW, KENNETH KELLERMAN, JULIUS FLAGG, all in their official and individual capacities, WEXFORD HEALTH SOURCES, Inc., Dr. LOWELL BROWN, MD., Dr. HUGHES LOCHARD, MD., and RHONDA MILLS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO IDOC DEFENDANTS' INTERROGATORIES

NOW COMES the Plaintiff, AARON McCROY, #N-51882, by and through his attorneys, LONDRIGAN, POTTER & RANDLE, P.C. and for his answers to interrogatories propounded by the IDOC Defendants states as follows:

1.  For each defendant, state with specificity the basis for the claim that he or she was deliberately Indifferent to Plaintiff's serious medical needs.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of Defendant Fuqua has not been completed. However, without waiving these objections, Plaintiff states as to the following:

<u>Debrah Fuqua</u>: See Plaintiff's deposition pp. 116-118. See also Plaintiff's memorandum of law in support of the motion to compel her deposition; her job description, and depositions in which she is referenced. Her deliberate indifference includes but is not limited to her role in the delayed transplant operation, steroid induced glaucoma, and decision to remove Plaintiff from the infirmary. Investigation continues.

2. For each defendant, state with specificity any harm that Plaintiff suffered as a direct result of the actions or inactions of each defendant with regard to the claim for deliberate indifference to Plaintiff's serious medical needs.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the deposition of Defendant Fuqua has not been completed. However, without waiving these objections, Plaintiff states as to the following:

<u>Debrah Fuqua</u>: 1) Due to repeated delays in contact lens fittings and the deliberate indifference to treatment by outside ophthalmologists and administration of prescribed medications, plaintiff lost most of the sight in his left eye and vision in his right eye worsened. Also,

2

        Defendant Fuqua was aware Plaintiff was retaliated against by infirmary nurses and correction officers for filing grievances about treatment for his eye condition. Investigation continues.

2)    Due to his high risk condition, Plaintiff lost his left eye entirely after being transferred from the infirmary into the general population and assigned a violent cellmate who struck him in that eye.

4.    For each defendant state how he or she personally exposed plaintiff to a significant risk of serious harm from Mr. Durham.

**RESPONSE:**    Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. However, without waiving these objections, Plaintiff states as to the following:

<u>Debrah Fuqua</u>:    Through review of repeated grievances, Fuqua was aware of Plaintiff's complaints that he was not receiving proper medical treatment while in the infirmary. Defendant Fuqua was Health Care Unit Administrator for the time that plaintiff was housed there. She also played a role in Plaintiff's transfer from the infirmary to the general population as noted by Warden Winters, Karen Wear, and Doctor Brown in their depositions. Investigation continues.

3

6. For each defendant, state with specificity the basis for your claim against that defendant that he or she personally violated Plaintiff's rights under the Americans With Disabilities Act.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. Plaintiff is not asserting any individual personally violated the American with Disabilities Act as there is no individual liability under the ADA. See the Third Amended Complaint for the ADA allegations to include but not limited to paragraphs 25, 37, 41, 48, 60, 61, 62, 63, 64, 366, 367, and 368. See also Plaintiff's deposition in which he was asked a series of questions about the ADA claims.

7. For each defendant, state with specificity any harm Plaintiff suffered as a result of any alleged violation of the American's With Disabilities Act.

RESPONSE: Plaintiff objects to this interrogatory because Defendant IDOC has not produced all of its records regarding Plaintiff Aaron McCroy, and the depositions of all defendants have not been completed. See the relief requested from the IDOC and Wexford in Count II and Count V of the Third Amended Complaint.

AARON McCROY, Plaintiff,
BY:    LONDRIGAN, POTTER, & RANDLE, P.C.


BY: _____
    THOMAS F. LONDRIGAN

Thomas F. Londrigan
Londrigan, Potter, & Randle, P.C.
P.O. Box 399
Springfield, IL 62705
217-544-9823
217-544-9826 (fax)

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY,           )<br>     Plaintiff,           )<br>                                  )<br>vs.                                )           NO. 02-3171<br>                                  )<br>ILLINOIS DEPARTMENT OF   )<br>CORRECTIONS et al.,       )<br>     Defendants.          ) | |

### CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that he served one copy of the following document:

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO IDOC DEFENDANTS' INTERROGATORIES

by facsimile and by placing same in U. S. Mail from Springfield, Illinois, on April 3, 2007, plainly addressed to the following at the following addresses:

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687
Fax: (217) 523-3902

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G.
500 South Second Street
Springfield, IL 62706
Fax: (217) 524-5091

and by placing a copy in the U.S. Mail from Springfield, Illinois, on April 3, 2007, plainly addressed to the following:

Aaron McCroy, Reg. #N51882
P. O. Box 999
Pinckneyville, IL  62274

By: s/Thomas F. Londrigan
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
Post Office Box 399
Springfield, IL 62705
Telephone: (217) 544-9823