UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

    Plaintiff,

                        02-CV-3171

ILLINOIS DEP'T OF
CORRECTIONS, et al.,

    Defendants.

## Order

    Before the Court is the plaintiff's motion to file a Fourth Amended Complaint. Plaintiff seeks to reinstate Dr. Cleveland Rayford as a defendant.[1] Plaintiff had dropped Dr. Rayford as a defendant from his Third Amended Complaint, relying on opposing counsel's stated belief that she had heard that Dr. Rayford was deceased. Plaintiff's counsel has since discovered that Dr. Rayford is apparently alive with a possible address in O'Fallon, Illinois.

    "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). *Duda v. Bd. of Education of Franklin Park Public School Dist.*, 133 F.3d 1054, 1056 (7th Cir. 1998)(*citations omitted*); *La Batt v. Twomey*, 513 F.2d 641, 651 (7th Cir. 1975). Leave is not required if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F3d 854, 860 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

    The Court concludes that allowing amendment at this late date would unduly delay the case and cause undue prejudice to the defendants. The attachments to Plaintiff's motion show that Wexford's counsel represented that she had heard Dr. Rayford was deceased, but that she admitted that she had no independent verification. The court sees no bad faith or intentional misleading. It also seems that verification would have been readily available through public sources accessible to all the parties. It would be unfair to the existing defendants to add a new party at this late date. Additionally, justice does not require the amendment. Wexford is already in the case. An inference arises that Dr. Rayford's written denial of the surgery reflects an official policy of Wexford and/or IDOC. *See Woodward v. Correctional Medical Services of Illinois*, 368 F.3d 917, 927 (7th Cir. 2004). Wexford does not appear to be named as a defendant

---

[1] The defendants have not had time to respond, but the court does not believe they will be prejudiced as the court is ruling in their favor.

1

in the deliberate indifference counts, but it is clear from Plaintiff's arguments that he asserts Wexford's institutional liability on this score. Though Dr. Rayford is not a defendant, he may still act as a witness.

As to the remaining summary judgment motions, the court is working on them. In order to ensure the trial proceeds as scheduled, the parties will be directed to submit a proposed final pretrial order as if summary judgment will be denied as to all motions, except for the ADA/RA claims against Wexford.[2] If the court rules otherwise, the final pretrial order will be accordingly revised.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to file a Fourth Amended Complaint is denied (d/e 402).

2) The proposed final pretrial order is due October 8, 2007. The proposed order must include the names of all witnesses to be called. Inmate witnesses (other than the plaintiff) will appear by video conference. In order to allow sufficient time to prepare video writs, the pretrial order must include the name, prison number, and place of incarceration for each inmate who will be called as a witness. If a current IDOC employee (other than the defendants) seeks to appear by video, the final pretrial order must disclose the location from which the employee proposes to appear and any objections thereto by Plaintiff. The parties are responsible for timely obtaining and serving any necessary trial subpoenas for witnesses, including providing the required witness and mileage fees. Fed. R. Civ. P. 45.

3) The final pretrial conference on October 22, 2007 shall be held by video conference. Plaintiff shall also appear by video conference for the final pretrial. The clerk is directed to issue the necessary video writs to secure the presence of counsel and Plaintiff.

4) Jury trial/selection remains scheduled for October 29, 2007 at 9:00 a.m.., by personal appearance.

Enter this 21st day of September, 2007.

                                                s\Harold A. Baker
                                                HAROLD A. BAKER
                                            UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not appear to dispute Wexford's contention that it is not amenable to suit under the ADA or RA.