## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

| Plaintiff's Jury Instruction No. | Source |
|---|---|
| 1. | Preliminary Instruction |
| 2. | 7th Cir. P.I. 1.01 |
| 3. | 7th Cir. P.I. 1.02 |
| 4. | 7th Cir. P.I. 1.03 |
| 5. | 7th Cir. P.I. 1.04 |
| 6. | 7th Cir. P.I. 1.05 |
| 7. | 7th Cir. P.I. 1.06 |
| 8. | 7th Cir. P.I. 1.07 |
| 9. | 7th Cir. P.I. 1.08 |
| 10. | 7th Cir. P.I. 1.09 |
| 11. | 7th Cir. P.I. 1.10 |
| 12. | 7th Cir. P.I. 1.11 |
| 13. | 7th Cir. P.I. 1.12 |
| 14. | 7th Cir. P.I. 1.13 |
| 15. | 7th Cir. P.I. 1.14 |
| 16. | 7th Cir. P.I. 1.16 |
| 17. | 7th Cir. P.I. 1.17 |
| 18. | 7th Cir. P.I. 1.18 |
| 19. | 7th Cir. P.I. 1.21 |
| 20. | 7th Cir. P.I. 1.24 |
| 21. | 7th Cir. P.I. 1.25 |

| | |
|---|---|
| 22. | 7th Cir. P.I. 1.26 |
| 23. | 7th Cir. P.I. 1.27 |
| 24. | 7th Cir. P.I. 1.31 |
| 25. | 7th Cir. P.I. 1.32 |
| 26. | 7th Cir. P.I.1.33 |
| 27. | 7th Cir. P.I. 1.34 |
| 28. | 7th Cir. P.I. 2.01 |
| 29. | 7th Cir. P.I. 2.03 |
| 30. | 7th Cir. P.I. 2.05 |
| 31. | 7th Cir. P.I. 2.08 |
| 32. | 7th Cir. P.I. 2.14 |
| 33. | 7th Cir. P.I. 7.03 |
| 34. | 7th Cir. P.I. *Blum v. Yaretsky* |
| 35. | 7th Cir. P.I. 6.02 |
| 36. | 7th Cir. P.I. 3.02 (modified) |
| 37. | 7th Cir. P.I. 7.10 |
| 38. | 7th Cir. P.I. 7.11 |
| 39. | 7th Cir. P.I. 7.14 |
| 40. | 7th Cir. P.I. 7.14 Ostrich Instruction |
| 41. | 7th Cir. P.I. 7.12 |
| 42. | 7th Cir. P.I. 7.13 |
| 43. | 7th Cir. P.I. 4.01 (modified) |
| | *Pennsylvania Dept. Of Corr. v. Yeskey,* |

|     |     |
|-----|-----|
|     | 524 U.S. 206 (1998) |
| 44. | 7th Cir. P.I. 7.12 (modified) |
|     | *Pennsylvania Dept. Of Corr. v. Yeskey,* |
|     | 524 U.S. 206 (1998) |
| 45. | *Ross v. Knight*, 2006 WL 3676372 |
| 46. | 7th Cir. P.I. 7.22 |
| 47. | 7th Cir. P.I. 7.19 |
| 48. | 7th Cir. P.I. 7.20 |
| 49. | 7th Cir. P.I. 7.23 |
| 50. | 7th Cir. P.I. 7.24 |
| 51. | *City of Revere v. Massachusetts General Hospital*, 463 O.S. 239 245 (1983) |

Verdict Forms 1 through 56

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

The positions of the parties can be summarized as follows:

Plaintiff claims that one or more of the Defendants' (1) retaliated against him for filing suit and otherwise complaining about the conditions of his confinement; (2) retaliated against him for exercising his rights as an allegedly disabled inmate; (3) confined him in a manner that posed a

substantial risk of serious harm to his health or safety; (4) failed to protect him; (5) failed to provide a constitutionally mandated level of medical care; and (6) discriminated against him because he is disabled.

Defendants deny those claims.

To prove one or more of his claims, Plaintiff will have to prove by a preponderance of the evidence prove the elements of his claims. Prior to deliberating, you will be instructed on the specific elements of each claim.

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others to discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the bailiff to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pl's Instruction No. 1
7th Cir. Preliminary Instruction

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy/prejudice/fear/public opinion to  influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Pl's Instruction No. 2
7th Cir. P.I. 1.01

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Pl's Instruction No. 3
7th Cir. P.I. 1.02

In this case one of the defendants is a corporation.  All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Pl's Instruction No. 4
I.P.I. 1.03

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true and that a person would give certain testimony.

Pl's Instruction No. 5
I.P.I. 1.04

During the trial, certain testimony was presented to you by the reading of a deposition and via videotape.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Pl's Instruction No. 6
I.P.I. 1.05

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Pl's Instruction No. 7
7th Cir. P.I. 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the courtroom. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

Pl's Instruction No. 8
7th Cir. P.I. 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Pl's Instruction No. 9
7th Cir. P.I. 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Pl's Instruction No. 10
7th Cir. PI 1.09

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each Defendant only in the case against that particular Defendant. You must not consider it against any other party.

Pl's Instruction No. 11
7th Cir. PI 1.10

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this "inference".  A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Pl's Instruction No. 12
7th Cir. P.I. 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Pl's Instruction No. 13
7th Cir. P.I. 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Pl's Instruction No. 14
7th Cir. P.I. 1.13

You may consider statements given by Party Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Pl's Instruction No. 15
7th Cir. P.I. 1.14

It is proper for a lawyer to meet with any witness in preparation for trial.

Pl's Instruction No. 16
7th Cir. P.I. 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of the witnesses.

Pl's Instruction No. 17
7th Cir. P.I. 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Pl's Instruction No. 18
7th Cir. P.I. 1.18

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Pl's Instruction No. 19
7th Cir. P.I. 1.21

Certain demonstrative devices have been shown to you. Those devises are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Pl's Instruction No. 20
7th Cir. P.I. 1.24

You must give separate consideration to each claim and each party in this case. Although there are 13 defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

As it relates to Defendant, Wexford, it can be held liable if one or more of Defendants, Brown, Lochard, and/or Mills' liable conduct was a result of Wexford's official policy.

Pl's Instruction No. 21
7th Cir. P.I. 1.25

Terry Polk, David Schnepel, Stanley Sims, M.D., Nurse C. Shaw, David Anderson, D.O,

Pamela Grubman, Judith Wilson and Cleveland Rayford, M.D. are no longer defendants in this

case. You should not consider any claims against these former parties. Do no speculate on the

reasons. You should decide this case as to the remaining parties.

Pl's Instruction No. 22
7th Cir. P.I. 1.26

When I say a particular party must prove something by "a preponderance of the evidence" or when I use the expression "if you find" or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Pl's Instruction No. 23
7th Cir. P.I. 1.27

If you decide for all the defendants on the question of liability, then you should not consider the question of damages.

Pl's Instruction No. 24
7th Cir. P.I. 1.31

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Pl's Instruction No. 25
7th Cir. P.I. 1.32

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Pl's Instruction No. 26
7th Cir. P.I. 1.33

The verdicts must represent the considered judgment of each juror.  Your verdicts, whether for or against a party, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Pl's Instruction No. 27
7th Cir. P.I. 1.34

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in this trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Pl's Instruction No. 28
7th Cir. P.I. 2.01

Some of the evidence in this case is limited to one of the parties, and cannot be considered against the others. Each party is entitled to have the case decided solely on the evidence which applies to that party.

Pl's Instruction No. 29
7th Cir. P.I. 2.03

The parties have stipulated, or agreed, that:

1.    At all relevant times, Plaintiff Aaron McCroy is and has been an inmate committed to the custody of Defendant Illinois Department of Corrections.

2.    Defendant Illinois Department of Corrections is an agency of the State of Illinois and a public entity within the meaning of the Americans With Disabilities Act and is a covered entity pursuant to the Rehabilitation Act.

3.    Defendant Roger E. Walker, Jr. is sued in his official capacity as the Director of the Illinois Department of Corrections.  He has been the Director of the Illinois Department of Corrections since June 3, 2003.

4.    Defendant Dennis Hockaday was employed by the Illinois Department of Corrections as Warden at the Western Illinois Correctional Center prior to Defendant, Winters.

5.    Defendant Kevin Winters was employed by the Illinois Department of Corrections as the Assistant Warden of Operations at Western Illinois Correctional Center from 2000 to 2002.  He was employed as Warden of Western Illinois Correctional Center from December, 2002 through October, 2004.

6.    Defendant Sandra Funk was employed by the Illinois Department of Corrections as the Assistant Warden of Programs at Western Illinois Correctional Center from August of 2002 to March of 2005.

7.    Defendant Deborah Fuqua was employed by the Illinois Department of Corrections as the Health Care Unit Administrator at Western Illinois Correctional Center during Plaintiff's incarceration.

8.    Defendant Law was employed by the Illinois Department of Corrections as a Correctional Lieutenant at Western Illinois Correctional Center at all relevant times.

9. Defendant Kellerman was employed by the Illinois Department of Corrections as a Correctional Officer at Western Illinois Correctional Center at all relevant times.

10. Defendant Julius Flagg was employed by the Illinois Department of Corrections as the Facility ADA Coordinator and Acting Warden for Pinckneyville during the time Plaintiff was incarcerated at the Pinckneyville Correctional Center.

11. Dr. William Elyea was employed by the Illinois Department of Corrections as Medical Director during the time Plaintiff was incarcerated at WICC and at all relevant times thereafter.

12. Defendant Wexford Health Sources, Inc. ("Wexford"), is a Florida corporation doing business in Illinois, which at all relevant times contracted with Defendant IDOC to provide health care services for inmates at WICC, Menard, Pinckneyville and Big Muddy.

13. Defendant Dr. Lowell Brown is the medical Director at the Western Illinois Correctional Center. He has served in that capacity since January 15, 2004. He is currently employed by Wexford.

14. Defendant Dr. Lochard is a Wexford employee who served as the on call Medical Director at the Western Illinois Correctional Center from September of 2003 to January 14, 2004.

15. Defendant Rhonda Mills is a Nurse Practitioner who currently works for the Quincy Medical Group. From January 2000 until July of 2005, Defendant Mills worked as a Nurse Practitioner at the Western Illinois Correctional Center.

16. Dr. Cleveland Rayford was a Regional Medical Director for Wexford during part of the time Plaintiff was incarcerated at the Western Illinois Correctional Center.

17.     Dr. David Anderson was an optometrist contracted by Wexford to provide optometry care at the Western Illinois Correctional Center during part of the time Plaintiff was incarcerated at the Western Illinois Correctional Center.

18.     On September 9, 1993, Plaintiff was diagnosed as having Keratoconus in both eyes.

19.     At all relevant times, all Defendants were acting under color of law.

20.     At all relevant times, IDOC received federal funds.

Pl's Instruction No. 30
7th Cir. P.I. 2.05

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The depositions of William Zeh, M.D. taken on 10/15/07 and David Anderson, D.O. taken on 12/13/06, are about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Pl's Instruction No. 31
7th Cir. P.I. 2.08

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Pl's Instruction No. 32
7th Cir. PI 2.14

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

Pl's Instruction No. 33
7th Cir. P.I. 7.03

A private party will be deemed to have acted under "color of state law" when the state either (1) effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision; or (2) the state delegates a public function to a private entity.

Pl's Instruction No. 34
***Blum v. Yarestsky***,
457 U.S. 991, 1002 (1982)

In this case, Plaintiff claims that one or more of Defendants Walker, Wexford, Hockaday, Winters or Funk, Fuqua, Brown, Lochard or Mills retaliated against him for seeking access to the legal system by filing a lawsuit, and/or by otherwise complaining about the conditions of his confinement.

To succeed on this claim, Plaintiff must prove several things by a preponderance of the evidence

1.      Plaintiff filed suit and grievances complaining about the conditions of his confinement;

2.      One or more of the aforementioned Defendants intentionally committed one or more of the following acts or omissions:

       a.      Delayed Plaintiff receiving a left corneal transplant;

       b.      Moved Plaintiff from the WICC infirmary to a cell in general population;

       c.      Impeded the medical recommendations of Plaintiff's treating physicians as it relates to Plaintiff's eye treatment to include contact lens fittings;

       d.      Refused to screen violent inmates from being placed in the same cell with Plaintiff;

       e.      Denied Plaintiff access to programs, activities and privileges while he was housed in the infirmary at WICC to the same extent said programs, activities and privileges were provided to non-disabled inmates housed in general population;

       f.      Imposed unwarranted restrictions on Plaintiff's confinement;

3.      Plaintiff's filing suit and grievances complaining about the conditions of his confinement was a reason, alone or with other reasons, that Defendants relied on when it committed the above listed acts and/or omissions;

4.      Plaintiff has suffered damage.

If Plaintiff has proved each of these things by a preponderance of the evidence, then you must consider each Defendants' claims that they would have committed the above listed acts and/or omissions anyway. To succeed on their claim, each Defendant must prove by a preponderance of the evidence that even though Plaintiff's filing suit and/or grievances was a reason in their decision to commit the above listed acts and/or omissions, there were other reasons which would have led said Defendants to commit the above listed acts and/or omissions even if Plaintiff had not filed suit and grievances.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of him, and that one or more Defendants have not proved their claims by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove by a preponderance of the evidence each of the things required of him, or if you find that one or more Defendants proved their claims, then you must find for the applicable Defendant.

Pl's Instruction No. 35
7th Cir. P.I. 6.02

Plaintiff claims that one or more of the following acts: (1) delay in his receiving left corneal transplant; (2) moving him from the WICC infirmary to a cell in general population; (3) housing an inmate just released from segregation with him; (4) impeding the implementation of the recommendations of treating physicians as it relates to his continual eye treatment to include contact lens fittings; (5) denial of programs, activities and privileges while he was housed in the WICC infirmary to the same extent as programs and privileges provided to able bodies inmate; (6) being subjected to unwarranted restrictions in his confinement; and/or (7)denial of placement in an ADA cell in Pinckneyville occurred because he tried to exercise his rights as a disabled inmate.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant, IDOC, engaged in one or more of the aforementioned acts because Plaintiff exercised his rights as a disabled inmate.  To determine that one or more of the aforementioned acts occurred because Plaintiff exercised his rights as a disabled inmate, you must decide that Defendants would not have taken any of the aforementioned actions against Plaintiff if he did not exercise his rights as a disabled inmate but everything else had been the same.

Pl's Instruction No. 36
7th Cir PI 3.02 (modified)

To succeed in his claim about the conditions of his confinement, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  Plaintiff was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety;

2.  One or more of the Defendants, Walker, Winters, Funk, Fuqua, Wexford, Brown, Lochard and/or Mills was deliberately indifferent to Plaintiff's health or safety;

3.  One or more of the aforementioned Defendants' conduct caused harm to Plaintiff;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendants, and you will not consider the question of damages.

Pl's Instruction No. 37
7th Cir. P.I. 7.10

To succeed on his claim of failure to protect, Plaintiff must prove each of the following things by a preponderance of the evidence:

a.    Defendants, Law and/or Kellerman acted with deliberate indifference to Plaintiff's safety when they refused to transfer Plaintiff out of the cell with Inmate Durham when Plaintiff requested.

b.    Defendants, Law and/or Kellerman were deliberately indifferent to the substantial risk of such an attack;

c.    As a result of one or more of the aforementioned Defendants' conduct, Plaintiff was harmed;

d.    Defendants acted under color of law.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

Pl's Instruction No. 38
7th Cir. P.I. 7.11

When I use the term "deliberately indifferent," I mean that Defendants actually knew of a substantial risk of serious harm and that one or more of the Defendants consciously disregarded this risk by failing to take reasonable measures to deal with it.

Pl's Instruction No. 39
7th Cir. P.I. 7.14

If you find that Defendant strongly suspected that things were not as they seemed, yet shut his eyes for fear of what he would learn, you may conclude that he was deliberately indifferent.  You may not conclude that Defendant was deliberately indifferent if he was merely careless in failing to discover the truth.

Pl's Instruction No. 40
7th Cir. PI 7.14 Committee Comment
Ostrich Instruction

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.     Plaintiff had a serious medical need;

2.     One or more Defendants, Walker, Hockaday, Winters, Funk, Fuqua, Flagg, Wexford, Brown, Lochard and/or Mills were deliberately indifferent to Plaintiff's serious medical need;

3.     One or more of the aforementioned Defendants' conduct caused harm to Plaintiff;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants, and you will not consider the question of damages.

Pl's Instruction No. 41
7th Cir. P.I. 7.12

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

-     the severity of the condition;

-     the harm including pain and suffering that could result from a lack of medical care;

-     whether providing treatment was feasible; and

-     the actual harm caused by the lack of medical care.

Pl's Instruction No. 42
7th Cir. P.I. 7.13

Plaintiff also brings claims under two federal laws, the American's with Disabilities Act, which is often referred to by its initials, "ADA", and the Rehabilitation Act, "RA".  Under both the ADA and RA, it is illegal for a correctional entity to deny disabled inmates access to the programs, services, and activities available to other inmates or to subject disabled inmates to discrimination.

Pl's Instruction No. 43
7th Cir. PI 4.01 (modified)
***Pennsylvania Dept. Of Corrections v. Yeskey***,
524 U.S. 206 (1998)

To succeed on his ADA/RA claim, Plaintiff must prove two propositions by a preponderance of evidence.

1)      He is disabled.

2)      Defendant, IDOC discriminated against him because he is disabled.

If you believe Plaintiff has proven each of these things by a preponderance of the evidence, then you should find for the Plaintiff and go on to consider the questions of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Pl's Instruction No. 44
7th Cir. PI 7.12 (modified)
***Pennsylvania Dept. Of Corrections v. Yeskey***,
524 U.S. 206 (1998)

Plaintiff is disabled if he:

1)     Has an impairment or was regarded by IDOC as having an impairment;

2)     That limits a major life activities; and,

3)     The limitation is substantial.

Pl's Instruction No. 45
***Ross v. Knight***,
2006 WL 3626372 (S.D. Ind. 2006)

If you find that Plaintiff has proved any of his claims against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Pl's Instruction No. 46
7th Cir. PI 7.22

If you find that Plaintiff has proved any of his claims by a preponderance of the evidence, you must consider whether Wexford is also liable to Plaintiff. Wexford is not responsible simply because it employed Brown, Lochard and Mills. Wexford is liable if Plaintiff proves by a preponderance of the evidence that one or more of the aforementioned Defendants' conduct was a result of its official policy.

Pl's Instruction No. 47
7th Cir. PI 7.19

When I use the term "official policy," I mean:

- A rule or regulation passed by Wexford's legislative body.

- A decision or policy statement made by Brown, Lochard and/or Mills, who is a policy-making official of Wexford. This includes Brown, Lochard and/or Mill's approval of a decision or policy made by someone else, even if that person is not a policy-making official.

- A custom of encouraging and/or condoning the misconduct of subordinate employees relating to, (1) Plaintiff's medical needs, (2) Plaintiff's serious risk of harm between June 8, 2004 and September 23, 2004, (3) retaliation against the Plaintiff, that is persistent and widespread, so that it is Wexford's standard operating procedure. A persistent and widespread pattern may be a custom even if Wexford has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.

Pl's Instruction No. 48
7th Cir. PI 7.20

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of his injuries and disability caused by the Defendants. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.     The present value of the care and supplies that Plaintiff is reasonably certain to need and receive in the future.

2.     The present value of the wages, salary, profits, earning capacity that Plaintiff is reasonably certain to lose in the future because of his inability to work.

When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

3.     The physical and mental/emotional pain and suffering and disability/loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory

damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Pl's Instruction No. 49
7th Cir. P.I. 7.23

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that Defendants' conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

-    the reprehensibility of Defendants' conduct;

-    the impact of Defendants' conduct on Plaintiff;

-    the relationship between Plaintiff and Defendants;

-    the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;

-    the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Pl's Instruction No. 50
7th Cir. P.I. 7.24

An inmate has a constitutional right to receive needed medical treatment and that right is

not impacted by which entity or person is responsible for paying for the needed medical

treatment.

Pl. Instruction No. 51
***City of Revere v. Massachusetts General Hospital***,
463 O.S. 239 245 (1983)

**First Amendment/Retaliation**
**VERDICT FORM 1**

      We the jury, find for Aaron McCroy and against Wexford.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 2**

We the jury, find for Aaron McCroy and against Dennis Hockaday.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 3**

      We the jury, find for Aaron McCroy and against Kevin Winters.  We assess compensatory damages in the sum of $_____ and punitive damages in the sum of $_____.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 4**


      We the jury, find for Aaron McCroy and against Sandra Funk. We assess compensatory damages in the sum of $_____ and punitive damages in the sum of $_____.




Foreperson:_____

Dated:_____

**First Amendment Retaliation**
**VERDICT FORM 5**


      We the jury, find for Aaron McCroy and against Deborah Fuqua.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.




Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 6**


We the jury, find for Aaron McCroy and against Lowell Brown, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.




Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 7**


We the jury, find for Aaron McCroy and against Hughes Lochard, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.




Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 8**


      We the jury, find for Aaron McCroy and against Rhonda Mills.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.




Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 9**

We the jury, find for Wexford and against Aaron McCroy.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 10**


We the jury, find for Dennis Hockaday and against Aaron McCroy.




Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 11**

We the jury, find for Kevin Winters and against Aaron McCroy.


Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 12**

We the jury, find for Sandra Funk and against Aaron McCroy.


Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 13**

We the jury, find for Deborah Fuqua and against Aaron McCroy.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 14**

We the jury, find for Lowell Brown, M.D. and against Aaron McCroy.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 15**

We the jury, find for Hughes Lochard, M.D. and against Aaron McCroy.

Foreperson:_____

Dated:_____

**First Amendment/Retaliation**
**VERDICT FORM 16**

We the jury, find for Rhonda Mills and against Aaron McCroy.

Foreperson:_____

Dated:_____

**ADA & RA Retaliation**
**VERDICT FORM 17**

We the jury, find for Aaron McCroy and against IDOC.  We assess damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**ADA & RA Retaliation**
**VERDICT FORM 18**

We the jury, find for IDOC and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 19**

We the jury, find for Aaron McCroy and against Kevin Winters  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 20**

We the jury, find for Aaron McCroy and against Sandra Funk.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 21**

We the jury, find for Aaron McCroy and against Deborah Fuqua.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 22**

We the jury, find for Aaron McCroy and against Wexford.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 23**

We the jury, find for Aaron McCroy and against Lowell Brown, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 24**

We the jury, find for Aaron McCroy and against Hughes Lochard, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 25**

We the jury, find for Aaron McCroy and against Rhonda Mills.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 26**

We the jury, find for Kevin Winters and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 27**

We the jury, find for Sandra Funk and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 28**

We the jury, find for Deborah Fuqua and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 29**

We the jury, find for Wexford and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 30**

We the jury, find for Lowell Brown, M.D. and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 31**

We the jury, find for Hughes Lochard, M.D. and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Conditions of Confinement**
**VERDICT FORM 32**

We the jury, find for Rhonda Mills and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Failure to Protect**
**VERDICT FORM 33**

We the jury, find for Aaron McCroy and against Brian Law.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Failure to Protect**
**VERDICT FORM 34**

We the jury, find for Aaron McCroy and against Kenneth Kellerman.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Failure to Protect**
**VERDICT FORM 35**

We the jury, find for Brian Law and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Failure to Protect**
**VERDICT FORM 36**

We the jury, find for Kenneth Kellerman and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 37**

We the jury, find for Aaron McCroy and against Dennis Hockaday.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 38**

We the jury, find for Aaron McCroy and against Kevin Winters. We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 39**

We the jury, find for Aaron McCroy and against Sandra Funk.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 40**

We the jury, find for Aaron McCroy and against Deborah Fuqua. We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 41**

We the jury, find for Aaron McCroy and against Julius Flagg.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 42**

We the jury, find for Aaron McCroy and against Wexford.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 43**

We the jury, find for Aaron McCroy and against Lowell Brown, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 44**

We the jury, find for Aaron McCroy and against Hughes Lochard, M.D.  We assess

compensatory damages in the sum of $_____ and punitive damages in the sum

of $_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 45**

We the jury, find for Aaron McCroy and against Rhonda Mills.  We assess compensatory

damages in the sum of $_____ and punitive damages in the sum of

$_____.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 46**

We the jury, find for Dennis Hockaday and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 47**

We the jury, find for Kevin Winters and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 48**

We the jury, find for Sandra Funk and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 49**

We the jury, find for Deborah Fuqua and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 50**

We the jury, find for Julius Flagg and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 51**

We the jury, find for Wexford and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 52**

We the jury, find for Lowell Brown, M.D. and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 53**

We the jury, find for Hughes Lochard, M.D. and against Aaron McCroy.


Foreperson:_____

Dated:_____

**Deliberate Indifference to Serious Medical Need**
**VERDICT FORM 54**

We the jury, find for Rhonda Mills and against Aaron McCroy.


Foreperson:_____

Dated:_____

**ADA & Rehabilitation Act**
**VERDICT FORM 55**

We the jury, find for Aaron McCroy and against IDOC.  We assess damages in the sum of

$_____ .

Foreperson:_____

Dated:_____

**ADA & Rehabilitation Act**
**VERDICT FORM 56**

We the jury, find for IDOC and against Aaron McCroy.


Foreperson:_____

Dated:_____