IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  02-3171 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' COMBINED MOTION IN LIMINE

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), JULIUS FLAGG, SANDRA FUNK, DEBRA K. FUQUA, DENNIS HOCKADAY, KENNETH KELLERMAN, BYRON LAW, ROGER E. WALKER, JR., and KEVIN WINTERS, by and through their attorney, Lisa Madigan, and Defendants WEXFORD HEALTH SOURCES, DR. LOCHARD, RONDA MILLS, and LOWELL BROWN, by and through their attorney, Theresa Powell, and hereby submit their motion in limine to prevent Plaintiff from presenting any testimony or other evidence regarding the criminal and/or disciplinary history of Brandon Durham.  In support thereof, Defendants state as follows:

1. Plaintiff has sought information regarding former inmate, Brandon Durham, from his master file maintained within the Illinois Department of Corrections.  Upon information and belief, Plaintiff intends to offer evidence of the criminal and/or disciplinary history of inmate Durham, who is not a witness in this case.

2. Inmate Durham got into a fight with Plaintiff, that resulted in the loss of Plaintiff's left eye, and Plaintiff has alleged various defendants failed to protect him from this inmate and the resulting injury.

3.  Prison officials can be held liable under the Eighth Amendment for an injury suffered by one prisoner at the hands of another only if two requirements are met. The first requirement is objective: the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer v. Brennan</u> 511 U.S. 825, 834; 114 S. Ct. 1970, 1977 (1994). The second requirement is subjective: the plaintiff must prove the prison official exhibited deliberate indifference to plaintiff's safety. <u>Id</u>.

    Deliberate indifference, as defined in <u>Farmer</u>, occurs when a prison official "knows of and disregards an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837; 114 S. Ct. at 1979.

4.  Plaintiff has no evidence that any of the defendants have ever reviewed Brandon Durham's master file, which includes his criminal and disciplinary history, or otherwise had knowledge of his criminal or disciplinary history. Plaintiff also has no evidence that any of the defendants placed Durham in a cell with Plaintiff. Plaintiff also has no evidence that he has ever viewed the contents of Durham's master file prior to the fight.

5.  Unless Plaintiff can first show that any of the defendants had seen the documents regarding Durham's history, or otherwise had actual knowledge of Durham's history, to satisfy the subjective component of Farmer, he should not be allowed to put evidence of that history before the jury.

6.  To allow such evidence without first laying the foundation that the defendants had viewed the information from Durham's master file or otherwise knew of its contents, would be prejudicial to the defendants, especially if Plaintiff seeks to

keep his own criminal and/or disciplinary history from coming in front of the jury [doc 419].

WHEREFORE, for the above and foregoing reasons unless Plaintiff can first show that any of the defendants had personal involvement in placing Durham and McCroy together in a cell and had seen the documents from Durham's master file about his criminal and/or disciplinary history, it would be prejudicial to the defendants for the information in Durham's master file to come before the jury.

Respectfully submitted,

| | |
|---|---|
| ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), JULIUS FLAGG, SANDRA FUNK, DEBRA K. FUQUA, DENNIS HOCKADAY, KENNETH KELLERMAN, BYRON LAW, ROGER E. WALKER, JR., and KEVIN WINTERS, | WEXFORD HEALTH SOURCES, DR. LOCHARD, RONDA MILLS, and LOWELL BROWN, |
| Defendants, | Defendants, |
| LISA MADIGAN, Attorney General, State of Illinois, | |
| By:  s/ Kelly R. Choate | By:  s/Theresa M. Powell (w/consent) |
| Kelly R. Choate, #6269533<br>Assistant Attorney General<br>Attorney for Defendants<br>500 South Second Street<br>Springfield, Illinois  62706<br>Telephone:  (217) 782-9026<br>Facsimile:   (217) 524-5091<br>E-Mail:  kchoate@atg.state.il.us | Theresa M.. Powell, #6230402<br>Attorney for Defendants<br>Heyl, Royster, Voelker & Allen<br>Suite 575, National City Center<br>PO Box 1687<br>Springfield, IL  62705<br>Telephone:   (217) 522-8822<br>Facsimile:   (217) 523-3902<br>E-mail:        tpowell@hrva.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2007, I electronically filed Defendants' Combined Motion in Limine with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan
Londrigan, Potter & Randle, P.C.
tom@lprpc.com

Douglas J. Quivey
Londrigan, Potter & Randle, P.C.
doug@lprpc.com

Theresa Powell
Heyl, Royster, Voelker & Allen
tpowell@hrva.com

Carl J. Tenney
Hughes, Hill & Tenney, L.L.C.
ctenney@hhtlaw.com

and I hereby certify that on October 19, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois 62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us