IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE ILLINOIS DEPARTMENT OF )<br>CORRECTIONS, ROGER E. )<br>WALKER, JR., (in his official )<br>capacity only), DENNIS HOCKADAY, )<br>KEVIN WINTERS, SANDRA FUNK, )<br>DEBORAH FUQUA, LIEUTENANT BRYON )<br>LAW, KENNETH KELLERMAN, JULIUS )<br>FLAGG, all in their official and )<br>individual capacities, WEXFORD )<br>HEALTH SOURCES, Inc., )<br>Dr. LOWELL BROWN, MD., )<br>Dr. HUGHES LOCHARD, MD., and )<br>RHONDA MILLS, )<br>)<br>Defendants. ) | 02-cv-3171 |

**PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSES TO PLAINTIFF'S MOTION *IN LIMINE***

NOW COMES the Plaintiff by and through his attorneys, LONDRIGAN, POTTER & RANDLE, P.C., and for his reply to all Defendants' Responses to Plaintiff's Motion in Limine (Court Docket #s, 423 & 424) states as follows:

Without citation to authority, Defendants allege that Plaintiff's medical treatment and prior alleged illegal drug use and other medical treatment and other conditions **may** become relevant at trial to determine life expectancy and future damages. In order to introduce this as evidence, Defendants must offer an expert witness qualified to lay an adequate foundation and to testify as to the effect of the medical conditions and illegal drug use on plaintiff's life expectancy.


EXHIBIT A

*White v. McEwing*, 1991 WL 214079, *1 (N.D. Ill. 1991). Defendants have not listed any expert witness in this case, much less the subject of that testimony. "…[E]ven though evidence as to life expectancy may very well be relevant, defendant would have an inadequate foundation for connecting plaintiff's positive HIV results with his life expectancy." *Id.* A jury should not be allowed to speculate as to the effect of a particular medical condition on a person's life expectancy. *Id. See also First American Bank ex rel. Estate of Montero v. Western DuPage Landscaping, Inc.*, 2005 WL 2284265 (N.D. Ill. 2005) (Evidence of plaintiff's smoking was not probative of his life expectancy where defendant did not present any competent medical evidence to the contrary.) Defendants did not offer any expert witness to testify to the effect of plaintiff's medical conditions or prior illegal drug use on his life expectancy. The jury will be adequately instructed that they are not bound by life expectancy tables. Therefore, this evidence is barred pursuant to plaintiff's prior motion *in limine*. *Mankey v. Bennett*, 38 F.3d 353 (7th Cir. 1994).

> Respectfully submitted,
> AARON MCCROY, Plaintiff
>
>
> By: s/Thomas F. Londrigan
>
> THOMAS F. LONDRIGAN, Bar No. 1686542
> Attorney for Plaintiff
> LONDRIGAN, POTTER & RANDLE, P.C.
> 1227 South Seventh Street
> Post Office Box 399
> Springfield, IL 62705
> Telephone: (217) 544-9823
> tom@lprpc.com

## Certificate of Service

The hereby certify that on October 23, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy,#N51882
Receiving Cell 15
P. O. Box 900
Ina, IL 62846

> By: s/Thomas F. Londrigan
> THOMAS F. LONDRIGAN, Bar No. 1686542
> Attorney for Plaintiff
> LONDRIGAN, POTTER & RANDLE, P.C.
> 1227 South Seventh Street
> Post Office Box 399
> Springfield, IL 62705
> Telephone: (217) 544-9823
> tom@lprpc.com