UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AARON MCCROY,

    Plaintiff,

02-CV-3171

ILLINOIS DEP'T OF
CORRECTIONS, et al.,

    Defendants.

### Order on Motions in Limine/Bar Witnesses

IT IS HEREBY ORDERED:

    1) Plaintiff's motion for leave to file reply is granted (d/e 433).

    2) Plaintiff's motion in limine (d/e 419) is granted to the extent not opposed by Defendants (subject to Plaintiff's opening the door), on the following subjects: Plaintiff's religious beliefs; Plaintiff's sexual orientation or history; Plaintiff's use of aliases; and, Plaintiff's criminal history.

    3) Plaintiff's motion in limine (d/e 419) is also granted as to prior lawsuits and to Plaintiff's testing for HIV. The medical defendants do not object and the IDOC defendants do not specifically address these issues, so the court presumes no objection. In any event, the court does not see the relevance of prior lawsuits other than this one, and the parties seem to agree that Plaintiff has tested negative for HIV.

    4) Plaintiff's motion in limine (d/e 419) is denied as to Plaintiff's prior history of illegal drug use in prison. The court agrees with the IDOC defendants that this may be relevant to their defense of Plaintiff's retaliation claim regarding his drug test that resulted in his transfer to Menard. Prior drug use may tend to make Defendants' justification for the test more probably true and Plaintiff's apparent assertion that the test was initiated out of retaliation more probably less true. Defendants also argue that prior drug use may have probative value as to the plaintiff's claimed life expectancy. The plaintiff may renew his objections to attempts to use evidence of prior drug use at the appropriate point in the trial. At this point, the court cannot conclude that the prejudicial effect outweighs the probative value.

    5) Plaintiff's motion is limine (d/e 419) is denied as premature with regard to Plaintiff's Hepatits C and other possible sexually transmitted diseases. The same ruling applies as stated in ¶4 above.

6) Wexford's first motion in limine regarding Plaintiff's grievances on grounds of hearsay is denied (422). Though Plaintiff may not be "a person with knowledge keeping the records in the regular course of business activity," the grievances are records kept in the regular course of business activity by the IDOC. Can there be any dispute that the documents are the records of a regularly conducted activity? The court thinks not.

7) Plaintiff's motion to bar Tom Lundquist and Mark Pierson as witnesses is denied with leave to renew at the time those witnesses are called (d/e 426). The court has no information regarding the substance of these witnesses' testimony.

8) Wexford's second motion in limine (d/e 427) is denied. Defendants ask that no reference be made to the fact that Plaintiff's counsel was court appointed, on the grounds irrelevance and prejudice. Plaintiff objects, arguing that omitting this information gives the jury the impression that Plaintiff can afford counsel. The court will tell the jury that counsel was appointed, but with a limiting instruction that the appointment doesn't mean the court has any opinions on the merit of the case.

9) Defendants' combined motion in limine regarding Inmate Durham's disciplinary history is denied (d/e 428). An inmate (inmate Durham) that Plaintiff was celled with September 2004 struck Plaintiff in the left eye, causing Plaintiff to lose not only the corneal transplant, but the entire eye. Durham allegedly had a disciplinary history of fighting. Defendants seek to keep this history out on the grounds that there is no evidence that any of them personally reviewed or had any knowledge of that history. The court rules that Plaintiff should be given the opportunity to prove personal knowledge at trial.

10) The medical defendants' motion to bar testimony of Plaintiff's expert (Dr. Kwedar), to the extent that testimony is critical of the care provided by Defendant Mills is denied with leave to renew (d/e 430). Defendants argue that Dr. Kwedar has never disclosed an opinion regarding Defendant Mills. Plaintiff counters that Dr. Kwedar has stated an opinion that Plaintiff's condition was aggravated by the failure to isolate him from other inmates, an action in which Plaintiff asserts Mills had a role when she discharged him from the infirmary to a single cell. At this point, it is not clear to the court what Dr. Kwedar intends to testify to regarding that action, if anything. Accordingly, the court does not have sufficient information to rule on the motion.

11) The medical defendants' second motion to bar reference to Dr. Kass' written recommendations is denied (d/e 431). The court appointed Dr. Kass as an expert witness limited to discussing "Plaintiff's present eye condition and the recommendation for treatment for his eye from this point forward, not on past diagnoses or past treatment decisions." (Court's Order of November 29, 2004.) Dr. Kass saw Plaintiff on December 8, 2004. He recommended that the patient needed to be fit with a special contact lens to improve his vision in his right eye, recommended a prosthesis for his left eye (for cosmetic purposes) and recommended waiting on a transplant for the right eye until Plaintiff is released from prison, because the risk of trauma was too great.

      Defendants object to the introduction of Kass' report unless they have an opportunity to cross-examine him live at trial. They assert they did not receive an opportunity to cross-examine him, that Plaintiff did not disclose Kass as an expert witness, that Kass relied on information provided by Plaintiff, and that Kass was recommended by Plaintiff's expert. Defendants also assert that Kass' report is unnecessary and irrelevant since the recommendations were followed through on at Menard and Defendants were not involved in Plaintiff's care after the report issued, due to Plaintiff's transfer to Menard.

      Kass' report is relevant evidence tending to support plaintiff's claim. Defendants should have the opportunity to cross examine him, however, and should take steps to secure his appearance if they want his testimony in addition to the report.

      Enter this 26thday of October, 2007.

      **s\Harold A. Baker**
_____
      HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE