E-FILED
Friday, 09 November, 2007  04:15:50 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

Second draft

AARON McCROY,

PLAINTIFF,

VS.                                                      02-3171

ILLINOIS DEPARTMENT OF CORRECTIONS,

DENNIS HOCKADAY,

KEVIN WINTERS,

SANDRA FUNK,

DEBORAH K. FUQUA,

BRYON LAW,

KENNETH KELLERMAN,

JULIUS FLAGG

WEXFORD HEALTH SOURCES, INC., a corporation

LOWELL BROWN, M.D.

HUGHES LOCHARD, M.D.

RHONDA MILLS, R.N.

DEFENDANTS.

FILED

NOV 0 6 2007

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

1

## JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings.

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence and stipulated facts.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts.

Whenever evidence was received for a limited purpose, you should consider it for that purpose and no other.

You are to disregard any evidence regarding which I have sustained an

objection or which I ordered stricken.  Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear, or public opinion. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence.  If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling or remark which I have made do I or have I meant to indicate any opinion as to the facts.

The plaintiff makes three different civil rights or Constitutional claims against the individual defendants. In conjunction with those civil rights and Constitutional claims, the plaintiff also makes a claim against the Illinois Department of Corrections (IDOC) under the American With Disabilities Act (ADA).

**First Amendment**: He claims that the defendants, individually or in concert, violated his rights under the First Amendment to the United States Constitution to petition the government for redress of grievances by:

1)  Retaliating against him for filing grievances and law suits and by denying him access or assignment to housing and programs within his assigned institutions;

2)  Pursuing policies that condoned or approved retaliation;

3)  Retaliating against him for claiming his rights under the Americans with Disabilities Act (ADA).

**Eighth Amendment**: He claims that the defendants, individually or in concert,  violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment by:

1) Intentionally or with deliberate indifference placing him in conditions of

4

confinement that exposed him to substantial risk of serious physical injury or further aggravation of his physical disability;

2) Intentionally or with deliberate indifference denying him medical care for his serious medical need.

**Fourteenth Amendment:** He claims that the defendants, individually or in concert, violated his rights under the Fourteenth Amendment to the United States Constitution to equal protection of the law by:

1). Not accommodating his physical disability as required by the provisions of the Americans With Disabilities Act (ADA).

2). By discriminating against him because of his disability by excluding him from participation in services, programs or activities provided by the IDOC.

**ADA claim:** He claims that the IDOC under a federal law called the Americans with Disabilities Act, the ADA, denied him his rights under that statute. The ADA applies to the IDOC and to IDOC inmates.

The plaintiff's ADA claim is against the IDOC in conjunction with the plaintiff's claims against the IDOC defendants under the civil rights statutes and the Constitution.

The plaintiff also claims that he suffered damages and that the conduct of the defendants collectively was a proximate cause of his damages.

The defendants each deny that they violated any of the plaintiff's constitutional rights as he claims and specifically deny that they intentionally or with deliberate indifference denied him treatment for his serious medical need, or intentionally or with deliberate indifference exposed him to serious physical injury or aggravation of his physical disability, or denied him his rights under the Americans With Disabilities Act, or retaliated against him for filing grievances or lawsuits or for claiming his rights under the ADA. The defendants further deny that the plaintiff has suffered damages to the extent claimed and specifically deny that any conduct on their part was a proximate cause of his claimed damages.

3:02-cv-03171-HAB-BGC     # 448     Page 7 of 45

The First Amendment to the Constitution of the United States provides for the right to petition the Government for a redress of grievances. In the context of this case that means that under the provisions of the First Amendment, the defendants could not retaliate against an inmate for filing grievances or law suits. It is legal for prisoners to file grievances and lawsuits.

The Eighth Amendment to the Constitution of the United States requires that inmates receive adequate medical care   In the context of this case, that means that the plaintiff had the right to be free from intentional or deliberate indifference to a serious medical need.   The Eighth amendment also requires that prison officials protect those in their charge from harm from other prisoners.  In the context of this case, that means that the plaintiff had the right to be free from intentional or deliberate indifference to a substantial risk of serious harm.

The Fourteenth Amendment provides for the equal protection of the law.  In the context of this case that means that the Defendant IDOC could not deny the plaintiff the protection of an applicable law.  The ADA was an applicable law.

The Americans With Disabilities Act provides in pertinent part that:

The term "disability" means with respect to an individual a physical impairment that substantially limits one or more of the major life activities of such individual.

No covered entity shall discriminate against a qualified individual with a disability by: utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

The term "qualified individual with a disability" means an individual with a disability who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

No qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by such entity.

The term "public entity" means any department or agency of a State, and, in the context of this case, includes the Defendant IDOC.

In the context of this case that means that the IDOC, through its employees, could not discriminate against the plaintiff because of his disability and could not exclude him from the services, activities or programs for which he is otherwise qualified.

IDOC services, programs and activities include, but are not limited to, medical services, educational and vocational programs, and dining, commissary and library privileges.  However, the plaintiff must prove he was discriminated against because of his disability, not simply that he was denied adequate services, activities and programs.

A significant part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness' testimony.

1. Ask yourself if the witness was able to see or hear the events clearly. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2. Ask yourself how good the witness' memory seemed to be. Did the witness seem able to remember accurately what happened?

3. Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5. Ask yourself if the witness had any relationship to the plaintiff or to a defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6. Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the

witness' testimony less believable.  Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7.  And ask yourself how believable the witness' testimony was in light of all the other evidence.  Was the witness' testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

There are two types of evidence: direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Evidence that a witness has been convicted of a crime is to be considered by you only insofar as it may affect his credibility as a witness. It must not be considered by you on any other issue in the case.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

Wexford is liable on the claims against it if the plaintiff proves that the individual Wexford employees violated the plaintiff's Constitutional right or rights and that those violation(s) were a result of Wexford's policy. "Official policy" means a policy made by an employee of Wexford with power to make that policy, or, a practice that is so persistent that it is Wexford's standard operating procedure. A persistent pattern may be a policy even if Wexford has not formally approved it, so long as Plaintiff proves that a policy-making employee knew of the pattern and allowed it to continue.

Under the plaintiff's claims pursuant to the Americans With Disabilities Act (ADA), the defendant Illinois Department of Corrections is a State agency and can only act through its officials and employees. Any act or omission of an official or employee of the Illinois Department of Corrections within the scope of his or her employment is an action or omission of the Illinois Department of Corrections under the ADA claims.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

During the trial, certain testimony was presented to you by depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

When I use the expression "deliberate indifference" in these instructions, I mean that a defendant, with actual knowledge of a substantial risk of serious harm to an inmate, acted with reckless disregard to the consequences of his conduct, thereby causing punishment or infliction of pain. Deliberate indifference may be inferred if a defendant was aware of the existence of a substantial risk of serious harm to the plaintiff, yet that defendant consciously ignored or closed his or her eyes to that risk.

When I use the expression "intentional" in these instructions, I mean that a defendant, with knowledge of all the circumstances surrounding the occurrence, acted deliberately.

Negligence, carelessness, or failure to do a good job are not a basis not a basis for liability under the civil rights claims. To create liability on the Constitutional claims, a defendant's conduct must be intentional or deliberately indifferent as I have defined those terms for you in these instructions.

There is more than one defendant in this case.  That does not mean that if you find against one defendant you must find against each.  Each defendant is entitled to have his or her or its case considered separately, and, therefore, you must consider the case against each defendant as if he or she or it  was the only defendant in the case.

When I use the expression proximate cause I mean any cause which, in natural or probable sequence, produced the injury complained of.  It need not be the only cause or the last and nearest cause.  It is sufficient if it concurs with some other cause acting at the same time which in combination with it causes the injury.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

When I say that a party has the "burden of proof" on any propositions, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the propositions on which that party has the burden of proof are more probably true than not true.

The plaintiff has the burden of proving each of the following propositions to recover on his First Amendment claim against the defendants regarding retaliation for the exercise of his right to file grievances, lawsuits or to claim his rights under the Americans with Disabilities Act with respect to the IDOC, considering each defendant separately:

First, that a motivating factor in the defendant's conduct toward the plaintiff, was retaliation against the plaintiff for exercising his right to file grievances, lawsuits, or to claim his rights under the ADA ; and

Second, that the plaintiff suffered damages; and

Third, that the conduct of the defendant under consideration was a proximate cause of those damages.

If you find from your consideration of all the evidence that the plaintiff has proved each of these propositions, then you should find in favor of the plaintiff and against that defendant on the retaliation claim.

On the other hand, if you find from your consideration of all the evidence that the plaintiff has failed to prove any one of the propositions he is required to prove then you should find in favor of the defendant under consideration and against the plaintiff on the retaliation claim.

The plaintiff has the burden of proving each of the following propositions to recover on his claim against a defendant regarding a violation of his Eighth Amendment right by indifference to a serious medical need, considering each defendant separately:

First, that the plaintiff had a serious medical need; and

Second, that the defendant under consideration was deliberately indifferent to the plaintiff's serious medical need; and

Third, that the plaintiff suffered damages; and

Fourth, that the conduct of the defendant under consideration was a proximate cause of those damages.

If you find from your consideration of all the evidence that the plaintiff has proved each of these propositions, then you should find for the plaintiff and against the defendant under consideration.

On the other hand, if you find from your consideration of all the evidence that the plaintiff has failed to prove any one of these propositions, then you should find for the defendant under consideration and against the plaintiff.

The plaintiff has the burden of proving each of the following propositions to recover on his Eighth Amendment claim of failure to protect, considering each defendant separately:

First, that the plaintiff's cellmate in the prison general population attacked the plaintiff and struck him in his left eye; and

Second, that the defendant under consideration was deliberately indifferent to the substantial risk of such an attack when he or she placed the plaintiff in general population or left the plaintiff celled with a potential attacker; and

Third, that the plaintiff suffered damages; and

Fourth, that the conduct of the defendant under consideration was a proximate cause of the plaintiff's damages.

If you find from your consideration of all the evidence that the plaintiff has proved each of these propositions, then you should find for the plaintiff, and against the defendant under consideration.

If, on the other hand, you find from your consideration of all the evidence that the plaintiff has failed to prove any one of these propositions, then you should find for the defendant under consideration and against the plaintiff.

The plaintiff has the burden of proving each of the following propositions on his claim against the IDOC under the Fourteenth Amendment in conjunction with the ADA :

First, that he is a qualified individual with a disability; and

Second, that he was excluded from participation in or denied the benefits of the IDOC's services, programs, or activities; and

Third, that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

If you find from your consideration of all the evidence that the plaintiff has proved each of these proposition, then you should find in favor of the plaintiff and against the defendant IDOC.

If, on the other hand, you find from your consideration of all the evidence that the plaintiff has failed to prove any one of these propositions, then you should find in favor of IDOC and against the plaintiff.

IDOC services, programs and activities include, but are not limited to, medical services, housing, educational and vocational programs, and dining, commissary and library privileges. However, Plaintiff must prove he was discriminated against because of his disability, not simply that he was denied adequate services, activities and programs.

If you find that the plaintiff has proved any of his claims against any of the defendants, then you must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following element(s) of damage proved by the evidence to have resulted from the conduct of the defendant(s), taking into consideration the nature, extent, and duration of the injury:

1. The physical and emotional pain and suffering and disability and loss of a normal life that the plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical emotional pain and suffering or disability and loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

2. The present cash value of time and earnings reasonable certain to be lost in the future. Present cash value means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the earnings at the present time in the future when the earnings would have been received.

Whether this element of damage has/have been proved by the evidence is for you to determine.

If you decide for all the defendants on the question of liability, you will have no occasion to consider the question of damages.

29

If you find for the plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to that defendant and others not to engage in similar conduct in the future.

The plaintiff must prove that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

– the reprehensibility of a defendant's conduct;

– the impact of a defendant's conduct on the plaintiff;

– the relationship between the plaintiff and a defendant;

– the likelihood that a defendant would repeat the conduct if an award of punitive damages is not made;

– the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

When you retire to the jury room, you will first select one of your members as your presiding juror.  He or she will preside during your deliberations on the case.

Your agreement upon an answer to any one of the special interrogatories you will be given must be unanimous.  Your answers to the special interrogatories must be signed by each of you, including the presiding juror.

You will be provided with special interrogatories touching the issues in this case.  When you have unanimously agreed upon your answer to any question, complete the form to correctly reflect your answer Then each of you should sign the answer.

The special interrogatories you will receive read as follows:

<u>Dennis Hockaday</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

    Presiding Juror

<u>Kevin Winters</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____
   Presiding Juror

<u>Sandra Funk</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

    Presiding Juror

## Deborah K. Fuqua

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

    Presiding Juror

<u>Bryon Law</u>

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____     No_____

_____          _____
_____          _____
_____          _____
_____          _____
_____          _____
    Presiding Juror

<u>Kenneth Kellerman</u>

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

    Presiding Juror

<u>Julius Flagg</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____    No_____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

    Presiding Juror

<u>Wexford Health Sources, Inc.</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

_____        _____
_____        _____
_____        _____
_____        _____
_____        _____

    Presiding Juror

## IDOC

Has the plaintiff proved his ADA retaliation claim against the IDOC?

Yes_____     No_____

Has the plaintiff proved his ADA claim against the IDOC for denial of participation in or benefits of services, programs and activities?

Yes_____     No_____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

     Presiding Juror

<u>Lowell Brown, M.D.</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

Has the plaintiff proved either one of his ADA claims in conjuction with his Fourteenth Amendment claims against this defendant?

Yes_____    No_____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

       Presiding Juror

41

<u>Hughes Lochard, M.D.</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

Has the plaintiff proved either one of his ADA claims in conjuction with his Fourteenth Amendment claims against this defendant?

Yes_____    No_____

_____    _____
_____    _____
_____    _____
_____    _____
_____    _____
      Presiding Juror

<u>Rhonda Mills, R.N.</u>

Has the plaintiff proved any one of his First Amendment claims against this defendant?

Yes_____.    No_____

Has the plaintiff proved either one of his Eighth Amendment claims against this defendant?

Yes_____    No_____

Has the plaintiff proved either one of his ADA claims in conjuction with his Fourteenth Amendment claims against this defendant?

Yes_____    No_____

_____        _____
_____        _____
_____        _____
_____        _____
_____        _____
     Presiding Juror

43

If you find in favor of the plaintiff and against any defendant on any of the plaintiff's claims, then you must proceed to determine what damages, if any, the plaintiff has suffered as a result of the defendant's or defendants' conduct against whom you found.  A plaintiff may have several legal bases for his claims of liability but he is entitled to only one recovery for damages.

We, the jury, assess the plaintiff's compensatory damages as $_____.

We further assess punitive damages as follows:
Against the following named defendants in these amounts:

Dennis Hockaday              $_____
Kevin Winters                $_____
Sandra Funk                  $_____
Deborah K. Fuqua              $_____
Byron Law                    $_____
Kenneth Kellerman             $_____
Julius Flagg                 $_____
Wexford health Sources, Inc. $_____
Lowell Brown, M.D.            $_____
Hughes Lochard, M.D.          $_____
Rhonda Mills, R.N.            $_____

IDOC is not subject to punitive damages because it is a State agency.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Presiding Juror