**E-FILED**
Friday, 09 November, 2007  04:26:10 PM
Clerk, U.S. District Court, ILCD

Any notes you have taken during this trial are only aids to your memory.  The

notes are not evidence.  If you have not taken notes, you should rely on your

independent recollection of the evidence and not be unduly influenced by the notes of

other jurors.  Notes are not entitled to any greater weight than the recollections or

impressions of each juror about the testimony.

*Refused 11/6/07*

Defendants' No. 2
7th Cir. P. I. 1.07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Refused
11/6/07

Defendants' No. 3
7th Cir. P. I. 1.11

Given          _____
Given as Modified  _____
Refused        _____
Withdrawn      _____

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Refused 11/6/07

Defendants' No. 4
I. P. I. No. 3.05

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The Plaintiff claims he was injured and sustained damage, and that Defendants Hockaday, Winters, Funk, Fuqua, Flagg, Wexford, Brown, Lochard, and Mills were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the Constitution in one or more of the following respects:

> By delaying a necessary corneal transplant for his right eye even though they knew the delay would result in serious harm to the plaintiff.

> By denying necessary medical care even though they knew the denial would result in serious harm to plaintiff.

The Plaintiff further claims that the foregoing was a proximate cause of his injuries.

The Defendants deny that they did the acts alleged or that their conduct violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

The Defendants deny that any claimed act or omission on the party of the defendants was the proximate cause of Plaintiff's claimed damages.

The Defendants further deny that Plaintiff was injured or sustained damages as a result of any of their acts or omissions.

*Refused* 11/6/07

Defendants' No. 6
I.P.I. No. 20.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The Eighth Amendment to the Constitution places an affirmative obligation on a prison to provide persons in its custody with a medical care system that provides them the civilized measure of life's necessities. However, inmates are not entitled to unqualified access to health care.

*Refused 11/6/07*

Defendants' No. 7
*Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992);
*Merriweather v. Faulkner*, 821 F.2d 408, 4ll (7th Cir. 1987);
*Snipes v. Detella*, 95 F.3d 586, 591 (7th Cir. 1996);

Given _____
Given as modified _____
Refused _____
Withdrawn _____

The Plaintiff has the burden of proving each of the following propositions as to each Defendant on the claim of deliberate indifference to a serious medical need:

First, that Plaintiff had a serious medical need as defined in these instructions;

Second, that the Defendant(s) had actual knowledge that Plaintiff suffered from a serious medical need;

Third, that the Defendant(s) actions in the face of knowledge of the serious medical need constituted deliberate indifference as defined in these instructions;

Fourth, that Plaintiff suffered injury as a result of the defendant(s) actions;

Fifth, that the wrongful conduct of the Defendant was the proximate cause of Plaintiff's injury.

You are to consider these propositions as to each Defendant separately. If you find from your consideration of all the evidence that each of these propositions has been proved as to one or both of the Defendants, then that Defendant or those Defendants are liable and your verdict should be for the Plaintiff and against that Defendant or those Defendants.

But if, on the other hand, you find from your consideration of all the evidence that Plaintiff has not proved each of the propositions required of him as to one or both of the Defendants, then that Defendant or those Defendants are not liable and your verdict should be against the Plaintiff and for that Defendant or those Defendants.

Defendants' No. 8
7th Cir. P. I. 7.12 (modified)

Refused 11/16/07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

For his Eighth Amendment, failure to protect claim against defendants ~~Law and~~ ~~Kellerman~~, Plaintiff has the burden of proving each of the following propositions as to each defendant:

First, that the defendant acted or failed to act in the way claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was deliberately indifferent to a serious and imminent threat to the plaintiff's safety;

Second, that plaintiff was assaulted by Brandon;

Third, that plaintiff suffered a serious injury;

Fourth, that the wrongful conduct of the defendant was the proximate cause of the injury to the plaintiff.

You are to consider these propositions as to each defendant separately. If you find from your consideration of all the evidence that each of these propositions has been proved as to one or more of the defendants, then that defendant or those defendants are liable and your verdict should be for the plaintiff and against the defendant or those defendants.

But if, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved against one or more of the defendants, then that defendant or those defendants are not liable and your verdict should be against the plaintiff and for that defendant or those defendants.

Defendants' No. 10
I.P.I. No. 21.02.01 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Deliberate indifference to a serious and imminent threat to an inmate's safety by prison officials may constitute punishment prohibited by the Eighth Amendment to the Constitution of the United States. When I use the term "deliberate indifference," in this context, I mean that a prison official had actual knowledge of a strong likelihood of serious harm to an inmate and consciously and culpably disregarded the excessive risk to the inmate's safety. To be held liable, a defendant must know that he is creating a substantial risk of bodily harm. The plaintiff has the burden of establishing both; (1) that the prison official was aware of the facts from which the inference of a serious harm to plaintiff's health or safety could be drawn; and (2) that the prison official did in fact draw this inference.

Negligence, or even gross negligence, on the part of a prison official is not a constitutional violation.

*Refused 11/6/07*

Defendants' No. 11
*Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994); *Billman v. Indiana Department of Corrections*, 56 F.3d 785 (7th Cir. 1995); *Miller v. Neathery*, 52 F.3d (7th Cir. 1995); *Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | _____ |
| Withdrawn | _____ |

An act taken in retaliation for the exercise of a constitutionally protected right may violate the Constitution. In order to establish such retaliation occurred, a plaintiff must demonstrate that his constitutionally protected conduct was a substantial or motivating factor in the defendant's(s') challenged actions.

Even if this burden is met, the defendant will not be liable if he or she can show he or she would have taken the same action even in the absence of the protected conduct.

*Refused 11/6/07*

Defendants' No. 12                                                      Given_____
*Mt. Healthy City School District Board of Education*        *Given as modified_____*
*v. Doyle*, 429 U.S. 274, 283-284 (1977);                        Refused_____
*Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004);         Withdrawn_____
*Hale v. Scott*, 371 F.3d 917, 919-920 (7th Cir. 2004);
*Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005).

The Americans With Disabilities Act of 1990 (ADA) provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participating or denied the benefits of the services, programs or activities of a public entity, including a prison.

*Refused* 11/6/01

Defendants' No.14
42 U.S.C. §12132.
*Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000),
*Pennsylvania Dept. of Corrections v. Yeskey*,
524 U.S. 206 (1998).

Given_____
Given as modified_____
Refused_____
Withdrawn_____

For his claim against the Illinois Department of Corrections under the Americans With Disabilities Act (ADA) ~~and the Rehabilitation Act~~, Plaintiff has the burden of proving each of the following propositions:

First, Plaintiff was unable to participate in programs or activities sponsored by the Illinois Department of Corrections as stated to you in these instructions;

Second, that Plaintiff had a disability as defined in these instructions;

Third, Plaintiff was otherwise qualified for the programs or activities he claims he was denied, and those programs or activities were available to non-disabled inmates;

Fourth, Plaintiff requested, and was denied reasonable accommodation necessary for him to participate in the programs or activities provided to non-disabled inmates.

Fifth, Plaintiff was injured by the inability to participate in these programs or activities.

If you find from your consideration of all the evidence that each of these propositions has been proved as to defendant Illinois Department of Corrections, then the defendant is liable and your verdict should be for the plaintiff and against the defendant.

But if, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved against one the defendant, then that defendant or those defendants are not liable and your verdict should be against the plaintiff and for the defendant.

*Refused 11/6/07*

Defendants' No. 16
7th Cir. P.I. 4.02 (modified)

Given_____
Given as modified_____
Refused_____
Withdrawn_____

The Plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny they did the things alleged, and deny that their conduct violated Plaintiff's rights under the First Amendment to the United States Constitution.

The defendants further deny that the plaintiff was injured or sustained damages as a result of any of their actions.

*Refused 11/6/07*

Defendants' No. 17
I.P.I. No. 20.1

Given_____
Given as Modified_____
Refused_____
Withdrawn_____

then that defendant or defendants is liable and your verdict should be for the plaintiff and against that defendant.

But if, on the other hand, you find from your consideration of all the evidence that Plaintiff has not proved each of the propositions required of him, or that the defendant or defendants have met their burden, that defendant or defendants are not liable and your verdict should be against the plaintiff and for the defendant or defendants.

*Refused* 11/6/07

Defendants' No. 19
I.P.I. No.21.02.01, 21.03 (modified)
*Carreon v. Illinois Department of Human Services,*
295 F.3d 786, 791 (7th Cir. 2005);
*Lewis v. Casey*, 518 U.S. 343, 353 (1996);
*Walsh v. Ward*, 991 F.2d 1344 (7th Cir. 1993);
*Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005-06 (7th Cir. 2005).

Given_____
Given as modified_____
Refused_____
Withdrawn_____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*Refused 11/6/07*

Defendants' No. 20
7th Cir. P. I. 1.27

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I use the term deliberate indifference, I mean that a prison official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must draw that inference. An official's failure to alleviate a significant risk that he should have perceived but did not is not a violation of the Eighth Amendment. Negligence, or even gross negligence, on the part of a prison official will not state a constitutional violation.

Refused 1/16/07

Defendants' No. 21
*Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976)
*Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment.  In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.

*Refused 11/6/07*

Defendants' No. 22
7th Cir. P. I. 7.12 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Plaintiff must prove by a preponderance of the evidence that a Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what other employees did or did not do.

Refused 11/6/07

Defendants' No. 23
7th Cir. P. I. 7.02 (modified)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

You have heard evidence about whether a Defendant's conduct complied with an administrative rule or regulation. Administrative Rules do not, in and of themselves, create constitutional rights, nor does violating an Administrative Rule mean that the Constitution has been violated.

*Refused* 11/6/07

Defendants' No. 24
7th Cir. P. I. 7.04 (modified)
*Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Prison officials have wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Refused* 11/6/07

Defendants' No. 25
*Bell v. Wolfish*, 441 U.S. 520, 547-48,
99 S. Ct. 1861 (1979)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of a Defendant's unconstitutional actions.  These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced.  No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Defendants' No. 26
7th Cir. P. I. 7.23

Refused 11/6/07

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

In addition to actual damages, Plaintiff seeks an award of punitive damages on his claims under the Constitution.  If you find that one, or more, or all of the Defendants have violated Plaintiff's civil rights and are liable to the Plaintiff, you must determine whether punitive damages are warranted.  You must consider separately whether to award punitive damages as to each Defendant who you have found to be liable.

Plaintiff has the burden of proving that the Defendant acted with an evil motive or with reckless or callous indifference to the constitutional rights of other.  In order to meet this burden, Plaintiff must prove that the Defendant committed acts which violated Plaintiff's constitutional rights, despite a subjective perception by the Defendant that his or her actions were unconstitutional.

If you find that Plaintiff has proved that one, or more, or all of the Defendants acted with an evil motive or reckless or callous indifference to the constitutional rights of others, you have discretion to award punitive damages.  Punitive damages are not awarded as a matter of right and must represent your moral judgment that the unlawful conduct warrants such an award to punish the wrongdoer and deter others.

If you decide to award punitive damages, you should consider the following questions:  (1) How offensive was the conduct?  (2) What amount is needed to prevent repetition?  and (3) Has the amount a reasonable relationship to the actual damages award?  If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party in the case.

Defendants' No. 27
*Kyle v. Patterson*, 196 F.3d 695 (7th Cir. 1999)
*Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir. 1999)
*Cooper v. Casey,* 97 F.3d 914 (7th Cir. 1996)
*BMW of North America v. Gore*, 517 U.S. 559 (1996)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Refused 11/6/07

A physician's exercise of his professional judgment does not constitute deliberate indifference.

*Refused* 11/6/07

Medical Defendants' Instruction No. ___1___

*Yongber v. Romeo*, 487 U.S. 307, 322-323 (1982).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

An inmate's disagreement or dissatisfaction with the method of treatment does not constitute deliberate indifference within the meaning of the Eighth Amendment to the United States Constitution.

*Refused*
11/6/07

Medical Defendants' Instruction No. _2_
*Snipes v. DeTella*, 95 F.3d 586, 591-592 (7th Cir. 1996)

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

Medical decisions, such as whether one course of treatment is preferable to another, are beyond the scope of the Eighth Amended to the United States Constitution and are not questions of constitutional law. The Constitution is not a medical code that mandates specific medical treatment.

*Refused* 11/6/07

Medical Defendants' Instruction No. 3
*Snipes v. DeTella*, 95 F.3d 586, 591-592 (7th Cir. 1996)

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

Inappropriate medical treatment based on pure negligence, or even a series of purely negligent acts, is not the same as indifference to a serious medical need.

*Refused* 11/6/07

Medical Defendants' Instruction No. ___4___
*Sellers v. Hinnan*, 41 F.3d 1100, 1102-1103 (7th Cir. 1994).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

While a prisoner has the right to medical care, he does not have the right to determine the type and scope of the medical care he personally desires.

*Refused* 11/6/07

Medical Defendants' Instruction No. 5
*Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Refused*
*11/6/07*

Medical Defendants' Instruction No. __6__
*Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006).
*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

Inattention to a medical condition amounts to a constitutional violation only where the medical condition is serious.

Refused
11/6/07

Medical Defendants' Instruction No. ___7___
*Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

Not every delay in treatment indicates that a prison official was deliberately indifferent to an inmate concerning a medical issue.

*Refused* 11/6/07

Medical Defendants' Instruction No. 8

*Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997).

*Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish a detrimental effect of delay in medical treatment to succeed.

*Refused*
*11/6/07*

Medical Defendants' Instruction No. __9__
*Langston v. Peters*, 100 F.3d 1235 (7th Cir. 1996).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

The State bears an affirmative obligation to provide adequate medical care to prisoners in its custody. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical care to those in its custody. The correctional setting of a prison hospital within a state prison, specifically designed to be removed from the community, inevitably affects the exercise of professional judgment. Unlike the situation confronting free patients, the non-medical functions of prison life inevitably influence the nature, timing, and form of medical care provided to inmates. Prison regulations may place limitations on a contractual medical provider, because the State controls the circumstances and sources of a prisoner's medical treatment. For one thing, the State's financial resources are limited. Further, prisons and jails are inherently coercive institutions that, for security reasons, must exercise nearly total control over their residents' lives and the activities within their confines; general schedules strictly regulate work, exercise, and diet. These factors can, and most often do, have a significant impact on the provision of medical services in prisons. The delivery of medical services in a prison is beset with problems and conflicts which are virtually unknown to other healthcare services.

*Refused*
*Wdo7*

Medical Defendants' Instruction No. _10_
*West v. Adtins*, 487 U.S. 42, 56-57 n15 (1988).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

In this case, you have heard evidence that the State contracted with Wexford Health Sources, Inc. to provide medical care to inmates in the State's custody, and that Wexford Health Sources, Inc. has voluntarily assumed the State's obligation to provide the medical care and services specified in its contract with the State. In other words, Wexford Health Sources, Inc. assumed a duty to provide the medical care and services specified in its contract with the State. A duty assumed because of a voluntary undertaking must be strictly limited to the scope of that undertaking. In other words, neither Wexford, Brown, Lochard, or Mills, had any duty to provide medical care or services that was not listed in the contract between Wexford and the State.

*Refused 11/6/07*

Medical Defendants' Instruction No. _11_
*Gaines v. Ill. Central R.R. Co.*, 23 F.3d 1170, 1172 (7th Cir. 1994).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

Voluntarily undertaking a duty requires an affirmative acknowledgment or recognition of the duty by the party who undertakes the duty; in other words, there must be a showing of the party's intent to undertake the duty.  It is not enough that the State issued instructions to Wexford, Dr. Brown, Dr. Lochard, or Ms. Mills to take a particular action.  Instead, the plaintiff must establish that Wexford, Dr. Brown, Dr. Lochard, or Ms. Mills accepted the responsibility of carrying out the State's instructions.  The passive receipt of the State's instructions, without more, is not enough to establish that Wexford, Dr. Brown, Dr. Lochard, or Ms. Mills voluntarily undertook the obligation of the State at issue.

*Refused 11/6/07*

Medical Defendants' Instruction No. __12__
*Rogers v. Clark Equip. Co.*, 318 Ill. App. 3d 1128, 1134-1135, 744 N.E.2d 364, 368-369 (2d Dist. 2001).

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

There is no respondeat superior or vicarious liability under Section 1983.  Therefore,

Wexford Health Sources, Inc. may not be held accountable for the acts or omissions of its individual

employees as a basis for liability against the corporation.

Refused 11/6/07

13

The plaintiff claims that he was injured and sustained damage and that defendants Kellerman and Law violated his right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment by being deliberately indifferent to plaintiff's safety in the following respect

In consciously refusing to take action to protect plaintiff from assault by Brandon Durham, despite having actual knowledge of a substantial risk that a serious injury to plaintiff would occur at the hands of Brandon Durham.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny that they did the thing claimed by the plaintiff, deny that they were deliberately indifferent to plaintiff's safety, and deny that any claimed act or omission on their part was a proximate cause of plaintiff's claimed injuries.

*Refused 11/6/07*

Defendants' No. 9
I.P.I. No. 20.01.01. (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

On his claim for retaliation for exercising his rights under the First Amendment, Plaintiff claims he was injured and sustained damage, and that the defendant(s) intentionally violated his rights under the First Amendment to the Constitution of the United States, in one or more of the following respects:

**Defendants Hockaday, Winters, Funk, and Fuqua;**

In delaying and/or denying Plaintiff's corneal transplant in order to punish Plaintiff for filing lawsuits and grievances;

**Defendants Winters, Funk, Fuqua, Brown, Lochard and Mills;**

In intentionally allowing Plaintiff to be moved to general population in order to punish Plaintiff for filing lawsuits and grievances;

**Defendants Winters and Funk**:

In intentionally allowing Brandon Durham to be placed in the cell with Plaintiff in order to punish Plaintiff for filing lawsuits and grievances;

**Defendants Hockaday, Winters, Funk, Fuqua, Brown, Lochard, and Mills;**

In impeding the implementation of the medical recommendations of Plaintiff's treating physicians as it relates to Plaintiff's medical care of his eyes in order to punish Plaintiff for filing lawsuits and grievances;

**Defendants Winters, Funk, Fuqua, Brown, Lochard, and Mills:**

In intentionally denying Plaintiff access to programs , activities, and privileges while he was housed in the infirmary at WICC to the same extent said programs, activities, and privileges were provided to non-disabled inmates housed in general population at WICC in order to punish Plaintiff for filing lawsuits and grievances.

On his claim against the Illinois Department of Corrections for violations of the Americans With Disabilities Act (ADA) and Rehabilitation Act, Plaintiff claims he was injured and sustained damage in one or more of the following respects:

By denying him the same opportunity as non-disabled inmates to go to the commissary;

By denying him the same opportunity as non-disabled inmates to participate in recreation; and

By denying him the same opportunity as non-disabled inmates to complete educational classes which could lead early discharge from the Department of Corrections.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The Illinois Department of Corrections denies Plaintiff was denied any opportunity available to non-disabled inmates because of his disability, and deny any violation of the American's With Disabilities Act (ADA) or the Rehabilitation Act.

The Illinois Department of Corrections further denies that the plaintiff was injured or sustained damages as a result of any of its alleged actions.

*Refused*
*11/6/07*

Defendants No. 18
I.P.I. No. 20.1

Given_____
Given as modified_____
Refused_____
Withdrawn_____

On his claim alleging defendants Hockaday, Winters, Funk, Fuqua, Brown, Lochard, and Mills retaliated against Plaintiff for exercising rights protected by the First Amendment to the Constitution of the United States, the plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each defendant:

First, that the plaintiff filed grievances or lawsuits against the defendant;

Second, that the facts alleged in the plaintiff's grievances were true;

Third, that the defendant acted or failed to act in the way claimed by the plaintiff as stated to you in these instructions;

Fourth, that a motivating factor in the defendant's actions was a desire to punish the plaintiff for engaging in protected conduct of filing grievances or lawsuits against the defendant;

Fifth, that the action taken by the defendant was of a type likely to chill the exercise of constitutionally protected conduct by an inmate;

Sixth, that the plaintiff suffered an injury; and

Seventh, that the wrongful conduct of the defendant was the proximate cause of the plaintiff's injury.

If you find from your consideration of all the evidence that each of these propositions has been proved against a particular defendant or defendants, then the burden shifts to that defendant or defendants to prove by a preponderance of the evidence that he would have taken the same action in the absence of protected speech. If the plaintiff meets his burden and the defendant cannot meet his burden