05415-N3293
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02-3171 |
| | ) |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| ROGER E. WALKER, JR. (in his official capacity only), | ) |
| DENNIS HOCKADAY, KEVIN WINTERS, SANDRA | ) |
| FUNK, DEBRAH FUQUA, LIEUTENANT BYRON | ) |
| LAW, KENNETH KELLERMAN, JULIUS FLAGG, | ) |
| (all in their official and individual capacities), WEXFORD | ) |
| HEALTH SOURCES, INC., DR. LOWELL BROWN, | ) |
| M.D., DR. HUGHES LOCHARD, M.D., and | ) |
| RHONDA MILLS, | ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO RULE 50(b), OR IN THE ALTERNATIVE,
MOTION FOR A NEW TRIAL PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC. and LOWELL BROWN, M.D., and for their renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), or in the Alternative, Motion for New Trial Pursuant to Rule 59 of the Federal Rules of Civil Procedure, state:

1.  Defendant Wexford prays for judgment as a matter of law as Plaintiff presented no evidence to establish that Wexford had a policy, custom, or practice that constituted deliberate indifference resulting in injury to the Plaintiff.

2.  At best, the Plaintiff presented evidence that Wexford denied a recommendation for a corneal transplant on May 15, 2002. The evidence presented at trial established that the Plaintiff did receive the corneal transplant on February 3, 2003.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

3. The evidence also established that the Plaintiff was seen by a corneal specialist on November 20, 2002 who recommended that this surgery be completed, and he scheduled the matter for surgery on January 16, 2003. Because the Plaintiff suffered a complication from the anesthesia, the surgery was rescheduled to February 3, 2003.

4. Consequently, the delay that could be established from the evidence is approximately one of six (6) or seven (7) months at the most.

5. The Plaintiff did not submit any evidence to establish that the delay between the date the Plaintiff could have received this surgery and the time the Plaintiff actually received the surgery caused any harm to the Plaintiff. Accordingly, Defendant Wexford is entitled to judgment as a matter of law, or alternatively, a new trial as the Court refused the Defendants' instruction regarding the law which indicates that when arguing delay, the Plaintiff must submit verifying medical evidence to establish that the delay, in and of itself, caused harm to the Plaintiff. Defendant Wexford argues that this was error on the part of the Court.

6. With respect to Defendant Brown, the jury found in favor of the Plaintiff and against Defendant Brown with respect to retaliation under the First Amendment, as well as under the Eighth Amendment.

7. There was no evidence presented during the trial to establish that Dr. Brown had actual knowledge that the Plaintiff had filed a grievance and/or a lawsuit. In fact, the Plaintiff did not add Dr. Brown to the lawsuit until after the Plaintiff had transferred to the Menard Correctional Center in January of 2005.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

    8.    In addition, the evidence at trial presented by the Plaintiff against Dr. Brown focused on Dr. Brown's note of June 8, 2004 wherein he made the following entry, "No further need for medical detention."

    9.    Plaintiff introduced evidence over Defendants' objections that Plaintiff had filed a grievance on June 7, 2004 wherein he made complaints concerning his conditions of confinement within the infirmary. The Plaintiff had no testimony to establish that Dr. Brown was aware that Plaintiff had filed such a grievance, but merely inferred that Dr. Brown's written note of June 8 was no coincidence without any testimony or evidence to establish actual knowledge. Most importantly, there was no evidence that Dr. Brown would not have released the Plaintiff from the infirmary had Plaintiff not filed this grievance or his lawsuits. There was no evidence that the Plaintiff's exercise of his First Amendment rights was in any way a motivating factor for Dr. Brown's medical entry, nor that this entry was, in and of itself, known or considered by Dr. Brown to be contrary to the Plaintiff's wishes.

    10.    Accordingly, Defendant Brown requests that the Court enter Judgment as a matter of law in favor of Dr. Brown on this claim.

    11.    Plaintiff also had a cause of action under the Eighth Amendment for deliberate indifference to a serious medical need, as well as for failure to protect.

    12.    To begin, the final pretrial order contained no claim referencing failure to protect against Dr. Brown. In fact, the joint pretrial order entered by this Court referenced failure to protect only as to Defendants Law and Kellerman.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

13.     Defendants objected to adding a cause of action for conditions of confinement in the final pretrial order and therefore included a question of law for the Court as to whether or not the Plaintiff could add such a claim at the time of the pretrial order.

14.     The Court made this issue moot in its final draft of the jury instructions, to which the Plaintiff made no objection as it pertained to Dr. Brown in the burden of proof and issues instructions which set forth the elements Plaintiff must prove for failure to protect and deliberate indifference to a serious medical need. Defendants objected to the Court's instructions and joined in Co-Defendants' proffer of instructions on these issues. Defendants' instructions contained no such claims of failure to protect as to Dr. Brown as such was not included in the final pretrial order and therefore should not have been included by the Court. Defendant Brown denies that he may be sued under the theory of failure to protect under the circumstances presented at trial. Plaintiff, by counsel, appeared to agree with this by not including such a claim in its version of the final pretrial order. In addition, Defendants deny that a conditions of confinement claim should have been included in the Court's instructions as again, such a claim was based on the allegation that Dr. Brown owed a duty to the Plaintiff to ensure safe housing and protection from unknown, potential attacks from other inmates. Defendants deny that such a claim is proper as it pertains to Dr. Brown as his duties relate to providing medical care and do not include participation in making housing assignments.

15.     Even if such a claim could be stated, Defendant Brown is entitled to judgment as a matter of law as Plaintiff presented no evidence to establish that Dr. Brown was aware that the Plaintiff was at risk of impending harm by placing him in the general population as opposed to anywhere else within the facility. In addition, there was no evidence to indicate that Dr. Brown was aware of the specific risk of harm which eventually befell the Plaintiff in September of 2004 by way

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-N3293
TMP/ej

of an attack from his cellmate, Brandon Durham. There was no evidence to establish that Dr. Brown was aware of the disciplinary background of any inmate at the Western Illinois Correctional Center, including that of Mr. Durham. Moreover, there was no evidence that Dr. Brown had knowledge of the identities of any of Mr. McCroy's cellmates.

16.     There was no evidence to establish that Dr. Brown was deliberately indifferent to a serious medical need.

17.     The parties introduced evidence to indicate that Dr. Brown began working at the Western Illinois Correctional Center in mid-January of 2004. At that time, Mr. McCroy had already received his corneal transplant and was in the process of receiving follow-up visits from his physicians at the Prairie Eye Center.

18.     The evidence established the Plaintiff continued to treat with his physicians at the Prairie Eye Center, including, but not limited to Dr. Zeh and Dr. Blumthal, through June of 2004.

19.     The evidence presented at trial reflected that Mr. McCroy was sent to other physicians beginning on June 18, 2004, namely Dr. Steahly. While Plaintiff argued that Defendant Brown sent the Plaintiff to these other physicians in retaliation for filing lawsuits and grievances and that such referrals to other physicians constituted deliberate indifference to a serious medical need, there was no evidence that these physicians were in any way incompetent or that they harmed the Plaintiff in any way. In fact, Plaintiff's evidence established that Mr. McCroy only suffered damages as a result of the altercation with Mr. Durham, namely the loss of the left eye. No other damage evidence was submitted to the jury.

20.     The Plaintiff presented evidence against Dr. Brown almost exclusively with respect to the issue that Dr. Brown had made an entry in the records which presumably resulted in the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

5

05415-N3293
TMP/ej

Plaintiff's move from the infirmary to the general population, which Plaintiff argued was in contrast to Dr. Zeh's prior orders of November of 2003. The Plaintiff asserts that Dr. Zeh's orders constituted medical treatment. However, Dr. Zeh's orders made no reference to actual medical care but only suggested a preferred condition of confinement for which Dr. Zeh admitted he had no specific knowledge.

21.     In fact, Dr. Zeh's testimony with respect to this issue was that he wanted to make sure that "he [Mr. McCroy] was in an environment where we were not going to subject him to over-physical exertion of an inappropriate level or be placed in a - - in an environment where a physical trauma, either accident or deliberate, would be more likely to occur." (Dr. Zeh's video deposition, p. 40.)

22.     The Plaintiff introduced no evidence to establish that the Plaintiff would be more likely to be subjected to a trauma in the general population as opposed to in the infirmary. In fact, the Plaintiff introduced evidence that one altercation had occurred in the infirmary and a murder had occurred in the general population.

23.     Regardless of whether a cell in the infirmary as opposed to a cell in the general population presented a greater risk of an altercation with another inmate, the Plaintiff introduced no evidence to establish that Dr. Brown had a subjective knowledge that the Plaintiff was at risk of an impending harm from an altercation with another inmate. Plaintiff introduced no evidence to suggest that this particular Plaintiff was more likely than anyone else to become involved in an altercation, nor was there any evidence to indicate that someone specifically within the Western Illinois Correctional Center was more likely to become involved in an altercation with Mr. McCroy. In fact,

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

6

05415-N3293
TMP/ej

the evidence from Mr. McCroy himself was that he had not been involved in an altercation during the almost twenty (20) years he has been in the custody of the IDOC.

24. Accordingly, Defendants pray that this Court grant Defendants' motion for judgment as a matter of law as no reasonable jury could have found against Dr. Brown with respect to the claims against him under the Eighth Amendment for failure to protect or for deliberate indifference to a serious medical need.

25. At a minimum, Defendant Brown prays that the Court amend the judgment under Rule 59(e) to reduce and/or eliminate the punitive damage award against Dr. Brown as there was no evidence that Dr. Brown's actions were done with spite or ill will or with malice.

26. The Plaintiff argued that the Department of Corrections had no procedures in place to keep individuals with medical frailties away from inmates who may have had disciplinary histories. The Plaintiff argued that because there was no such procedure, Defendant Brown should not have released Mr. McCroy into the general population. Again, this was not medical treatment, but an issue relating to housing that is not within the auspices of those providing medical care to inmates. Defendants assert that it was error on the part of the Court not to allow the jury instructions which established that the duty owed by the Defendants can be no greater than the terms of the contract between the IDOC and Wexford. The contract, an exhibit admitted in this case over objection to certain portions, contains no reference or requirement that medical staff be involved in or provide knowledge of the exact nature of every medical diagnosis of each inmate to those making placement decisions.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC. and LOWELL BROWN, M.D., pray that the Court enter judgment as a matter of law in their favor, or in the alternative, award a new trial to the Defendants as requested.

    Respectfully submitted,

    WEXFORD HEALTH SOURCES, INC. and
    LOWELL BROWN, M.D., Defendants,

    HEYL, ROYSTER, VOELKER & ALLEN,
    Attorneys for Defendants,

BY: /s/Theresa M. Powell
    Theresa M. Powell, #6230402
    HEYL, ROYSTER, VOELKER & ALLEN
    Suite 575, National City Center
    P. O. Box 1687
    Springfield, IL 62705
    Phone: (217) 522-8822
    Fax:    (217) 523-3902
    E-mail:tpowell@hrva.com

HEYL ROYSTER VOELKER &ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

8

05415-N3293
TMP/ej

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I electronically Filed **Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), or in the Alternative, Motion for a New Trial Pursuant to Federal Rule of Civil Procedure 59** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Douglas J. Quivey
doug@lprpc.com

Thomas F. Londrigan
tom@lprpc.com

Kelly R. Choate
kchoate@atg.state.il.us

Julie L. Morgan
jlmorgan@atg.state.il.us

Alexandra de Saint Phalle
alex@lprpc.com

and I hereby certify that on November 19, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

None

/s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL  62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822