IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )    No.  02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**OBJECTION TO PLAINTIFF'S MOTION FOR BILL OF COSTS**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), SANDRA FUNK, DEBRA K. FUQUA, and KEVIN WINTERS, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and in response to Plaintiff's Bill of Costs [464] submit the following objections:

**Background**

On November 13, 2007, judgment was entered in favor of Plaintiff and against Defendants IDOC, Winters, Funk, and Fuqua.  Plaintiff filed his Motion for Bill of Costs in the total amount of $18,098.63.  Though prevailing parties in Civil Rights lawsuits are entitled to recover costs and expenses, these must be both reasonable and necessary. Northbook Excess and Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991).  Defendants object to various costs and expenses as follows:

A.     **Cost of Subpoenas and witness fees**

Defendants object to the amount requested by Plaintiff for costs of subpoenas and witnesses except for $80.00 for the depositions of Karen Wear and Phil Crary.

1

Kevin Gilson was never served and/or never received or deposited the $194.23 attributed to him (p. 15 of 17). Moreover, the Department has no record of $40.00 attributed to the witness fee for Karolyn Hendricks. Unless Plaintiff can show those monies actually cashed or deposited, defendants object to paying costs. Moreover, any subpoenas for witnesses over 100 miles from the Courthouse are invalid, and defendants object to paying for any invalid subpoenas.

    **B.    Travel Costs, Phone Calls, Copying, Expert Witness fee**

Defendants object to paying as costs any travel costs, including mileage, hotels, meals, fuel to the extent that Plaintiff is seeking to recover these items as costs under 28 U.S.C. §1920 or in addition to "reasonable attorney's fees" under §1988 and as capped by the PLRA. See Downes v. Volkswagen of America, Inc. 41 F.3d 1132, 1144 (7th Cir. 1994).

Additionally, defendants object to costs for postage, phone calls, copying, and expert witnesses to the extent Plaintiff is seeking to recover these items as costs under 28 U.S.C. §1920 or 42 U.S.C. §1988, as these items are also part of the "reasonable attorney's fee allowed by the Civil Rights Attorney Fees awards Act." Id. Moreover, Plaintiff's counsel submits the cost of his private plane (pilot, gas, fees) and rental cars for trips to Pinckneyville, Centralia, Sparta, and Chicago. Even to the extent Plaintiff's counsel can recover travel costs as part of reasonable attorney's fees under §1988, those costs are not reasonable for the relatively short distance to the deposition sites and/or to visit with his client. None of the depositions in this case were taken greater than 250 miles from Springfield. The usual and customary costs for such trips are 48.5 cents/mile. For example, for a trip Mr. Quivey took to Centralia on December 21, 2006,

that would normally cost $110.00 by car (128 mile round trip x 48.5 cents/mile), Plaintiff's counsel has billed $52.98 for a rental car, $152.87 for airplane fuel, and an additional $128.00 to pay Gerald Foster, presumably for pilot services and/or additional fees associated with usage of the airplane (pp. 11-20 of 39). This total of $333.85 submitted by Plaintiff's counsel is unreasonable and more than three times the normal and customary mileage reimbursement available to attorneys who do not use private planes. Plaintiff's counsel has not established that this mode of travel is usual and customary throughout the legal community in general or in their practice in particular. The remaining travel expenses are similarly excessive and should be held to the federal standard of 48.5 cents/mile.

Defendants also object as unreasonable, Federal Express charges from August 15, 2007, August 8, 2007, August 9, 2007, and August 11, 2007 that total $104.02 (pp. 8-10 of 13). Three of these charges are for packages sent from Mr. Londrigan's office in Springfield to an address noted as his residence in Michigan City, Indiana. The fourth has a sender and recipient address as Mr. Londrigan's office in Springfield. Presumably, this charge arose from Mr. Londrigan sending packages back to his office, as this date is within days of the packages being sent to him in Indiana. Notwithstanding, there were other attorneys working on this case, including Mr. Quivey, from Mr. Londrigan's office that were capable of handling any issues that might arise should Mr. Londrigan be at his Indiana home. Should there have been issues he needed to address personally, documents could have been attached to an e-mail and sent to Mr. Londrigan for his perusal. It is unreasonable to expect the defendants to pay for Mr. Londrigan's convenience in working from an out of state residence.

Defendants do not object to the Federal Express charge of $20.63 to send documents to Mr. McCroy at Big Muddy River Correctional Center.

Plaintiff has submitted vouchers for postage and telephone calls. To the extent these charges are not itemized so that the defendants can ascertain whether the charges are reasonable, defendants object to these charges in total.

To the extent Plaintiff seeks $6,657.40 for "fees for exemplification and copies of papers necessarily obtained for use in the case" under 28 U.S.C. §1920, defendants object to paying the full amount without showing those copies were prepared for use in presenting evidence to the court. *See* McIlveen v. Stone Container Corp, 910 F.2d 1581, 1584 (7th Cir. 1990)(under §1920, the phrase "for use in the case" refers to materials actually prepared for use in presenting evidence to the court, and money spent for copying court filings was not recoverable under §1920(4)). The itemized copying charges included copies of pleadings, motions, preparation for depositions, "witness files," legal research, "consult review," discovery, letters, time lines/pleadings, production, "records", "medical records", deposition of Kwedar, deposition transcript, etc. Very few of the charges were noted to be for use at trial, and most of those occurred late in 2007. Defendants object to any itemized charges for copies for items other than use at trial unless they are shown to be part of reasonable attorney's fees under §1988.

C. **Non-essential Defendants**

Defendants object to paying $26.00 to serve Pam Grubman in Randolph County. Pam Grubman was dropped from this case as a defendant, was never deposed, never testified at trial, and Plaintiff's testimony was that he had no complaints about Menard.

4

This service cost was unnecessary, unreasonable, and should be bourne by the Plaintiff.

   Defendants also object to paying $32.00 for service on former Warden Terry Polk (p. 4 of 34).  Even though Terry Polk was originally sued in this case and was deposed, he was dismissed by the Plaintiff, was not used as a witness, and was unnecessary to this case.  Any expense connected with Mr. Polk should be bourne by the Plaintiff.

>                             Respectfully submitted,
>
>                             ILLINOIS DEPARTMENT OF
>                             CORRECTIONS, SANDRA FUNK,
>                             DEBRA K. FUQUA, and KEVIN WINTERS,
>
>                               Defendants,
>
>                             LISA MADIGAN, Attorney General,
>                             State of Illinois
>
>                        By:   s/ Kelly R. Choate
>                             Kelly R. Choate, #6269533
>                             Assistant Attorney General
>                             Attorney for Defendants
>                             500 South Second Street
>                             Springfield, Illinois  62706
>                             Telephone:  (217) 782-9026
>                             Facsimile:   (217) 524-5091
>                             E-Mail:  kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 02-3171 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed a Response to Plaintiff's Motion for Bill of Costs with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan
Londrigan, Potter & Randle, P.C.
tom@lprpc.com

Douglas J. Quivey
Londrigan, Potter & Randle, P.C.
doug@lprpc.com

Theresa Powell
Heyl, Royster, Voelker & Allen
tpowell@hrva.com

and I hereby certify that on December 5, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois  62706
Telephone:  (217) 782-9026
Facsimile:   (217) 524-5091
E-Mail:  kchoate@atg.state.il.us