IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02-CV-3171 |
| ) | |
| THE ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ROGER E. ) | |
| WALKER, JR., (in his official ) | |
| capacity only), DENNIS HOCKADAY, ) | |
| KEVIN WINTERS, SANDRA FUNK, ) | |
| DEBORAH FUQUA, LIEUTENANT ) | |
| BRYON LAW,  KENNETH KELLERMAN, ) | |
| JULIUS FLAGG, all in their official and ) | |
| individual capacities, WEXFORD ) | |
| HEALTH SOURCES, Inc., ) | |
| Dr. LOWELL BROWN, MD., ) | |
| Dr. HUGHES LOCHARD, MD., and ) | |
| RHONDA MILLS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ATTORNEY FEES AND COSTS**

Plaintiff, AARON MCCROY, by his attorneys, LONDRIGAN, POTTER & RANDLE, P.C., in additional support of his motion for attorney fees states as follows:

**I.  PROCEDURAL BACKGROUND**

Following a jury trial, on November 13, 2007, this Honorable Court entered judgment in favor of Plaintiff and against the Defendants, Illinois Department of Corrections, Wexford Health Sources, Inc., Dr. Lowell Brown, Warden Kevin Winters, Assistant Warden Sandra Funk, and Unit Health Care Administrator Deborah Fuqua, jointly and severally in the amount of $810,000.00.  The jury also awarded Plaintiff punitive damages in the amount of $90,000 against various Defendants as follows: Defendant Brown $50,000; Defendant Winters $10,000;

Defendant Funk $10,000, and Defendant Fuqua $20,000.

More specifically, the jury held: (1) Defendant IDOC directly violated the American's With Disabilities Act (ADA) in conjunction with the Fourteenth Amendment and retaliated against Plaintiff in violation of the ADA in conjunction with the Fourteenth Amendment; (2) Defendant Wexford violated the Eighth Amendment; (3) Defendant Brown violated the First and Eighth Amendments; and (4)Defendants Winters, Funk, and Fuqua, violated the Eighth Amendment.  The Jury determined that Defendants Hockaday, Law, Kellerman, Lochard, and Mills were not liable.

## II.  LEGAL STANDARD

Absent very unusual circumstances, a prevailing plaintiff in an 42 U.S.C. §1983 and/or ADA case is entitled to attorney fees and costs.  42 U.S.C. §1988; 42 U.S.C. §12205; **Farrar v. Hobby**, 506 U.S. 103, 109 (1997).  A plaintiff "prevails" if he or she succeeds on any significant issue in the case and the recovery is more than nominal.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).

In this case, because all of the claims involved a common core of facts, Plaintiff's counsel is entitled to fees on all reasonable hours worked on the entire case to include time spent on the unsuccessful claims. **Zabkowicz v. West Bend Co., Div. of Dart Industries, Inc.**, 789 F. 2d 540, 551 (7th Cir. 1986).  Counsel for a prevailing party should be paid in the same manner as if the attorney was being paid by a traditional paying client—for all time reasonably spent on the matter.  **Blanchard v. Bergeron**, 489 U.S. 87, 91 (1989).

The loadstar method is the starting point to determine reasonable fees.  *Id*. at 94.  The loadstar method essentially is the reasonable amount of hours expended multiplied by the reasonable hourly rate.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).

### III. THE REQUESTED HOURLY RATE AND
### HOURS EXPENDED ARE REASONABLE

A.  Hourly Rates:

In this case, Plaintiff counsels' reasonable hourly rate ranges from $150 to $275 per hour. Attached as Exhibits are affidavits from five attorneys justifying the hourly rates. (Ex. B, C, D, E, F). Because this is a prisoner case, however, the Prisoner Litigation Reform Act, 42 U.S.C. §1997(e)(d), caps attorney fees at $138.00 per hour. There is no question that $138.00 per hour is reasonable pursuant to 42 U.S.C. §1988 and 42 U.S.C. §12205.

B.  Time Expended

Attached as Exhibit G is an itemized billing record showing the reasonable attorney time expended. Exhibit G does not show all of the hours expended because Plaintiff's Counsel exercised billing judgment in substantially reducing the actual time expended by some of the attorneys who worked on the case. Specifically, Exhibit G does not reflect all of the actual time expended by the younger associates of the firm that was needed to educate themselves in many areas of substantive and procedural law, or hours lost because of a misunderstanding of the task or issue involved. Exhibit G also does not reflect the many hours expended by all Counsel in the firm, necessary to keep each other abreast of the many tasks undertaken by each and staff. Weekly, and in some instances daily meetings of attorneys and staff were required to educate and avoid duplication of efforts. Furthermore, Exhibit G does not reflect many of the hours spent by all attorneys while working on this matter from their personal homes.

Exhibit G does reflect that this case was difficult and time consuming for a multitude of reasons. Originally filed *pro se* by a prison inmate, the suit involved multiple employees and a contractor of the state of Illinois, concerning complex medical conditions and institutional

policies. Plaintiff's allegations cover a several year period. Specifically, the original Complaint and Injunction were filed in the summer of 2002 concerning, among other things, some events dating back to 2001 and the case was tried in the fall of 2007.

During this period of time, Plaintiff was transferred from one facility to another–four in all. Communication with the client was severely hampered by his incarceration and his blindness. Phone calls were limited and regulated, letters were delayed or not received. Efforts to move the client to a location closer to Counsel seemingly resulted in his transfer to an even farther location.

Institutional grievance procedures were unknown by Counsel and difficult to determine. Also, clearly not all grievances were contained in Plaintiff's Master File and Counsel had to learn what should have been in the Master File but was not found there. Additionally, numerous IDOC regulations and policies had to obtained and reviewed. The convoluted chain of command for both IDOC and Wexford had to be researched and understood. Moreover, all of this had to be done in an environment where getting information, via both written discovery and from Defendants' employees at depositions, was like pulling teeth. Repeatedly, Defendants ignored deposition notices to produce records in IDOC possession; Wexford simply claimed it had no records, including correspondence with IDOC regarding Plaintiff's corneal transplant. Additionally, in part because defense counsel was less than forthcoming about the location, addresses, and status of witnesses, investigators had to be employed to locate and serve subpoenas on virtually every person that might have been needed as a witness. This included witnesses more than 100 miles away so Plaintiff could compel their appearance via video.

Plaintiff's medical records were initially withheld, a motion to compel was required to obtain them, and numerous efforts to obtain supplements to the records followed.

The voluminous medical records also had to be carefully reviewed, requests made to treating doctors for their records, and the medical aspects of the case understood.

The large number of defendants, communication difficulties with the client, the complexity of the medical and legal issues, the large number of witnesses with knowledge of the events, the large number of documents, the approximate six-year relevant time frame, other case commitments, and the *pro bono* nature of the case, all necessitated the use of multiple lawyers on the case.

Discovery was extensive and commonly delayed by defendants, hampering Plaintiff's Counsel's efforts to identify those responsible for Plaintiff's injuries. Unfortunately, motions to compel had to be filed and deponents were repeatedly unavailable or canceled their deposition placing severe time constraints on Counsel to complete the investigation required and prepare this case for trial within the time parameters established by the Court. Multiple, voluminous, and complex motions for summary judgment were filed by Defendants that had to be researched and addressed.

Counsel had no previous experience with medical issues of this nature, limited experience with the Constitutional and Title II ADA claims, and no previous experience with the procedures of the Department of Corrections. Experts and consultants had to be found and employed and a very large number of depositions taken. These depositions needed to be abstracted and compared to a detailed time line, comprehensive work in progress. Thousands of pages of documents had to be obtained, reviewed, deciphered and prepared for presentation. Repeated trips to multiple IDOC facilities were required to obtain depositions and review files, all at the convenience of defendants and their institutional witnesses.

In contrast to the actions of Defendants, Plaintiff's Counsel took no action to magnify the

complexity of this matter, or increase the time and effort required to effectively present the evidence to this court. This case was vigorously and ably defended throughout a lengthy and protracted phase of discovery, pre-trial motions, and two week trial. This was a case tendered to Counsel by request of the Court, not solicited by Counsel. Counsel was appointed *pro bono* via 28 U.S.C. §1915(e)(1) and had absolutely no incentive to expend any more time than was necessary to adequately and fairly represent the Plaintiff. (Ex. E & F).

Exhibit G reflects the reasonable time incurred on the case by Plaintiff's Counsel.

In terms of costs, attached as Exhibit H is a chart explaining all costs sought and whether or not they are recoverable pursuant to Fed. R. Civ. P. 54 as well as 42 U.S.C. § 1988. (Ex H).

WHEREFORE, Plaintiff prays for an award of attorney fees and costs in the amount of $273,617.77.

Respectfully submitted,

AARON MCCROY, Plaintiff,

By: /S/ DOUGLAS J. QUIVEY
Douglas J. Quivey Bar Number: 6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South Seventh Street
P.O. Box 399
Springfield, IL 62705
Telephone: (217) 544-9823
Fax: (217)544-9826
E-Mail: doug@lprpc.com

**Certificate of Service**

The hereby certify that on December 13, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G.
Julie L. Morgan. A.A.G. &
Matthew Lurkins, A.A. G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy,#N51882
Receiving Cell 15
P. O. Box 900
Ina,  IL 62846

/s/ Douglas J. Quivey
Douglas J. Quivey, #6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O Box 399
Springfield, Illinois 62705
Telephone:  (217) 544-9823
Fax:  (217)544-9826
E-Mail: doug@lprpc.com