05415-N3293
TMP/ej

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON McCROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02-3171 |
| | ) |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| ROGER E. WALKER, JR. (in his official capacity only), | ) |
| DENNIS HOCKADAY, KEVIN WINTERS, SANDRA | ) |
| FUNK, DEBRAH FUQUA, LIEUTENANT BYRON | ) |
| LAW, KENNETH KELLERMAN, JULIUS FLAGG, | ) |
| (all in their official and individual capacities), WEXFORD | ) |
| HEALTH SOURCES, INC., DR. LOWELL BROWN, | ) |
| M.D., DR. HUGHES LOCHARD, M.D., and | ) |
| RHONDA MILLS, | ) |
| Defendants. | ) |

**OBJECTION/RESPONSE TO PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., and LOWELL BROWN, M.D., by their attorney, THERESA M. POWELL of HEYL, ROYSTER, VOELKER & ALLEN, and for their Objection/Response to Plaintiff's Motion for Attorney Fees, state:

1.     Defendants admit that pursuant to § 1988, a prevailing plaintiff may seek attorneys' fees and costs.

2.     Defendants would also admit that counsel may be entitled to fees for all reasonable hours worked on the entire case even on time spent on the unsuccessful claims with respect to those claims which were taken to trial. However, Defendants do not agree that counsel should be entitled to reasonable hours worked on matters that were dismissed prior to the time the case went to trial as those Defendants who were dismissed and whose time may be carved out from the other Defendants in the case as Plaintiff was not successful on such claims.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

  3. Defendants agree that pursuant to the Prison Litigation Reform Act, the Plaintiff's fees are capped at 150 percent of the hourly rate for a criminal rate. Defendant agrees that $138 is the current rate for such cases.

  4. With respect to the reasonableness of time charged, Defendants make the following objections to the specific charges asserted in Plaintiff's Motion with respect to Exhibit G:

   a. P. 1 - Defendants object to the charge on April 7, 2004 drafting and filing an Entry of Appearance .75 hours. Defendants do not believe that it would take three-quarters of an hour to draft and Entry of Appearance. Defendants assert that this charge and all of the following charges are not reasonable in the amount of time.

   b. P. 2 - Defendants also object to a charge by unidentified individual ASD for preparation, research and the deposition of Dr. Zeh wherein that individual did not take the deposition of Dr. Zeh.

   c. P. 4 - Defendants object to charge by Tom Londrigan to review Motion to Withdraw as Attorney and order as it would not seem to take 15 minutes to review a Motion to Withdraw.

   d. P. 4 - Again on 11/22/04, similar charges made for the same amount for reviewing Order granting withdrawal of Patrick Londrigan as attorney, which appears to be duplicative of court order identified on 11/17/04.

   e. P. 4 - Defendants object to Plaintiff's charge of .25 for reviewing an order rescheduling a status conference.

   f. P. 5 - Defendants object to Plaintiff's unspecified reference of reviewing a court order from 2/2/05 with respect to the document and the length of time.

   g. P. 5 - Plaintiff has duplicative claims relating to researching issues regarding the Amended Complaint on 2/15/05 and 2/23/05. Plaintiff does not specify which issues have been researched and why additional research is being done within eight days.

   h. P. 6 - Similarly, Defendants object to a charge of 3.25 hours on 2/24/05 regarding a telephone conference with Judge Baker's office regarding research and drafting a brief. It appears that such a

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

conference was not with all parties and it is difficult to determine exactly what occurred on this date.

i. P. 6 - Once again, Plaintiff is charging additional time for researching issues regarding the Amended Complaint and causes of action on 2/28/05, 3/1/05, and 3/2/05 without referencing what research is being conducted nor why this is occurring on multiple occasions.

j. P. 6 - Defendant also object to the Plaintiff charging for filing a document by electronic filing on 3/3/05.

k. P. 6 - Again, Plaintiff is charging additional research time for issues relating to the Complaint and pleading requirements on 3/11/05 and 3/14/05.

l. P. 7 - The same continues for 3/18/05, 3/22/05, 3/23/05, 3/25/05, 3/28/05. On all of these dates, the Plaintiff is charging for research, conferences, and discussions relating to work on the Amended Complaint. This work appears to be duplicative and involves more the one attorney. It does not appear that such charges are reasonable or necessary.

m. P. 8 - Defendants object to Plaintiff's charges regarding drafts of written discovery of all Defendants for 10/5/05 in conjunction with another attorney reviewing the written discovery to all Defendants. It does not appear that two attorneys would be necessary.

n. P. 11 - Defendants object to two attorneys being present for phone conferences on 3/6/06 as such conferences with the court are not complicated and do not require the efforts of two attorneys.

o. P. 11 - Defendants object to two attorneys being present for telephone conferences with the client on 3/8/06 as Plaintiff has not identified why two attorneys would be necessary to participate in such a meeting.

p. P. 12 - Defendants object to duplicative billings on 4/17/06 wherein both counsel draft letters to opposing counsel regarding Rule 26(f).

q. P. 13 - Again, Defendants object to charges for drafting Second Amended Complaint on 5/22/06, 5/23/06, 5/24/06, and 5/25/06.

r. P. 15 - Defendants object to charges on 7/19/06 with respect to reviewing documents as it would not appear that two attorneys would

HeylRoyster
Voelker
&Allen

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

3

05415-N3293
TMP/ej

have to travel to the Pinckneyville Correctional Center to review the same set of records. These charges are duplicative and not reasonable.

s.  P. 15 - Defendants object to charges on 8/4/06 regarding Answer filed by Defendant Anderson, who was dismissed from suit prior to trial. This charge is not relevant to the remainder of the claims in this case.

t.  P. 16 - Defendants object to duplicative charges on 8/23/06 for counsel Quivey and Londrigan with respect to their discussions with Dr. Kwedar.

u.  P. 16 - Defendants object to charges on 9/7/06 which reference conferences with Carl Tenney, counsel for Dr. Anderson, a dismissed party in the case.

v.  P. 17 - Defendants object to two attorneys being present for phone conferences with the court on 9/19/06 as such is duplicative and not sufficiently complicated to warrant several attorneys being present.

w.  P. 17 - Defendants also object to counsel charging for meetings with attorneys in their own offices. See charge on 9/20/06.

x.  P. 17 - Defendants also object to charges on 9/28/06 wherein two attorneys are doing the same work.

y.  PP. 17-18 - Defendants object to duplicative charges which reference correspondence to counsel regarding notice of depositions and depositions in the case on 10/9/06 and 10/26/06. Defendants object to the amount of time spent reviewing a notice of deposition as half-hour to review a notice of deposition appears excessive. Counsel does not indicate whose notice is being reviewed. If the notice was prepared by counsel himself, counsel objects to the time completely.

z.  P. 18 - Defendants object to duplicative work performed by several attorneys with respect to requests to admit on 11/9/06, 11/20/06, 11/22/06, 11/27/06, and 11/30/06, as such efforts appear to be duplicative and unnecessarily involve more than one attorney.

aa.  P. 18 - Defendants object to counsel charging for drafting multiple notices of deposition on 11/30/06 as this does not appear to be attorney work, but more in line with a paralegal or secretary work.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

4

05415-N3293
TMP/ej

bb. P. 18 - Defendants object to time spent preparing and taking the deposition of Dr. Anderson noted on 12/11/06, 12/12/06, and 12/13/06.

cc. Defendants object to time charges relating to Dr. Anderson as he was dismissed from suit prior to trial and his work did not substantially relate to the successful verdict against the remaining Defendants.

dd. P. 19 - Defendants object to duplicative by more than one counsel relating to drafting to requests to admit on 12/28/06, 12/29/06, 12/30/06, 12/31/06, 1/2/07, and 1/3/07.

ee. P. 21 - Defendants object to additional charges relating to requests to admit on 1/25/07, 1/28/07, 1/29/07, and 1/31/07. Said charges appear to be excessive and involve multiple persons.

ff. P. 21 - Defendants object to charges on 2/9/07 by Tom Londrigan relating to preparing and serving notices of deposition. Defendants are unaware of any efforts Mr. Londrigan would have to make in serving any notices of deposition and further object to said work as it appears this is paralegal work rather than attorney tasks.

gg. P. 22 - Defendants make similar objections to Mr. Londrigan's entries on 2/22/07 relating to preparing and filing notices of deposition for Ms. Fuqua.

hh. P. 22 - Defendants object to counsel discussing the case among and between themselves as it such charges appear to be duplicative on 2/28/07.

ii. P. 25 - Defendants object to charges on 3/30/07 entered by Ms. Henning referencing researching issues relating to summary judgment as said appear to be duplicative with charges by ANW and changes that follow thereafter.

jj. P. 26 - Defendants object to charges on 4/12/07 for ANW relating to issues relating to summary judgment as Plaintiff does not indicate what issues are being referenced. Similarly, Defendants object to the reasonableness of research regarding the court's prior opinions in similar cases as this appears to be duplicative and unnecessary.

kk. P. 26 - Defendants also object to counsel billing for meetings with his staff on 4/10/07 regarding responses due in summary judgment issues as such appears to be clerical.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

5

05415-N3293
TMP/ej

ll.    P. 27 - Again, Defendants object to research summary judgment issues and drafts by Ms. Williams on 4/14/07 and 4/19/07. Such charges appear to be quite excessive and duplicative of other charges made thereafter and in conjunction with other attorneys. Multiple attorneys review and bill for research concerning issues relating to motions for summary judgment without specifying exactly what is being referenced, reviewed, and researched. See charges of 4/19/07 and 4/20/07 by multiple attorneys, conferences with multiple attorneys on 4/23/07, and similar charges on 4/24/07 by multiple counsel working on the same document. This continues on 4/25/07 and 4/27/07.

mm.    P. 28 - Additional duplicative charges appear on 4/29/07.

nn.    P. 28 - Defendants object to entries relating to institutional negligence as there were no negligence claims. See entries on 4/29/07.

oo.    P. 28 - Defendants further object to entries on 4/30/07 referencing repeated charges for reviewing of summary judgment motions, which is also noted on 5/2/07, 5/3/07, 5/4/07 and 5/7/07 by multiple attorneys.

pp.    P. 29 - Again, Defendants object to multiple charges by multiple attorneys with respect to similar motions without any specificity as to what is being done and why more than one attorney is necessary to complete the same tasks. Accordingly, Defendants object to the reasonableness and amounts of time spent on 5/8/07, 5/9/07, 5/10/07, 5/11/07, 5/14/07, 5/15/07, 5/21/07, 5/22/07, 5/25/07, 5/26/07, and 5/28/07. Similar charges are made on page 30 for similar work by multiple attorneys on 6/1/07, 6/5/07, 6/6/07, 6/8/07, 6/9/07, 6/11/07, 6/12/07, 6/16/07, 6/18/07, 6/20/07, and 6/22/07.

qq.    In addition, Defendants object to conferences between counsel in the same office.

rr.    P. 31 - Defendants further object to entries of 6/25/07, 6/28/07, 7/5/07, 7/6/07, 7/9/07, 7/11/07, 7/13/07, 7/16/07, 7/18/07, 7/19/07, 7/20/07, and 7/23/07 with respect to the amounts of time spent and the need for several attorneys working on similar, if not identical, motions.

ss.    P. 32 - Defendants object to entries of 7/24/07, 7/25/07, 7/26/07, 7/30/07, 7/31/07, 8/1/07, 8/2/07, and 8/3/07 all relating to similar, if not identical, work on responding to the pending motions for

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

summary judgment. Defendants further object to more than one working on responses to the same document as the charges appear to be duplicative and unnecessary and unreasonable.

tt. P. 33 - In addition, Defendants object to research relating to retaliation above and apart from the response to the motions for summary judgment on 8/4/07 and 8/6/07.

uu. PP. 33, 36 - In addition, Defendants object to additional responsive pleadings to the summary judgment motions and drafting of responses to uncontested statements of fact and additional research issues which appear to be duplicative for retaliation on 8/27/07 as is noted on 8/4/07 and 8/6/07.

vv. PP. 33-34 - Once again, there is additional work on summary judgment motions entered by more than one attorney on the same claims on 8/8/07, 8/9/07, 8/10/07, and 8/13/07. This continues on 8/15/07, 8/18/07, 8/20/07, 8/22/07, and 8/23/07.

ww. P. 35 - Again, multiple attorneys work on the same motions without much specificity as to which summary judgment motions are being referenced on 8/24/07, 8/25/07, 8/27/07, 8/28/07, 8/29/07, 8/30/07, as well as 8/31/07 and 9/1/07.

xx. P. 36 - Again these charges continue on 9/3/07, 9/4/07, 9/5/07, and 9/7/07. Again, counsel argues that these charges are excessive, duplicative, and not reasonable. Overall, the plaintiff's counsel have charged approximately 378.5 hours for responses to and research relating to the motions for summary judgment. Defendants assert that this extensive, unreasonable, and duplicative.

yy. PP. 37-38 - Defendants also object to charges by Attorney Williams relating to issues concerning final pretrial order without any specificity. Charges by Ms. Williams also appear to be duplicative of work performed by Mr. Quivey. Additional duplicative charges occur on 9/27/07 for Ms. Williams, as well as on 10/1/07, 10/2/07, and10/3/07 concerning motions in limine. Defendants object to the reasonableness of these charges and the need for multiple attorneys performing the same tasks. See also the entries on 10/9/07.

zz. PP. 37-39 - Defendants object to numerous charges relating to the final pretrial order as same are incorporated with other charges without any specificity as to how long each task is responsible for the

HEYLROYSTER
VOELKER
&ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

    charged time. See charges on 10/1/07, 10/11/07, in addition to charges on 10/12/07, 10/14/07, and 10/15/07.

  aaa. P. 40 - Defendants object to additional research performed by Ms. Williams concerning evidentiary issues without referencing the specific issues as charged on 10/16/07 and 10/17/07.

  bbb. PP. 40-41 - Defendants also object to charges by Ms. Williams on 10/20/07 and 10/21/07 which total over 7.25 hours relating to research on Defendants' motions in limine. No specific issue is identified and the work is performed again by Mr. Quivey and Mr. Londrigan on 10/22/07, as well as by counsel again on 10/23/07.

  ccc. P. 41 - Defendants object to research relating to the drug test issues noted at 10/26/07 as same was not an issue for trial.

  ddd. P. 45 - Defendants object to multiple charges by multiple attorneys regarding the same issues as noted on 12/3/07, 12/4/07, 12/5/07, 12/6/07, 12/10/07, 12/11/07, 12/12/07, and 12/13/07.

5. Defendants object to all of these charges referenced as being unreasonable to the extent that multiple attorneys have completed the same tasks or participated in matters which did not require more than one individual to prepare the documents or to research the issues in question.

6. Defendants also object to the timeliness of Plaintiff's motion as Rule 54 would require that such a motion be filed within fourteen (14) days after the entry of judgment.

7. Defendants also would object to Plaintiff seeking all fees from the Defendants rather than from the award itself. Defendants refer to § 1997e(d)(2), which provides that "whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorneys' fees awarded against the defendant."

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

8

05415-N3293
TMP/ej

8. Defendants pray that the Court would award 25 percent of the judgment as and for fees recoverable by Plaintiff's counsel before making any additional assessments against the Defendants under § 1988 for fees to be recovered by the attorneys in this case.

9. Defendants also object to Plaintiff's requests for costs to the extent said costs do not comply with those set forth in Rule 54 and § 1920.

10. Defendants object to those costs associated with private planes and mailings as previously indicated in the response to the Motion for Bill of Costs.

11. Defendants also previously objected to travel expenses under the costs provision. Defendants assert that said prayer for costs would be included within the request for fees.

12. Defendants adopt all arguments of fact and law as set forth in Co-Defendants' Response as and for their own to the extent applicable.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., and LOWELL BROWN, M.D., pray that the Court will take into consideration Defendants' Response to the Motion for Attorney Fees and Costs when awarding said costs and fees.

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC., and LOWELL BROWN, M.D., Defendants,

HEYL, ROYSTER, VOELKER & ALLEN, Attorneys for Defendants,

BY: /s/Theresa M. Powell
Theresa M. Powell, #6230402
HEYL, ROYSTER, VOELKER & ALLEN
Suite 575, National City Center
P. O. Box 1687
Springfield, IL 62705
Phone: (217) 522-8822
Fax:    (217) 523-3902
E-mail:tpowell@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822

05415-N3293
TMP/ej

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed **Objection/Response to Plaintiff's Motion for Attorney Fees and Costs** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

>Douglas J. Quivey
>doug@lprpc.com
>
>Thomas F. Londrigan
>tom@lprpc.com
>
>Kelly R. Choate
>kchoate@atg.state.il.us
>
>Julie L. Morgan
>jlmorgan@atg.state.il.us
>
>Alexandra de Saint Phalle
>alex@lprpc.com

and I hereby certify that on December 19, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants:

>None

>/s/Theresa M. Powell
>Theresa M. Powell, #6230402
>HEYL, ROYSTER, VOELKER & ALLEN
>Suite 575, National City Center
>P. O. Box 1687
>Springfield, IL  62705
>Phone: (217) 522-8822
>Fax:    (217) 523-3902
>E-mail:tpowell@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 575
National City Center
1 N. Old State Capitol Plaza
P.O. Box 1687
Springfield, IL 62705-1687
Fax (217) 523-3902
(217) 522-8822