E-FILED
Friday, 28 December, 2007 03:14:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N51882, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
IDOC DEFENDANTS' OBJECTION/RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), KEVIN WINTERS, DEBRA FUQUA, and SANDY FUNK, by and through their attorney, Lisa Madigan, and in support of their response to Plaintiff's Motion for Attorney Fees and Costs, submit their memorandum of law.

42 U.S.C. §1988 provides for reasonable attorney's fees as part of the costs recoverable in a case brought pursuant to 42 U.S.C. §1983. Defendants do not dispute Plaintiff is entitled to recover fees under 42 U.S.C. §1988, but ask the Court to reduce the amount awarded as certain fees have no relation to Plaintiff's successful litigation, and other fees are duplicated among more than one attorney and/or support staff, and are therefore unreasonable. "While we have refused to lay down a flat rule of one lawyer per case [internal citations omitted], the tendency of law firms to overstaff a case should cause the trial court to scrutinize a fees petition carefully for duplicative time." Jardien v. Winston Network, Inc., 888 F.2d 1151, 1158 (7th Cir. 1989).

1

In this case, at any given time, Plaintiff had at least two attorneys working on his case, and most times three or more. While it might be reasonable to have more than one attorney working on a case, it is not reasonable to have two or more attorneys billing for the same actions, such as attending telephone conferences or researching and writing pleadings and responses. The IDOC Defendants did not have multiple attorneys working on their case, so to argue that additional attorneys might have been required because of the complexity of the case, is not accurate.

Moreover, Plaintiff's motion for fees is unreasonable because of the unreasonable delay solely in the hands of Plaintiff and his counsel. Contrary to the assertions in Plaintiff's motion and memorandum, all of the delays in this case were not caused by defendants. In fact, the biggest delay in this case was caused by Plaintiff's failure to serve new defendants with the Amended Complaint for almost one year. Plaintiff filed his First Amended Complaint on March 28, 2005. The trial was originally set for early 2006; however, because Plaintiff had still not served the new defendants named in the First Amended Complaint by February of 2006, including Defendants Winters and Funk, the trial had to be continued for a year. Had the trial proceeded as scheduled many thousands of dollars in fees would not have been generated, and Plaintiff would not have amended his complaint twice more with another, unsuccessful attempt to amend a fourth time. Had the defendants been served correctly with the First Amended Complaint, Ms. Fuqua's illness, which caused much of delay in 2007, would not have been a factor, as her surgery and subsequent recovery began in December of 2006. In fact, the only issue that could possibly have arisen and been successfully litigated arising from the Second and Third Amended Complaints was the issue of an ADA cell at Pinckneyville. However, since the

ADA claim was present in the original and First Amended Complaints, it is quite possible that the jury found the ADA violations occurred at Western Illinois Correctional Center. This is especially true, since no individual defendant from Pinckneyville (Defendant Flagg), and no defendant or issue from Menard, was the subject of a successful verdict for Plaintiff. Therefore, this delay by Plaintiff's counsel of almost two years, caused extensive delay in this case, and arguably, any fees generated after February of 2006 are unreasonable. Plaintiff should not be able to reap an unfettered benefit from his own failure to properly prosecute this case.

Additionally, any award to Plaintiff should be reduced by 25%. The Prison Litigation Reform Act provides that whenever a monetary judgment is awarded in a case brought by a prisoner, a portion of that judgment will be used to satisfy the amount of the attorney's fees awarded against the defendant. 42 U.S.C. §1997e(d)(2). The PLRA also provides that the amount taken from the judgment shall not exceed 25 percent of the judgment. Id. There are two ways to interpret the PLRA's language limiting a plaintiff's contribution "not to exceed 25 percent." One is that a trial court has discretion to determine any amount between $1.00 and 25 percent of the judgment to be applied against the award of fees. This interpretation has been adopted in the Central District on at least one other occasion. See Farella v. Hockaday, 304 F.Supp.2d 1076, 1080-81 (C.D. Ill.2004). The second interpretation is that a prevailing plaintiff must pay the entire amount of the attorney's fees out of the judgment, providing that not more than 25 percent of the judgment will be used for this purpose. This is the interpretation that has been accepted by the Seventh Circuit in dicta in a case regarding the PLRA's limitations on attorney's fees. See Johnson v. Daley, 339 F.3d 582, 584-5 (7th Cir. 2003). Under the Seventh Circuit's interpretation,

Plaintiff's contribution should be $225,000.00, and any award to Plaintiff should be reduced by that amount.

Additionally, Defendants, again, dispute Plaintiff's request for costs to the extent they are in addition to the amount requested for attorney's fees, as the cited "expenses" are not properly recoverable as costs separate from attorney's fees. Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994)(reaffirming that expenses of litigation, including travel expenses, are part of the reasonable attorney's fee allowed by the Civil Rights Attorney Fees Awards Act).

> Respectfully submitted,
>
> ILLINOIS DEPARTMENT OF
> CORRECTIONS, KEVIN WINTERS,
> DEBRA FUQUA, and SANDY FUNK,
>
> Defendants,
>
> LISA MADIGAN, Attorney General,
> State of Illinois
>
> By: s/ Kelly R. Choate
> Kelly R. Choate, #6269533
> Assistant Attorney General
> Attorney for Defendants
> 500 South Second Street
> Springfield, Illinois 62706
> Telephone: (217) 782-9026
> Facsimile: (217) 524-5091
> E-Mail: kchoate@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON MCCROY, #N-51882, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 02-3171 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I electronically filed a Memorandum of Law in Support of IDOC Defendants' Objection/Response to Plaintiff's Motion for Attorney Fees and Costs with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Thomas Londrigan
Londrigan, Potter & Randle, P.C.
tom@lprpc.com

Douglas J. Quivey
Londrigan, Potter & Randle, P.C.
doug@lprpc.com

Theresa Powell
Heyl, Royster, Voelker & Allen
tpowell@hrva.com

and I hereby certify that on December 28, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

None

Respectfully Submitted,
 s/ Kelly R. Choate
Kelly R. Choate, #6269533
Assistant Attorney General
Attorney for Defendants
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 782-9026
Facsimile: (217) 524-5091
E-Mail: kchoate@atg.state.il.us