IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON MCCROY, ) | |
|     Plaintiff ) | |
| v. ) | No. 02-3171 |
| ) | |
| THE ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ROGER E.WALKER, JR. ) | |
| (in his official capacity only), DENNIS ) | |
| HOCKADAY, KEVIN WINTERS, SANDRA ) | |
| FUNK, DEBRAH FUQUA, LIEUTENANT ) | |
| BYRON LAW, KENNETH KELLERMAN, ) | |
| JULIUS FLAGG, (all in their official and ) | |
| individual capacities), WEXFORD HEALTH ) | |
| SOURCES, INC., DR. LOWELL BROWN, M.D. ) | |
| DR. HUGHES LOCHARD, M.D. and ) | |
| RHONDA MILLS, Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY ENFORCEMENT OF JUDGMENT DURING PENDENCY OF APPEAL**

Plaintiff, Aaron McCroy, by and through his attorneys, LONDRIGAN, POTTER & RANDLE, P.C., in response to Defendants' Motion to Stay Enforcement of Judgment During Pendency of Appeal, states as follows:

Defendants WEXFORD HEATH SOURCES, INC. and LOWELL BROWN, M.D. petition this Court to stay execution of the judgment and to waive the requirement of the supersedeas bond. Defendants, however, do not allege any facts to support the notion that the Federal Rule of Civil Procedure 62(d) supersedeas bond should not be required in this case.

Federal Rule of Civil Procedure 62(d) allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond. Fed. R. Civ. Pro. 62(d). If a petitioner satisfies certain requirements, a district court may waive the bond requirement or allow the judgment debtor to post an alternative type of security. In this case, Defendants have not

adequately satisfied these requirements. This Court should either deny the stay in its entirety, or should require the defendants to post a supersedeas bond.

The determination whether to waive the supersedeas bond is within the court's discretion and will not be overturned on appeal unless the district court has acted unreasonably. ***Dillon v. City of Chicago***, 866 F.2d 902, 904 (7th Cir. 1988); ***Citing Lightfoot v. Walker***, 797 F.2d 505, 507 (7th Cir. 1986). The party requesting a stay without a supersedeas bond bears the burden of proving the "*specific reasons*" that the court should not require a supersedeas bond. ***Marcoux v. Farm Service and Supplies, Inc.***, 290 F.Supp.2d 457, 485 (S.D.N.Y. 2003) (*emphasis in original*.); ***Citing de la Fuente v. DCI Telecommunications, Inc.***, 269 F.Supp.2d 237, 240 (S.D.N.Y. 2003). **See also, Brinkman v. Department of Corrections of State of Kan.**, 815 F.Supp. 407, 408 (D. Kan. 1993) (holding that defendant's petition to stay execution of the judgment without requiring a supersedeas bond would be denied where defendant had failed to meet the burden of "objectively demonstrating good cause" why the court should deviate from the supersedeas bond requirement.)

In making such a determination, the court considers four factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

***Dillon v. City of Chicago***, 866 F.2d 902, 904-905 (7th Cir. 1988) (citations omitted.); ***Brinkman v. Department of Corrections of State of Kan.***, 815 F.Supp. 407, 408-409 (D. Kan. 1993).

Defendants do not address any of these factors. Rather, Defendants allege that if the judgment is upheld on appeal, the judgment would be satisfied from an insurance policy with limits of $3,000,000. Defendants do not present any evidence of the insurance company's financial position; that the insurance company is solvent; or that the insurance company will pay the judgment in a prompt and efficient manner without causing the Plaintiff any undue delay. **See Marcoux v. Farm Service and Supplies, Inc**., 290 F.Supp.2d 457, 485-486 (S.D.N.Y. 2003) (denying defendant's Rule 62(d) motion because they did not present any evidence to back up their conclusion that they had ample insurance coverage to cover the judgment). **See also, Brinkman v. Department of Corrections of State of Kan.**, 815 F.Supp. 407, 410 (D. Kan. 1993) (denying defendant's motion for a stay without a supersedeas bond because defendant failed to allege or prove the procedure for prompt payment of the judgment).

Each of the Seventh Circuit cases cited by Defendants is distinguishable from the case at bar. For example, in **Northern Indiana Public Service Company v. Carbon**, 799 F.2d 265, 281 (7th Cir. 1986), the Court waived the bond requirement because the defendant was a public utility and there was evidence that the company was solvent and would not be able to place its assets outside the reach of the judgment creditor. There is no such evidence in the case at bar. Likewise, in **Olympia Equipment Leasing Co. V. Western Union Telegraph Co.**, 786 F.2d 794, 799-800 (7th Cir. 1986), the Court waived the bond requirement after finding that the Defendant could not post a supersedeas bond, but could post adequate alternative security. Defendants have not alleged that they are unable to post a supersedeas bond, nor have they offered to provide alternative security. Finally, in **Dillon v. City of Chicago**, 866 F.2d 902, 905 (7th Cir. 1988), the Court waived the bond requirement because the Defendant provided evidence explaining the

mode of payment for the judgment, how and when the judgment would be paid, and that there were funds available for the payment of the judgment. Defendants have not provided any such evidence in the case at bar.

Defendants have not established the requirements set forth above. Without evidence to satisfy the requirements, Defendants have not met their burden of proof. Subsequently, the Defendants' Motion to Stay should be denied.

WHEREFORE, Plaintiff, AARON MCCROY, respectfully requests that this Court deny Defendants' Motion in its entirety, or in the alternative, require Defendants to post a supersedeas bond as required in Federal Rule of Civil Procedure 62.

Respectfully submitted,
AARON MCCROY, Plaintiff


By: /s/ Douglas J. Quivey
DOUGLAS J. QUIVEY, #6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O. Box 399
Springfield, Illinois 62705
Telephone: (217) 544-9823
Fax: (217)544-9826
E-Mail: doug@lprpc.com

**Certificate of Service**

The hereby certify that on July 14, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification to such filing to the following;

Ms. Theresa Powell
Heyl, Royster, Voelker & Allen
National City Center, Ste. 575
1 North Old State Capitol Plaza
PO Box 1687
Springfield, IL 62705-1687

Lisa Madigan, Illinois Attorney General
Attn: Kelly Choate, A.A.G. &
Julie L. Morgan. A.A.G.
500 South Second Street
Springfield, IL 62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Aaron McCroy,#N51882
12211 Vincennes Rd., Apt. 14
Blue Island, IL   60406

By:  /s/ Douglas J. Quivey
DOUGLAS J. QUIVEY, #6225888
Attorney for Plaintiff
LONDRIGAN, POTTER & RANDLE, P.C.
1227 South 7th Street, P.O. Box 399
Springfield, Illinois 62705
Telephone:  (217) 544-9823
Fax:  (217)544-9826
E-Mail: doug@lprpc.com